United States District Court
District of Massachusetts
Western Division

Springfield, Massachusetts

Civil Action No. 05-30160-MPN

Scott Stern,

400 West Main Street,

North Adams, Massachusetts 01247,

Plaintiff,

vs.

Haddad Dealerships of the Berkshires,

Inc.; James Salvie, General Sales

Manager; Michael Coggins, General

Manager; Timothy Cardillo, Sales

Manager

And

Cynthia Tucker, Investigating

Commissioner; James Levinsky, Deputy

General Counselor; Migdalia Rivera,

Compliance Officer II in their

official capacity of the

Massachusetts Commission Against

Discrimination

436 Dwight Street, Suite 220

Springfield, Massachusetts

) Complaint against Defendants for
) Wrongful termination, discriminatory
) practices, harassment and retaliation
) in violation of M.G.L. Chapter 151B
) §4, subd. 16, Intentional
) Interference with advantageous
) contractual relations; Intimidating
) Behavior; Violations of M.G.L.
) Chapter 265 §43A Criminal Harassment;
) M.G.L. Chapter 274, Section 2 and
) Section 7; M.G.L. Chapter 12, Section
) 11H and Section 11 I; M.G.L.;
) Massachusetts Constitution Articles
) I(CVI), Article V, Article X, Article
) XI, Article XIV
) United States Constitution First, Fourth,
) and Fourteenth Amendments;
) 42 U.S.C. §2000e-2; 20002-3;
) Americans with Disabilities Act of
) 1973, and 1990; Provisions of a
) reasonable accommodation pursuant to
) section 102(b)(5) of the Americans
) with Disabilities Act of 1990 or
) regulations implementing section 501
) of the Rehabilitation Act of 1973.
) Title VII of the Civil Rights Act of 1863,
) 1964, 1971 and 1991
)
) DEMAND FOR JURY TRIAL OF ALL ISSUES.
)

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.    1

and,

Robert Sanders, Boston Area Office

Director, in his official capacity as

Director of the Equal Employment

Opportunity Commission,

John F. Kennedy Federal Building

Government Center, Room 475

Boston, Massachusetts 02203

Now comes plaintiff, Scott Lee Stern, and seeks to enforce the

Laws of the United States and the Commonwealth of Massachusetts against

the defendant(s) herein named, in declaration of the plaintiff's right

as a wronged, injured and aggrieved person and citizen of the United

States of American and the Commonwealth of Massachusetts caused by the

named defendants, and, in declaration of the plaintiff's rights as a

citizen of the United States of America, and a person of the

Commonwealth of Massachusetts for the reasons and complaints herein set

forth in this complaint, the plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1)     The defendant(s), herein named, did hereby knowingly,

wantonly, recklessly, purposefully and maliciously engage in, the act

and actions of discriminating against the Plaintiff, on various dates

and times, during the course of Plaintiff's employment with the

Defendant herein alleged.

2)     The Plaintiff, Scott Lee Stern, was an employee of the

Defendant, Haddad Dealerships of the Berkshires, Inc. located on the Pittsfield/Lenox Road, in Pittsfield, Massachusetts, on or around May 1, of the year 2002 and through February 3 of the year 2003.

3)     The Plaintiff, Scott Lee Stern, was employed as a Sales and Leasing Representative at the Haddad Dealership, selling Toyota, Hyundai, Buick, Chevrolet and Jeep products and accessories.

4)     The Defendant, Michael Coggins, General Manager, is Plaintiff's General Manager and the individual responsible for hiring the Plaintiff and was a supervisor to the Plaintiff.

5)     The Defendant, James Salvie, is General Sales Manager and was one of several supervisors to the Plaintiff.

6)     The Defendant, Timothy Cardillo, was a Sales Manager and was one of several supervisors to the Plaintiff.

7)     The Defendant, Massachusetts Commission Against Discrimination, Cynthia Tucker, Investigating Commissioner, James Levinsky, Deputy General Counsel, Migdalia Rivera, Compliance Officer II and Crystal Borges, Investigator, were individuals that failed to uphold the Massachusetts General Laws regarding employment and disability discrimination that were perpetrated against the Plaintiff by the Defendants.

<u>FACTS</u>

8) Plaintiff hereby alleges the allegations stipulated in paragraphs one (1) through seven (7) and incorporates them herein.

9) Haddad Dealerships of the Berkshires, Inc, hired the Plaintiff on or about the last week of April 2002 as a Sales and Leasing Representative.

10) Plaintiff received high scores in customer service from customer feedback surveys.

11) Plaintiff received passing or better test scores relative to the continuing education Defendant verbally stated that Plaintiff was mandated to participate in as a condition of employment.

12) Defendant did not mandate all employees to participate in continuing education and sought to treat Plaintiff differently than other Sales and Leasing Representatives at the dealership.

13) During the time Plaintiff worked at Haddad, Plaintiff was subjected to unfair and unequal treatment by his Supervisors.

14) Because of Plaintiff's disability, Bipolar Disorder, Plaintiff would, on occasion, arrive tardy to work.

15) Plaintiff worked as many as sixty (60) to eighty (80) hours a week without a day off, week to week.

16) Plaintiff was instructed to copy one time record and submit a pre-written time record for the hours worked, contrary to general and standard employment practices of keeping accurate time records.

17) On several occasions that Plaintiff knew he was going to be late for work, Plaintiff would give Defendant Haddad Dealerships a telephone Courtesy call to let his employer know of his situation.

18) On several occasions, David Michael Coggins, Defendant, or James Salvie, Defendant, would inform Plaintiff that Plaintiff should not show up for work and Plaintiff would be suspended for the weekend.

19) On several occasions, Defendant James Salvie, created false and embarrassing scenarios, in front of other Sales and Leasing Representatives and unfairly single Plaintiff out for disparate treatment and, upon one such occasion, physically moved plaintiff out of the meeting room pursuant to his whim and fancy, based on his thought that plaintiff had been late, while plaintiff had been on time to the meeting.

20) Defendant James Salvie employed tactics alleged in Paragraph nineteen (19) on numerous occasions in an effort to humiliate, denigrate, demoralize and demean the plaintiff in front of other Sales and Leasing Representatives.

21)  The Defendants, David Michael Coggins, and James Salvie, would not treat other Sales and Leasing Representatives in the same manner and fashion with regard to suspensions or days off as they did plaintiff.

22) The defendant, James Salvie, purposely did this to affect Plaintiff's ability to be motivated to sell vehicles in an attempt to terminate the plaintiff.

24)  On or about November 25, 2002, Defendants and Plaintiff had a meeting regarding Plaintiffs tardiness and ability to arrive to work on time.

25) On or about November 25, 2002, Plaintiff requested the federal right to a reasonable accommodation from his employer by verbal request and was denied by the General Sales Manager, David Michael Coggins due to his disability, bipolar disorder.

26) On or about November 26, 2002, Plaintiff engaged and conversed in a four way meeting with the Defendants, David Michael Coggins; James Salvie, General Sales Manager; Timothy Cardillo, Sales Manager, and another Manager, Joseph Scibelli, who is not a named defendant in this action regarding Plaintiff's request for reasonable accommodation because of Plaintiff's disability, bipolar disorder.

27) On or about November 26, 2002, Defendant Timothy Cardillo asked Plaintiff for clarification of what constituted "flex time" regarding Plaintiff's reasonable accommodation request.

28) On or about November 26, 2002, Plaintiff was asked to disclose exactly what my condition was to all the managers present. Although Plaintiff felt pressured to reveal my diagnosis, in front of all four managers, Plaintiff did so with much anguish and caused a doctor's note, a medical request for blood work, folded and edge tattered, but legible, to be shown to the Defendants in paragraph twenty six (26), in violation of his right to privacy, and that said note clearly stated that: a) Plaintiff was under a Doctor's care (b) Plaintiff's doctor had an address and telephone number (c) Plaintiff's doctor note clearly described a disability recognized by the Americans with Disabilities Act as a mental impairment d) This note also indicated a request for "blood work" for the Plaintiff relative to

Plaintiff's need to be monitored for certain chemical levels in Plaintiff's system.

29) On or about November 26, 2002, at this meeting, Plaintiff was instructed to exit this meeting in order that management could discuss the request for reasonable accommodation.

30) On or about November 26, 2002, while Plaintiff was waiting in the adjoining room, with a Finance Manager, Frank Foley, Plaintiff could hear the four managers laughing regarding the nature of Plaintiff's condition and disability.

31) On or about November 26, 2002, Plaintiff was called back into the meeting with the four Managers and Plaintiff was formally denied the right to "flextime" and Plaintiff's request, by either verbal or written submission, was also denied by David Michael Coggins, General Sales Manager.

31) On or about November 26, 2002, Plaintiff was requested to seek further medical supporting note from his Doctor.

32) On or about November 26, 2002, Plaintiff informed Management that Plaintiff had a pre-scheduled appointment with Plaintiff's Doctor on November 27, 2002 and would seek the letter or note management was requesting.

33) On or about November 27, 2002, Plaintiff met with his Doctor, Michael Perlman, M.D. and wrote a note requesting that Plaintiff's employer "work with Scott".

34) On or about November 27, 2002, Plaintiff presented this note to Defendants which substantiated that Plaintiff:

a) Has a recognized Disability, Bipolar Disorder

b) Is under a Doctor's Care, naming the Doctor, the Doctor's address, and the Doctor's telephone number.

35) The note referenced in paragraph thirty-four (34) also stated the following, regarding the Doctor:

a) I'm a psychiatrist who treats Scott Stern for Bipolar disorder

b) He is definitely improving

c) I encourage his employer to work with him as he continues to improve.

36) While the note did not directly state that Plaintiff needed to be accommodated for his illness, the note did state legible and factual information relative to Plaintiff's disability

37) On or about November 27, 2002, upon this note being presented to the Management, James Salvie, General Sales Manager, began to scream, denigrate, demoralize, and demean Plaintiff in David Michael Coggins office with no other Management present.

38) Defendant James Salvie's unfair, harsh, and unequal treatment of this Plaintiff which was so distressing that Plaintiff was demonstratively impacted by causing Plaintiff to tear and to become negatively impacted by the Defendant's visceral attitude which stated that Defendant was "sick of Plaintiff" and that Defendant was "tired of Plaintiff's excuses" among other abusive language, tone and rhetoric against the Plaintiff.

39) Over the course of the next three months, Defendants engaged in direct and indirect actions to denigrate, demoralize, demean and

derail Plaintiff and Plaintiff's ability to sell vehicles at the
Dealership.

40) Defendant James Salvie, engaged in depriving Plaintiff of
sales leads, on numerous occasions, in order to ensure that a relative
of Defendants would have ample sales.

41) Defendant James Salvie, engaged, directly in preventing
Plaintiff from receiving split commissions regarding sales.

42) Defendant James Salvie, on more than one occasion removed
sales leads from Plaintiff's database in an effort to negatively affect
Plaintiff's work production and to intentionally interfere with
Plaintiff's ability to sell vehicles to individuals that Plaintiff had
been working with for several weeks.

43) Defendant James Salvie, on or about the last week of January
2002, acknowledged that "it was against his better judgment, but would
grant Plaintiff the ability to be up to fifteen minutes late to work".

44) On or about this meeting with Defendant James Salvie and
Timothy Cardillo, Defendants engaged in "writing up" Plaintiff for
being late while attempting to "accommodate" Plaintiff's Disability.

45) On or about February 3, 2003, a client of Plaintiff's who was
purchasing a pre-ordered Toyota Avalon, refused to pay for an
unnecessary and usurious fee that Haddad Dealerships levied against all
of its customers under false and misleading pretenses.

46) This fee, called the "documentation fee" was charged against
every consumer upon purchasing a vehicle in the amount of one hundred
and sixty dollars ($160.00). In the event that a consumer objected to

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.    9

this fee, the dealership would reduce the selling price of the vehicle to counter the cost of this fee.

47) On or about February 3, 2003 this client adamantly objected to this manipulation of numbers on the part of the dealership and refused to pay for the "documentation fee" one way or another.

48) Defendant James Salvie, became so irate and upset that Plaintiff's customer refused this fee, that Defendant James Salvie sought Plaintiff out and began to terminate Plaintiff because Plaintiff was six (6) minutes late.

49) On May 2, 2003 Plaintiff formally filed with the Massachusetts Commission Against Discrimination charges against the Defendant Haddad Dealerships of the Berkshire, Inc.,; David Michael Coggins; James Salvie; and Timothy Cardillo.

50) On or about September 15, 2003 Defendant David Michael Coggins stated and declared, under Penalties of Perjury, in Respondent's Answer to Charge of Discrimination that Plaintiff's note did not indicate necessary and relevant information regarding Plaintiff's disability.

51) Defendant David Michael Coggins statements include the following:

a) "Complainant(Plaintiff) has never shown any proof that he is in fact bi-polar."

b) "Complainant(Plaintiff) flashed and read a crumpled-up, handwritten note that he claimed was from a doctor"

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.  10

c) "which note allegedly asked Complainant's employer (respondent) to "work with" Complainant(Plaintiff)"

d) "The note did not indicate any diagnosis or identify any disability"

e) Complainant would not give the note, or a copy thereof, to Respondent, and respondent could not see the name of any doctor on that note to enable Respondent to verify Complainant's (Plaintiff's) Claim concerning his disability"

f) Respondent's General Manager, Mike Coggins, specifically asked Complainant (Plaintiff) to provide a letter from his doctor indicating the nature of his disability and stating the need for the accommodation that Complainant (Plaintiff) requested"

g) "Complainant never provided such a letter, nor did any medical provider ever contact Respondent with regard to plaintiff's alleged disability."

h) "To this date, Respondent has received no proof that Complainant was (1) bi-polar, (2)disabled (partially or totally), or (3) entitled to any accommodation such as being able to arrive 15 minutes late every day because of his alleged disability."

52) Defendant James Salvie, in signed Affidavit of August 14, 2002 corroborates Plaintiffs argument that Plaintiff stated to Defendant he had a particular, recognized disability, and that Plaintiff further was requested "to bring a doctor's note", and that this note further corroborates that a note was presented from a doctor and:

a) "A note was presented that said "work with Scott"

53) Defendant Timothy Cardillo, in signed Affidavit of August 13, 2003 corroborates Plaintiff's argument that Plaintiff requested a reasonable accommodation under the Americans with Disabilities Act by his statement that Plaintiff said that:

a) "The manner in which he brought it up was taken as a direct threat of a lawsuit if we didn't back off the issue of his tardiness."

54) Defendant Timothy Cardillo further stated in the aforementioned Affidavit that Plaintiff:

a) "Scott did take out of his wallet a crumpled piece of note paper that said please work with Scott"

55) Defendants David Michael Coggins, James Salvie, and Timothy Cardillo, actively engaged in perjuring and falsifying testimony in order to persuade the Massachusetts Commission Against Discrimination that there actions were not a discriminatory in nature.

56) Plaintiff had the Massachusetts Office of Disability acting on Plaintiff's behalf and litigated the matter before the Massachusetts Commission Against Discrimination, on two separate occasions.

57) At the first hearing before James Levinsky, Deputy General Counsel of the Massachusetts Commission Against Discrimination, Plaintiff was able to clearly show the Commission that the same note that had the words "I encourage his employer to work with him as he continues to improve" (referenced by the Defendants as "work with Scott") was a note that was:

a) Signed by Doctor Michael Perlman, on Medical Prescription Paper

b) The practice that Doctor Michael Perlman is engaged in, Psychiatry.

c) The address of the Doctor, 57 Gothic Street, Northampton, Massachusetts.  01060

d) The diagnosis of the Respondent/Plaintiff (Bipolar Disorder)

e) The date that this note was written, November 27, 2002.

58) The Massachusetts Commission Against Discrimination erroneously and egregiously denied Plaintiff's wrongful termination action.

59) Plaintiff appealed this decision of the Massachusetts Commission Against Discrimination and sought to overturn this erroneously decided and egregious decision.

59) Plaintiff had the Massachusetts Office of Disability, Phyllis Mitchell, litigate on his behalf.

60) Upon the determination of the Appeal, the Defendants once again prevailed contrary to established federal law, and established state law, and contrary to Federal and State judicial decisions.

61) Plaintiff appealed the decision of the Massachusetts Commission Against Discrimination to the Equal Employment Opportunity Commission.

62) The Equal Employment Opportunity Commission, in letter dated April 20, 2005, from Robert Sanders, Boston Area Office, Director, stated the following:

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.   13

"Under the terms of a work sharing agreement between the Massachusetts Commission Against Discrimination (MCAD) and the Equal Employment Opportunity Commission, (EEOC, the MCAD had initial responsibility for investigating your charge. Although the MCAD dual-filed your charge with the EEOC to protect your federal suit rights, our work sharing agreement with the MCAD provides that the EEOC will not initiate a duplicate investigation of cases being investigated by the MCAD, Consequently, the EEOC held that your charge in suspense pending completion of the MCAD's investigative process."

63) The Equal Employment Opportunity Commission under the Director Robert Sanders, failed to enforce federal law and failed in its mandate to investigate the complaint but relied on the erroneous decision of the MCAD which defied logic and the substantiated and corroborated evidence that the Defendant Haddad Dealerships of the Berkshires, Inc., averred false and misleading testimony in order to prevail in litigation with the Massachusetts Commission Against Discrimination.

64) The EEOC rubberstamped the finding of the MCAD of May 27, 2004, and September 29, 2004, without conducting any necessary and relevant research into the allegations complained in Plaintiff's complaint against the Defendant, Haddad Dealership of the Berkshires, Inc.,

## Plaintiff's request for relief from the Administrative Proceedings of the MCAD and the EEOC and hereby states a claim upon which relief can be granted

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.    14

65) Plaintiff hereby incorporates and re-alleges paragraphs one(1) through sixty-four (64) as if they are fully set forth herein and hereby states the following:

"Massachusetts General Laws, Chapter 151B, Section 4(16) prohibits discrimination in employment on the basis of handicap. General Laws, Section 1(17) defines handicapped person as one "who has A physical or mental impairment which substantially limits one or more of such person's major life activities, has a record of such impairment or is regarded as having such impairment."

66) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through sixty five (65) as if they are fully set forth herein and hereby states the following:

"The inclusion in Chapter 151B, Section 1(17) © of the "regarded as" language indicates a legislative to protect people denied employment because of an employer's perceptions, whether these perceptions are accurate or not. Cf., E.E. Black, LTD. v. Marshall, 4968 F. Supp. 1088, 1097; 23 FEP Cases 1260 (D. Hawaii, 1980). See also 45 C.F.R. Section 84.1 et. Seq. (interpreting Section 504 Rehabilitation Act of 1973).

67) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through sixty six (66) as if they are fully set forth herein and hereby states the following:

"Where unlawful discrimination is found, the Commission (MCAD) is authorized to order remedies that will uphold the purposes of the statute G.L. 151B Section 5. Such remedies may include hiring,

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.  15

reinstatement, or upgrading an employee, damages for lost wages and benefits and other out-of pocket costs, and compensation for emotional distress. Damages "must be proved by the party seeking recovery... and ...the claim must be established upon a solid foundation in fact and cannot be left to conjecture, surmise or hypothesis." Bowen v. Colonnade Hotel, 4 MDLR 1007, 1030 (1982); citing Chaiken v. Springfield School Department, 1 MDLR 1146, 1164 (1979) aff'd MDLR 1537 (1983).

68) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through sixty seven (67) as if fully set forth herein and hereby states the following:

"The Commission (MCAD) will award damages to compensate a complainant for emotional distress when necessary to make the complainant whole." Bourenwood Hospital, Inc. v. MCAD, 371 Mass 303, 358 N.E.ed 235 (1976)

69) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through sixty eight (68) as if fully set forth herein and hereby states the following:

"The Commission (MCAD) has recognized that emotional distress damages may be inferred from the circumstances, as well as proved by testimony." O'Neil v. Karahalis, 10 MLDR 1341, 1367 (1988), citing Gore v. Turner, 536 F.2d 159 (5th Cir. 1977) and Seaton v. Sky Realty Co., Inc., 491 F. 2d 634 (7th Circuit 1974) Furthermore, the Commission has recognized that emotional distress is a natural and probable consequence of discrimination O'Neil, 10 MDLR at 1367, citing Williams

v. Transworld Airlines, 669 F. 2d 1267, 1272; Bournewood Hospital, 371
Mass. 303 (1976).

70) Plaintiff hereby incorporates and re-alleges paragraphs one
(1) through sixty nine (69) as if fully set forth herein and hereby
states the following:

"Plaintiff is a person with a disability as defined by the
Americans with Disabilities Act 42 U.S.C. §12001 et. Seq.

71) Plaintiff hereby incorporates and re-alleges paragraphs one
(1) through seventy (70) as if fully set forth herein and hereby states
the following:

"The Massachusetts Commission Against Discrimination is a public
entity as defined in Title II of the Americans with Disabilities Act 42
U.S.C. §12131 (1)."

72) Plaintiff hereby incorporates and re-alleges paragraphs one
(1) through seventy one (71) as if fully set forth herein and hereby
states the following:

"Title II of the American with Disabilities Act requires that
public entities such as the Massachusetts Commission Against
Discrimination provide auxiliary aids and services to persons with
disabilities in order to give them equal access to the programs and
services provided by the public entity 28 Code of Federal Regulations
35.104."

73) Plaintiff hereby incorporates and re-alleges paragraphs one
(1) through seventy two (72) as if fully set forth herein and hereby
states the following:

"The Massachusetts Commission Against Discrimination is a recipient of Federal financial assistance, and, as such, is subject to the requirements of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.  Complainant-Plaintiff is a qualified handicapped person as defined by this act."

74) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy three as if set forth fully herein and hereby states the following:

"Modified Work Schedules are specifically listed in the ADA and in the MCAD Guidelines as a possible form of required accommodation.  42 U.S.C. §12111 (9); MCAD Guidelines.  In fact, because of their generic nature, part-time or modified work schedules are a frequently requested form of accommodation.  Requests for modified work schedules may include changes to the number of hours worked, changes to a different shift, or changes to "**a flex-time schedule**" (emphasis added)"

75) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy four (74) as if set forth fully herein and hereby states the following:

"The Equal Employment Opportunity Commission has published the the following document: Equal Employment Opportunity Commission, A Technical Assistance on the Employment Provisions (Title I) of the Americans with Disabilites Act: Explanation of Key Legal Requirements (:EEOC Technical Assistance"), §3.10 (3) (published by BNA as Special Supplement to Daily Lab. Rep. No. 18, Jan 28, 1992)

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.  18

76) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy five (75) as if set forth fully herein and hereby states the following:

"The inability to adapt to a certain shift, moreover, has been found to constitute a possible disability, entitling a worker suffering from such a maladaptation to reasonable accommodation. In Villecco v. General Electric Co., 8 M.D.L.R. 1010 (1986)"

77) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy six (76) as if set forth fully herein and hereby states the following:

"Massachusetts law defines reasonable accommodation as "an adjustment made in the way a job is done to accommodate the limitations imposed upon an individual by a handicap so as to enable him/her to do a job." 8 M.D.L.R. at 2008."

78) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy seven (77) as if set forth fully herein and herby states the following:

"To be reasonable, an accommodation must "provide an opportunity for a person with a disability to achieve the same level of performance or to enjoy benefits or privileges equal to those of an average similarly situated non-disabled person." 29 C.F.R. App. §1630.9

79) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy eight (78) as if set forth fully herein and hereby states the following:

"Defendant Haddad Dealerships of the Berkshires, Inc. modified Plaintiff's work schedule by increasing Plaintiff's early oriented work shifts in an effort to "accommodate" Plaintiff.

80) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy nine (79) as if set forth fully herein and hereby states the following:

"Defendant's engaged in a new policy on or around November 27, 2002 which incorporated the use of time cards for Sales and Leasing Representatives, and that Sales and Leasing Representatives had to "clock in" and "clock out" regarding Sales and Leasing Representatives hours worked.

81) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty (80) as if set forth fully herein and hereby states the following:

"Over the course of three months, Defendants arbitrarily instituted policy regarding this time clock against the Plaintiff and wrongfully applied a set of criteria to Plaintiff which failed to apply this same standard for other Sales and Leasing Representatives."

82) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty one (81) as if set forth fully herein and hereby states the following:

"On the federal level, the primary law protecting disabled persons in the workplace is the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§12101 et. Seq.

83) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty two (82) as if set forth fully herein and hereby states the following:

"Defendant failed to enforce its own rules regarding the tardiness of other Sales and Leasing Representatives but held Plaintiff to a higher standard and unfairly treated Plaintiff to unequal terms and conditions, denied Plaintiff reasonable accommodations, and eventually wrongfully terminated Plaintiff's employment based on Plaintiff's disability (Bi-Polar Disorder) by modifying Plaintiff's work schedule to such an extent that it would preclude Plaintiff from achieving that which they were expecting, to be on time, by modifying Plaintiff's work schedule to be required to arrive at an earlier time than previously scheduled prior to requesting reasonable accommodation."

84) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty three (83) as if set forth fully herein and hereby states the following:

"Reasonable Accommodation Defined.  An accommodation is a change in the work environment or in the manner in which duties are accomplished that enables a qualified individual with a disability to enjoy equal employment opportunities." Appendix to 29 Code of Federal Regulations 1630.2 (o)."

85) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty four (84) as if set forth fully herein and hereby states the following:

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.  21

"Failure to provide reasonable accommodation constitutes discrimination. An employer's failure to provide reasonable accommodation for a qualified individual with a disability is a form of discrimination under the Act unless the accommodation poses an undue hardship. The obligation to make such reasonable accommodation applies to all employment decisions and to the job application process. 42 U.S.C. §12112(b)(5)(A); S. Rep. at 31; H. Lab. Rep. at 62; Appendix to 29 C.F.R. §1630.9

### RIGHT OF PLAINTIFF TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED IN ACCORDANCE WITH THE UNITED STATES CONSITUTION, UNITED STATES LAWS, CODE OF FEDERAL REGULATIONS, THE MASSACHUSETTS CONSTITUTION, MASSACHUSETTS GENERAL LAWS, AND CODE OF MASSACHUSETTS REGULATIONS

86)    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty five (85) as if set forth fully herein and hereby states the following:

"Plaintiff has brought this action to enforce the laws of the United States, violations by the defendant(s) against the plaintiff's Federal Constitutional Rights under 42 U.S.C. 1983 and the Americans with Disabilities Act of 1990, 42 U.S.C. 12117 (a) and section 505 (a)(1) of the Rehabilitation Act of 1973 (29 U.S.C. 794a(a)(1)"

87)    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty six (86) as if set forth fully herein and hereby states the following:

"Plaintiff has brought this action to enforce the laws of the Commonwealth of Massachusetts, violations by the defendant(s) against

the plaintiff's State Constitutional Rights under Articles I (CVI),
Article X, Article XI and Article XIV.

88) Plaintiff hereby incorporates and re-alleges paragraphs one
(1) through eighty seven (87) as if set forth fully herein and hereby
states the following:

"Plaintiff has brought this action to recover damages, punitive
and compensatory, resulting from the egregious, negligent, willful and
malicious acts and actions of the defendant(s) against the plaintiff
during his employment, and from the failure of the Massachusetts
Commission Against Discrimination to hold the Defendant accountable for
their actions, and from the failure of the Equal Employment Opportunity
Commission to properly investigate the complaint pursuant to its
Federal mandate."

89) Plaintiff hereby incorporates and re-alleges paragraphs one
(1) through eighty nine (89) Plaintiff has brought this action to
enforce his equal employment opportunity rights that the EEOC failed to
uphold by granting their federal power to review, investigate and
adjudicate discriminatory acts and actions of employers by granting the
States the federal right of review, employers that wrongfully discharge
employees; employers that aver false and misleading statements in order
to obtain a litigious advantage in a court of equitable jurisdiction;
employers that perjure testimony in order to prevent equitable relief
when equitable relief is proper, .

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.    23

89) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty eight (88) as if set forth fully herein and hereby states the following:

"The illegal activities of the defendant(s) in violation of plaintiff's rights and seeks recourse by this court of proper jurisdiction and venue. Plaintiff is natural born citizen of the United States and a resident of the Commonwealth of Massachusetts. This matter is before the court accordingly and this court has authorization under 42 U.S.C. §1983; Americans with Disabilities Act of 1990; Title VII of the Civil Rights Acts of 1964, 1971 and 1991; Title I of the ADA; First, Fourth and Fourteenth Amendments to the United States Constitution."

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT David Michael Coggins
### Violation of Massachusetts General Law Chapter 151B §4

#### (Wrongful Termination)

90) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through ninety (90) as if set forth fully herein.

91) Defendant repeatedly violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously wrongfully discriminate against Plaintiff on account of Plaintiff's disability, bipolar disorder.

92) As a result of the Defendant, David Michael Coggins violation of the laws of the United States and the laws of the Commonwealth of Massachusetts, the plaintiff, has suffered great

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.    24

financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT JAMES SALVIE
### Violation of Massachusetts General Law Chapter 151B §4

#### (Wrongful Termination)

93)   Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through ninety two (92) as if set forth fully herein.

94) Defendant repeatedly violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously wrongfully discriminate against Plaintiff on account of Plaintiff's disability, bipolar disorder.

95)   As a result of the Defendant, James Salvie violation of the laws of the United States and the laws of the Commonwealth of Massachusetts, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT Timothy Cardillo
### Violation of Massachusetts General Law Chapter 151B §4

#### (Wrongful Termination)

96)   Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through ninety five (95) as if set forth fully herein.

97) Defendant repeatedly violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.   25

maliciously wrongfully discriminate against Plaintiff on account of

Plaintiff's disability, bipolar disorder.

98) As a result of the Defendant, Timothy Cardillo violation of

the laws of the United States and the laws of the Commonwealth of

Massachusetts, the plaintiff, has suffered great financial, emotional

and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANTS Cynthia Tucker, Investigating Commissioner; James Levinsky, Deputy General Counsel; Migdalia Rivera, Compliance Officer II; Crystal Borges, Investigator each in their official Capacity as employees of the Massachusetts Commission Against Discrimination
### Violation of Massachusetts Constitution Articles I(CVI), Article V, Article X, Article XI, Article XIV

99)   Plaintiff hereby repeats and re-alleges the allegations

contained in paragraphs one (1) through ninety eight(98) as if set

forth fully herein.

100) Plaintiff hereby alleges that each of these individuals

acted in a conspiratorial manner to preclude the right of the Plaintiff

from being adjudicated properly and each of the aforementioned

Defendants', Plaintiff' seeks a cause of action against, each of the

aforementioned individuals, individually, based on each of the

aforementioned Articles of the Massachusetts Constitution.

101) Defendants violated the rights of the plaintiff, on various

dates and times, and did hereby blatantly, willfully and maliciously

wrongfully discriminate against Plaintiff's claim against Defendant and

failed to uphold the laws of the Commonwealth of Massachusetts on

account of Plaintiff's disability, bipolar disorder.

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.   26

102) As a result of the Defendant, Massachusetts Commission Against Discrimination's violation of the laws of the United States and the laws of the Commonwealth of Massachusetts, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A FIFTH CAUSE OF ACTION
**AGAINST DEFENDANT Robert Sanders, Boston Area Office Director, in his official Capacity as Director of the Equal Employment Opportunity Commission**
**Violation of Massachusetts Constitution Articles I(CVI), Article V, Article X, Article XI, Article XIV**

103) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred two (102) as if set forth fully herein.

104) Plaintiff hereby alleges that Robert Sanders, Boston Area Office Director and the Investigator acted in a conspiratorial manner to preclude the right of the Plaintiff from being adjudicated properly and each of the Defendants', Plaintiff seeks a cause of action against, each of the aforementioned individuals, individually, based on each of the aforementioned Articles of the Massachusetts Constitution.

105) Defendants violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously wrongfully discriminate against Plaintiff's claim against Defendant and failed to uphold the laws of the Commonwealth of Massachusetts on account of Plaintiff's disability, bipolar disorder.

106) As a result of the Defendant, Equal Employment Opportunity Commission violation of the laws of the United States and the laws of

the Commonwealth of Massachusetts, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST DEFENDANT DAVID MICHAEL COGGINS
### Violation of Federal Law Americans with Disabilities Act of 1990

107) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred six (106) as if set forth fully herein.

108) Defendants violated the rights of the Plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against Plaintiff in violation of the Americans with Disabilities Act of 1990 on account of Plaintiff's disability, bipolar disorder.

109) As a result of the Defendant, David Michael Coggins violation of the laws of the United States, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANT JAMES SALVIE
### Violation of Federal Law Americans with Disabilities Act of 1990

110) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred nine (109) as if set forth fully herein.

111) Defendants violated the rights of the Plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against Plaintiff in violation of the Americans with

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.    28

Disabilities Act of 1990 on account of Plaintiff's disability, bipolar disorder.

112) As a result of the Defendant, David Michael Coggins violation of the laws of the United States, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### AGAINST DEFENDANT TIMOTHY CARDILLO
### Violation of Federal Law Americans with Disabilities Act of 1990

113) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred twelve (112) as if set forth fully herein.

114) Defendants violated the rights of the Plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against Plaintiff in violation of the Americans with Disabilities Act of 1990 on account of Plaintiff's disability, bipolar disorder.

115) As a result of the Defendant, Timothy Cardillo violation of the laws of the United States, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A NINTH CAUSE OF ACTION
### AGAINST DEFENDANT DAVID MICHAEL COGGINS
### VIOLATION OF FEDERAL LAW CIVIL RIGHTS ACT OF 1964, 1971, and 1991

116) Plaintiff hereby repeats and re-alleges the allegations

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.   29

contained in paragraphs one (1) through one hundred sixteen (116) as if
set forth fully herein.

117) Defendants violated the rights of the Plaintiff, on various
dates and times, and did hereby blatantly, willfully and maliciously
discriminate against Plaintiff in violation of the Civil Rights Acts of
1964, 1971 and 1990 on account of Plaintiff's disability, bipolar
disorder.

118) As a result of the Defendant, David Michael Coggins
violation of the laws of the United States, the Plaintiff, has suffered
great financial, emotional and psychological harm for which the
plaintiff is entitled to recover.

### AS AND FOR A NINTH CAUSE OF ACTION
### AGAINST DEFENDANT JAMES SALVIE
### VIOLATION OF FEDERAL LAW CIVIL RIGHTS ACT OF 1964, 1971, and 1991

119) Plaintiff hereby repeats and re-alleges the allegations
contained in paragraphs one (1) through one hundred eighteen (118) as
if set forth fully herein.

120) Defendants violated the rights of the Plaintiff, on various
dates and times, and did hereby blatantly, willfully and maliciously
discriminate against Plaintiff in violation of the Civil Rights Acts of
1964, 1971 and 1990 on account of Plaintiff's disability, bipolar
disorder.

121) As a result of the Defendant, James Salvie violation of the
laws of the United States, the Plaintiff, has suffered great financial,
emotional and psychological harm for which the plaintiff is entitled to
recover.

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.    30

### AS AND FOR A TENTH CAUSE OF ACTION
### AGAINST DEFENDANT TIMOTHY CARDILLO
## VIOLATION OF FEDERAL LAW CIVIL RIGHTS ACT OF 1863, 1964, 1971, and 1991

122)  Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred twenty one (121) as if set forth fully herein.

123) Defendants violated the rights of the Plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against Plaintiff in violation of the Civil Rights Acts of 1964, 1971 and 1990 on account of Plaintiff's disability, bipolar disorder.

124)  As a result of the Defendant, Timothy Cardillo violation of the laws of the United States, the Plaintiff, has suffered great financial, emotional and psychological harm for which the Plaintiff is entitled to recover.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### AGAINST DEFENDANTS Cynthia Tucker, Investigating Commissioner; James Levinsky, Deputy General Counsel; Migdalia Rivera, Compliance Officer II; Crystal Borges, Investigator each in their official capacity as employees of the Massachusetts Commission Against Discrimination
## VIOLATION OF FEDERAL LAW CIVIL RIGHTS ACT OF 1863, 1964, 1971, and 1991

125)  Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred twenty four (124) as if set forth fully herein.

126)  Plaintiff hereby alleges that each of these individuals acted in a conspiratorial manner to preclude the civil rights of the Plaintiff from being adjudicated properly and each of the

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.  31

aforementioned Defendants' listed Plaintiff seeks a cause of action

against, each of the aforementioned individuals, individually, based on

each of the Federal laws described under this Eleventh cause of action.

127) Defendants violated the rights of the Plaintiff, on various

dates and times, and did hereby blatantly, willfully and maliciously

discriminate against Plaintiff in violation of the Civil Rights Acts of

1964, 1971 and 1990 on account of Plaintiff's disability, bipolar

disorder.

128)  As a result of the Defendant, Massachusetts Commission

Against Discrimination, violation of the laws of the United States, the

Plaintiff, has suffered great financial, emotional and psychological

harm for which the Plaintiff is entitled to recover.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### AGAINST DEFENDANT ROBERT SANDERS, BOSTON AREA DIRECTOR, IN HIS
### OFFICIAL CAPACITY AS BOSTON AREA DIRECTOR OF THE EQUAL EMPLOYMENT
### OPPORTUNITY COMMISSION;
### VIOLATION OF FEDERAL LAW CIVIL RIGHTS ACT OF 1863, 1964, 1971,
### and 1991

133)  Plaintiff hereby repeats and re-alleges the allegations

contained in paragraphs one (1) through one hundred thirty two (132) as

if set forth fully herein.

134)  Plaintiff hereby alleges that each of these individuals

acted in a conspiratorial manner to preclude the civil rights of the

Plaintiff from being adjudicated properly and each of the

aforementioned Defendants' listed Plaintiff seeks a cause of action

against, each of the aforementioned individuals, individually, based on

each of the Federal laws described under this Eleventh cause of action.

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.   32

135) Defendants violated the rights of the Plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against Plaintiff in violation of the Civil Rights Acts of 1964, 1971 and 1990 on account of Plaintiff's disability, bipolar disorder.

136) As a result of the Defendant, Robert Sanders, Boston Area Office Director of the EEOC violation of the laws of the United States, the Plaintiff, has suffered great financial, emotional and psychological harm for which the Plaintiff is entitled to recover.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT DAVID MICHAEL COGGINS
#### Violation of Massachusetts General Law Chapter 12 Section 11H and 11I

137) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through one hundred thirty six (136) as if set forth fully herein.

138) Plaintiff's rights were violated by the defendant at various dates and times, by intimidating, threatening behavior that did thereby violate plaintiff's rights under Massachusetts General Law Chapter 12 Section 11H and Section 11I.

139) Under Massachusetts General Law Chapter 12 §11H and §11I:

Quoting from Folmsbee v Tech Tool Grinding & Supply, Inc., & Another 417 Mass. 388; 630 N.E. 2d 586; 1994 Mass. Lexis 154:

"The relevant portions of the G.L. c. 12 read as follows: "Section 11H. Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.   33

by the constitution or laws of the Commonwealth, the attorney general may bring a civil action…"

140) "Section 11I. Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in §11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief."

141) By the act and actions of the defendant, David Michael Coggins of utilizing intimidating, harassing, and demeaning behavior in violation of the Plaintiff's rights, during various dates and times, while employed at Haddad Dealerships of the Berkshires, Inc., the defendant did hereby violate plaintiff's right to be free from unreasonable, substantial and serious interference with plaintiff's right secured by the Constitution of the United States, the laws of the Federal Government and other rights secured under the laws and constitution of the Commonwealth of Massachusetts and did thereby violate Massachusetts General Law Chapter 12 § 11H and §11I.

142) As a result of the act and actions of the defendant, David Michael Coggins, the plaintiff has been injured and is entitled to recovery for said injury.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT JAMES SALVIE
#### Violation of Massachusetts General Law Chapter 12 Section 11H and 11I

143) Plaintiff hereby incorporates and re-alleges the paragraphs one (1) through one hundred forty two (142) as if set forth fully herein.

144) Plaintiff's rights were violated by the defendant

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.     34

at various dates and times, by intimidating, threatening behavior that did thereby violate plaintiff's rights under Massachusetts General Law Chapter 12 Section 11H and Section 11I.

145) Under Massachusetts General Law Chapter 12 §11H and §11I:

Quoting from Folmsbee v Tech Tool Grinding & Supply, Inc., & Another 417 Mass. 388; 630 N.E. 2d 586; 1994 Mass. Lexis 154:

"The relevant portions of the G.L. c. 12 read as follows: "Section 11H. Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth, the attorney general may bring a civil action…"

146) "Section 11I. Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in §11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief."

147) By the act and actions of the defendant, James Salvie of employing intimidating, harassing, and demeaning behavior the Plaintiff's rights, during various dates and times, while employed at Haddad Dealerships of the Berkshires, Inc. did hereby violate plaintiff's right to be free from unreasonable, substantial and serious interference with plaintiff's right secured by the Constitution of the United States, the laws of the Federal Government and other rights secured under the laws and constitution of the Commonwealth of

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.    35

Massachusetts did thereby violate Massachusetts General Law Chapter 12 § 11H and §11I.

148) As a result of the act and actions of the defendant, James Salvie, the plaintiff has been injured and is entitled to recovery for said injury.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION AGAINST DEFENDANT TIMOTH CARDILLO
### Violation of Massachusetts General Law Chapter 12 Section 11H and 11I

149) Plaintiff hereby incorporates and re-alleges the paragraphs one (1) through one hundred forty eight (148) as if set forth fully herein.

150) Plaintiff's rights were violated by the defendant at various dates and times, by intimidating, threatening behavior that did thereby violate plaintiff's rights under Massachusetts General Law Chapter 12 Section 11H and Section 11I.

151) Under Massachusetts General Law Chapter 12 §11H and §11I:

Quoting from Folmsbee v Tech Tool Grinding & Supply, Inc., & Another 417 Mass. 388; 630 N.E. 2d 586; 1994 Mass. Lexis 154:

"The relevant portions of the G.L. c. 12 read as follows: "Section 11H. Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth, the attorney general may bring a civil action…"

152) "Section 11I. Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.    36

been interfered with, or attempted to be interfered with, as described in §11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief."

153)  By the act and actions of the defendant, Timothy Cardillo Of employing intimidating, harassing, and demeaning behavior the Plaintiff's rights, during various dates and times, while employed at Haddad Dealerships of the Berkshires, Inc. did hereby violate plaintiff's right to be free from unreasonable, substantial and serious interference with plaintiff's right secured by the Constitution of the United States, the laws of the Federal Government and other rights secured under the laws and constitution of the Commonwealth of Massachusetts did thereby violate Massachusetts General Law Chapter 12 § 11H and §11I.

154)  As a result of the act and actions of the defendant, James Salvie, the plaintiff has been injured and is entitled to recovery for said injury.

### Plaintiff's Right to Seek Declaratory and Injunctive Relief

The Plaintiff is an aggrieved person under Federal and State Civil rights law and the Americans with Disabilities Act, and, as a result of the illegal, discriminatory act and actions of the defendant(s) Plaintiff seeks relief on behalf of himself to further prevent defendant(s) from violating plaintiff's civil rights and liberties accorded by the Federal and State Constitutions.

WHEREFORE Plaintiff respectfully prays that the Court grant the declaratory and injunctive relief, as well as damages and other relief, set forth hereinafter in the prayer for relief.

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.    37

## GENERAL PRAYER FOR RELIEF

WHERFORE, Plaintiff prays for judgment as follows:

a. That this Court permanently enjoin by injunctive relief the conduct of defendant(s), their officers, agents, servants, and employees and direct defendant(s) to cease and desist their discriminatory practices.

b. That this Court render a Declaratory Judgment declaring the Defendants' conduct infringing upon the civil rights accorded by both Federal and State Constitutions, against the plaintiff, to be egregious and invalid, and that their action is an unconstitutional infringement of plaintiff's rights to life, liberty and the pursuit of happiness and plaintiff's right to equal employment opportunities.

c. That this Court render a judgment for the plaintiff, against the defendants, in all aspects herein alleged and claimed regarding plaintiff's rights to United States Constitutional Protections, Federal Law and Massachusetts Constitutional Protections, Massachusetts State Law that the defendant(s) action is in violation of these Constitutions and laws and the defendant(s) actions have been an infringement of plaintiff right to the Constitutions and laws, respectively;

d. That this Court apply the standards of criminal conduct against defendant(s) violations of Federal and State Law regarding Defendants unequal treatment of the Plaintiff and Plaintiff's Civil Rights and discriminatory practices against the Americans with Disabilities Act.

e. That this Court retain jurisdiction of this matter for the purpose of enforcing the Court's order;

f. That this Court exercise discretion pursuant to Rule 65 of the Federal Rules of Civil Procedure to accelerate the trial on the merits;

g. That this Court order a trial by jury to assess actual, punitive and compensatory damages suffered by Plaintiff due to defendant(s) flagrant violation of plaintiff's constitutional rights;

h. That this Court issue the requested injunctive relief without condition of bond or surety or other security being required of Plaintiffs.

## PRAYER FOR OTHER RELIEF

i. Grant to plaintiff an award of actual, punitive and compensatory damages;

j. Grant to Plaintiff an award of the costs of litigation, including reasonable attorneys' fees and expenses;

k. Grant such other and further relief as this Court deems just and proper.

I have stated all of the above based upon my own knowledge, information and belief; and so far as upon my information and belief, I believe this information to be true.

Sworn to under the pains and penalties of perjury this _____6th_____ day of ___July___ , 2005

Most respectfully submitted this 6th day of July 2005.

Scott Stern

Pro-Se Plaintiff

400 West Main Street

North Adams, Massachusetts 01247

Complaint against Haddad Dealerships of the Berkshires, Inc. et. al.   39

ACKKNOWLEDGEMENT CERTIFICATE

On this 6th day of July _____, 2005, before me, the

undersigned Notary Public, personally appeared

Scott Stern _____

proved to me through satisfactory evidence of identification, which

were Drivers license from the Commonwealth of Massachusetts, to be

the person whose name is signed on the preceding or attached

document and acknowledged to me that he signed it voluntarily for

its state purpose.

Signature of Notary Public



To whom it may concern.

This letter is in response to the complaint from Scott Stern. I am a direct supervisor of Mr. Stern. It is a practice at Haddads that if a salesperson is continually late with no good reason and we can't seem to get his attention and want to retain the person because they are an asset, we will send them home for a period of time to see if we can get their attention. Mr. Stern is not the only one this has occurred with.

If a salesperson is not here to take care of their customer at the time of delivery, we do split the deal. It is our opinion that the customer must be treated in a certain way and we do try to be very consistant on the delivery. Mr. Stern is not the only salesperson who has had to split a deal for not being available at the time of delivery.

We had a meeting with Mr. Stern due his frequently arriving late for work. It was at this meeting Mr. Stern informed us that he had a bi-polar disability that was causing him to frequently be late. Not knowing a lot about this disability, we did ask Mr. Stern to bring a doctors note stating that one of the effects of this disability was being late for work on a consistant basis. A note was presented that said "work with Scott". I couldn't get anything that states that due to his disability he would frequently be 15 minutes late. In spite of this and the disruption it would cause with all the other employees that were required to be here on time, we did give Scott a new schedule that allowed him to be 15 minutes late.

Everything did finally come to a head when Mr. Stern could not arrive within the 15 minute window everybody had agreed on. In spite of the frequent disruptions, we liked Mr. Stern but could not justify his behavior any longer.

Jim Salvie
General Sales Manager
Haddad Motors

RECEIVED

AUG

COMMISSION AGAINST
DISCRIMINATION/SPRINGFIELD

Subscribed to and sworn before me
this ____ day of _____ 03

Constance J. Weiland, Notary Public
My commission expires July 26, 2007

To whom it may concern.

This letter is in response to allegations of discrimination against a former employee of Haddad Motors Scott Stern.  I have been employed at Haddad Motors since October 1, 2002 as a sales manager.  During this time I had the opportunity to work directly with Scott.  Scott had several issues that brought his employment to an end with Haddad Motors.  The number one reason was his inability to be on time.  Scott was consoled many times about his tardiness.  I have attended many meetings addressing his tardiness. Scott was given time off on several occasions after being counseled and then continued to be late.  Jim Salvie the general sales manger gave Scott more than enough chances to address the issue.  Only after Scott was about to be terminated did he bring up the fact that he had a disease which he called Bi- Polar.  The manner in which he brought it up was taken as a direct threat of a law suit if we didn't back off the issue of his tardiness. We requested Scott have his Doctor write a signed letter so as to communicate to us that his tardiness was associated with his disease.  Scott never produced a signed documentation or any real proof of his disease.  Scott did take out of his wallet a crumpled piece of note paper that said please work with Scott.  Jim Salvie gave Scott a final chance of a 15 minute grace period. The deal was if Scott was late again by more than his 15 minute grace period he would be terminated.   Scott was late and he was terminated.  No other employee has  ever been given a grace period especially after Scott Stern was asked to provide documentation about his Bi-Polar and never did.  Scott never advised Haddad of his disease prior to his employment. Scott had other issues concerning comments and inappropriate behavior with staff and customers.

Sincerely

Timothy Cardillo
Sales Manager
Haddad Motors
tcardillo@haddaddealerships.com

Subscribed to and sworn before me
this 3 day of AUG 03.

Constance J. Weiland, Notary Public
My commission expires July 28, 2007

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Scott Stern**
**400 West Main Street**
**North Adams, MA 01247**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2003-01828 | **Anne R. Giantonio,**<br>**Intake Supervisor** | **(617) 565-3189** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

**Robert L. Sanders,**
**Area Office Director**

APR    6   2005
(Date Mailed)

cc:  **HADDAD TOYOTA PONTIAC BUICK**
**130 Pittsfield-Lenox Road**
**Pittsfield, MA 01202**

COMMONWEALTH OF MASSACHUSETTS
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

SPRINGFIELD, ss

MCAD DOCKET NO. 03SEM0146B
EEOC DOCKET NO.  16CA301828

SCOTT STERN,                              )
                    Complainant           )
                                          )
v.                                        )
                                          )
HADDAD TOYOTA PONTIAC BUICK,              )
                    Respondents           )

## RESPONDENT'S ANSWER TO CHARGE OF DISCRIMINATION

Now come Respondent Haddad Toyota Pontiac Buick ("Haddad" or "Respondent"),

through its counsel of record, and responds to the Charge of Discrimination by Complainant

Scott Stern ("Complainant"), in the above-captioned case.

### Narrative Answer

Respondent Haddad denies that it discriminated against Complainant in any way or made

an adverse employment decision concerning Complainant based on any improper motive.

Complainant was a reasonably competent car salesperson at Respondent's dealership, but his

performance suffered from chronic tardiness until he was terminated for this same problem.  His

tardiness was chronic and repeated (approximately three times per week and sometimes more),

affected his job performance, and threatened to decrease morale among other salespeople who

were not afforded the same leniency as to required hours and arrival times.  Respondent

reprimanded Complainant for his repeated tardiness long before Complainant claimed to

Respondent's management that he was bi-polar. Complainant's termination on or about 2/3/03 was because of his tardiness problem, not because of his alleged disability.

Complainant has never shown any proof that he is in fact bi-polar. During a meeting in November or December of last year, Complainant flashed and read a crumpled-up, handwritten note that he claimed was from a doctor, which note allegedly asked Complainant's employer (Respondent) to "work with" Complainant. The note did not indicate any diagnosis or identify any disability. Complainant would not give the note, or a copy thereof, to Respondent, and Respondent could not see the name of any doctor on that note to enable Respondent to verify Complainant's claim concerning his disability. Respondent's General Manager, Mike Coggins, specifically asked Complainant to provide a letter from his doctor indicating the nature of his disability and stating the need for the accommodation that Complainant requested. Complainant never provided such a letter, nor did any medical provider ever contact Respondent with regard to plaintiff's alleged disability. To this date, Respondent has received no proof that Complainant was (1) bi-polar, (2) disabled (partially or totally), or (3) entitled to any accommodation such as being able to arrive 15 minutes late every day because of his alleged disability.

As Complainant indicates in ¶6 of his Charge, Respondent granted him the accommodation that he requested, even without the above-referenced documentation of his medical condition and its connection to his tardiness. He was permitted to arrive 15 minutes late, with the understanding that he was in effect on "probation," such that if he ever arrived *more* than 15 minutes late, he would be terminated. As Complainant concedes in ¶7, he *did* in fact arrive 6 minutes too late (that is, a total of 21 minutes late: the permitted 15 minutes, plus 6 minutes). After months of putting up with his repeated tardiness (on average, 3 times per week),

{00043654.DOC}

2

Respondent terminated Complainant, as Respondent had repeatedly warned Complainant that it would.

Respondent does not accept, and holds Complainant to its proof, (1) that Complainant is bi-polar in the first place, and if so, (2) that that condition constitutes a legal disability. The only accommodation that Complainant requested because of his alleged disability, was permission to arrive late every day. There does not seem to be any clinical reason that the ability to always be late to work would in some way alleviate bi-polar disorder. In fact, it was not until months of warnings, days of being sent home, and intimations by Respondent that it was about to fire Complainant, that Complainant conveniently mentioned his alleged bi-polar disorder and made his request for an accommodation to be permitted to arrive late because of this disorder. Respondent submits that Complainant may have used an imagined (or concocted) disorder to buy himself time when it became apparent that he was about to be terminated for his chronic tardiness. And Complainant has still not shown any medical evidence of his alleged condition, and did not provide any to Respondent during the final three months of his employment (between the first time he informed Respondent that he suffered from this disorder, and his termination in February of 2003).

### Respondent's Answers to Complainant's Specific Numbered Paragraphs

1.      Respondent admits that it hired Complainant in April 2002 as a salesperson. Haddad also admits that, other than the chronic and repeated tardiness for which Complainant was terminated, Complainant's performance as a salesperson was usually satisfactory; although Respondent did receive several complaints about Complainant's behavior from customers and from other employees.

2.     Respondent denies that Complainant was subjected to any unfair or unequal treatment by Respondent. Respondent admits that its management asked Complainant to go home on certain days, after he had repeatedly called in late, but denies that other salespersons were treated any differently. Respondent admits that it followed standard practice with splitting commissions between the salesperson who actually made the sale and the salesperson who serviced the client at the time of delivery (if different people). Respondent denies that Complainant was treated any differently from any other salespersons in this standard practice at the dealership, and points out that Complainant sometimes *benefited* from this practice, as he would receive a portion of the commission on a sale that he had not originally made if he was the salesperson present at the time of delivery.

3.     Coggins remembers referring to Stern as "crazy" in a joking manner, but never *after* Stern informed Respondent that he was allegedly bi-polar. All employees were treated in a similar joking manner, and Stern was not singled out. Moreover, the joking title of "crazy" was not entirely unearned: Complainant had a practice of staring at other employees and customers, and the dealership received complaints about his behavior. On one occasion he followed a female customer home, and the dealership received a complaint about his surveillance of her house on different occasions. At another time, he went to the house of two other employees early in the morning (12:30 a.m.), opened their door, and watched them from the doorway (while they were unaware of his presence). He would frequently complain about other employees and then, after discussing equal treatment with management, he would inexplicably weep and confess that he was sorry, "it's all in my head." Respondent could have terminated him much earlier for his aberrant behavior, but tried to work with him on this as well as his chronic tardiness.

4.      Respondent agrees that Complainant "frequently had difficulties arriving to work on time" and that many meetings were held to discuss his tardiness. Respondent does not recall the date of the meeting discussed in this paragraph, and had remembered that it was in December, not November of 2002. Respondent admits that Complainant informed Respondent that he was allegedly bi-polar and that he showed Respondent the referenced note, allegedly from a doctor, suggesting that Respondent "work with" Complainant (see discussion above). Respondent denies that Complainant ever gave this note, or a copy of it, to Respondent, or provided any other documentation (such as a doctor's letter) attesting to his bi-polar disorder, even though Respondent asked Complainant to provide same.

5.      Respondent admits that Complainant invoked the ADA, at the previously referenced meeting at which he claimed that he had bi-polar disorder. Respondent also admits that Complainant sought an accommodation of being permitted to be late every day, unlike other employees. Respondent denies that it "refused to make any accommodations whatsoever," and asserts that it did in fact grant Complainant permission to be 15 minutes late each day. This accommodation was made despite Complainant's failure to provide any type of medical documentation to support his alleged bi-polar disorder.

6.      Respondent agrees that it allowed Complainant to be as much as 15 minutes late. Respondent denies that this accommodation was provided "on or about the last week of February 2003," and points out that Complainant had already been fired by that time.

7.      Respondent agrees with Complainant that he was late again on or about the date of his termination. Respondent also states that Complainant was fired for violating the terms of his reasonable accommodation or "probationary" period, because he was *more than* 15 minutes

late that day. Respondent denies that his supervisor's annoyance (if any) over allegedly not receiving some fee of $160 had anything to do with Complainant's termination.

8.     Respondent denies the allegations in ¶8. Further, Respondent asserts that, in fact, it bent over backwards to treat Complainant specially, and permitted Complainant to be late for work every day (which Respondent did not permit any other employee to do).

### Respondent's Additional Defenses

1.     Complainant cannot show his prima facie case for disability discrimination because Complainant cannot show that he was a "qualified handicapped person."

2.     Complainant cannot show his prima facie case for disability discrimination because he cannot show that he was fired based on his alleged disability.

3.     Complainant cannot show his prima facie case for disability discrimination because he cannot show that Respondent was unwilling to make any requested "reasonable accommodation" for his disability.

4.     To the extent that there has been no attempt to mitigate, minimize, or avoid any damage alleged in Complainant's claims, any recovery against Respondents must be reduced or eliminated.

5.     Complainant's claims are barred by the exclusivity and/or preclusion provisions of the Worker's Compensation Act (M.G.L. ch. 152), which bar her recovery against Respondents.

6.     The MCAD Complaint does not describe the subject claims with sufficient particularity to enable Respondent to determine all of the grounds for its defense. Respondent therefore reserves its right to assert any additional grounds for its defense that may have become available once the precise nature of Complainant's claims is ascertained.

{00043654.DOC}

6

Signed under the pains and penalties of perjury, by Respondent, as required by 804

C.M.R. § 1.10(8)(e), on September _15_, 2003.

David Michael Coggins

RESPONDENT,
By Its Attorneys
MICHIENZIE & SAWIN LLC

Dated: _9/13/03_                      BY:     _John Barker_

Richard A. Sawin, Jr. -- BBO NO: 546786
John C. Barker -- BBO NO: 637406
101 Merrimac Street, 6th Floor
Boston, MA 02114
Tel: (617) 227-5660

{00043654.DOC}

7

DISCRIMINATION COMPLAINT
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION AND EEOC

FEPA:                                    FILING DATE:
EEOC NO.:                                VIOLATION DATE: February 3, 2003

**RECEIVED**

NAME OF AGGRIEVED PERSON OR ORGANIZATION:
Scott Stern                              TELEPHONE NUMBERS:           MAY 0 2 2003
400 West Main Street                     HOME: (413) 664-7805
North Adams, MA 01247                    BUSINESS:                    COMMISSION AGAINST
                                                                      DISCRIMINATION/SPRINGFIEL >

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY OR
STATE/LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:
Haddad Toyota Pontiac Buick.             TELEPHONE NUMBER:
130 Pittsfield-Lenox Road                (413) 445-4535
Pittsfield, MA 01202                     NO. OF EMPLOYEES: 25+

CAUSE OF DISCRIMINATION BASED ON: Handicap
Shortly after being hired in April 2002, continuing on a ongoing basis until February 3, 2003,
Haddad Dealership discriminated against me by subjecting me to unequal terms and conditions,
denying me of a reasonable accommodation and wrongfully terminating me on the basis of my
handicap (Bi-Polar Disorder) in violation of M.G.L. c.151B §4, ¶(16), and Americans with
Disabilities Act (ADA).

THE PARTICULARS ARE:
1.  Haddad Dealership hired me on or about the last week of April 2002 as a sales/ leasing
    representative. I have received high scores in customer service and my work
    performance has always been satisfactory.
2.  During the time I worked at Haddad I was also subjected to very unfair and unequal
    treatment. When I would call and let them know I was running late or showed up late,
    David Michael Coggins and /or James Salvie would tell me to return home or not show
    up at all and I would be suspended for the weekend. Other co-workers would show up
    late or forget to clock in at all and not be penalized or reprimanded for it. There were
    also several occasions were my commission on the sell of a vehicle or even my customers
    were given to other salesmen by James Salvie. I believe he purposely did this to effect
    my sales and work flow production and create another possible excuse to terminate me.
    This also affected me financially as it detrimentally affected my wages.
3.  David Micheal Coggins would also refer to me as "crazy" in Saturday sale meetings and
    occasionally around other employees.
4.  Because of my disability (Bi-Polar Disorder) I frequently had difficulties arriving to work
    on time. On or about November 26, 2002 a meeting was held to discuss my tardiness.
    Present at the meeting were David Michael Coggins (General Manager), James Salvie
    (General Sales Manager), Tim Cardillo (Sales Manager), Joseph Scibelli (Used Car
    Manager), and myself. I notified them of my condition, and it was at this time I was
    asked to disclose exactly what my condition was to all the managers present. Although I
    felt pressured, and was hesitant to tell them, I did so. At this time I presented my
    managers with a note from my doctor that stated that 'my employer should work with me
    being the fact that I was showing signs of improvement.'
5.  I informed David Michael Coggins that under the American with Disabilities Act I was
    entitled to receive reasonable accommodations from my employer. All I requested was a

few minutes of flextime incase I ran late at the start of my shifts. David Michael Coggins refused to make any accommodations what so ever.

6. On or about the last week of February 2003, James Salvie and Tim Cardillo had a meeting with me in which James Salvie acknowledged and stated that although it was against his better judgment, he would allow me to up to fifteen minutes to be late to work.

7. A week later, on February 3, 2003, I arrived at work 6 minutes late. I was getting a car ready to deliver to a customer. This particular customer was unwilling to pay the $160 fee Haddad charges as a documentation fee. James Salvie is always upset when a customer refuses to pay this fee, and I believe he became infuriated with this, and after learning I was 6 minutes late, he used that excuse to terminate me.

8. I believe Haddad dealership subject me to unequal terms and conditions, denied me reasonable accommodation and wrongfully terminated my employment based on my disability (Bi-Polar Disorder).

I ALSO WANT THIS CHARGE FILED WITH EEOC: __XX__
I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY CHARGE IN ACCORDANCE WITH THEIR PROCEDURES.

I SWEAR OR AFFIRM THAT I HAVE READ THIS COMPLAINT AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_Scott Stern_
Scott Stern

SWORN TO AND SUBSCRIBED BEFORE ME THIS DAY OF _MAy 1_ , 2003.

NOTARY PUBLIC: _Cynthia J. Seee_

My Commission Expires: _10/2/09_

**RECEIVED**

MAY 02 2003

COMMISSION AGAINST
DISCRIMINATION/SPRINGFIELD

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Scott Stern

**DEFENDANTS** Haddad Dealerships of the Berkshires, Inc

**(b)** County of Residence of First Listed Plaintiff  Berkshire
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Berkshire
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983, 42 U.S.C. §2000e-2 20002-3, ADA of 1973
Brief description of cause:
Defendants knowingly falsified affidavits w/ MCAD for litigous advantage

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):   JUDGE   DOCKET NUMBER

DATE   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only). *Scott Stern v. Haddad Dealerships of the Berkshires, Inc.*

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

  **I.**  160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

X **II.**  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, \*Also complete AO 120 or AO 121
    740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for patent, trademark or copyright cases

  **III.** 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
    380, 385, 450, 891.

  **IV.** 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
    690, 810, 861-865, 870, 871, 875, 900.

  **V.**  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

  _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                  YES    NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                  YES    NO ✓

  If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                  YES    NO

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                  YES    NO ✓

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                  YES ✓   NO

  **A.**  If yes, in which division do _all_ of the non-governmental parties reside?

    Eastern Division    Central Division      Western Division ✓

  **B.**  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division    Central Division      Western Division

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                  YES    NO

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _____

ADDRESS _____

TELEPHONE NO. _____

(CategoryForm.wpd - 5/2/05)