UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
<u>WESTERN DIVISION</u>

SPRINGFIELD, MASSACHUSETTS          CIVIL ACTION NO. 3/05-CV-30160-KPN

| | |
|---|---|
| SCOTT STERN, | ) |
|     Plaintiff | ) |
| | ) |
|   v. | ) |
| | ) |
| HADDAD DEALERSHIPS OF THE | ) |
| BERKSHIRES, INC.; JAMES SALVIE, | ) |
| GENERAL SALES MANAGER; | ) |
| TIMOTHY CARDILLO, SALES | ) |
| MANAGER; MICHAEL COGGINS, | ) |
| GENERAL MANAGER, IN THEIR | ) |
| PERSONAL AND OFFICIAL | ) |
| CAPACITIES OF HADDAD | ) |
| DEALERSHIPS OF THE BERKSHIRES, | ) |
| | ) |
| And | ) |
| | ) |
| CYNTHIA TUCKER, INVESTIGATING | ) |
| COMMISSIONER; JAMES LEVINSKY, | ) |
| DEPUTY GENERAL COUNSEL; | ) |
| MIGDALIA RIVERA, COMPLIANCE | ) |
| OFFICER II; CRYSTAL BORGES, | ) |
| INVESTIGATOR, IN THEIR PERSONAL | ) |
| AND OFFICIAL CAPACITIES OF THE | ) |
| MASSACHUSETTS COMMISSION | ) |
| AGAINST DISCRIMINATION, | ) |
| | ) |
| And | ) |
| | ) |
| ROBERT SANDERS, BOSTON AREA | ) |
| OFFICE DIRECTOR, IN HIS PERSONAL | ) |
| AND OFFICIAL CAPACITY AS | ) |
| DIRECTOR OF EQUAL EMPLOYMENT | ) |
| OPPORTUNITY COMMISSION, | ) |
|     Defendants | ) |

**ANSWER BY HADDAD DEFENDANTS TO AMENDED COMPLAINT,
<u>AND JURY DEMAND BY HADDAD DEFENDANTS</u>**

Now come defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collectively, the "Haddad Defendants"), through their counsel of record, and hereby serve and file this Answer to the Amended Complaint by Plaintiff Scott Stern ("Plaintiff").

## Preliminary Statements

1.      The Haddad Defendants deny the allegations contained in this paragraph as they pertain to the Haddad Defendants and are not required to respond to these allegations as they pertain any other defendant.

2.      The Haddad Defendants admit the allegations contained in this paragraph, although they note that plaintiff's date of hire at Haddad Motors may have been 4/26/02.

3.      The Haddad Defendants admit the allegations contained in this paragraph.

4.      The Haddad Defendants deny the allegations contained in this paragraph.

5.      The Haddad Defendants admit the allegations contained in this paragraph.

6.      The Haddad Defendants admit the allegations contained in this paragraph.

7.      The Haddad Defendants deny the allegations contained in this paragraph as they pertain to the Haddad Defendants and are not required to respond to these allegations as they pertain any other defendant.

## Facts

8.      The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

9.      The Haddad Defendants admit the allegations contained in this paragraph.

10.      The Haddad Defendants admit that the plaintiff received good scores in customer service ratings (CSI ratings), but assert that the plaintiff was the subject of many customer complaints.

11.      The Haddad Defendants admit that the plaintiff passed the required manufacturer testing, in order to become certified.

12.      The Haddad Defendants deny the allegations contained in this paragraph.

13.      The Haddad Defendants deny the allegations contained in this paragraph.

14.      The Haddad Defendants admit that they plaintiff frequently arrived "tardy to work," but deny that this was related to his alleged bipolar disability.

---

[1]  The correct name for this party is Haddad Motor Group, Inc.

00080888.DOC

15.    The Haddad Defendants admit, without quantifying, that plaintiff may have worked long hours during certain weeks at Haddad Motors, but further respond that because Haddad Motors did not have a maximum number of hours per week over which its salespersons could not work, such long hours were plaintiff's choice -- they were not required by Haddad Motors.

16.    The Haddad Defendants deny the allegations contained in this paragraph.

17.    The Haddad Defendants admit that the plaintiff occasionally called in when he was going to be late, but deny that plaintiff did this on all or most of the frequent occasions on which he was late.

18.    The Haddad Defendants admit that they sometimes informed plaintiff that he should not show up for work or suspended him from work for being late, but deny that this treatment was any different from that given to any other sales employee in similar circumstances.

19.    The Haddad Defendants deny the allegations contained in this paragraph. The Defendant James Salvie specifically denies that he ever grabbed plaintiff's arm, as alleged in this paragraph.

20.    The Haddad Defendants deny the allegations contained in this paragraph.

21.    The Haddad Defendants deny the allegations contained in this paragraph.

22.    The Haddad Defendants deny the allegations contained in this paragraph.

23.    [This number skipped in Amended Complaint.]

24.    The Haddad Defendants admit that they and Plaintiff had a meeting regarding plaintiff's tardiness and inability to arrive at work on time, although the exact date is not necessarily admitted.

25.    The Haddad Defendants deny the allegations contained in this paragraph.

26.    The Haddad Defendants admit the allegations contained in this paragraph, although they deny that Joseph Scibelli was not a direct supervisor of the Plaintiff.

27.    At this time, the Haddad Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and hold Plaintiff to his proof.  Defendant Coggins remembers plaintiff stating that he couldn't make it to work at 8:30, but needed until 8:45, which was the accommodation that the Haddad Defendants granted to plaintiff.

28.    The Haddad Defendants admit that at the second-day meeting (although the 11/26/02 date is not certain), plaintiff flashed a note at them that contained the phrase "work with Scott," and that plaintiff claimed this was a note from a doctor, although he

would not let Haddad Motors keep this note, keep a copy of the note, or take the name of the purported doctor down.  Otherwise, the allegations in this paragraph are denied.

29.    The Haddad Defendants admit the allegations contained in this paragraph.

30.    The Haddad Defendants deny the allegations contained in this paragraph as stated.  Defendant Salvie recalls laughing with the other managers at how quickly plaintiff had flashed the purported "doctor's note" to them, but remembers that the managers did not laugh about plaintiff's alleged condition and/or disability.

31.    [The first paragraph 31].  The Haddad Defendants deny the allegations contained in this paragraph.

31.    [The second paragraph 31].  The Haddad Defendants admit the allegations contained in this paragraph.

32.    The Haddad Defendants deny the allegations contained in this paragraph.

33.    The Haddad Defendants deny the allegations contained in this paragraph on information and belief, and further answer that the only note plaintiff ever showed to them during his employment at Haddad, was the note flashed at them during the second-day meeting that contained the phrase "work with Scott."  Because this paragraph alleges that this note was not even written until the next day (11/27/02), after the 11/26/02 meeting, the allegations in this paragraph do not make sense and are denied.

34.    The Haddad Defendants deny the allegations contained in this paragraph.

35.    The Haddad Defendants deny the allegations contained in this paragraph.

36.    The Haddad Defendants deny the allegations contained in this paragraph.

37.    The Haddad Defendants deny the allegations contained in this paragraph. Further answering, the Haddad management made a point of never being alone with plaintiff in an office because of his aberrant behavior.

38.    The Haddad Defendants deny the allegations contained in this paragraph. However, further answering, defendant Salvie does recall telling plaintiff that he was "tired of his excuses," although the Haddad Defendants deny that such language was in any way abusive.

39.    The Haddad Defendants deny the allegations contained in this paragraph.

40.    The Haddad Defendants deny the allegations contained in this paragraph.

41.    The Haddad Defendants deny the allegations contained in this paragraph.

42.    The Haddad Defendants do not specifically remember whether these allegations in this paragraph are true or false, but respond further that Haddad

Management had a practice of taking leads from one salesperson and giving them to other salesperson(s) if the first salesperson was not following up on these leads/prospects. This management practice, designed to increase sales, was utilized equally with all Haddad salespersons, such that if it was utilized with plaintiff's sales leads, plaintiff was not treated in any way differently from other Haddad salespersons.

43.    Admitted that Haddad provided plaintiff the referenced reasonable accommodation of "the ability to be up to fifteen minutes late to work," but denied that this reasonable accommodation was provided on or about the last week of January 2002. Rather, this reasonable accommodation was provided at or about the above-referenced second-day meeting (which plaintiff dates on 11/26/02).

44.    Admitted that Haddad Management provided a reasonable accommodation for plaintiff's disability, and that Haddad Management "wrote up" plaintiff for being late. As stated previously, the timing of these events is uncertain, and the Haddad Defendants hold plaintiff to his proof.

45.    At this time, the Haddad Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and hold Plaintiff to his proof.

46.    Admitted that a "documentation fee" in the amount of $160 was charged against every customer purchasing a vehicle (including Haddad Management who purchased a vehicle from a Haddad dealership). Denied that this "documentation fee" was "unnecessary and usurious." Admitted that Haddad Management sometimes exercised its option to reduce the selling price of a vehicle by the amount of the "documentation fee" ($160) in order to save the sale, but denied that this was a regular practice.

47.    At this time, the Haddad Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and hold Plaintiff to his proof.

48.    The Haddad Defendants deny the allegations in this paragraph as stated. Further answering, plaintiff was terminated for being late, not in connection with any customer's refusal to pay a "documentation fee." Further answering, plaintiff was terminated for repeated and chronic tardiness (not just one day on which he was six minutes late).

49.    Admitted that on 5/2/03, plaintiff filed a discrimination complaint with the MCAD against Haddad Toyota Pontiac Buick, a misnomer for Haddad Motor Group, Inc. Denied that plaintiff filed an MCAD Complaint against the individual defendants, Coggins, Salvie, and/or Cardillo.

50.    The Haddad Defendants object to the allegations in this paragraph as vague because it is not clear which "note" plaintiff is referring to, and to the extent that the referenced Answer (which is attached to plaintiff's Amended Complaint at Exhibit G)

speaks for itself. The Haddad Defendants reiterate the factual statements contained in their Answer to plaintiff's MCAD Complaint.

51.    The Haddad Defendants repeat their objections from the preceding paragraph, incorporated by reference as if fully set forth herein. Further answering, plaintiff has correctly, although selectively, quoted from Haddad's Answer to plaintiff's MCAD Complaint.

52.    Admitted that a letter (not an affidavit) dated 8/14/03 (not 8/14/02) from James Salvie stated that plaintiff informed Haddad that he had a bipolar disability that was causing him to be late to work; that Haddad asked plaintiff to bring a doctor's note stating that one of the effects of this disability was being late for work on a consistent basis; that an unidentified note was presented that merely said "work with Scott," but that did not state that he needed to be fifteen minutes late to work because of his disability; and that Haddad granted plaintiff the accommodation allowing him to be fifteen minutes late to work anyway. Otherwise, the Haddad Defendants deny the allegations contained in this paragraph.

53.    Admitted that plaintiff has correctly, although selectively, quoted one sentence from a letter (not an affidavit) submitted by defendant Cardillo to the MCAD, dated 8/13/03. Otherwise, the Haddad Defendants deny the allegations contained in this paragraph.

54.    Admitted that plaintiff has correctly, although selectively, quoted one sentence from a letter (not an affidavit) submitted by defendant Cardillo to the MCAD, dated 8/13/03. Otherwise, the Haddad Defendants deny the allegations contained in this paragraph.

55.    The Haddad Defendants deny the allegations contained in this paragraph.

56.    The Haddad Defendants admit that plaintiff litigated this matter before the MCAD on separate occasions, but are without information or belief sufficient to form a belief as to allegation that "plaintiff procured" the Office of Disability to represent him, and hold plaintiff to his proof.

57.    The Haddad Defendants deny the allegations contained in this paragraph. Further answering, the note to which plaintiff apparently alludes was first shown for any length of time to the Haddad Defendants and their counsel at the MCAD hearing.

58.    Admitted that the MCAD found a "lack of probable cause" as to plaintiff's discrimination complaint; admitted that the MCAD denied plaintiff's reconsideration of their "lack of probable cause" finding; and admitted that the MCAD denied plaintiff's subsequent appeal of the MCAD's "lack of probable cause" finding. Otherwise, the Haddad Defendants deny the allegations contained in this paragraph.

59.    Admitted that the MCAD found a "lack of probable cause" as to plaintiff's discrimination complaint; admitted that the MCAD denied plaintiff's reconsideration of their "lack of probable cause" finding; and admitted that the MCAD denied plaintiff's

subsequent appeal of the MCAD's "lack of probable cause" finding.  Otherwise, the
Haddad Defendants deny the allegations contained in this paragraph.

60.     Admitted that the MCAD found a "lack of probable cause" as to plaintiff's
discrimination complaint; admitted that the MCAD denied plaintiff's reconsideration of
their "lack of probable cause" finding; and admitted that the MCAD denied plaintiff's
subsequent appeal of the MCAD's "lack of probable cause" finding.  Otherwise, the
Haddad Defendants deny the allegations contained in this paragraph.  Further answering,
admitted that the Haddad Defendants prevailed at the MCAD, but denied that this victory
was "contrary to establish federal law and established state law."

61.     The Haddad Defendants admit the allegations contained in this paragraph.

62.     The Haddad Defendants object to the allegations contained in this
paragraph to the extent that the quoted letter from the EEOC speaks for itself. Further
answering, the Haddad Defendants are without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in this paragraph.

63.     The Haddad Defendants deny the allegations contained in this paragraph
to the extent that those allegations pertain to them.  To the extent the allegations pertain
to other defendants, the Haddad Defendants are not required to respond to these
allegations.

64.     The Haddad Defendants deny the allegations contained in this paragraph
to the extent that those allegations pertain to them.  To the extent the allegations pertain
to other defendants, the Haddad Defendants are not required to respond to these
allegations.

**PLAINTIFF STATES THAT HIS REQUEST FOR RELIEF FROM THE MCAD
AND THE EEOC STATES A CLAIM UPON WHICH RELIEF CAN BE
GRANTED.**

65.     The Haddad Defendants incorporate by reference, as if fully set forth
herein, their responses to the preceding paragraphs.  Further answering, the Haddad
Defendants object to the allegations contained in this paragraph to the extent that they
purport to state legal conclusions and to the extent that the quoted statute speaks for itself.
To the extent that these allegations are statements of legal principles, the Haddad
Defendants are not required to respond to these allegations.  Further answering, the
Haddad Defendants deny that they have violated any of the quoted legal principles.

66.     The Haddad Defendants incorporate by reference, as if fully set forth
herein, their responses to the preceding paragraphs.  Further answering, the Haddad
Defendants object to the allegations contained in this paragraph to the extent that they
purport to state legal conclusions and to the extent that the quoted statute and regulations
speak for themselves.  To the extent that these allegations are statements of legal
principles, the Haddad Defendants are not required to respond to these allegations.
Further answering, the Haddad Defendants deny that they have violated any of the quoted
legal principles.

67.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted case speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

68.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted case speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

69.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted cases speak for themselves.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.  Further answering, before discovery in this case, the Haddad Defendants are without knowledge or information sufficient to form a belief as to whether plaintiff is a "person with a disability" as defined under the relevant statutes.

70.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted statute speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

71.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted statute speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.  Further answering, the Haddad Defendants are not required to respond to the allegations contained in this paragraph to the extent that they pertain to another defendant.

72.     The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted regulation speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.  Further answering, the Haddad Defendants are not required to respond to the allegations contained in this paragraph to the extent that they pertain to another defendant.

73.     The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted statute speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.  Further answering, the Haddad Defendants are not required to respond to the allegations contained in this paragraph to the extent that they pertain to another defendant.

74.     The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted statute or guidelines speak for themselves.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

75.     The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted statute or guidelines speak for themselves.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

76.     The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted case speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad

Case 3:05-cv-30160-MAP    Document 12    Filed 03/17/2006    Page 10 of 20

Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

77.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted case speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

78.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted regulation speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

79.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  The Haddad Defendants deny the allegations contained in this paragraph.

80.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  The Haddad Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and hold Plaintiff to his proof.  Admitted that Haddad instituted a time card policy, but the Haddad Defendants are not certain of the date.  Further answering, the time card policy applied equally to all salespeople at Haddad.

81.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  The Haddad Defendants deny the allegations contained in this paragraph.

82.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted statute speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

83.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  The Haddad Defendants deny the allegations contained in this paragraph.  Further answering, the Haddad Defendants assert that they went out of their way to give plaintiff benefits that comparable salespersons at Haddad did not receive, such as the reasonable accommodation of allowing him to be late

for work and such as permitting him to not work on Sundays because of certain child custody issues.

84.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs. Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted regulation speaks for itself. To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations. Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

85.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs. Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted statute and/or regulation speak for themselves. To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations. Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

**PLAINTIFF'S PURPORTED RIGHT "TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED IN ACCORDANCE WITH THE UNITED STATES CONSTITUTION, UNITED STATES LAW, CODE OF FEDERAL REGULATIONS, THE MASSACHUSETTS CONSTITUTION, MASSACHUSETTS GENERAL LAWS, AND CODE OF MASSACHUSETTS REGULATIONS.**

86.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs. Plaintiff's claims and Amended Complaint speak for themselves, such that the Haddad Defendants are not required to respond to characterization of his own claims, although by answering thus, the Haddad Defendants do not admit the validity of any such claims.

87.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs. Plaintiff's claims and Amended Complaint speak for themselves, such that the Haddad Defendants are not required to respond to characterization of his own claims, although by answering thus, the Haddad Defendants do not admit the validity of any such claims.

88.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs. Plaintiff's claims and Amended Complaint speak for themselves, such that the Haddad Defendants are not required to respond to characterization of his own claims, although by answering thus, the Haddad Defendants do not admit the validity of any such claims. Further answering, the Haddad Defendants are not required to respond to claims against other defendants herein.

89.    [The first paragraph 89]. The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

Plaintiff's claims and Amended Complaint speak for themselves, such that the Haddad Defendants are not required to respond to characterization of his own claims, although by answering thus, the Haddad Defendants do not admit the validity of any such claims.

89.    [The second paragraph 89]. The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs. Further answering, the Haddad Defendants object to the allegations in this paragraph as unintelligible, and to the extent that they seek to state legal conclusions. Further answering, the Haddad Defendants do not deny that plaintiff is a natural born citizen of the United States and a resident of Massachusetts.

## Jurisdiction

[unnumbered]. Responding to plaintiff's jurisdictional allegations, the Haddad Defendants do not deny that this federal court has jurisdiction over certain discrimination claims in this lawsuit. However, the Haddad Defendants do not concede that the causes of action listed in this paragraph are each viable in this case.

## CAUSES OF ACTION

### First Cause of Action, Against Defendant Coggins, for Violation of M.G.L. ch. 151B §4 (Wrongful Termination)

90.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

91.    The Haddad Defendants deny the allegations contained in this paragraph.

92.    The Haddad Defendants deny the allegations contained in this paragraph.

### Second Cause of Action, Against Defendant Salvie, for Violation of M.G.L. ch. 151B §4 (Wrongful Termination)

93.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

94.    The Haddad Defendants deny the allegations contained in this paragraph.

95.    The Haddad Defendants deny the allegations contained in this paragraph.

### Third Cause of Action, Against Defendant Cardillo, for Violation of M.G.L. ch. 151B §4 (Wrongful Termination)

96.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

97.    The Haddad Defendants deny the allegations contained in this paragraph.

98.     The Haddad Defendants deny the allegations contained in this paragraph.

**Fourth Cause of Action, Against MCAD Defendants, for Constitutional Violations**

99.     The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

100.     The Haddad Defendants are not required to respond to allegations concerning other defendants herein.  To the extent that the Haddad Defendants are required to respond to the allegations contained in this paragraph, they are denied, and the Haddad Defendants hold plaintiff to his proof.

101.     The Haddad Defendants are not required to respond to allegations concerning other defendants herein.  To the extent that the Haddad Defendants are required to respond to the allegations contained in this paragraph, they are denied, and the Haddad Defendants hold plaintiff to his proof.

102.     The Haddad Defendants are not required to respond to allegations concerning other defendants herein.  To the extent that the Haddad Defendants are required to respond to the allegations contained in this paragraph, they are denied, and the Haddad Defendants hold plaintiff to his proof.

**Fifth Cause of Action, Against EEOC Defendant, for Constitutional Violations**

103.     The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

104.     The Haddad Defendants are not required to respond to allegations concerning other defendants herein.  To the extent that the Haddad Defendants are required to respond to the allegations contained in this paragraph, they are denied, and the Haddad Defendants hold plaintiff to his proof.

105.     The Haddad Defendants are not required to respond to allegations concerning other defendants herein.  To the extent that the Haddad Defendants are required to respond to the allegations contained in this paragraph, they are denied, and the Haddad Defendants hold plaintiff to his proof.

106.     The Haddad Defendants are not required to respond to allegations concerning other defendants herein.  To the extent that the Haddad Defendants are required to respond to the allegations contained in this paragraph, they are denied, and the Haddad Defendants hold plaintiff to his proof.

**Sixth Cause of Action, Against Defendant Coggins, for
Violation of Americans with Disabilities Act of 1990**

107.     The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

108.    The Haddad Defendants deny the allegations contained in this paragraph.

109.    The Haddad Defendants deny the allegations contained in this paragraph.

### Seventh Cause of Action, Against Defendant Salvie, for Violation of Americans with Disabilities Act of 1990

110.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

111.    The Haddad Defendants deny the allegations contained in this paragraph.

112.    The Haddad Defendants deny the allegations contained in this paragraph.

### Eighth Cause of Action, Against Defendant Cardillo, for Violation of Americans with Disabilities Act of 1990

113.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

114.    The Haddad Defendants deny the allegations contained in this paragraph.

115.    The Haddad Defendants deny the allegations contained in this paragraph.

### Ninth Cause of Action, Against Defendant Coggins, for Civil Rights Violations

116.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

117.    The Haddad Defendants deny the allegations contained in this paragraph.

118.    The Haddad Defendants deny the allegations contained in this paragraph.

### Tenth Cause of Action, Against Defendant Salvie, for Civil Rights Violations

119.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

120.    The Haddad Defendants deny the allegations contained in this paragraph.

121.    The Haddad Defendants deny the allegations contained in this paragraph.

### Eleventh Cause of Action, Against Defendant Cardillo, for
### Civil Rights Violations

122.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

123.    The Haddad Defendants deny the allegations contained in this paragraph.

124.    The Haddad Defendants deny the allegations contained in this paragraph.

### Twelfth Cause of Action, Against MCAD Defendants, for
### Civil Rights Violations

125.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

126.    The Haddad Defendants are not required to respond to allegations concerning other defendants herein.  To the extent that the Haddad Defendants are required to respond to the allegations contained in this paragraph, they are denied, and the Haddad Defendants hold plaintiff to his proof.

127.    The Haddad Defendants are not required to respond to allegations concerning other defendants herein.  To the extent that the Haddad Defendants are required to respond to the allegations contained in this paragraph, they are denied, and the Haddad Defendants hold plaintiff to his proof.

128.    The Haddad Defendants are not required to respond to allegations concerning other defendants herein.  To the extent that the Haddad Defendants are required to respond to the allegations contained in this paragraph, they are denied, and the Haddad Defendants hold plaintiff to his proof.

### Thirteenth Cause of Action, Against EECO Defendant, for
### Civil Rights Violations

[paragraphs number 129-132 are omitted from the Amended Complaint.]

133.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

134.    The Haddad Defendants are not required to respond to allegations concerning other defendants herein.  To the extent that the Haddad Defendants are required to respond to the allegations contained in this paragraph, they are denied, and the Haddad Defendants hold plaintiff to his proof.

135.    The Haddad Defendants are not required to respond to allegations concerning other defendants herein.  To the extent that the Haddad Defendants are

required to respond to the allegations contained in this paragraph, they are denied, and the
Haddad Defendants hold plaintiff to his proof.

136.    The Haddad Defendants are not required to respond to allegations
concerning other defendants herein.  To the extent that the Haddad Defendants are
required to respond to the allegations contained in this paragraph, they are denied, and the
Haddad Defendants hold plaintiff to his proof.

## Fourteenth Cause of Action, Against Defendant Coggins, for Violations of ch. 12 §§11H and 11I

137.    The Haddad Defendants incorporate by reference, as if fully set forth
herein, their responses to the preceding paragraphs.

138.    The Haddad Defendants deny the allegations contained in this paragraph.

139.    The Haddad Defendants incorporate by reference, as if fully set forth
herein, their responses to the preceding paragraphs.  Further answering, the Haddad
Defendants object to the allegations contained in this paragraph to the extent that they
purport to state legal conclusions and to the extent that the quoted statute speaks for itself.
To the extent that these allegations are statements of legal principles, the Haddad
Defendants are not required to respond to these allegations.  Further answering, the
Haddad Defendants deny that they have violated any of the quoted legal principles.

140.    The Haddad Defendants incorporate by reference, as if fully set forth
herein, their responses to the preceding paragraphs.  Further answering, the Haddad
Defendants object to the allegations contained in this paragraph to the extent that they
purport to state legal conclusions and to the extent that the quoted statute speaks for itself.
To the extent that these allegations are statements of legal principles, the Haddad
Defendants are not required to respond to these allegations.  Further answering, the
Haddad Defendants deny that they have violated any of the quoted legal principles.

141.    The Haddad Defendants deny the allegations contained in this paragraph.

142.    The Haddad Defendants deny the allegations contained in this paragraph.

## Fifteenth Cause of Action, Against Defendant Salvie, for Violations of ch. 12 §§11H and 11I

143.    The Haddad Defendants incorporate by reference, as if fully set forth
herein, their responses to the preceding paragraphs.

144.    The Haddad Defendants deny the allegations contained in this paragraph.

145.    The Haddad Defendants incorporate by reference, as if fully set forth
herein, their responses to the preceding paragraphs.  Further answering, the Haddad
Defendants object to the allegations contained in this paragraph to the extent that they
purport to state legal conclusions and to the extent that the quoted statute speaks for itself.
To the extent that these allegations are statements of legal principles, the Haddad

Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

146.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted statute speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

147.    The Haddad Defendants deny the allegations contained in this paragraph.

148.    The Haddad Defendants deny the allegations contained in this paragraph.

**Sixteenth Cause of Action, Against Defendant Cardillo, for Violations of ch. 12 §§11H and 11I**

149.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.

150.    The Haddad Defendants deny the allegations contained in this paragraph.

151.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted statute speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

152.    The Haddad Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs.  Further answering, the Haddad Defendants object to the allegations contained in this paragraph to the extent that they purport to state legal conclusions and to the extent that the quoted statute speaks for itself.  To the extent that these allegations are statements of legal principles, the Haddad Defendants are not required to respond to these allegations.  Further answering, the Haddad Defendants deny that they have violated any of the quoted legal principles.

153.    The Haddad Defendants deny the allegations contained in this paragraph.

154.    The Haddad Defendants deny the allegations contained in this paragraph.  Further answering, the allegations in this paragraph do not apparently pertain to the defendant against whom this cause of action is being brought.

## PLAINTIFF'S PURPORTED RIGHT TO SEEK DECLARATORY AND INJUNCTIVE RELIEF

[two unnumbered paragraphs].  The Haddad Defendants deny any factual allegations contained in these paragraphs, to the extent that such allegations pertain to the Haddad Defendants.  The Haddad Defendants further deny that plaintiff is entitled to declaratory or injunctive relief in this case, as he has not brought any separate claim for such relief, and as he has a perfectly adequate remedy at law.

## PLAINTIFF'S GENERAL PRAYER FOR RELIEF

The Haddad Defendants object to plaintiff's requests for relief, and specifically state that plaintiff is not entitled to equitable relief for the above-stated reasons; that plaintiff is not entitled to punitive damages; and that plaintiff is not entitled to judgment in this matter.

## PLAINTIFF'S PRAYER FOR OTHER RELIEF

The Haddad Defendants deny that plaintiff is entitled to the requested relief, including $100 million in damages, punitive damages, or fees and costs.

## HADDAD DEFENDANTS' AFFIRMATIVE DEFENSES

1.      Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against the Haddad Defendants.

2.      Plaintiff's requests for equitable relief, which defendant denies plaintiff is entitled to, are also barred by the doctrine of laches.

3.      Plaintiff's discrimination and other claims are barred because of the MCAD's rulings on this same matter, below.

4.      To the extent that there has been no attempt to mitigate, minimize, or avoid any damage alleged in plaintiff's Amended Complaint, any recovery against the Haddad Defendants must be reduced or eliminated.

5.      To the extent that plaintiff's own comparative fault or negligence caused the damages and/or injuries alleged in his subject claims, any recovery against the Haddad Defendants must be reduced or eliminated.

6.      Plaintiff cannot show his prima facie case for disability discrimination because Plaintiff cannot show that he was a "qualified handicapped person."

7.      Plaintiff cannot show his prima facie case for disability discrimination because he cannot show that he was fired based on his alleged disability.

8.     Plaintiff cannot show his prima facie case for disability discrimination because he cannot show that the Haddad Defendants was unwilling to make any requested "reasonable accommodation" for his disability.

9.     Plaintiff's claims are barred by the exclusivity and/or preclusion provisions of the Worker's Compensation Act (M.G.L. ch. 152), which bar recovery against the Haddad Defendants.

10.     The Haddad Defendants cannot be liable for any claims brought by plaintiff in his Amended Complaint that require state action, because the Haddad defendants are private entities.

11.     The Amended Complaint does not describe the subject claims with sufficient particularity to enable the Haddad Defendants to determine all of the grounds for their defense.  The Haddad Defendants therefore reserve their right to assert any additional grounds for their defense that may have become available once the precise nature of plaintiff's claims is ascertained.

## THE HADDAD DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, the Haddad Defendants respectfully request that this Honorable Court enter judgment in their favor as follows:

1.     Dismissing plaintiff's Amended Complaint;

2.     Declaring that plaintiff is not entitled to legal or equitable relief against the Haddad Defendants;

3.     Declaring that the Haddad Defendants are not liable under applicable law for attorneys' fees or prejudgment interest or post-judgment interest or costs;

4.     Declaring that the Haddad Defendants have and recover their costs of suit; and

5.     Awarding such other and further relief as this Court deems just and proper.

## ANSWER TO CROSS-CLAIM

The Haddad Defendants deny that they are liable to any co-defendant or third-party defendant who has filed a cross-claim or who may in the future file any cross-claim against the Haddad Defendants.

## JURY DEMAND

The Haddad Defendants hereby demand trial by jury on all issues so triable.

THE HADDAD DEFENDANTS,
By Their Attorneys,
MICHIENZIE & SAWIN LLC

DATED: 3/17/06                BY:  *John Barker*
                                   Paul Michienzie, BBO# 548701
                                   Richard A. Sawin, Jr., BBO#546786
                                   John C. Barker, BBO# 637406
                                   745 Boylston Street, 5th Floor
                                   Boston, MA 02116
                                   Tel: (617) 227-5660

## CERTIFICATE OF SERVICE

I, John C. Barker, attorney for the Haddad Defendants, hereby certify that I have on this 17th day of March 2006, served a copy of Answer to Amended Complaint, by mailing a copy of same, postage prepaid, to the following:

Mr. Scott Stern (pro se)
400 West Main Street
North Adams, MA 01427

Massachusetts Commission Against Discrimination
436 Dwight Street, Suite 220
Springfield, MA 01101

Employment of Equal Opportunity
John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203

                          *John Barker*
                          John C. Barker