UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS          CIVIL ACTION NO. 3/05-CV-30160-KPN

| | |
|---|---|
| SCOTT STERN,<br>    Plaintiff<br><br>    v.<br><br>HADDAD DEALERSHIPS OF THE<br>BERKSHIRES, INC.; JAMES SALVIE,<br>GENERAL SALES MANAGER;<br>TIMOTHY CARDILLO, SALES<br>MANAGER; MICHAEL COGGINS,<br>GENERAL MANAGER, IN THEIR<br>PERSONAL AND OFFICIAL<br>CAPACITIES OF HADDAD<br>DEALERSHIPS OF THE BERKSHIRES,<br><br>And<br><br>CYNTHIA TUCKER, INVESTIGATING<br>COMMISSIONER; JAMES LEVINSKY,<br>DEPUTY GENERAL COUNSEL;<br>MIGDALIA RIVERA, COMPLIANCE<br>OFFICER II; CRYSTAL BORGES,<br>INVESTIGATOR, IN THEIR PERSONAL<br>AND OFFICIAL CAPACITIES OF THE<br>MASSACHUSETTS COMMISSION<br>AGAINST DISCRIMINATION,<br><br>And<br>ROBERT SANDERS, BOSTON AREA<br>OFFICE DIRECTOR, IN HIS PERSONAL<br>AND OFFICIAL CAPACITY AS<br>DIRECTOR OF EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>    Defendants | **THE HADDAD DEFENDANTS'<br>RULE 12(c) MOTION ON THE<br>PLEADINGS, TO DISMISS COUNTS<br>I, II, III, VI, VII, VIII, IX.A, IX.B, and X** |

**THE HADDAD DEFENDANTS' RULE 12(c) MOTION ON THE PLEADINGS, TO DISMISS COUNTS I, II, III, VI, VII, VIII, IX.A, IX.B, and X**

Now come Defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collectively, the "Haddad Defendants"), through their counsel of record, and hereby move to dismiss certain claims in the Amended Complaint brought by plaintiff Scott Stern ("plaintiff" or "Stern"), based on the pleadings, pursuant to F.R.C.P. 12(c). The Haddad Defendants submit that Counts I, II, III, VI, VII, VIII, IX.A, IX.B,[2] and X are all precluded by the previous adverse rulings in administrative proceedings before the Massachusetts Commission Against Discrimination ("MCAD"). The Haddad Defendants are *not* moving to dismiss herein, plaintiff's Counts IV, V, XI, XII, XIII, XIV, and XV.

**I.     Factual and Procedural Background**

**A.     Underlying Facts; The Merits Are Not at Issue in This Motion**

From April 2002 until February 2003, plaintiff worked at Haddad Motors. Amended Complaint ¶¶9 & 47-48. Plaintiff alleges that, at the time, he suffered from a disability -- bipolar disorder -- that he documented to Haddad Motors. Id. ¶14. Haddad fired plaintiff as of 2/3/03. Id. ¶¶47-48. Plaintiff alleges that this termination was because of his disability, whereas the Haddad Defendants contend that his termination was because of plaintiff's chronic and repeated tardiness, not because of any alleged disability; and the Haddad Defendants further allege that they provided plaintiff with exactly the "reasonable accommodation" that he requested for his alleged disability -- that he be permitted to arrive 15 minutes late every day -- but that he then arrived *more than* 15 minutes late, thereby eventually triggering his termination.

---

[1]   The correct name for this party is Haddad Motor Group, Inc.

[2]   The plaintiff's Amended Complaint lists two separate counts IX, so for clarity, the Haddad Defendants are referring to these as IX.A and IX.B.

For the purposes of this Motion on the Pleadings only, the Haddad Defendants will not dispute plaintiff's factual allegations as pled.  *See* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (standard for motion to dismiss under Rule 12(b)(6)); Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005) (standard for 12(c) motion similar to that for 12(b)(6) motion).  As argued below, the Haddad Defendants should still be entitled to judgment on the pleadings, because Haddad's motion is not dependent on the underlying merits, but rather on the identity of issues in the two proceedings (in the MCAD and in this Court) and the resulting preclusion of this, the second, proceeding.  As plaintiff acknowledges, the MCAD expressly found for the Haddad Defendants on the merits below.  Amended Complaint ¶¶58-60.  These MCAD decisions were final and on the merits, such that they should be afforded preclusive effect herein.  The only facts material to this Motion on the Pleadings are undisputed:  that plaintiff lost at the MCAD on the merits, then lost his subsequent appeal to the MCAD, and then lost his subsequent appeal to the EEOC.  The fact that plaintiff believes he *should not have* lost below, does not remove the preclusive effect of these multiple administrative decisions.

## B.    Procedural History

Plaintiff Stern filed his MCAD Complaint on 5/2/03 against the Haddad Dealership.[3]  Id. ¶49.  Before the MCAD's ruling, plaintiff did not avail himself of his right to remove his case, from the MCAD to Superior Court, pursuant to M.G.L. ch. 151B §9.[4]

---

[3]  The plaintiff misnamed his employer, the Haddad Dealership, in his MCAD Complaint as Haddad Toyota Pontiac Buick.  A true and accurate copy of plaintiff's EEOC and MCAD Complaints is attached at Exhibit A hereto. Plaintiff again misnamed his employer, the Haddad Dealership, in the instant federal action, as Haddad Dealerships of the Berkshires, Inc.  The correct name for the party that was his employer is Haddad Motor Group, Inc.

[4]  Section 9 of 151B permits a plaintiff to remove his MCAD action into Superior Court, at least 90 days after filing with the MCAD, before the MCAD has ruled on the action.  Brunson v. Wall, 405 Mass. 446, 447 & 452-53, 541 N.E.2d 338 (1989).

After investigative discovery and several hearings on the merits, the MCAD dismissed Stern's case on 5/27/04.[5] Amended Complaint ¶¶58-60. Subsequently, Stern appealed the dismissal (finding of "lack of probable cause") on 7/1/04. Then the MCAD affirmed its prior finding of lack of probable cause on 9/29/04.[6] Id. ¶¶59-60. Plaintiff does not dispute that these dismissals occurred; in fact, he has named the MCAD as a defendant in the current action because he claims the MCAD "erroneously and egregiously denied plaintiff's wrongful termination action" (id. ¶58).

Plaintiff also appealed the MCAD decision to the EEOC. The EEOC in a letter from Robert Sanders denied this appeal on 4/20/05 (id. ¶62). Based on this denial, plaintiff has also sued the EEOC herein because it allegedly "failed to enforce federal law." See id. ¶63.

Stern filed the instant federal lawsuit on 1/5/06. Thus, plaintiff filed this federal action more than ninety days after he received notification of his "right to sue" from the EEOC.[7] In the meantime, before filing this federal lawsuit, Stern did not avail himself of his right to judicial review under 151B §6. Under §6, Stern had a right to review by the Superior Court of the MCAD's adverse ruling on his discrimination claims. But plaintiff ignored this avenue of review, and instead filed the instant federal action.

## II.     The Preclusive Effect of the MCAD Dismissal

The SJC in Brunson v. Wall, 405 Mass. 446, 447, 541 N.E.2d 338 (1989), found that plaintiff's discrimination claims under state statute (M.G.L. ch. 151B) and under federal civil rights statutes (42 U.S.C. §§1981 & 1983) were precluded in her subsequent court action:

---

[5] A true and accurate copy of the MCAD's dismissal and finding of "lack of probable cause" is attached at Exhibit B hereto.

[6] A true and accurate copy of the 9/29/04 letter to plaintiff, from the MCAD, rejecting plaintiff's appeal of the MCAD's "lack of probable cause" finding, is attached hereto at Exhibit C.

[7] See Joseph v. Wentworth Inst. of Technology, 120 F.Supp.2d 134, 141 (D. Mass. 2000) (90-day period within which to appeal adverse decision by EEOC).

Plaintiff had originally brought similar claims before the MCAD and had received an

unfavorable ruling on her (racial) discrimination claims; and then plaintiff had failed to seek

judicial review of that MCAD ruling, as she was permitted to do under 151B §6. Id. In

Brunson, "the plaintiff acknowledges that the MCAD rendered a final decision on her complaint

charging racial discrimination, and that she chose not to appeal that decision under… 151B

§6…." Id. at 448. The SJC found that, even though plaintiff prosecuted her subsequent lawsuit

with different legal theories, she referred to the same transactions, acts, or omissions as in her

MCAD complaint, such that issue preclusion (collateral estoppel) would still apply to her newly

characterized claims. Id. at 450-51 & n.9. The First Circuit confirmed the SJC's preclusion

position, in Fant v. New England Power Service Co., 239 F.3d 8, 11-12 (1st Cir. 2001). The

Court should not, then, reconsider plaintiff's discrimination claim, which claim was finally

adjudicated by the MCAD previously. Id., citing Joseph v. Wentworth Inst. of Tech., 120

F.Supp.2d 134, 145 (D. Mass. 2000).

Analogously, in the instant case, plaintiff Stern brings Counts I, II, III, VI, VII, and VIII

for alleged (handicap) discrimination, and Counts IX.A, IX.B, and X for civil rights violations

stemming from this same alleged discrimination by defendants herein. These claims were the

same in plaintiff's MCAD Complaint as they are in his Amended Complaint in the instant case.

The factual grounds are the same.

Additionally, Brunson (405 Mass. at 451) found that issue preclusion applied to the

individual defendants even though they had not been named respondents in the MCAD

complaint.

> While the individual defendants were not named parties in the MCAD proceeding,
> their conduct was at issue. The MCAD's decision indicates that the Commission
> concluded that the actions of the individual defendants were not based on the
> plaintiff's race or color. In these circumstances, the motion judge did not err in

concluding that the plaintiff is precluded from relitigating the issue against the individual defendants.

Analogously, the individual named defendants herein, Mike Coggins, Jim Salvie, and Timothy Cardillo, were the individual managers at Haddad Motors whose conduct was at issue in the MCAD proceeding. These three managers were the Haddad managers who conducted the November 2002 meetings that Stern describes in his Amended Complaint (*see* ¶¶24-31). It was their alleged conduct that was considered at the multiple hearings on the merits before the MCAD (id. ¶¶39 & 51-55). Their alleged conduct was not enough to convince the MCAD to find "probable cause" in Stern's favor, let alone for Stern to prevail below at the MCAD.

Plaintiff failed to seek available, subsequent court remedies under §6, and his time has run out for removing to state court under §9.

The fact that Stern is acting pro se should not alter the preclusive effect of his failure to exhaust his required avenues of appeal here. Massachusetts courts have held that pro se litigants shall be "held to the same standards as litigants who are represented by counsel." Maza v. Commonwealth, 423 Mass. 1006, 1006, 667 N.E.2d 1146 (1996); Boat Maintenance & Repair Co. v. Lawson, 50 Mass.App.Ct. 329, 331, 737 N.E.2d 494 (2000); Aden v. Ludvigsen, 2003 WL 22417193, *1 n.1 (Mass.App.Div. 2003). It would be unfair to the Haddad Defendants to force them to re-litigate these discrimination claims in another forum, once such re-litigation has been precluded by previous decisions, just because plaintiff has not hired counsel. Anyway, plaintiff did receive the benefit of legal advice and assistance by Phyllis Mitchell during the MCAD proceedings (Amended Complaint ¶59).

Because the MCAD's adverse ruling against Stern's analogous claims below, should be afforded preclusive effect in this Court, the Haddad Defendants submit that collateral estoppel should eliminate Stern's discrimination claims. This preclusion would eliminate those claims

against the Haddad Defendants for discrimination under 151B (Counts I, II, III) and those claims against the Haddad Defendants for violation of the Federal ADA (Counts VI, VII, VIII) and plaintiff's federal Civil Rights Act claims against the Haddad Defendants for discrimination (Counts IX.A, IX.B, X). The Haddad Defendants acknowledge that this Motion on the Pleadings will *not* eliminate the claims brought against them under the Massachusetts Civil Rights Act (M.G.L. ch. 12 §§11H & 11I) (Counts XIII, XIV, XV).

**III.**    <u>**Conclusion**</u>

For the foregoing reasons, the Haddad Defendants respectfully request that this Honorable Court dismiss Counts I, II, III, VI, VII, VIII, IX.A, IX.B, and X against them, on the grounds of collateral estoppel. Plaintiff did not avail himself of the statutorily available avenues of appeal for the adverse MCAD and EEOC rulings, and cannot now circumvent these rules by filing a new federal court action on the same substantive grounds.

<u>**REQUEST FOR ORAL ARGUMENT**</u>

Pursuant to Local Rule 7.1(D), the Haddad Defendants request a hearing on the above Motion on the Pleadings, should this Court deem such argument helpful or necessary.

THE HADDAD DEFENDANTS,
By Their Attorneys
MICHIENZIE & SAWIN LLC

Dated: 4/18/06        BY: *John Barker*
Richard A. Sawin, Jr. – BBO NO: 546786
John C. Barker – BBO NO: 637406
745 Boylston Street, 5th Floor
Boston, MA 02116
Tel: (617) 227-5660

## CERTIFICATE OF SERVICE

I, John C. Barker, attorney for defendant, hereby certify that I have on this 18th day of

April 2006, served a copy of the foregoing Response, by mailing a copy of same, postage

prepaid, to the following:

Mr. Scott Stern
400 West Main Street
North Adams, MA 01427

Ms. Carol Murchison, Clerk
Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Room 220
Springfield, MA 01103

Mr. Robert Sanders
Equal Employment Opportunity Commission
475 J.F.K. Federal Building, Government Center
Boston, MA 02203-0506

_John C. Barker_

# **EXHIBIT A**

# DISCRIMINATION COMPLAINT
## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION AND EEOC

FEPA: 03-23-01468                    FILING DATE: 5/2/03
EEOC NO.: 16CA301828                 VIOLATION DATE: February 3, 2003

**RECEIVED**

NAME OF AGGRIEVED PERSON OR ORGANIZATION:

Scott Stern                          TELEPHONE NUMBERS:          MAY 0 2 2003
400 West Main Street                 HOME: (413) 664-7805
North Adams, MA 01247                BUSINESS:                   COMMISSION AGAINST
                                                                 DISCRIMINATION/SPRINGFIELD

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY OR
STATE/LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

Haddad Toyota Pontiac Buick.         TELEPHONE NUMBER:
130 Pittsfield-Lenox Road            (413) 443-4535
Pittsfield, MA 01202                 NO. OF EMPLOYEES: 25+

CAUSE OF DISCRIMINATION BASED ON: Handicap

Shortly after being hired in April 2002, continuing on a ongoing basis until February 3, 2003,
Haddad Dealership discriminated against me by subjecting me to unequal terms and conditions,
denying me of a reasonable accommodation and wrongfully terminating me on the basis of my
handicap (Bi-Polar Disorder) in violation of M.G.L. c.151B §4, ¶(16), and Americans with
Disabilities Act (ADA).

THE PARTICULARS ARE:

1. Haddad Dealership hired me on or about the last week of April 2002 as a sales/ leasing
   representative. I have received high scores in customer service and my work
   performance has always been satisfactory.

2. During the time I worked at Haddad I was also subjected to very unfair and unequal
   treatment. When I would call and let them know I was running late or showed up late,
   David Michael Coggins and /or James Salvie would tell me to return home or not show
   up at all and I would be suspended for the weekend. Other co-workers would show up
   late or forget to clock in at all and not be penalized or reprimanded for it. There were
   also several occasions were my commission on the sell of a vehicle or even my customers
   were given to other salesmen by James Salvie. I believe he purposely did this to effect
   my sales and work flow production and create another possible excuse to terminate me.
   This also affected me financially as it detrimentally affected my wages.

3. David Micheal Coggins would also refer to me as "crazy" in Saturday sale meetings and
   occasionally around other employees.

4. Because of my disability (Bi-Polar Disorder) I frequently had difficulties arriving to work
   on time. On or about November 26, 2002 a meeting was held to discuss my tardiness.
   Present at the meeting were David Michael Coggins (General Manager), James Salvie
   (General Sales Manager), Tim Cardillo (Sales Manager), Joseph Scibelli (Used Car
   Manager), and myself. I notified them of my condition, and it was at this time I was
   asked to disclose exactly what my condition was to all the managers present. Although I
   felt pressured, and was hesitant to tell them, I did so. At this time I presented my
   managers with a note from my doctor that stated that 'my employer should work with me
   being the fact that I was showing signs of improvement.'

5. I informed David Michael Coggins that under the American with Disabilities Act I was
   entitled to receive reasonable accommodations from my employer. All I requested was a

few minutes of flextime incase I ran late at the start of my shifts. David Michael Coggins refused to make any accommodations what so ever.

6. On or about the last week of February 2003, James Salvie and Tim Cardillo had a meeting with me in which James Salvie acknowledged and stated that although it was against his better judgment, he would allow me to up to fifteen minutes to be late to work.

7. A week later, on February 3, 2003, I arrived at work 6 minutes late. I was getting a car ready to deliver to a customer. This particular customer was unwilling to pay the $160 fee Haddad charges as a documentation fee. James Salvie is always upset when a customer refuses to pay this fee, and I believe he became infuriated with this, and after learning I was 6 minutes late, he used that excuse to terminate me.

8. I believe Haddad dealership subject me to unequal terms and conditions, denied me reasonable accommodation and wrongfully terminated my employment based on my disability (Bi-Polar Disorder).

I ALSO WANT THIS CHARGE FILED WITH EEOC: XX
I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY CHARGE IN ACCORDANCE WITH THEIR PROCEDURES.

I SWEAR OR AFFIRM THAT I HAVE READ THIS COMPLAINT AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Scott Stern

SWORN TO AND SUBSCRIBED BEFORE ME THIS DAY OF MAy 1        . 2003.

NOTARY PUBLIC: Cynthia J. Saaed

My Commission Expires: 10/2/09

RECEIVED

MAY 0 2 2003

COMMISSION AGAINST
DISCRIMINATION/SPRINGFIELD

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| Haddad Toyota Pontiac Buick | Person Filing Charge: Scott Stern |
| | This Person (Check One): (✓)Claims to be aggrieved |
| 130 Pittsfield-Lenox Road | ( ) Is filing on behalf of |
| Pittsfield, MA 01202 | Date of Alleged Violation: 02/03/03 |
| | Place of Alleged Violation: Pittsfield, |
| | EEOC Charge Number: 16CA301828 |
| | MCAD Docket Number: 03SEM01468 |

---

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY
PROCESS (See Attached Information Sheet For Additional Information)

You are hereby notified that a charge of employment discrimination under
    [ ] Title VII of the Civil Rights Act of 1964
    [ ] The Age Discrimination in Employment Act of 1967 (ADEA)
    [✓] The Americans Disabilities Act (ADA)
Has been received by
[ ]   The EEOC and sent for initial processing to   MCAD
                                      (FEP Agency)
[✓]   The Mass. Commission Against Discrimination
     (FEP) Agency and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII
or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and
await the issuance of the Agency's final findings and orders. These final findings and orders will be given
weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe
that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by
you to the Agency in the course of its proceedings will be considered by the Commission when it
reviews the Agency's final findings and orders. In many instances the Commission will take no further
action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This
likelihood is increased by your active cooperation with the Agency.

[X]   As a party to the charge, you may request that EEOC review the final decision and order of the above
    named Agency. For such a request to be honored, you must notify the Commission in writing within
    15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates
    its proceedings without issuing a final finding and order, you will be contacted further by the
    Commission. Regardless of whether the Agency or the Commission processes the charge, the
    Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the
    second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]   An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently
    with the Agency's investigation of the charge.
[X]   Enclosure: Copy of the Charge

| Basis of Discrimination | | | | |
|---|---|---|---|---|
| ( ) Race | ( ) Color | ( ) Sex | ( ) Religion | ( ) National Origin |
| ( ) Age | ( ) Disability | ( ) Retaliation | ( ) Other | |

Circumstances of alleged violation:
    SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

EEOC Charge Number 16CA30182E, EEOC Transmittal Letter to Respondent.

| Date 6/13/2003 | Type Name/Title of Authorized EEOC Official Robert L. Sanders, Director | Signature |
| --- | --- | --- |

EEOC Charge Number 16CA301828, EEOC Transmittal Letter to Respondent

# EXHIBIT B

The Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Rm. 220, Springfield, MA 01103
Phone: (413) 739-2145  Fax: (413) 784-1056

- DISMISSAL and NOTIFICATION of RIGHTS -

| To: | Phyllis Mitchell | Case: Stern v. Haddad Toyota Pontiac Buick |
| | Massachusetts Office on Disability | MCAD Docket Number: 032301468 |
| | One Ashburton Place, Room 1305 | EEOC Number: 16CA301828 |
| | Boston, MA 02108 | Investigator: Karen Dome |

Your complaint has been dismissed for the following reasons:

[ ]  The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]  Respondent employs less than the required number of employees.

[ ]  Your complaint was not timely filed with the Commission, i.e. you waited too
long after the date(s) of the alleged discrimination to file.  Because it was filed outside the time limit
prescribed by law, the Commission cannot investigate your allegations.

[ ]  You failed to provide requested information, failed or refused to appear or to be available for
necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission
has been unable to resolve your complaint.  You have had more than 30 days in which to respond to
our written request.

[ ]  The Commission's efforts to locate you have been unsuccessful.  You have had at
least 30 days in which to respond to a notice sent to your last known address.

[ ]  The Respondent has made a reasonable settlement, offering full relief for the
harm you alleged.  30 days have expired since you received actual notice of this settlement offer.

[X]  The Commission issues the following determination.  Based upon the Commission's investigation,
the Commission is unable to conclude that the information obtained establishes a violation of the
statutes.  This does not certify that the Respondent is in compliance with the statutes.  No finding is
made as to any other issues that might be construed as having been raised by this complaint.

[ ]  Other (briefly state)

- NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal
is incorrect, you may appeal to this Commission within 10 days after receipt of this notice.  You or your
attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission.
**Attention: Migdalia Rivera.**
All employment complaints, where applicable, were filed by the MCAD with the Equal Employment
Opportunity Commission.  Our finding, which will be forwarded to its area office, JFK Federal Building,
Boston, MA will be given substantial weight provided that such findings are in accordance with the
requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

Cynthia Tucker                                          Date  5/27/04
Investigating Commissioner

Cc:    John C. Barker
Michienzie & Sawin LLC
745 Boylston, Street, 5th Floor
Boston, MA 02116

# MEMORANDUM

CASE NAME: Stern v. Haddad Toyota Pontiac Buick
DOCKET NO: 032301468
EEOC NO: 16CA301828
NUMBER OF EMPLOYEES: 25+
INVESTIGATOR: Karen Dome

### RE:   RECOMMENDATION FOR DISMISSAL OF COMPLAINT
### DATE:  May 25, 2004

## ISSUE(S) INVESTIGATED:

On May 2, 2003, Complainant filed a charge alleging that Respondent discriminated against him by subjecting him to unequal terms and conditions, denying him a reasonable accommodation and wrongfully terminating his employment based on his handicap (Bi-Polar Disorder), in violation of M.G.L. c. 151B §4(16) and The Americans with Disabilities Act (ADA).

## SUMMARY OF FINDINGS:

Respondent denies all allegations. The evidence presented supported Respondent's position that Complainant was not discriminated against on the basis of his disability (Bi-Polar Disorder), subjected her to unequal terms and conditions and/or denied a reasonable accommodation. The evidence presented supported Respondent's legitimate non-discriminatory reason for terminating Complainant's employment based on Complainant's repeated tardiness. Complainant has failed to produce sufficient evidence of pretext. Therefore, there is insufficient evidence upon which a fact-finder could form a reasonable belief that the Respondent committed an unlawful practice.


Karen Dome
Investigator

Migdalia Rivera
Supervisor

# EXHIBIT C

The Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Rm. 220, Springfield, MA  01103

September 29, 2004

Phyllis J. Mitchell
Massachusetts Office on Disability
One Ashburton Place, Room 1305
Boston, MA 02108

RE: Scott Stern Vs. Haddad Toyota Pontiac Buick
MCAD DOCKET NO: 03SEM01468

Dear Scott Stern:

On September 29, 2004 a preliminary hearing was held regarding the above reference complaint to consider the Complainant's appeal of lack of probable cause finding issued in this Complaint on May 27, 2004.

Based upon information presented at the appeal hearing and a review of the evidence adduced in investigation, I have determined that the Lack of Probable Cause finding in this case is affirmed. This means that investigation and appeal evidence fails to establish sufficient   evidence to determine that an unlawful act of discrimination has been committed.

Very truly yours,

Cynthia Tucker
Investigating Commissioner

cc:
John C. Baker, Esquire
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116

THE COMMONWEALTH OF MASSACHUSETTS

COMMISSION AGAINST DISCRIMINATION

436 DWIGHT STREET, SUITE 220

SPRINGFIELD, MA 01103



Mitt Romney
Governor

Kerry Healey
Lieutenant Governor

Eric A. Kriss
Secretary

Dorca I. Gómez
Chairwoman

Cynthia A. Tucker
Commissioner

Walter J. Sullivan, Jr.
Commissioner

July 1, 2004

Phyllis J. Mitchell
Massachusetts Office on Disability
One Ashburton Place, Room 1305
Boston, MA 02108

RE:   <u>Stern v. Haddad Toyota Pontiac Buick</u>
NO:   03-23-01468

Dear Ms. Mitchell:

You are hereby notified the Commission has received your appeal in the above-referenced matter.  A preliminary hearing has been scheduled for <u>September 29, 2004</u> at <u>11:00 a.m.</u>, in our Springfield office, 436 Dwight Street, Suite 220, Springfield, MA  01103.

Please bring any additional information you wish to present to the Commission in support of your appeal.

If the Complainant is unable to attend, the Investigating Commissioner may allow the Complainant to submit the appeal in writing.  You must receive permission at least 48 hours prior to the scheduled preliminary hearing date.  If the respondent is unable to attend, no continuance will be granted.

Very truly yours,

Migdalia Rivera
Compliance Officer III

cc:   John C. Barker, Esquire
      Michienzie & Sawin LLC
      745 Boylston Street,  5th floor

Tel: (413) 739-2145                    Fax: (413) 784-1056

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS          CIVIL ACTION NO. 3/05-CV-30160-KPN

| | |
|---|---|
| SCOTT STERN, <br>     Plaintiff <br><br>     v. <br><br> HADDAD DEALERSHIPS OF THE BERKSHIRES, INC.; JAMES SALVIE, GENERAL SALES MANAGER; TIMOTHY CARDILLO, SALES MANAGER; MICHAEL COGGINS, GENERAL MANAGER, IN THEIR PERSONAL AND OFFICIAL CAPACITIES OF HADDAD DEALERSHIPS OF THE BERKSHIRES, <br><br> And <br><br> CYNTHIA TUCKER, INVESTIGATING COMMISSIONER; JAMES LEVINSKY, DEPUTY GENERAL COUNSEL; MIGDALIA RIVERA, COMPLIANCE OFFICER II; CRYSTAL BORGES, INVESTIGATOR, IN THEIR PERSONAL AND OFFICIAL CAPACITIES OF THE MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION, <br><br> And <br> ROBERT SANDERS, BOSTON AREA OFFICE DIRECTOR, IN HIS PERSONAL AND OFFICIAL CAPACITY AS DIRECTOR OF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Defendants | **AFFIDAVIT OF JOHN C. BARKER IN SUPPORT OF HADDAD DEFENDANTS' MOTION ON THE PLEADINGS** |

{00082925.DOC}

1

### AFFIDAVIT OF JOHN C. BARKER IN SUPPORT OF
### HADDAD DEFENDANTS' MOTION ON THE PLEADINGS

I, John C. Barker, hereby declare under oath as follows:

1.      I am currently a partner at the law firm of Michienzie & Sawin LLC, 745

Boylston Street, Boston, MA 02116, which law firm represents defendants Haddad Dealerships

of the Berkshires, Inc., James Salvie, Michael Coggins, and Timothy Cardillo (collectively, the

"Haddad Defendants").  The correct name for the Haddad Dealerships of the Berkshires, Inc. is

Haddad Motor Group, Inc.

2.      I have personal knowledge of the facts set forth herein, and if called and sworn to

testify, could competently testify thereto.

3.      Plaintiff Scott Stern ("plaintiff") is acting pro se in this case.  No counsel has

appeared for plaintiff in this case.  On or about 3/15/06, I wrote to plaintiff as follows:  "Your

Amended Complaint does not list any counsel.  Are you represented by counsel?  If so, please

provide your lawyer's name, address, and phone, so that we may deal directly with your lawyer

in this matter.  If we do not hear from you otherwise, we will assume that you do not have

counsel in this matter.  Thank you."  Neither I nor anyone from my firm has received any word

from plaintiff that he has counsel in this matter.

4.      Attached hereto at Exhibit D, is a true and accurate copy of my letter to plaintiff

Stern, sent by overnight mail on 4/14/06 asking Stern if he wished to confer about the Haddad

Defendants' Motion on the Pleadings.

5.      On or about 4/14/06, I called plaintiff Scott Stern ("plaintiff"), in his capacity as

pro se plaintiff's counsel, to confer about the Haddad Defendants' Rule 12(c) Motion on the

Pleadings, in good faith, pursuant to Local Rule 7.1(A)(2).  He returned my call (or responded to

{00082925.DOC}

2

my letter) on 4/18/06, and we conferred about the Haddad Defendants' Rule 12(c) Motion on the Pleadings.

6.    Attached at Exhibit A to the Haddad Defendants' Rule 12(c) Motion on the Pleadings, are true and accurate copies of plaintiff Stern's EEOC and MCAD Complaints.

7.    Attached at Exhibit B to the Haddad Defendants' Rule 12(c) Motion on the Pleadings, is a true and accurate copy of the MCAD's dismissal of plaintiff Stern's complaint for "lack of probable cause."

8.    Attached at Exhibit C to the Haddad Defendants' Rule 12(c) Motion on the Pleadings, is a true and accurate copy of the MCAD's denial of plaintiff Stern's subsequent appeal.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _18_ DAY OF APRIL 2006.

_John Barker_____
John C. Barker

# EXHIBIT D



*John C. Barker*

*145 Division Street*
*Boston, Massachusetts*
*02116-2636*

*Telephone*
*617 227-5660*

*Facsimile*
*617 227-5882*

*Email*
*jb@masatlaw.com*

April 14, 2006

<u>**VIA FEDERAL EXPRESS**</u>

Mr. Scott Stern
400 West Main Street
North Adams, MA 01427

     <u>Re:</u>    Stern v. Haddad Dealerships et al., U.S. District Court, Western Division

Dear Mr. Stern:

     I am writing to fulfill my obligation to confer with you concerning a contemplated motion in the above-referenced case. I intend to file on Tuesday, 4/18/06, a Motion on the Pleadings in this case, in order to eliminate Counts I, II, III, VI, VII, VIII, IX.A, IX.B, and X. If you wish to withdraw these counts before this motion is filed, or to otherwise confer about this Motion, please contact me on 4/18/06. Thank you.

                Sincerely yours,

                John C. Barker

JCB/tmm

cc:    Richard A. Sawin, Jr.

{00082940.DOC}