United States District Court
District of Massachusetts
Western Division

Springfield, Massachusetts                    Civil Action No. 05-30160-KPN

Scott Stern, )
 )
    Plaintiff, )
 )
vs. )
 )
Haddad Dealerships of the Berkshires, )
et. al. )
 )
    Defendants )
 )

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND COMPLAINT

Now comes plaintiff and hereby submits this brief Memorandum of Law in Support of plaintiff's Motion to Amend Complaint in the action of Stern v Haddad et. al. Civil Action No. 05-30160-KPN.

"A civil action may include relief for incidents not listed in the original charge to the … MCAD … which are like or reasonably related to the allegations … of the MCAD charge, including new acts occurring during the pendency of the charge before the [MCAD] (internal quotes and brackets omitted) aff'd, 43 Mass. App. 212, 218 (1997); Walter v. President and Fellows of Harvard College, 616 F. Supp. 471 (D. Mass. 1985) (same); Gupta v. East Tex. State. Univ., 654 F. 2d 411,

Memorandum of Law In Support of Motion to Amend the Complaint USDC SvH 1

413-4 (5th Ci. 1981); Brown v. Hartshorne Public School District #1, 864 F.2d 680, 682 (10th Cir. 1988) and cases therein cited.

"Every circuit which has had to decide the issued has held that a charge that an employer has committed acts of retaliation for an employee having filed a complaint of discrimination with an administrative agency does not have to be the subject of a separate administrative claim before the agency in order to be brought into court" . Borase v K/A-Com, Inc. 906 F. Supp. 65, 66-8 (D.Mass. 1995)

"Retaliation claim is sufficiently related to underlying hostile work environment claim that a civil action may be brought without specifically alleging retaliation in an MCAD charge" Edwin v. Blenwood Associates, Inc. 9 F. Supp. 2d 70, 74-5 (D. Mass 1998)

"As one court explained, to rule differently on this issue would "erect a needless procedural barrier to the private claimant under Title VII…" Gupta, 654 F. 2d at 413-4. That same court further explained that "[i]ntertwined with this practical reason for [its] holding is a strong policy justification. Eliminating this needless procedural barrier will deter employers from attempting to discourage employees from exercising their rights under Title VII."

"Certainly, at this stage of the proceedings, plaintiff, under Fed.R.Civ.P. 15(a), can only amend the complaint by leave of the Court; and leave can be given only when justice so requires." Paredes Figueroa v. International Air Services of Puerto Rico, Inc. 662 F.Supp. 1202, *1204 (D.Puerto Rico,1987)

Memorandum of Law In Support of Motion to Amend the Complaint USDC SvH 2

"Additionally, Fed.R.Civ.P. 21 states that parties may be added or dropped at any stage of the litigation and on such terms as are just. The common thread to these three rules is that justice must require the amendment of a pleading and that joinder is a matter left to the sound discretion of the Court. See generally 26 Federal Procedure, L.Ed., Parties §§ 59:176" Paredes Figueroa v. International Air Services of Puerto Rico, Inc. 662 F.Supp. 1202, *1204 (D.Puerto Rico,1987)

"There are a few cases where the joinder of a *defendant* has been permitted after judgment has been entered but only because it was needed to afford *plaintiff* full relief. U.S. v. Bayer Co., 105 F.Supp. 955 (D.C.N.Y.1955). Nonetheless, even the proposed joinder of defendants has been refused in cases where the motion to join was untimely or where prejudice would result. See, e.g., Cabrera v. Bayamón, 622 F.2d 4 (1st Cir.1980). Paredes Figueroa v. International Air Services of Puerto Rico, Inc. 662 F.Supp. 1202, *1204 (D.Puerto Rico,1987)

As the Appeals Court has recognized, there is ample and "persuasive" authority "fort he proposition that "it is unnecessary for a plaintiff to exhaust administrative remedies before [s]he can bring to court a retaliation claim not previously made known to the administrative agency, but arising out of a charge filed earlier with that agency." Carter v. Commissioner of Correction, 43 Mass. App. Ct. 212, 218 (1997) (quoting Smith v. Mitre Corp., 949 F. Supp 943, 948 (D.Mass. 1997) and citing Gupta v. East Tex. State Univ., 654 F. 2d 411,

Memorandum of Law In Support of Motion to Amend the Complaint USDC SvH 3

413-4 (5th Cir. 1981) retaliation occurred after filing of initial MCAD charge.

At this stage of the litigation, it is well within plaintiff's rights to assert a claim against the Attorney and the law firm that represented the defendants by their false averments to the tribunal that caused the tribunal to fail to enforce the laws of the United States and the laws of the Commonwealth of Massachusetts. It is consistent with the Federal Rules of Procedure to amend this complaint at this stage of the proceedings, rather than institute another lawsuit or to amend the complaint at a later point in time, after litigation has become more in depth and involved. It is imperative, necessary and relevant to amend the complaint to include the defendant John C. Barker and the law firm of Michenzie & Sewin, LLC.

Most respectfully submitted this 19 day of April 2006.

*/s/ Scott Stern*

Scott Stern
All Rights Reserved without Prejudice
Sui Juris
Pro Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

## CERTIFICATE OF SERVICE

I, Scott Stern, Pro-Se Plaintiff, in this action of Scott Stern v. Haddad Dealerships of the Berkshires, et. al, in the United States District Court, Case Number 05-30160-KPN, certify that I have caused a copy of the foregoing document,

COPY OF PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE COMPLAINT

COPY OF THIS CERTIFICATE OF SERVICE

to be delivered, postage prepaid, to the defendants, at their respective addresses this 19 day of April, 2006.

Haddad Dealerships of the Berkshires, Inc.
George Haddad
145 State Road
North Adams, Massachusetts 01247


Haddad Dealerships of the Berkshires, Inc.
David Michael Coggins
Pittsfield/Lenox Road
Pittsfield, Massachusetts 01201


Haddad Dealerships of the Berkshires, Inc.
James Salvie
Pittsfield/Lenox Road
Pittsfield, Massachusetts 01201


Haddad Dealerships of the Berkshires, Inc.
Timothy Cardillo
Pittsfield/Lenox Road
Pittsfield, Massachusetts 01201


Michenzie & Sewin, LLC
Resident Agent or President or designated officer of Corporation
745 Boylston Street
Boston, Massachusetts 02116-2636

John C. Barker
Michenzie & Sewin, LLC
745 Boylston Street
Boston, Massachusetts 02116-2636

Cynthia Tucker,
Investigating Commissioner;
Massachusetts Commission Against Discrimination
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

James Levinsky,
Deputy General Counselor
Massachusetts Commission Against Discrimination
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Migdalia Rivera
Compliance Officer II
Massachusetts Commission Against Discrimination
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Crystal Borges,
Investigator
Massachusetts Commission Against Discrimination
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

and delivered, by United States Postal Service, postage prepaid, this 19 day of April, 2006 to the United States District Court, 550 Main Street, Springfield, Massachusetts

_____
Scott Stern
All Rights Reserved without Prejudice
Sui Juris
400 West Main Street
North Adams, Massachusetts 01247

April 14, 2006
_____
Date of Mailing/Delivery

Memorandum of Law In Support of Motion to Amend the Complaint USDC SvH 6