IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION
3:05-CV-30160-KPN

| | |
|---|---|
| Scott Stern, ) | |
| ) | |
|     Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | DEFENDANTS JOSEPH ALVARADO'S |
| vs. ) | AND ROBERT SANDERS' |
| ) | MOTION TO DISMISS |
| Haddad Motor Group, Inc.; ) | Fed. R. Civ. P. 12(b)(1), (5), and (6) |
| James Salvie, Michael Coggins, Timothy ) | |
| Cardillo, in their personal and official ) | |
| capacities; ) | |
| Cynthia Tucker, James Levinsky, ) | |
| Migdalia Rivera, Crystal Borges, in their ) | |
| personal and official capacities; ) | |
| and ) | |
| Joseph Alvarado and Robert Sanders, in ) | |
| their personal and official capacities, ) | |
| ) | |
|     Defendants. ) | |
| _____) | |

I.  STATEMENT OF FACTS

*Pro se* Plaintiff filed the complaint in the above-captioned matter on July 7, 2005, against his former employer, Haddad Motor Group, Inc. (Haddad); several employees of Haddad in their personal and official capacities; several employees of the Massachusetts Commission Against Discrimination (MCAD) in their personal and official capacities; and U.S. Equal Employment Opportunity Commission (EEOC) employee Robert Sanders in his official capacity as Director of EEOC's Boston Area Office and in his personal capacity.  On January 12, 2006 Plaintiff was permitted to add as a defendant EEOC employee Joseph Alvarado, State and Local Manager in

the New York District Office, in both an official and personal capacity.  Mr. Alvarado[1] received summons and complaint on March 6, 2006.  Mr. Sanders received service at EEOC's Boston Area Office on May 2, 2006.  The United States Attorney's Office for the District of Massachusetts has not been served at this time.

Plaintiff, a former employee of Haddad Motor Group, alleges that Haddad unlawfully discriminated against him and eventually terminated him because of his disability.  Compl. ¶¶ 13-48.  Plaintiff filed a charge of discrimination against Haddad with MCAD which, upon Plaintiff's request, was also filed with EEOC.  *See* Pl.'s Ex. H, MCAD Discrimination Complaint.  Plaintiff is dissatisfied with MCAD's investigation, and alleges that MCAD erroneously failed to find that Plaintiff had been wrongfully terminated.  Compl. ¶¶ 49, 58.  It appears that Plaintiff sought reconsideration of the decision by MCAD, but MCAD declined to disturb the earlier finding.  Compl. ¶¶ 59-60.  Plaintiff alleges that he then requested that EEOC conduct a substantial weight review of MCAD's decision, as is provided for in EEOC's regulations at 29 C.F.R. § 1601.76, and apparently received a letter from Robert Sanders stating that under EEOC's worksharing agreement with MCAD, MCAD had initial responsibility for investigating the charge, and as such, EEOC would not conduct a duplicate investigation.  Compl. ¶¶ 61-2.

Plaintiff alleges that EEOC's failure to conduct a separate investigation from that conducted by MCAD was a violation of his "federal rights," but provides no factual support for his claim.  Compl. ¶ 63.  As to Defendant Joseph Alvarado, Plaintiff is apparently dissatisfied with Mr. Alvarado's review of Plaintiff's file.  Pl.'s Mot. to Correct; Exhibit 3.  Plaintiff brings

---

[1] Although the undersigned does not represent Mr. Alvarado in his personal capacity, we note that the only copy of the summons and complaint he received was delivered to EEOC's New York District Office.

his claims against the EEOC defendants,[2] found in Counts V and XII, under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq; and the Massachusetts Constitution.  Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, attorney fees and other costs of suit, and any other appropriate relief.

## II.  ARGUMENT

### A.  The Complaint Against EEOC Should Be Dismissed for Lack of Subject Matter Jurisdiction.

Assuming Plaintiff's allegations against EEOC to be true, the complaint should be dismissed under Rule 12(b)(1), Fed. R. Civ. P., for lack of jurisdiction over the subject matter. Nothing in Title VII or any other statute affords this Court subject matter jurisdiction over Plaintiff's claims against EEOC.  In addition, sovereign immunity bars any claims for monetary relief against EEOC.

Federal district courts are courts of limited jurisdiction deriving jurisdiction solely from the congressional exercise of its authority to "ordain and establish" inferior courts under the Constitution.  *Lockerty v. Phillips*, 319 U.S. 182, 187 (1943).  A federal district court has jurisdiction over the subject matter of an action only if Congress enacted a statute granting such jurisdiction.  If Plaintiff cannot establish jurisdiction by this Court under a specific statute, his claim must be dismissed under Rule 12(b)(1), Fed. R. Civ. P.

---

[2] As to the EEOC defendants, Plaintiff's complaint only lists causes of action against Robert Sanders; however, in light of Plaintiff's Motion to Correct and this Court's subsequent order granting that motion, we assume that the claims against Mr. Sanders apply to Mr. Alvarado as well.

1.     Title VII and the ADA

Plaintiff cannot maintain an action under Title VII or the ADA against EEOC or its employees because this Court does not have subject matter jurisdiction over this matter. Title VII contains three grants of jurisdiction: Section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3); Section 707(b), 42 U.S.C. § 2000e-6(b); and Section 717(c), 42 U.S.C. § 2000e-16(c). None of these sections authorizes individuals alleging discrimination by a third party to file suit against EEOC as the enforcement agency. Section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3), authorizes federal courts to hear enforcement actions brought against allegedly discriminating employers by private parties, the Attorney General or the Commission. Section 707(b), 42 U.S.C. § 2000e-6(b), grants the court jurisdiction over actions brought by the Commission against persons engaged in a pattern or practice of resistance to the goals of Title VII. Section 717(c), 42 U.S.C. § 2000e-16(c), authorizes federal courts to adjudicate claims of employment discrimination brought by federal employees or applicants for federal employment against their federal employer. Although Title VII grants courts jurisdiction to entertain suits against respondent employers, none of the above provisions confers jurisdiction over a suit against EEOC for actions it takes in carrying out its enforcement responsibilities. Section 709(b) of Title VII provides for EEOC to "utilize the services of such [State and local] agencies and their employees," 42 U.S.C. § 2000e-8(b), and mandates that EEOC "shall accord substantial weight to final findings and orders made by State or local authorities," 42 U.S.C. § 2000e-5(b). In this case, Plaintiff requested that EEOC conduct a substantial weight review of MCAD's findings, and pursuant to that request, EEOC conducted a review of MCAD's record, and determined that the findings should not be disturbed. This Court has previously recognized that "EEOC and the MCAD have entered into a

4

Worksharing Agreement to avoid duplication of effort by apportioning the responsibilities for processing charges." *Seery v. Biogen, Inc.,* 203 F.Supp.2d 35, 40 (D. Mass. 2002). Utilizing the services of State or local agencies such as MCAD is clearly part of EEOC's enforcement scheme under Title VII, and EEOC is entitled to give the findings those agencies make pursuant to their investigations the appropriate deference. As such, this Court lacks jurisdiction to hear Plaintiff's claims challenging EEOC's statutorily prescribed deference to MCAD's findings.

Section 107 of the ADA, 42 U.S.C. 12117, incorporates the powers, remedies, and procedures of Title VII. As discussed above, Title VII does not confer jurisdiction over EEOC in its capacity as an enforcement agency. Therefore, although the ADA (through Title VII) grants federal courts jurisdiction to entertain suits against employers, it does not grant jurisdiction in the present matter.

    2.  <u>Sovereign Immunity</u>

Insofar as Plaintiff is seeking monetary damages from the EEOC defendants, his claim is barred by sovereign immunity. It is well established that the United States cannot be sued unless sovereign immunity has been waived by statute. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). This doctrine applies as well to suits in which a federal agency or its officials are the named defendants. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Dugan v. Rank*, 372 U.S. 609, 620 (1963). A waiver of sovereign immunity cannot be implied; it must be unequivocally expressed. *Mitchell*, 445 U.S. at 538; *United States v. King*, 395 U.S. 1 (1969). A federal court is without jurisdiction to entertain a suit against the United States or a federal agency for monetary damages unless there has been a waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392 (1976). There

has been no waiver here. Plaintiff has not cited any statute which allows an individual to sue EEOC for damages in connection with the processing of a charge of discrimination or retaliation and EEOC is unaware of any such statute. The EEOC defendants submit that this Court lacks jurisdiction over Plaintiff's claim against them for monetary damages.

      3.      <u>Massachusetts Constitution</u>

This Court does not have jurisdiction over Plaintiff's claims under the Massachusetts Constitution. These provisions, by their plain language, do not purport to confer jurisdiction over Plaintiff's claims against EEOC. Moreover, sovereign immunity prevents suit against the government unless a waiver has occurred. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Plaintiff has not identified any federal law which waives federal sovereign immunity for state constitutional claims, and we are unaware of any such statute; therefore, Plaintiff's claims relying on these provisions must be dismissed.

      **B.**      **Plaintiff Has Failed to State a Claim Against EEOC Upon Which Relief Can Be Granted**.

Assuming Plaintiff's allegations in the complaint to be true, i.e., that EEOC improperly relied upon MCAD's investigation of his charge of discrimination[3], the complaint should be dismissed under Rule 12(b)(6), Fed. R. Civ. P., because Plaintiff has failed to state a claim against defendant EEOC upon which relief can be granted.

      1.      <u>Title VII and ADA</u>

Plaintiff cannot state a cognizable claim against the EEOC defendants under Title VII. In order for Plaintiff to prevail against the Commission or its officials, he must be able to

---

[3] Defendants note again that EEOC is statutorily required by Title VII (42 U.S.C. § 2000e-5(b)) and the ADA (42 U.S.C. § 12117(a)) to "accord substantial weight to final findings and orders" made by state agencies such as MCAD.


has been no waiver here. Plaintiff has not cited any statute which allows an individual to sue EEOC for damages in connection with the processing of a charge of discrimination or retaliation and EEOC is unaware of any such statute. The EEOC defendants submit that this Court lacks jurisdiction over Plaintiff's claim against them for monetary damages.

    3.    <u>Massachusetts Constitution</u>

This Court does not have jurisdiction over Plaintiff's claims under the Massachusetts Constitution. These provisions, by their plain language, do not purport to confer jurisdiction over Plaintiff's claims against EEOC. Moreover, sovereign immunity prevents suit against the government unless a waiver has occurred. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Plaintiff has not identified any federal law which waives federal sovereign immunity for state constitutional claims, and we are unaware of any such statute; therefore, Plaintiff's claims relying on these provisions must be dismissed.

    **B.**    **Plaintiff Has Failed to State a Claim Against EEOC Upon Which Relief Can Be Granted**.

Assuming Plaintiff's allegations in the complaint to be true, i.e., that EEOC improperly relied upon MCAD's investigation of his charge of discrimination[3], the complaint should be dismissed under Rule 12(b)(6), Fed. R. Civ. P., because Plaintiff has failed to state a claim against defendant EEOC upon which relief can be granted.

    1.    <u>Title VII and ADA</u>

Plaintiff cannot state a cognizable claim against the EEOC defendants under Title VII. In order for Plaintiff to prevail against the Commission or its officials, he must be able to

---

[3] Defendants note again that EEOC is statutorily required by Title VII (42 U.S.C. § 2000e-5(b)) and the ADA (42 U.S.C. § 12117(a)) to "accord substantial weight to final findings and orders" made by state agencies such as MCAD.

demonstrate that Congress granted a right of action against EEOC "either expressly or by clear implication." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Plaintiff cannot do this, and has failed, therefore, to state a claim upon which relief can be granted.

Title VII does not create an express cause of action by persons such as Plaintiff against EEOC. Section 706 of Title VII, 42 U.S.C. § 2000e-5,[4] provides the explicit remedies for individuals who believe they are the victims of discrimination in the private sector. Such individuals may file a charge of discrimination against the allegedly discriminating employer with defendant EEOC. If EEOC's efforts at resolving the charge through conciliation do not succeed, or if the charging party is not satisfied with the handling of her charge, she may bring suit in federal district court against the allegedly discriminating employer. 42 U.S.C. 2000e-5(f)(1). Plaintiff was not employed by EEOC, nor did he seek employment with EEOC, and there is no provision in Title VII permitting the type of claim Plaintiff seeks to bring against EEOC. Plaintiff has therefore failed to establish that Title VII provides an express cause of action against EEOC.

Section 107 of the ADA, 42 U.S.C. § 12117, provides that the "powers, remedies, and procedures set forth in . . . the Civil Rights Act of 1964 shall be the powers, remedies, and procedures . . . provide[d] to the Commission, to the Attorney General, or to any person alleging

---

[4] For example, Section 706(f)(1) provides the following:

> . . . . If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . .

Section 706(f)(1), 42 U.S.C. § 2000e-5(f)(1)(emphasis supplied).

discrimination on the basis of disability in violation of any provision of this Act . . . concerning employment." Thus, as ADA extends to aggrieved individuals only those remedies provided under Title VII, and as there is no express right to bring suits against EEOC by private charging parties under Title VII, plaintiff has no express cause of action against EEOC under ADA.

Nor can Plaintiff show that an implied remedy under Title VII or the ADA is appropriate in this case. The central question for determining whether a federal statute creates an implied cause of action is whether the statutory scheme is consistent with the inference that Congress intended to create a particular right of action -- here, a suit against EEOC, the enforcement agency. *See Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-18 (1979). Far from being consistent with such an inference, the statutory scheme and legislative history of the Title VII enforcement provisions show that it clearly would be inconsistent with legislative intent to imply a remedy against defendant EEOC here, because Congress created an explicit remedy: a *de novo* cause of action against the alleged discriminating employer. *See, e.g., Occidental Life Insurance Co. v. Equal Employment Opportunity Comm'n*, 432 U.S. 355 (1977). In *Occidental Life*, the Court reviewed the private sector judicial relief provision of Title VII, section 706(f)(1), 42 U.S.C. § 2000e-5(f)(1), and concluded on the basis of the provision's legislative history that Congress intended the individual's right to bring a *de novo* lawsuit against respondent employer to be the individual's sole judicial remedy. This was considered to be a complete and sufficient remedy even though EEOC, in processing a charge, might act slowly, erroneously, or not at all.[5]

---

[5] "The retention of the private right of action . . . allow[s] the person aggrieved to elect to pursue his or her own remedy under this title in the courts where there is agency inaction, dalliance, or dismissal of the charge, or unsatisfactory resolution." *Occidental Life*, 432 U.S. 355, 365-66 (quoting 118 Cong. Rec. 7168 (1972)).

Neither EEOC enforcement activities nor administrative findings prejudice the rights of the parties, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 796-98 (1973), as enforcement of Title VII is through *de novo* federal district court action, *Alexander v. Gardner-Denver Co.* 415 U.S. 36, 44-45 (1974); *Gibson v. Missouri Pac. R.R. Co.*, 579 F.2d at 891 ("Nothing done or omitted by EEOC affects [Plaintiff's] rights."). Nothing in the legislative history of Title VII indicates that Congress intended the Commission to be subject to a suit by a charging party or respondent dissatisfied with Commission procedures, activities, or determinations. It is settled law that Title VII does not provide either an express or implied cause of action against EEOC by a person who is dissatisfied with EEOC's processing of a charge or its decision. According to the Fourth Circuit in *Georator Corp. v. Equal Employment Opportunity Comm'n*, 592 F.2d 765 (4th Cir. 1979),

> Title VII details the procedures for civil action in an employment discrimination case, but does not provide for preliminary review of the Commission's determination of reasonable cause. Even when suit is brought later by...the charging party, the trial is De novo, and the court will not determine whether substantial evidence supported the Commission's preadjudication finding of reasonable cause.

*Id.* at 765. *Accord Newsome v. Equal Employment Opportunity Comm'n*, 301 F.3d 227, 232 (5th Cir. 2002); *Storey v. Rubin*, 976 F. Supp. 1478, 1483 (N.D. Ga. 1997), *aff'd mem.*, 144 F.3d 56 (11th Cir. 1998); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997); *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997); *Scheerer v. Rose State Coll.*, 950 F.2d 661, 663 (10th Cir. 1991); *McCottrell v. Equal Employment Opportunity Comm'n*, 726 F.2d 350, 351 (7th Cir. 1984); *Ward v. Equal Employment Opportunity Comm'n*, 719 F.2d 311, 313 (9th Cir. 1983), *cert. denied*, 466 U.S. 953 (1984); *Francis-Sobel v. University of Maine*, 597 F.2d 15 (1st Cir.),

*cert. denied*, 444 U.S. 949 (1979); *Gibson*, 579 F.2d at 891 (5th Cir. 1978), *cert. denied*, 440 U.S. 921 (1979); *Feldstein v. Equal Employment Opportunity Comm'n*, 547 F.Supp. 97 (D. Mass. 1982); *Pearlswig v. Randolph,* 497 F.Supp. 569 (D. Mass. 1980).

All of the above cases rely upon the complainant's right to file a *de novo* proceeding against the alleged discriminating employer as the rationale for precluding suits against EEOC in its oversight or enforcement role. If plaintiff is dissatisfied with defendant EEOC's handling of his charge, his remedy is to file a civil action against his allegedly discriminating employer or union, as he has done, and not against EEOC. In such a suit, Plaintiff can obtain all of the relief to which he is entitled under Title VII. Thus plaintiff clearly has failed to state a claim against EEOC upon which relief can be granted.

The reasoning of these cases is equally apposite to suits brought under ADA, because, as noted previously, the remedies provided to aggrieved individuals under ADA are derived from Title VII. 42 U.S.C. § 12117.

    2.    <u>Massachusetts Constitution</u>

Plaintiff also cannot state a claim under the provisions of the Massachusetts Constitution cited in his Complaint. First, Plaintiff merely lists several articles of the state constitution without offering anything whatsoever to show how the EEOC defendants violated any of the provisions he cites. Further, the provisions cited by Plaintiff appear to concern due process. Courts have found that nothing in EEOC's administrative charge processing procedures affect a charging party's due process rights under the United States Constitution, and that argument is analogous to due process under a state constitution as well. *See, e.g., Georator Corp. v. Equal Employment Opportunity Comm'n,* 592 F.2d 765, 768 (4th Cir. 1979) (Where an agency's findings have no determinative consequences, due process considerations do not attach). The

Supreme Court has recognized a distinction between agency investigative actions and adjudicative actions that result in binding legal determinations:

> "(W)hen governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process. On the other hand, when governmental action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted, it is not necessary that the full panoply of judicial procedures be used."

*Hannah v. Larche*, 363 U.S. 420, 442, *reh'g denied* 364 U.S. 855 (1960). In addition, the First Circuit has held that "[b]ecause a determination of reasonable cause is nonbinding and nonfinal, investigative and not adjudicative, we cannot say that the failure to receive such a determination represents any loss that implicates the Due Process Clause." *Francis-Sobel v. University of Maine,* 597 F.2d 15, 18 (1st Cir. 1979). EEOC's charge processing procedures fall clearly on the investigative side, because the person alleging discrimination is not bound by the ultimate decision reached in the administrative process, and has a right to a *de novo* court determination of his rights. Therefore, EEOC's determination that the decision of MCAD should stand has no legally binding effect on Plaintiff, as he is entitled to file, and in fact has filed, a *de novo* lawsuit against his former employer, Haddad Motor Group. As such, Plaintiff has failed to state a claim under the state constitution.

      C.    **Service of Process is insufficient as to the EEOC defendants.**

Rule 4(i)(2), Federal Rules of Civil Procedure, requires that an officer of the United States sued in his official capacity be served by (A) delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought, (B) sending a copy of the summons and of the complaint by registered or certified mail to the Attorney

General of the United States, and (C) by sending a copy of the summons and of the complaint by registered or certified mail to the officer.  Robert Sanders and Joseph Alvarado, officers of the United States, have not been served as required.  Mr. Alvarado received a copy of the summons and complaint in EEOC's New York District Office on March 6, 2006, and Mr. Sanders received copies in EEOC's Boston Area Office on May 2; however, the U.S. Attorney and the U.S. Attorney General have not.[6]  Process is therefore insufficient and the Complaint should be dismissed against the EEOC defendants under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

### III.  CONCLUSION

For all of the foregoing reasons, defendants Sanders' and Alvarado's Motion to Dismiss should be granted.

Respectfully submitted,

PEGGY R. MASTROIANNI
Associate Legal Counsel

THOMAS J. SCHLAGETER
Assistant Legal Counsel

---

[6] We note that although Plaintiff names Robert Sanders and Joseph Alvarado in both their official and personal capacities in the caption of his Complaint, the body of the Complaint contains no allegations of non-official action by either defendant, and in both Counts V and XII (the counts involving EEOC) Plaintiff only names Mr. Sanders (and pursuant to this Court's order on Plaintiff's Motion to Correct, Mr. Alvarado) in his official capacity.  The undersigned does not represent either of the EEOC defendants in their personal capacities; however, if plaintiff intended to name them as individual defendants, we note that service of the summons and the Complaint is improper under Rule 4(e) of the Federal Rules of Civil Procedure, which requires personal service or leaving a copy at that person's dwelling house or usual place of abode, or with a designated agent.  Mr. Sanders and Mr. Alvarado were neither served personally at their residences nor through a designated agent.  Dismissal would therefore be appropriate under Rule 12(b)(5) for insufficiency of service of process.

           /s/ Erin N. Norris_____
           ERIN N. NORRIS
           Attorney for Defendants Alvarado and Sanders
           N.C. Bar # 28718
           Office of Legal Counsel
           U.S. Equal Employment Opportunity
            Commission
           1801 L Street, N.W.
           Washington, D.C.  20507
           (202) 663-4876 (Phone)
           (202) 663-4639 (Facsimile)

This 2d day of May, 2006.

**Certificate of Service**

I hereby certify that this document filed through the ECF system on May 2, 2006 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 2, 2006 via United States mail.

/s/ Erin N. Norris_____
ERIN N. NORRIS
Attorney for Defendants Alvarado and Sanders