# AFFIDAVIT OF SCOTT STERN

1. I am Scott Stern of 400 West Main Street in North Adams, Massachusetts.
2. I am the plaintiff in the action of Stern v. Haddad Motor Group, Inc. et al Case Number 05-30160-KPN.
3. The questions and statements referenced in paragraph "4" through "6" were spoken before my person, personally and directly before me, and was averred as evidence before the tribunal known as the Massachusetts Commission Against Discrimination, upon a question presented to the defendants by James Levinsky, Chief Deputy Counsel of the Massachusetts Commission Against Discrimination regarding a certain and specific doctor's note.
4. The question asked, by James Levinsky, that received the response in paragraph "5" and paragraph "6" was the question by James Levinsky:
"Is this the note?"
5. At the Massachusetts Commission Against Discrimination hearing the defendant James Salvie stated, regarding the question aforementioned in paragraph "4" the following statement:
"I am not sure."
6. At the initial Massachusetts Commission Against Discrimination, hearing between the plaintiff and the defendants Haddad Motor Group, Inc., I personally heard spoken before me the words from John C. Barker, the statement:
"There was no note"
to the question asked by James Levinsky in paragraph "4."
7. The note referred to in paragraphs "3" through "6" is a note, written by Dr. Michael Perlman, and was presented to the defendants at a meeting on or around November 27, 2002.
8. The note referred to aforementioned in paragraphs "3" through "6" is the same note that the defendants paraphrase the term "work with Scott" in their affidavits submitted to the Massachusetts Commission Against Discrimination.
9. On or about November 27, 2002, at the meeting between the plaintiff and the defendants, defendant James Salvie received this same note to his person and personally asked plaintiff, if:
"I can make a copy of it."
10. On or about November 27, 2002, plaintiff responded to the question by the defendant James Salvie in paragraph "9" the answer:
"Yes."
11. I, Scott Stern, directly handed this note to the defendant James Salvie, upon which defendant James Salvie proceeded to leave my presence with said note as referenced in paragraphs "8" through "10"
12. I, Scott Stern, personally handed this note to defendant James Salvie.
13. I, Scott Stern, previously have personally read the defendants formal affidavit, submitted by Counsel John Barker, and sworn to by defendant David Michael Coggins, at it states, clearly and unequivocally that plaintiff removed from his person a "note" from an "alleged doctor."

14. I, Scott Stern, personally read the defendants Timothy Cardillo's affidavits which state that a "doctor's note" was removed from plaintiff's (Scott Stern's) pocket and presented to the defendants.
15. I, Scott Stern, personally asked this question to the proposed defendant John C. Barker during the conversation between the parties on May 10, 2006:
"Did you lie at the MCAD hearing?"
during the conversation on or about May 10, 2006 between the parties, defendant Haddad Motor Group, Inc., and United States Equal Employment Opportunity Commission, before the Massachusetts Commission Against Discrimination.
16. I, Scott Stern, personally heard spoken before me, by the proposed defendant John C. Barker, on May 10, 2006 state:
"I was just doing my job."
to the question plaintiff asked him in paragraph "15."
17. I, Scott Stern, personally asked the question again aforementioned in paragraph "15" to the proposed defendant John C. Barker, again during this conversation aforementioned in paragraph "15."
18. I, Scott Stern, personally heard before me, by the proposed defendant John C. Barker, the statement:
"You can ask me about lying on May 17, 2006."
19. I, Scott Stern, believe that Counsel, proposed defendant, John C. Barker, upon being presented a question of material fact aforementioned in paragraph "4", by the tribunal, as corroborated by Mr. Barker's statement in paragraph "16" was hired to provide materially false affidavits and documentation to the tribunal known as the Massachusetts Commission Against Discrimination for the defendants Haddad Motor Group, Inc.
20. I, Scott Stern, believe that the Counsel, proposed defendant, John C. Barker, has filed materially false affidavits and statements to the tribunal known as the MCAD in order to achieve a litigious advantage over this plaintiff in the Massachusetts Commission Against Discrimination hearings.

I have stated all the above based upon my own knowledge, information and belief; and so far as my information and belief, I believe this information to be true.

Sworn to this 16 day of May, 2006 under the pains and penalties of perjury.

Scott Stern
400 West Main Street
North Adams, Massachusetts 01247

Affidavit of Scott Stern Re "Note"                                                                 2

## ACKKNOWLEDGEMENT CERTIFICATE

On this 15 day of May, 2006, before me, the undersigned Notary Public, personally appeared Scott Stern proved to me through satisfactory evidence of identification, which were Massachusetts Operators License, to be the person whose name is signed on the preceding or attached document and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
Signature of Notary Public

My Commission Expires Sept 17 2010

Beth Ellen Dolle
Notary Public
My Commission Expires September 17, 2010
Commonwealth of Massachusetts

Affidavit of Scott Stern Re "Note"

3

## CERTIFICATE OF SERVICE

I, Scott Stern, Pro-Se Plaintiff, in this action of Scott Stern v. Haddad Motor Group, Inc., et. al., in the United States District Court, Case Number 05-30160-KPN, certify that I have caused a copy of the foregoing document,

COPY OF "AFFIDAVIT OF SCOTT STERN"

COPY OF "AFFIDAVIT OF GAIL RUBINO"

COPY OF THIS CERTIFICATE OF SERVICE

to be delivered, postage prepaid, United States Postal Service, to the defendants, at their respective addresses this 15 day of May, 2006.

Michenzie & Sewin, LLC
Richard Sawin, Resident Agent and Manager
745 Boylston Street
Boston, Massachusetts 02116-2636

Michenzie & Sewin, LLC
John C. Barker
745 Boylston Street
Boston, Massachusetts 02116-2636

Massachusetts Commission Against Discrimination
Cynthia Tucker
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Massachusetts Commission Against Discrimination
James Levinsky,
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Massachusetts Commission Against Discrimination
Migdalia Rivera
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Massachusetts Commission Against Discrimination
Crystal Borges
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

## CERTIFICATE OF SERVICE page 2

(By leave of Erin Norris to serve one copy for both defendants)
U.S. Equal Employment Opportunity Commission
Erin Norris
Robert Sanders and Joseph Alvarado
1801 L. St. N.W.
Washington, D.C. 20507


Equal Employment Opportunity Commission
Robert Sanders
John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, Massachusetts  02203

Equal Employment Opportunity Commission
Joseph Alvarado,
State and Local Manager
33 Whitehall Street, 5th floor
New York, New York  10004-2167

to be delivered, postage prepaid, by United States Postal Service, this 15 day of May, 2006 to:

United States District Court
1550 Main Street
Springfield, Massachusetts 01103
Attn: Clerk of Courts

_____          May 15, 2006
Scott Stern                                                     Date of Mailing/Delivery
All Rights Reserved without Prejudice
Sui Juris
400 West Main Street
North Adams, Massachusetts 01247

# AFFIDAVIT OF GAIL RUBINO

1. I, Gail Rubino, am a resident of Williamstown, Massachusetts.
2. I, Gail Rubino, am a friend of the plaintiff, Scott Stern.
3. I, Gail Rubino, was present on May 10, 2006, at the residence of Scott Stern, between the hours of 10:30 a.m. and 1:30 a.m.
4. I, Gail Rubino, answered the telephone for Mr. Scott Stern, on or around 11:00 a.m. and there was an individual named John C. Barker on the telephone.
5. I, Gail Rubino, had been invited, by Mr. Scott Stern, to listen to the conversation between himself, and John C. Barker
6. I, Gail Rubino, heard spoken before me, that Mr. Barker had Erin Norris of the United States Equal Employment Opportunity Commission in conference, in this telephone call.
7. I, Gail Rubino, heard spoken before me, that Mr. Barker represented the defendants Haddad Motor Group, Inc.
8. I, Gail Rubino, heard spoken personally before me, a question, referenced in paragraphs "5" through "7", by Mr. Scott Stern, during this conversation these individuals aforementioned in paragraph "6" and "7."
9. I Gail Rubino, personally heard the question, asked by Mr. Scott Stern to John C. Barker:
   "Did you lie at the MCAD hearing?"
   during the conversation aforementioned in paragraphs "4" through "7."
10. I, Gail Rubino, personally heard spoken before me, by John C. Barker, the statement:
    "I was just doing my job."
    to the question plaintiff asked in paragraph "9."
11. I, Gail Rubino, personally heard Scott Stern, ask the question aforementioned in paragraph "9" to John C. Barker, again, during this conversation aforementioned in paragraph "4."
12. I, Gail Rubino, personally heard before me, spoken by John C. Barker, the statement:
    "You can ask me about lying on May 17, 2006."

    I have stated all of the above based upon my own knowledge, information, and belief; as so far as upon my information and belief, I believe this information to be true.

Sworn to under the pains and penalties of perjury this ____15th____ day of

____May____, 2006.

____[signature]____
Signature

ACKNOWLEDGEMENT CERTIFICATE

On this 15 day of May, 2006, before me, the undersigned Notary Public, personally appeared Gail Rubino proved to me through satisfactory evidence of identification, which were Massachusetts Operators License, to be the person whose name is signed on the preceding or attached document and acknowledged to me that she signed it voluntarily for its stated purpose.

_____
Signature of Notary Public

My Commission Expires Sept 17 2010

Beth Ellen Dolle
Notary Public
My Commission Expires September 17, 2010
Commonwealth of Massachusetts