United States District Court
District of Massachusetts
Western Division

FILED
IN CLERKS OFFICE

2006 JUN -5  P 4: 0!

Springfield, Massachusetts                    Civil Action No.05-30160-KPN DISTRICT COURT
                                                                                          DISTRICT OF MASS.

Scott Stern,                                              )   MEMORANDUM OF LAW IN SUPPORT OF
                                                                )   MOTION FOR ENTRY OF DEFAULT  FINAL
          Plaintiff,                                         )   JUDGMENT
                                                                )
     vs.                                                     )
                                                                )
Haddad Motor Group, Inc. et. al.              )
                                                                )
          Defendants                                     )
                                                                )
                                                                )
_____ )

Now comes plaintiff and hereby submits this brief MEMORANDUM OF LAW

IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT against

defendants, Massachusetts Commission Against Discrimination, Cynthia Tucker, James

Levinsky, and Migdalia Rivera.

I
FACTUAL BACKGROUND

Plaintiff, Sui Juris, is alleging that in a deliberate attempt to deprive plaintiff of

his rights, including, but not limited to, Congressional Acts such as the Americans with

Disabilities Act, the defendant, Massachusetts Commission Against Discrimination,

purposely denies qualified individuals, such as plaintiff, that have supportive

documentation, the right to a fair and impartial determination.  The Massachusetts Office

on Disability, a representative thereof, did provide a support advocate, on, and for

plaintiff's behalf, on two separate occasions, and sought to inform the Massachusetts

Commission Against Discrimination (MCAD) that the defendant Haddad Motor Group, Inc. did thereby discriminate plaintiff.

Plaintiff, provided documentation to the MCAD regarding plaintiff's documented disability. The MCAD, by and through its Chief Deputy Counsel, James Levinsky, denied the plaintiff his due process rights and denied the evidentiary standards presented to the MCAD and did thereby violate Massachusetts Constitution Article I (CVI), Article V, Article X, Article XI, Article XIV; Title VII of the Civil Rights Act of 1863, 1964, 1971, and 1991; United States First, Fourth and Fourteenth Amendments; 42 U.S.C. §2000e-2; 20002-3; Americans with Disabilities Act of 1973 and 1990; Provisions of a reasonable accommodation pursuant to section 102(b) of the Americans with Disabilities Act of 1990 or regulations implementing section 501 of the Rehabilitation Act of 1973.

Notwithstanding plaintiff's factual, documented medical notes, the defendants, Haddad Motor Group, Inc., by their Counsel, John Barker, and the Managers, David Michael Coggins, James Salvie, and Timothy Cardillo, each perjured their testimony in order to have a litigious advantage during the pendency of the MCAD hearings. The defendants, however, through their chosen counsel, falsified information, while corroborated each other's testimony, regarding a note that stated "work with Scott" which was submitted to the defendant's, one day after a meeting, during which plaintiff engaged in protected activity of requesting a reasonable accommodation for his documented disability. This same note identified plaintiff's doctor, plaintiff's doctor's address, the disability, and the request from the doctor to the employer. Had the defendants John Barker, David Michael Coggins, James Salvie, and Timothy Cardillo, not perjured testimony through affidavits, this matter would not be before this Honorable Court.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT    2

Plaintiff seeks to amend the complaint to include the defendant John Barker and the law firm of Michienzie & Sawin for perjuring testimony before the Massachusetts Commission Against Discrimination.

II

**THE DEFENDANTS HAVE FAILED TO ANSWER THE COMPLAINT OR OTHERWISE DEFEND THIS ACTION AND THE PLAINTIFF IS ENTITLED TO A JUDGMENT BY DEFAULT**

Rule 12(a)(1)(a) of the Federal Rules of Civil Procedure provides that a defendant shall serve answer to a complaint within twenty days of service of the latter. As noted above, Complaint in this case was filed on January 6, 2006, and personally served upon the defendants, through Patty Woods, Assistant to the Commissioner on January 14, 2006. The Summons, issued by the Court on ~~4/4/2005~~ 1-6-2006 served upon the defendants together with the Complaint, notified the defendants of their obligation to file an answer with the Clerk of the Court, and to serve a copy of the Answer upon the United States, within twenty days from the date of service. Twenty days, excluding the Birthday of Martin Luther King, Jr. (Fed.R.Civ.P.6(a)), from the January 14 service date was February 3, 2006. As of May 17, 2006, defendant has not filed an answer with the Clerk, has not served an answer upon the plaintiff, and has not responded to the civil action instituted against it by the United States. To this date, defendant has undertaken no defense in this matter.

Plaintiff recognizes that entry of default judgment against a defendant is a severe remedy. See, e.g., E.F. Hutton & Co., Inc. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972). Whereas here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. See In re Knight, 833 F.2d

1515, 1516 (11th Cir. 1987)(where party offers no good reason for late filing of answer, entry of default judgment appropriate); First City Nat'l Bank of Fort Worth v. Cook, 117 F.R.D. 390 (N.D. Tex. 1987) (default judgment appropriate where party served has failed to answer). Plaintiff would prefer that this case be decided upon its merits and has every confidence it would prevail at trial. Since the defendants does not appear disposed to defend this action, however, this Court has as the only avenue available against the defendants herein aforementioned, to conclude this matter, the entry of default judgment against defendants Massachusetts Commission Against Discrimination, Cynthia Tucker, James Levinsky, and Migdalia Rivera.

III

### THE INJUNCTIVE RELIEF SOUGHT BY THE PLAINTIFF SHOULD BE AWARDED BY THIS COURT

When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true, and this rule applies whether the complaint seeks legal or, as in this case, equitable relief. Fed. Trade Comm'n v. Kitco of Nevada, Inc. 612 F. Supp, 1282 (D.C. Minn. 1985) The Plaintiff is submitting to this Court, together with this MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT, should the Court agree to enter a judgment by default against defendant, the plaintiff offers the following summary of what it expects its evidence would have shown at a trial of this matter.

A. Massachusetts Commission Against Discrimination

The Massachusetts Commission Against Discrimination, in concert with the Equal Employment Opportunity Commission, is actively denying complaints of, and for, discrimination by the citizens of the Commonwealth of Massachusetts in order that the

Commonwealth of Massachusetts will receive funding through other agencies, including, but not limited to, the Massachusetts Commission Against Discrimination.

These actions between the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission are in violation of the Clayton Act, the Sherman Act, the Robinson Patman Act, and have, effectively, denied the plaintiff United States Statutory provisions of the Americans with Disabilities Act, the Rehabilitation Act, provisions of a reasonable accommodation pursuant to section 102(b)(5) of the Americans with Disabilities Act of 1990 or regulations implementing section 501 of the Rehabilitation Act of 1973, and Title VII of the Civil Rights Act of 1863, 1964, 1971, 1991.

Under Fed.R.Civ.P. 6(b)(2), an enlargement of time may be granted upon motion made after the expiration of the specified period where the failure to act was the result of excusable neglect. The law of the First Circuit is clear, however, in that neither intraoffice delays nor an attorney's busy schedule can form the basis for a finding of excusable neglect. *Air Line Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir.1978); *Pinero Schroeder v. Federal National Mortgage Association*, 574 F.2d 1117 (1st Cir.1978); *Picucci v. Town of Kittery, Maine*, 101 F.R.D. 767 (D.Me.1984). (Quoting from Grover v. Commercial Ins. Co. 104 F.R.D. 136, *138 (D.C.Me.,1985).

Default and default judgment are two different things. *See* Rule 55. If a defendant fails to file an answer in response to a complaint, and the plaintiff notifies the Court, then the Clerk must enter default against that defendant. *See* Rule 55(a). Once default has been entered against a defendant, then it is incumbent upon the plaintiff to make clear the

amount of damages to which it is entitled and to make a motion for default judgment. At that point, the Court can enter default judgment against a dilatory defendant. *See* Rule 55(b).

The purpose of default and default judgment is to ensure that defendants promptly respond when a lawsuit has been filed against them. *See, e.g.,* Wright, Miller & Kane, Federal Practice & Procedure § 2693 (West 1998) (default and default judgment "are significant weapons for enforcing compliance with the rules of procedure and therefore facilitate the speedy determination of litigation." ) (internal footnotes omitted). Pursuant to Rule 55(c), the Court may only set aside default upon a showing of "good cause." It is within the discretion of the Court to determine whether good cause warrants setting aside an entry of default. *See, e.g., United States v. One Urban Lot Located at 1 Street A-1*, 885 F.2d 994, 997 (1st Cir.1989). Kingvision Pay-Per-View Ltd. v. Niles  150 F.Supp.2d 188, *190 (D.Me.,2001)

Plaintiff presented factual documentation to the defendants, Haddad Motor Group, Inc.  The Massachusetts Office of Disability advocated on behalf of plaintiff on two separate occasions at the Springfield, Massachusetts office of the Massachusetts Commission Against Discrimination.  Plaintiff presented the aforementioned medical documentation to the defendants Massachusetts Commission Against Discrimination. The Massachusetts Commission Against Discrimination disregarded the factual presentation of material facts, disregarded plaintiff's representative advocate (MOD), and denied plaintiff due process rights by failing to record the probable cause hearing, and failed to inform the plaintiff of, including, but not limited to, due process rights within the

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT                6

statutory time frame to file suit in the Superior Court of Berkshire County of the Commonwealth of Massachusetts.

The Massachusetts Commission Against Discrimination is a political subdivision of the Commonwealth of Massachusetts and has the capacity to sue and be sued. The Massachusetts Commission Against Discrimination failed to enforce the laws of the United States and the laws of the Commonwealth of Massachusetts. Defendants failure to provide implementation of federal laws on the behalf of plaintiff, for failure to abide by their own internal policies, including but not limited to, M.G.L. c. 151B §4 warrants plaintiff's right to default final judgment against the defendants.

## EXPLANATION OF THE DEFAULT FINAL JUDGMENT PRAYER FOR RELIEF & PRAYER FOR OTHER RELIEF

Plaintiff believes that the Default Final Judgment provides an adequate remedy for the alleged violations. The Default Final Judgment is intended to insure defendant Massachusetts Commission Against Discrimination does not continue to attempt to deny qualified individuals such as plaintiff, that have proven a prima facie case of discrimination, before them, by denying or disregarding their factual and proven claims of discrimination under the laws of the United States and the laws of the Commonwealth of Massachusetts.

WHERFORE, for the aforementioned reasons herein described, plaintiff respectfully prays for judgment as follows:

a.  That this Court permanently enjoin by injunctive relief the conduct of defendant(s), their officers, agents, servants, and employees and direct defendant(s) to cease and desist their discriminatory practices.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT                7

b. That this Court render a Declaratory Judgment declaring the defendants' conduct infringing upon the civil rights accorded by both federal and state Constitutions, against the plaintiff, to be egregious and invalid, and that their action is an unconstitutional infringement of plaintiff's rights to life, liberty and the pursuit of happiness and plaintiff's right to equal employment opportunities.

c. That this Court render a judgment for the plaintiff, against the defendants, in all aspects herein alleged and claimed regarding plaintiff's rights to United States constitutional protections, federal Law and Massachusetts constitutional protections, Massachusetts state law that the defendant(s) action is in violation of these Constitutions and laws and the defendant(s) actions have been an infringement of plaintiff right to the Constitutions and laws, respectively;

d. That this Court apply the standards of criminal conduct against defendant(s) violations of federal and state law regarding defendants unequal treatment of the plaintiff and plaintiff's Civil Rights and discriminatory practices against the Americans with Disabilities Act.

e. That this Court retain jurisdiction of this matter for the purpose of enforcing the Court's order;

f. That this Court exercise discretion pursuant to Rule 65 of the Federal Rules of Civil Procedure to accelerate the trial on the merits;

g. That this Court order a trial by jury to assess actual, punitive and compensatory damages suffered by plaintiff due to defendant(s) flagrant violation of plaintiff's constitutional rights;

h. That this Court issue the requested injunctive relief without condition of bond or surety or other security being required of plaintiff.

## **PRAYER FOR OTHER RELIEF**

i. Grant to plaintiff an award of actual, punitive and compensatory damages for each of the Causes of Action herein described in the amount of $100,000,000.00 with interest and costs;

j. Grant to plaintiff an award of the costs of litigation, including reasonable attorneys' fees and expenses;

k. Grant such other and further relief as this Court deems just and proper.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT            8

I have stated all of the above based upon my own knowledge, information

and belief; and so far as upon my information and belief, I believe this

information to be true.

Sworn to under the pains and penalties of perjury this 5 day of June, 2006

Most respectfully submitted this 5 day of June 2006.

Scott Stern
All Rights Reserved without Prejudice
Sui Juris
400 West Main Street
North Adams, Massachusetts 01247

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT
FINAL JUDGMENT                    9