FILED
IN CLERK'S OFFICE

United States District Court
District of Massachusetts
Western Division

2006 JUL -8  A  9: 33

U.S. DISTRICT COURT
DISTRICT OF MASS

Springfield, Massachusetts                  Civil Action No.05-30160-KPN

SCOTT STERN,                            ) MOTION TO AMEND THE COMPLAINT
                                        )
              Plaintiff,                 ) MOTION TO RESERVE DEFENDANT
                                        )
                                        )
      vs.                               )
                                        )
HADDAD MOTOR GROUP, INC., et. al.       )
                                        )
      Defendants                        )
                                        )
                                        )
_____ )

        Now comes plaintiff and moves this court for an order for a Motion to Amend the

Complaint to allow the plaintiff to include the individual, an Attorney, John C. Barker,

and the law firm of Michenzie & Sewin, LLC as defendants for the foregoing reasons.

        By and because of the egregious, wanton, illegal and immoral actions of the

defendant, John C. Barker, by and because of false representations to the Massachusetts

Commission Against Discrimination that certain known factual and proven documents

existed, contrary to the Professional Rules of Conduct and the Federal Rules of Evidence,

the defendant, John C. Barker averred falsely to the Massachusetts Commission Against

Discrimination that documents did not exist.

        Wherein, defendant John C. Barker's clients, Michael Coggins,


MOTION TO AMEND COMPLAINT:  J. BARKER; M&S; K. DOME; RESERVE C.

BORGES

1

James Salvie, and Timothy Cardillo, each; individually, and in their capacity of representing the defendant Haddad Dealerships of the Berkshires, Inc. signed notarized affidavits before a duly authorized Notary Public of the Commonwealth of Massachusetts that averred and stated said a document did exist, and did thereby swore to an oath that said document existed, of which, the defendant, John C. Barker, averred during the initial Massachusetts Commission Against Discrimination Hearing that said document did not exist and was not provided, further falsifying and contradicting previous statements and testimony of the defendants, and;

Wherein, plaintiff, your moving party, either through this action or in a separate action has a separate and specific cause of action against the defendant John C, Barker and the law firm of Michenzie and Sewin, LLC for averring false statements to the tribunal that was hearing the discrimination claim against the defendants, and;

Wherein, in the interest of justice, and to make better use of the Court's precious time, it would be in the best interest of the Court to allow this Motion to Amend the Complaint to include the defendant John C. Barker and the law firm of Michenzie & Sewin, LLC, and;

Wherein, the defendant, John C. Barker, and the law firm of Michenzie & Sewin, LLC are officers of the court and are held to standards to insure that there is fairness to the opposing party, and the truthfulness to the tribunal to which they represent their clients, and;

Wherein, in the words of the great United States Supreme Court Justice Felix Frankfurter, whose words are engraved on the first floor lobby in the John Joseph Moakley United States District Court in Boston, Massachusetts which states:

MOTION TO AMEND COMPLAINT:  J. BARKER; M&S; K. DOME; RESERVE C. BORGES

"Justice is but truth in action"

Wherein, the defendant, John C. Barker, by and because of the

false averments to the tribunal known as the Massachusetts Commission Against

Discrimination, plaintiff, by excusable neglect, should have named the defendant in this

instant matter, and;

Wherein, pursuant to Federal Rules of Civil Procedure, the defendant John C.

Barker was verbally notified that Scott Stern, the plaintiff, would be submitting a Motion

to Amend the complaint on April 18, 2006, and;

Wherein, plaintiff, your moving party, prays also that this Court will grant

plaintiff the right to reserve Crystal Borges, whom was not properly served by no fault of

the plaintiff, by the United States Marshall Service, but by fault of the defendant

Massachusetts Commission Against Discrimination failing to provide the address of the

defendant and stating that a former intern, acting as an "investigator" was an "unknown

person." Plaintiff also prays to amend the complaint to include Karen Dome, the first

investigator during the pendency of proceedings before the MCAD, that failed to

properly identify a prima facie case of discrimination under the supervision of the

defendant, and failed to identify the plaintiff's proper gender, with defendant Migdalia

Rivera of the MCAD, by means of a "form letter" to deny plaintiff rights, privileges and

liberties guaranteed by the United States and Massachusetts Constitutions. The acts and

actions of the defendants violated plaintiff's rights, liberties and privileges and were

under the supervision of Massachusetts Commission Against Discrimination's Chief

Deputy Counsel, James Levinsky.


MOTION TO AMEND COMPLAINT: J. BARKER; M&S; K. DOME; RESERVE C.

BORGES

Wherein, pursuant to Federal Rules of Civil Procedure, the defendant, John C. Barker, was verbally notified by Scott Stern, the plaintiff, would be submitting a Motion to Amend the Complaint on April 18, 2006, and;

Wherein, plaintiff properly served notice to the defendants John C. Barker and Michienzie & Sawin, prior to the hearing of May 17, 2006 before the Honorable United States Magistrate Judge, Kenneth P. Neiman on or about May 16, 2006.

Wherefore, by and for the aforementioned reasons, plaintiff hereby moves this Honorable Court for a Motion to Amend the Complaint to include the defendant John C. Barker and the law firm of Michenzie & Sewin, LLC, and;

Wherefore, by and for the aforementioned reasons, defendant John C. Barker would be sued in his individual and corporate capacity for the law firm of Michenzie & Sewin, LLC, and

Wherefore, by and for the aforementioned reasons, defendant Michenzie & Sewin, LLC are herein sued in its official corporate capacity.

As and for grounds and good cause, plaintiff, sui juris, was violated by the defendants actions and denied federal and state rights accorded persons with disabilities; to protect and maintain his civil and legal rights accorded by the United States and the Commonwealth of Massachusetts Constitutions and their respective laws, codes and guidelines, it is necessary and relevant to amend the complaint to include the defendant John C. Barker and the law firm of Michenzie & Sewin, LLC.

MOTION TO AMEND COMPLAINT: J. BARKER; M&S; K. DOME; RESERVE C. BORGES

4

Most respectfully submitted this 6 day of June, 2006.

Scott Stern
All Rights Reserved without Prejudice
Sui Juris
Pro Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

MOTION TO AMEND COMPLAINT: J. BARKER; M&S; K. DOME: RESERVE C.

BORGES

United States District Court
District of Massachusetts
Western Division

Springfield, Massachusetts

Civil Action No. 05-30160-KPN

Scott Stern,

400 West Main Street,

North Adams, Massachusetts 01247,

      Plaintiff,

    vs.

Haddad Motor Group, Inc.; James

Salvie; David Michael Coggins;

Timothy Cardillo; George Haddad, in

their personal and official

capacities of Haddad Motor Group,

Inc., 130 Pittsfield Lenox Road,

Pittsfield, Massachusetts 01201

and

John Barker, in his personal and

corporate capacity of partner of the

firm Michienzie & Sawin, LLC.;

Michienzie & Sawin, LLC, Resident

Agent, 745 Boylston Street, Boston,

Massachusetts, 02116-2636

and

Cynthia Tucker; James Levinsky;

) Amended Complaint against Defendants
) for Wrongful termination,
) discriminatory practices, harassment
) and retaliation in violation of
) M.G.L. Chapter 151B §4, subd. 16,
) Intentional Interference with
) advantageous contractual relations;
) Intimidating Behavior; Violations of
) M.G.L. Chapter 265 §43A Criminal
) Harassment; M.G.L. Chapter 274,
) Section 2 and Section 7; M.G.L.
) Chapter 12, Section 11H and Section
) 11 I; M.G.L.; Massachusetts
) Constitution Articles I(CVI), Article
) V, Article X, Article XI, Article XIV
) United States Constitution First, Fourth,
) and Fourteenth Amendments;
) 42 U.S.C. §2000e-2; 20002-3;
) Americans with Disabilities Act of
) 1973, and 1990; Provisions of a
) reasonable accommodation pursuant to
) section 102(b)(5) of the Americans
) with Disabilities Act of 1990 or
) regulations implementing section 501
) of the Rehabilitation Act of 1973.
) Title VII of the Civil Rights Act of 1863,
) 1964, 1971 and 1991
)
) DEMAND FOR JURY TRIAL OF ALL ISSUES.
)

Migdalia Rivera; Crystal Borges, in
their personal and official
capacities of the Massachusetts
Commission Against Discrimination
436 Dwight Street, Suite 220
Springfield, Massachusetts
and,

Robert Sanders, in his personal and
official capacity as Director of the
Equal Employment Opportunity
Commission, John F. Kennedy Federal
Building Government Center, Room 475
Boston, Massachusetts 02203
and

Joseph Alvarado, in his personal and
official capacity as State and Local
Manager of the Equal Employment
Opportunity Commission,
33 Whitehall Street
New York, New York  10004-2167

Now comes plaintiff, Scott Lee Stern, and seeks to enforce the
Laws of the United States and the Commonwealth of Massachusetts against
the defendant(s) herein named, in declaration of the plaintiff's right
as a wronged, injured and aggrieved person and citizen of the United

States of American and the Commonwealth of Massachusetts caused by the named defendants, and, in declaration of the plaintiff's rights as a citizen of the United States of America, and a person of the Commonwealth of Massachusetts for the reasons and complaints herein set forth in this complaint, the plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1)    The defendant(s), herein named, did hereby knowingly, wantonly, recklessly, purposefully and maliciously engage in, the act and actions of discriminating against the Plaintiff, on various dates and times, during the course of Plaintiff's employment with the Defendant herein alleged.

2)    The plaintiff, Scott Lee Stern, was an employee of the Defendant, Haddad Motor Group, Inc. located at 130 Pittsfield/Lenox Road, in Pittsfield, Massachusetts, on or around May 1, of the year 2002 and through February 3 of the year 2003.

3)    The plaintiff, Scott Lee Stern, was employed as a Sales and Leasing Representative at the Haddad Dealership, selling Toyota, Hyundai, Buick, Chevrolet and Jeep products and accessories.

4)    The defendant, David Michael Coggins, General Manager, was plaintiff's General Manager and the individual responsible for hiring the plaintiff and was a supervisor to the plaintiff.

5)    The defendant, James Salvie, is General Sales Manager and was one of several supervisors to the plaintiff.

6)    The defendant, Timothy Cardillo, was a Sales Manager and was one of several supervisors to the plaintiff.

7)    The defendant(s), Massachusetts Commission Against Discrimination, Cynthia Tucker, Investigating Commissioner, James Levinsky, Deputy General Counsel, Migdalia Rivera, Compliance Officer II and Crystal Borges, Investigator, were individuals that failed to uphold the Massachusetts General Laws regarding employment and disability discrimination that were perpetrated against the Plaintiff by the Defendants and conspired to hide obvious and material facts that clearly showed plaintiff's disability; failed to employ plaintiff's documentation, on two separate occasions, in order to allow the defendant(s) Haddad Motor Group, Inc. to prevail in plaintiff's complaint with the Massachusetts Commission Against Discrimination.

### FACTS

8) Plaintiff hereby alleges the allegations stipulated in paragraphs one (1) through seven (7) and incorporates them herein.

9) Haddad Motor Group, Inc. hired the plaintiff on or about the last week of April 2002 as a Sales and Leasing Representative.

10) Plaintiff received high scores in customer service from customer feedback surveys.

11) Plaintiff received passing or better test scores relative to the continuing education Defendant verbally stated that plaintiff was mandated to participate in as a condition of employment.

12) Defendant did not mandate all employees to participate in continuing education and engaged in a manner and activities to treat plaintiff differently than other Sales and Leasing Representatives at

the dealership, and did such by creating a hostile and intimidating work atmosphere.

13)  During the time plaintiff worked at Haddad, Plaintiff was subjected to unfair and unequal treatment by his supervisors.

14)  Because of Plaintiff's disability, Bipolar Disorder, plaintiff would, on occasion, arrive tardy to work.

15) Plaintiff worked as many as sixty (60) to eighty (80) hours a week without a day off, week to week.

16) Plaintiff was instructed to copy one time record by management and submit a pre-written time record for the hours worked, contrary to general and standard employment practices of keeping accurate time records.

17) On several occasions that Plaintiff knew he was going to be late for work, Plaintiff would give Defendant Haddad Dealerships a telephone Courtesy call to let his employer know of his situation.

18) On several occasions, David Michael Coggins, Defendant, or James Salvie, Defendant, would inform Plaintiff that Plaintiff should not show up for work and Plaintiff would be suspended for the weekend.

19) On several occasions, Defendant James Salvie, created false and embarrassing scenes, in front of other Sales and Leasing Representatives and unfairly singled plaintiff out for disparate treatment and, upon one such occasion, physically moved plaintiff out of the meeting room, by grabbing plaintiff's arm, without provocation, based on defendant James Salvie's thought that plaintiff had been late, while plaintiff had been on time to the meeting. This action was to

prevent plaintiff from expressing dissenting views contrary to the defendant James Salvie. In addition, this meeting that the defendant removed the plaintiff without his consent, consisted of other staff members "voting" on the re-hire of a former employee. Plaintiff was denied the right to participate and was singled out from this meeting.

20) Defendant James Salvie employed tactics alleged in paragraph nineteen (19) on numerous occasions in an effort to humiliate, denigrate, demoralize and demean the plaintiff in front of other Sales and Leasing Representatives.

21) The Defendants, David Michael Coggins, and James Salvie, would not treat other Sales and Leasing Representatives in the same manner and fashion with regard to suspensions or days off as they did plaintiff.

22) The defendant, James Salvie, purposely did this to affect plaintiff's ability to be motivated to sell vehicles in an attempt to terminate the plaintiff.

24) On or about November 25, 2002, Defendants and Plaintiff had a meeting regarding plaintiffs tardiness and ability to arrive to work on time.

25) On or about November 25, 2002, plaintiff requested the federal right to a reasonable accommodation from his employer by verbal request and was denied this verbal request, by the General Sales Manager, David Michael Coggins. Plaintiff further requested that plaintiff be allowed to submit this request in writing, and was informed, by the Defendant, David Michael Coggins, "denied". This

denial was a violation of Federal and State law, and the defendant discriminated plaintiff, by and because of his disability, bipolar disorder.

26) On or about November 26, 2002, Plaintiff engaged and conversed in a four way meeting with the Defendants, David Michael Coggins; James Salvie, General Sales Manager; Timothy Cardillo, Sales Manager, and Used Car Manager, Joseph Scibelli, who was not a direct supervisor of the plaintiff.

27) On or about November 26, 2002, Defendant Timothy Cardillo asked plaintiff for clarification of what constituted "flex time" regarding Plaintiff's reasonable accommodation request, and plaintiff answered accordingly for his personal definition.

28) On or about November 26, 2002, Plaintiff was asked to disclose exactly what my condition was to all the managers present. Although plaintiff felt pressured to reveal his diagnosis, in front of all four managers, plaintiff did so with much anguish.  Plaintiff presented a doctor's note, a medical request for blood work, folded and edge tattered, but legible, to be shown to the defendants in a meeting as described in paragraph twenty six (26), in violation of his right to privacy, and that said note clearly stated that: a) plaintiff was under a Doctor's care (b) plaintiff's doctor had an address and telephone number (c) plaintiff's doctor note clearly described a disability recognized by the Americans with Disabilities Act as a mental impairment d) This note also indicated a request for "blood work" for

the plaintiff relative to plaintiff's need to be monitored for certain chemical levels in plaintiff's system.

29) On or about November 26, 2002, at this meeting, plaintiff was instructed to exit this meeting in order that management could discuss the request for reasonable accommodation.

30) On or about November 26, 2002, while plaintiff was waiting in the adjoining room, with a Finance Manager, Frank Foley, Plaintiff could hear the four managers laughing regarding the nature of Plaintiff's condition and disability, directly after having been in a meeting with the four managers as described in paragraphs (26) through (29).

31) On or about November 26, 2002, plaintiff was called back into the meeting with the four managers and plaintiff was formally denied the right to "flextime" and plaintiff's request, by either verbal or written submission, was also denied by David Michael Coggins, General Sales Manager.

31) On or about November 26, 2002, plaintiff was requested to seek further medical documentation or a note from his doctor regarding his disability.

32) On or about November 26, 2002, plaintiff informed Management that plaintiff had a pre-scheduled appointment with plaintiff's Doctor on November 27, 2002 and would seek the letter or note management was requesting.

33) On or about November 27, 2002, plaintiff met with his doctor, Michael Perlman, M.D. and Dr. Perlman wrote a note requesting that plaintiff's employer "work with Scott".

34) On or about November 27, 2002, plaintiff presented this note to Defendants which substantiated that plaintiff:

a) Has a recognized Disability, "Bipolar Disorder."

b) Is under a doctor's care, naming the doctor, the doctor's address, and the doctor's telephone number.

35) The note referenced in paragraph thirty-four (34) also stated the following, regarding the doctor:

a) "I'm a psychiatrist who treats Scott Stern for Bipolar disorder"

b) "He is definitely improving"

c) "I encourage his employer to work with him as he continues to improve."

36) While the note did not directly state that plaintiff needed to be accommodated for his illness, the note did state legible and factual information relative to plaintiff's disability.

37) On or about November 27, 2002, upon this note being presented to management, James Salvie, General Sales Manager, began to scream, denigrate, demoralize, and demean plaintiff in David Michael Coggins office with no other management present to the point that plaintiff was so unnerved and rattled, so alarmed, that plaintiff began to weep profusely from the egregious, wanton, reckless and discriminatory behavior of defendant James Salvie's act and actions.

38) Defendant James Salvie's unfair, harsh, and unequal treatment of plaintiff was so distressing that plaintiff was negatively demonstratively impacted by causing plaintiff to weep and become distraught. Defendant engaged in behavior that exhibited defendant's visceral negative attitude toward the plaintiff. Defendant stated remarks that defendant was "sick of plaintiff" and that defendant was "tired of plaintiff's excuses" among other abusive language, repeatedly; tone and rhetoric, body language, utilized to demoralize, demean and denigrate the plaintiff.

39) Over the course of the next three months, defendants David Michael Coggins, James Salvie, and Timothy Cardillo engaged in direct and indirect actions to denigrate, demoralize, demean and derail plaintiff and plaintiff's ability to sell vehicles at Haddad Motor Group, Inc.

40) Defendant James Salvie, engaged in the act and action of stealing and transferring bona-fide sales leads, by depriving plaintiff of sales leads, on numerous occasions, in order to ensure that defendant James Salvie's relative would have ample sales, and, in so doing, prevented plaintiff the ability to earn a living contrary to federal and state laws and interfered with plaintiff's rights and liberties pursuant to the United States Constitution of right to "life, liberty, and the pursuit of happiness."

41) Defendant James Salvie, engaged, directly in preventing plaintiff from receiving split commissions regarding sales with other sales representatives whereupon plaintiff's sales leads, that

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S10

consummated into sales, plaintiff was denied commissions regarding certain sales that were part of plaintiff's customer database.

42) Defendant James Salvie, on more than one occasion removed sales leads from plaintiff's database in an effort to negatively affect plaintiff's work production and to intentionally interfere with plaintiff's ability to sell vehicles to individuals, professionals, and businesses that plaintiff had been working with for several weeks prior to the sale being consummated.

43) Defendant James Salvie, on or about the last week of January 2002, acknowledged that "it was against his better judgment, but would grant plaintiff the ability to be up to fifteen minutes late to work".

44) On or about this meeting with defendant James Salvie and Timothy Cardillo, defendants engaged in "writing up" plaintiff for being late while attempting to "accommodate" plaintiff's disability.

45) On or about February 3, 2003, a client of plaintiff's who was purchasing a pre-ordered Toyota Avalon, refused to pay for an unnecessary and usurious fee that Haddad Dealerships levied against all of its customers under false and misleading pretenses.

46)  This fee, called the "documentation fee" was charged against every consumer upon purchasing a vehicle in the amount of one hundred and sixty dollars ($160.00).  In the event that a consumer objected to this fee, the dealership would reduce the selling price of the vehicle to counter the cost of this fee.

47) On or about February 3, 2003 this client adamantly objected to this manipulation of numbers on the part of the dealership and refused to pay for the "documentation fee" one way or another.

48) Defendant James Salvie, became so irate and upset that plaintiff's customer had refused to pay for this fee, that defendant James Salvie sought plaintiff out and began to terminate plaintiff under the premise that plaintiff was "six (6) minutes late."

49) On May 2, 2003 Plaintiff formally filed with the Massachusetts Commission Against Discrimination charges against the defendant Haddad Motor Group, Inc.; David Michael Coggins; James Salvie; and Timothy Cardillo.

50)  On or about September 15, 2003 Defendant David Michael Coggins stated and declared, under Penalties of Perjury, in Respondent's Answer to Charge of Discrimination that Plaintiff's note did not indicate necessary and relevant information regarding plaintiff's disability.

51) Defendant David Michael Coggins statements include the following:

a) "Complainant (plaintiff) has never shown any proof that he is in fact bi-polar."

b) "Complainant (plaintiff) flashed and read a crumpled-up, handwritten note that he claimed was from a doctor"

c) "which note allegedly asked complainant's employer (respondent) to "work with" complainant (plaintiff)"

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S12

d) "The note did not indicate any diagnosis or identify any disability"

e) Complainant would not give the note, or a copy thereof, to respondent, and respondent could not see the name of any doctor on that note to enable respondent to verify complainant's (plaintiff's) claim concerning his disability"

f) Respondent's General Manager, David Michael Coggins, specifically asked complainant (plaintiff) to provide a letter from his doctor indicating the nature of his disability and stating the need for the accommodation that complainant (plaintiff) requested". This is supported by respondent David Michael Coggins affidavit.

g) "Complainant never provided such a letter, nor did any medical provider ever contact respondent with regard to plaintiff's alleged disability."

h) "To this date, respondent has received no proof that complainant was (1) bi-polar, (2)disabled (partially or totally), or (3) entitled to any accommodation such as being able to arrive 15 minutes late every day because of his alleged disability."

52) Defendant James Salvie, in signed Affidavit of August 14, 2002 corroborates plaintiffs argument that Plaintiff stated to defendant he had a particular, recognized disability, and that plaintiff further was requested "to bring a doctor's note", and that this note further corroborates that a note was presented from a doctor and:

a) A doctor's note was presented that said "work with Scott"

53) Defendant Timothy Cardillo, in signed Affidavit of August 13, 2003 corroborates Plaintiff's argument that Plaintiff requested a reasonable accommodation under the Americans with Disabilities Act by his statement that Plaintiff said that:

a) "The manner in which he brought it up was taken as a direct threat of a lawsuit if we didn't back off the issue of his tardiness."

54) Defendant Timothy Cardillo further stated in the aforementioned Affidavit that Plaintiff:

a) "Scott did take out of his wallet a crumpled piece of note paper that said please work with Scott"

55) Defendants David Michael Coggins, James Salvie, and Timothy Cardillo, actively engaged in perjuring and falsifying testimony in order to persuade, convince and aver false testimony to the Massachusetts Commission Against Discrimination that there actions were not discriminatory in nature.

56) Plaintiff procured the Massachusetts Office of Disability to represent plaintiff; and litigated the matter before the Massachusetts Commission Against Discrimination, on two separate occasions.

57) At the first hearing before James Levinsky, Deputy General Counsel of the Massachusetts Commission Against Discrimination, plaintiff was able to clearly show the Commission that the same note that had the words "I encourage his employer to work with him as he continues to improve" (corroborated and referred to by the defendants as "work with Scott") was a note that was:

a) Signed by Doctor Michael Perlman, on medical prescription note paper by Dr. Michael Perlman.

b) The practice that Doctor Michael Perlman is engaged in, Psychiatry.

c) The address of the Doctor, 57 Gothic Street, Northampton, Massachusetts.  01060

d) The diagnosis of the respondent/plaintiff (Bipolar Disorder)

e) The date that this note was written, November 27, 2002.

58) The Massachusetts Commission Against Discrimination erroneously and egregiously denied plaintiff's wrongful termination action.

59) Plaintiff appealed this decision of the Massachusetts Commission Against Discrimination and sought to overturn this erroneous and egregious decision. Plaintiff had the Massachusetts Office of Disability, Phyllis Mitchell, litigate on his behalf for this appeal as well as the initial probable cause hearing.

60) Upon the determination of the Appeal, the defendants once again prevailed contrary to established federal law, and established state law, and contrary to Federal and State judicial decisions.

61) Plaintiff appealed the decision of the Massachusetts Commission Against Discrimination to the Equal Employment Opportunity Commission.

62) The Equal Employment Opportunity Commission, in letter dated April 20, 2005, from Robert Sanders, Boston Area Office, Director, stated the following:

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S15

"Under the terms of a work sharing agreement between the
Massachusetts Commission Against Discrimination (MCAD) and the Equal
Employment Opportunity Commission, (EEOC, the MCAD had initial
responsibility for investigating your charge. Although the MCAD dual-
filed your charge with the EEOC to protect your federal suit rights,
our work sharing agreement with the MCAD provides that the EEOC will
not initiate a duplicate investigation of cases being investigated by
the MCAD, Consequently, the EEOC held that your charge in suspense
pending completion of the MCAD's investigative process."

63) The Equal Employment Opportunity Commission under the
Director Robert Sanders, failed to enforce federal law.  The EEOC
failed in its mandate to investigate the complaint but relied on the
erroneous decision of the MCAD which defied logic and the substantiated
and corroborated evidence that the defendant Haddad Motor Group, Inc.,
averred false and misleading testimony in order to prevail in
litigation against the plaintiff.  By failing in its mandate, the EEOC
conspired to deny plaintiff his federal rights regarding employment and
thereby discriminated against the plaintiff in concert with the
defendant(s) David Michael Coggins, James Salvie, and Timothy Cardillo
and the M.C.A.D.

64) The Equal Employment Opportunity Commission rubberstamped the
finding of the Massachusetts Commission Against Discrimination's
decision of May 27, 2004; and the Massachusetts Commission Against
Discrimination decision of September 29, 2004, without conducting any
necessary, relevant, factual, and in-depth review and research into the

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S16

allegations stated in the plaintiff's complaint against the
defendant(s), Haddad Dealership of the Berkshires, Inc.

### Plaintiff's request for relief from the Administrative Proceedings of the MCAD and the EEOC and hereby states a claim upon which relief can be granted

65) Plaintiff hereby incorporates and re-alleges paragraphs
one(1) through sixty-four (64) as if they are fully set forth herein
and hereby states the following:

"Massachusetts General Laws, Chapter 151B, Section 4(16)
prohibits discrimination in employment on the basis of handicap.
General Laws, Section 1(17) defines handicapped person as one "who has
A physical or mental impairment which substantially limits one or more
of such person's major life activities, has a record of such impairment
or is regarded as having such impairment."

66) Plaintiff hereby incorporates and re-alleges paragraphs one
(1) through sixty five (65) as if they are fully set forth herein and
hereby states the following:

"The inclusion in Chapter 151B, Section 1(17) © of the "regarded
as" language indicates a legislative to protect people denied
employment because of an employer's perceptions, whether these
perceptions are accurate or not. Cf., E.E. Black, LTD. v. Marshall,
4968 F. Supp. 1088, 1097; 23 FEP Cases 1260 (D. Hawaii, 1980). See also
45 C.F.R. Section 84.1 et. Seq. (interpreting Section 504
Rehabilitation Act of 1973).

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S17

allegations stated in the plaintiff's complaint against the defendant(s), Haddad Dealership of the Berkshires, Inc.

### Plaintiff's request for relief from the Administrative Proceedings of the MCAD and the EEOC and hereby states a claim upon which relief can be granted

65) Plaintiff hereby incorporates and re-alleges paragraphs one(1) through sixty-four (64) as if they are fully set forth herein and hereby states the following:

"Massachusetts General Laws, Chapter 151B, Section 4(16) prohibits discrimination in employment on the basis of handicap. General Laws, Section 1(17) defines handicapped person as one "who has A physical or mental impairment which substantially limits one or more of such person's major life activities, has a record of such impairment or is regarded as having such impairment."

66) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through sixty five (65) as if they are fully set forth herein and hereby states the following:

"The inclusion in Chapter 151B, Section 1(17) © of the "regarded as" language indicates a legislative to protect people denied employment because of an employer's perceptions, whether these perceptions are accurate or not. Cf., E.E. Black, LTD. v. Marshall, 4968 F. Supp. 1088, 1097; 23 FEP Cases 1260 (D. Hawaii, 1980). See also 45 C.F.R. Section 84.1 et. Seq. (interpreting Section 504 Rehabilitation Act of 1973).

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S1¯

67) Plaintiff hereby incorporates and re-alleges paragraphs one
(1) through sixty six (66) as if they are fully set forth herein and
hereby states the following:

"Where unlawful discrimination is found, the Commission (MCAD) is
authorized to order remedies that will uphold the purposes of the
statute G.L. 151B Section 5. Such remedies may include hiring,
reinstatement, or upgrading an employee, damages for lost wages and
benefits and other out-of pocket costs, and compensation for emotional
distress. Damages "must be proved by the party seeking recovery... and
...the claim must be established upon a solid foundation in fact and
cannot be left to conjecture, surmise or hypothesis." Bowen v.
Colonnade Hotel, 4 MDLR 1007, 1030 (1982); citing Chaiken v.
Springfield School Department, 1 MDLR 1146, 1164 (1979) aff'd MDLR 1537
(1983).

68) Plaintiff hereby incorporates and re-alleges paragraphs one
(1) through sixty seven (67) as if fully set forth herein and hereby
states the following:

"The Commission (MCAD) will award damages to compensate a
complainant for emotional distress when necessary to make the
complainant whole." Bourenwood Hospital, Inc. v. MCAD, 371 Mass 303,
358 N.E.ed 235 (1976)

69) Plaintiff hereby incorporates and re-alleges paragraphs one
(1) through sixty eight (68) as if fully set forth herein and hereby
states the following:

"The Commission (MCAD) has recognized that emotional distress damages may be inferred from the circumstances, as well as proved by testimony." O'Neil v. Karahalis, 10 MLDR 1341, 1367 (1988), citing Gore v. Turner, 536 F.2d 159 (5th Cir. 1977) and Seaton v. Sky Realty Co., Inc., 491 F. 2d 634 (7th Circuit 1974) Furthermore, the Commission has recognized that emotional distress is a natural and probable consequence of discrimination O'Neil, 10 MDLR at 1367, citing Williams v. Transworld Airlines, 669 F. 2d 1267, 1272; Bournewood Hospital, 371 Mass. 303 (1976).

70) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through sixty nine (69) as if fully set forth herein and hereby states the following:

"Plaintiff is a person with a disability as defined by the Americans with Disabilities Act 42 U.S.C. §12001 et. Seq.

71) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy (70) as if fully set forth herein and hereby states the following:

"The Massachusetts Commission Against Discrimination is a public entity as defined in Title II of the Americans with Disabilities Act 42 U.S.C. §12131 (1)."

72) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy one (71) as if fully set forth herein and hereby states the following:

"Title II of the American with Disabilities Act requires that public entities such as the Massachusetts Commission Against

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S19

Discrimination provide auxiliary aids and services to persons with disabilities in order to give them equal access to the programs and services provided by the public entity 28 Code of Federal Regulations 35.104."

73) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy two (72) as if fully set forth herein and hereby states the following:

"The Massachusetts Commission Against Discrimination is a recipient of Federal financial assistance, and, as such, is subject to the requirements of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794. Complainant-plaintiff is a qualified handicapped person as defined by this act."

74) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy-three (73) as if set forth fully herein and hereby states the following:

"Modified Work Schedules are specifically listed in the ADA and in the MCAD Guidelines as a possible form of required accommodation. 42 U.S.C. §12111 (9); MCAD Guidelines. In fact, because of their generic nature, part-time or modified work schedules are a frequently requested form of accommodation. Requests for modified work schedules may include changes to the number of hours worked, changes to a different shift, or changes to "**a flex-time schedule**" (emphasis added)"

75) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy four (74) as if set forth fully herein and hereby states the following:

"The Equal Employment Opportunity Commission has published the the following document: Equal Employment Opportunity Commission, A Technical Assistance on the Employment Provisions (Title I) of the Americans with Disabilites Act: Explanation of Key Legal Requirements (:EEOC Technical Assistance"), §3.10 (3) (published by BNA as Special Supplement to Daily Lab. Rep. No. 18, Jan 28, 1992)

76) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy five (75) as if set forth fully herein and hereby states the following:

"The inability to adapt to a certain shift, moreover, has been found to constitute a possible disability, entitling a worker suffering from such a maladaptation to reasonable accommodation. In Villecco v. General Electric Co., 8 M.D.L.R. 1010 (1986)"

77) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy six (76) as if set forth fully herein and hereby states the following:

"Massachusetts law defines reasonable accommodation as "an adjustment made in the way a job is done to accommodate the limitations imposed upon an individual by a handicap so as to enable him/her to do a job." 8 M.D.L.R. at 2008."

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S21

78) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy seven (77) as if set forth fully herein and herby states the following:

"To be reasonable, an accommodation must "provide an opportunity for a person with a disability to achieve the same level of performance or to enjoy benefits or privileges equal to those of an average similarly situated non-disabled person." 29 C.F.R. App. §1630.9

79) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy eight (78) as if set forth fully herein and hereby states the following:

"Defendant Haddad Motor Group, Inc. modified plaintiff's work schedule by increasing plaintiff's early oriented work shifts in an effort to "accommodate" plaintiff but was designed to further exacerbate plaintiff's disability and condition.

80) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy nine (79) as if set forth fully herein and hereby states the following:

"Defendant(s) engaged in a new policy on or around November 27, 2002 which incorporated the use of time cards for Sales and Leasing Representatives, and that Sales and Leasing Representatives had to "clock in" and "clock out" regarding Sales and Leasing Representatives hours worked.

81) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty (80) as if set forth fully herein and hereby states the following:

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S22

78) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy seven (77) as if set forth fully herein and herby states the following:

"To be reasonable, an accommodation must "provide an opportunity for a person with a disability to achieve the same level of performance or to enjoy benefits or privileges equal to those of an average similarly situated non-disabled person." 29 C.F.R. App. §1630.9

79) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy eight (78) as if set forth fully herein and hereby states the following:

"Defendant Haddad Motor Group, Inc. modified plaintiff's work schedule by increasing plaintiff's early oriented work shifts in an effort to "accommodate" plaintiff but was designed to further exacerbate plaintiff's disability and condition.

80) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventy nine (79) as if set forth fully herein and hereby states the following:

"Defendant(s) engaged in a new policy on or around November 27, 2002 which incorporated the use of time cards for Sales and Leasing Representatives, and that Sales and Leasing Representatives had to "clock in" and "clock out" regarding Sales and Leasing Representatives hours worked.

81) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty (80) as if set forth fully herein and hereby states the following:

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S22

"Over the course of three months, defendant(s) arbitrarily instituted a policy regarding this time clock against the plaintiff and wrongfully applied a set of conditions to plaintiff while failing to apply this same condition to, for and against other Sales and Leasing Representatives."

82) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty one (81) as if set forth fully herein and hereby states the following:

"On the federal level, the primary law protecting disabled persons in the workplace is the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§12101 et. Seq.

83) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty two (82) as if set forth fully herein and hereby states the following:

"Defendant failed to enforce its own rules regarding the tardiness of other sales and leasing representatives and purposefully, egregiously and recklessly held plaintiff to a higher standard and unfairly treated plaintiff to unequal terms and conditions, denied Plaintiff reasonable accommodations, and eventually wrongfully terminated plaintiff's employment based on plaintiff's disability (Bi-Polar Disorder) by modifying plaintiff's work schedule to such an extent that it would preclude plaintiff from achieving that which they were expecting, to be on time, by modifying plaintiff's work schedule to be required to arrive at an earlier time than plaintiff's previous

schedule, prior to the schedule modification and prior to requesting a reasonable accommodation from plaintiff's employer the defendant(s)."

84) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty three (83) as if set forth fully herein and hereby states the following:

"Reasonable Accommodation Defined.  An accommodation is a change in the work environment or in the manner in which duties are accomplished that enables a qualified individual with a disability to enjoy equal employment opportunities." Appendix to 29 Code of Federal Regulations 1630.2 (o)."

85) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty four (84) as if set forth fully herein and hereby states the following:

"Failure to provide reasonable accommodation constitutes discrimination.  An employer's failure to provide reasonable accommodation for a qualified individual with a disability is a form of discrimination under the Act unless the accommodation poses an undue hardship.  The obligation to make such reasonable accommodation applies to all employment decisions and to the job application process.  42 U.S.C. §12112(b)(5)(A); S. Rep. at 31; H. Lab. Rep. at  62; Appendix to 29 C.F.R. §1630.9

### RIGHT OF PLAINTIFF TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED IN ACCORDANCE WITH THE UNITED STATES CONSITUTION, UNITED STATES LAWS, CODE OF FEDERAL REGULATIONS, THE MASSACHUSETTS CONSTITUTION, MASSACHUSETTS GENERAL LAWS, AND CODE OF MASSACHUSETTS REGULATIONS

86)   Plaintiff hereby incorporates and re-alleges paragraphs one

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S24

(1) through eighty five (85) as if set forth fully herein and hereby states the following:

"Plaintiff has brought this action to enforce the laws of the United States, violations by the defendant(s) against the plaintiff's Federal Constitutional Rights under 42 U.S.C. 1983 and the Americans with Disabilities Act of 1990, 42 U.S.C. 12117 (a) and section 505 (a)(1) of the Rehabilitation Act of 1973 (29 U.S.C. 794a(a)(1)"

87)    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty six (86) as if set forth fully herein and hereby states the following:

"Plaintiff has brought this action to enforce the laws of the Commonwealth of Massachusetts, violations by the defendant(s) against the plaintiff's State Constitutional Rights under Articles I (CVI), Article X, Article XI and Article XIV.

88)    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty seven (87) as if set forth fully herein and hereby states the following:

"Plaintiff has brought this action to recover damages, punitive and compensatory, resulting from the egregious, negligent, willful and malicious acts and actions of the defendant(s) against the plaintiff during his employment, and from the failure of the Massachusetts Commission Against Discrimination to hold the Defendant accountable for their actions, and from the failure of the Equal Employment Opportunity Commission to properly investigate the complaint pursuant to its Federal mandate."

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S25

89)    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty nine (89) Plaintiff has brought this action to enforce his equal employment opportunity rights that the EEOC failed to uphold by granting their federal power to review, investigate and adjudicate discriminatory acts and actions of employers by granting the States the federal right of review, employers that wrongfully discharge employees; employers that aver false and misleading statements in order to obtain a litigious advantage in a court of equitable jurisdiction; employers that perjure testimony in order to prevent equitable relief when equitable relief is proper, .

90) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through eighty eight (89) as if set forth fully herein and hereby states the following:

"The illegal activities of the defendant(s) in violation of plaintiff's rights and seeks recourse by this court of proper jurisdiction and venue.  Plaintiff is natural born citizen of the United States and a resident of the Commonwealth of Massachusetts."

<u>JURISDICTION</u>

This matter is before the court accordingly and this court has authorization under 42 U.S.C. §1983; Americans with Disabilities Act of 1990; Title VII of the Civil Rights Acts of 1964, 1971 and 1991; Title I of the ADA; First, Fourth and Fourteenth Amendments to the United States Constitution.

## **CAUSES OF ACTION**

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S26

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT David Michael Coggins
### Violation of Massachusetts General Law Chapter 151B §4

**(Wrongful Termination)**

91)    Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through ninety (90) as if set forth fully herein.

92) Defendant David Michael Coggins repeatedly violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously wrongfully discriminate against Plaintiff on account of Plaintiff's disability, bipolar disorder. Defendant did falsely provide testimony to the Massachusetts Commission Against Discrimination and the plaintiff is entitled to recover against the defendant in his personal and official capacity.

93)    As a result of the Defendant, David Michael Coggins violation of the laws of the United States and the laws of the Commonwealth of Massachusetts, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT JAMES SALVIE
### Violation of Massachusetts General Law Chapter 151B §4

**(Wrongful Termination)**

94)    Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through ninety three (93) as if set forth fully herein.

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S27

95) Defendant repeatedly violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously wrongfully discriminate against plaintiff on account of plaintiff's disability, bipolar disorder. Defendant did falsely provide testimony to the Massachusetts Commission Against Discrimination and the plaintiff is entitled to recover against the defendant in his personal and official capacity.

96) As a result of the defendant, James Salvie's violation of the laws of the United States and the laws of the Commonwealth of Massachusetts, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT Timothy Cardillo
### Violation of Massachusetts General Law Chapter 151B §4

### (Wrongful Termination)

97) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through ninety seven (97) as if set forth fully herein.

98) Defendant Timothy Cardillo repeatedly violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously wrongfully discriminate against plaintiff on account of plaintiff's disability, bipolar disorder. Defendant did falsely provide testimony to the Massachusetts Commission Against Discrimination and the plaintiff is entitled to recover against the defendant in his personal and official capacity.

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S28

99) As a result of the Defendant, Timothy Cardillo's violation of the laws of the United States and the laws of the Commonwealth of Massachusetts, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

<u>AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST DEFENDANTS Cynthia Tucker, Investigating Commissioner;
James Levinsky, Deputy General Counsel; Migdalia Rivera, Compliance
Officer II; Crystal Borges, Investigator each in their official
Capacity as employees of the Massachusetts Commission Against
Discrimination
Violation of Massachusetts Constitution Articles I(CVI), Article
V, Article X, Article XI,
Article XIV</u>

100)  Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through ninety nine(99) as if set forth fully herein.

101) Plaintiff hereby alleges that each of these individuals acted in a conspiratorial manner to preclude the right of the plaintiff from being adjudicated properly and each of the aforementioned defendants', plaintiff seeks a cause of action against each of the aforementioned individuals, in their personal and official capacities, based on each of the aforementioned Articles of the Massachusetts Constitution.

102) Defendants violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously wrongfully discriminate against plaintiff's claim against defendant(s) and failed to uphold the laws of the Commonwealth of Massachusetts and did thereby discriminate against the plaintiff accordingly.

103)  As a result of the Defendant, Massachusetts Commission Against Discrimination's violation of the laws of the United States and

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S29

the laws of the Commonwealth of Massachusetts, the Code of Massachusetts Regulations, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST DEFENDANT Robert Sanders, Boston Area Office Director, in his official Capacity as Director of the Equal Employment Opportunity Commission
### Violation of Massachusetts Constitution Articles I(CVI), Article V, Article X, Article XI, Article XIV

104) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred two (103) as if set forth fully herein.

105) Plaintiff hereby alleges that Robert Sanders, Boston Area Office Director and his subordinates, acted in a conspiratorial manner to enter into agreements with state agencies such as the Massachusetts Commission Against Discrimination to preclude the right of the plaintiff, and others similarly situated, from having their meritorious claims adjudicated properly by utilizing terminology such as "substantial weight finding". Such terminology is intended to mislead the consumer and which is an egregious act and action of depriving individuals with disabilities, such as plaintiff, with the true application of federal law, statutes, and codes, and utilizes "work share" agreements to deny individuals, such as plaintiff, with ethical and moral review of discriminatory behavior of persons, associations, corporations, and state agencies that the Equal Employment Opportunity Commission is intended to protect by federal law. Plaintiff seeks a

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S30

cause of action against, each of the aforementioned individuals, individually, based on each of the aforementioned Articles of the Massachusetts Constitution.

106) Defendants violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously wrongfully discriminate against Plaintiff's claim against Defendant and failed to uphold the laws of the Commonwealth of Massachusetts on account of Plaintiff's disability, bipolar disorder. Defendant did utilize terminology to falsely show that the Equal Employment Opportunity Commission was providing an "investigation" to the act and actions of the associated state agencies, but, in reality, was providing false terminology to cover-up and hide its use of "work share" agreements with state agencies such as the Massachusetts Commission Against Discrimination and failed in its federal mandate to protect, investigate and apply federal law regarding plaintiff's constitutional rights. Defendant utilized methods of pre-dating and post-dating letters, engrossing letters with two separate dates, in order to confuse and obfuscate the plaintiff, and others similarly situated, to prevent and preclude plaintiff from properly advocating plaintiff's federal and state rights enacted by Congress and the Judiciary of the United States. By providing such false terminology and procedures toward the plaintiff, the plaintiff is entitled to recover against the defendant in his personal and official capacity.

107) As a result of the Defendant, Robert Sanders, Equal Employment Opportunity Commission violation of the laws of the United

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S31

States and the laws of the Commonwealth of Massachusetts, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST DEFENDANT DAVID MICHAEL COGGINS
### Violation of Federal Law Americans with Disabilities Act of 1990

108)  Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred seven (107) as if set forth fully herein.

109) Defendants violated the rights of the Plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against plaintiff in violation of the Americans with Disabilities Act of 1990 on account of plaintiff's disability, bipolar disorder.

110)  As a result of the Defendant, David Michael Coggins violation of the laws of the United States, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANT JAMES SALVIE
### Violation of Federal Law Americans with Disabilities Act of 1990

111)  Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred ten (110) as if set forth fully herein.

112) Defendants violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against Plaintiff in violation of the Americans with

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S32

Disabilities Act of 1990 on account of plaintiff's disability, bipolar disorder.

113) As a result of the Defendant, David Michael Coggins violation of the laws of the United States, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### AGAINST DEFENDANT TIMOTHY CARDILLO
### Violation of Federal Law Americans with Disabilities Act of 1990

114) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred thirteen (113) as if set forth fully herein.

115) Defendants violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against plaintiff in violation of the Americans with Disabilities Act of 1990 on account of plaintiff's disability, bipolar disorder.

116) As a result of the Defendant, Timothy Cardillo's violation of the laws of the United States, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A NINTH CAUSE OF ACTION
### AGAINST DEFENDANT DAVID MICHAEL COGGINS
### VIOLATION OF CIVIL RIGHTS ACT OF 1863, 1964, 1971, and 1991

117) Plaintiff hereby repeats and re-alleges the allegations

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S33

contained in paragraphs one (1) through one hundred sixteen (116) as if set forth fully herein.

118) Defendants violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against plaintiff in violation of the Civil Rights Acts of 1964, 1971 and 1990 on account of plaintiff's disability, bipolar disorder.

119) As a result of the Defendant, David Michael Coggins' violation of the laws of the United States, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

## AS AND FOR A TENTH CAUSE OF ACTION
## AGAINST DEFENDANT JAMES SALVIE
## VIOLATION OF CIVIL RIGHTS ACT OF 1863, 1964, 1971, and 1991

120) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred nineteen (119) as if set forth fully herein.

121) Defendants violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against plaintiff in violation of the Civil Rights Acts of 1964, 1971 and 1990 on account of plaintiff's disability, bipolar disorder.

122) As a result of the Defendant, James Salvie's violation of the laws of the United States, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S34

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### AGAINST DEFENDANT TIMOTHY CARDILLO
### VIOLATION OF CIVIL RIGHTS ACT OF 1863, 1964, 1971, and 1991

123)    Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred twenty two (122) as if set forth fully herein.

124) Defendants violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminated against plaintiff in violation of the Civil Rights Acts of 1964, 1971 and 1990 on account of plaintiff's disability, bipolar disorder.

125)    As a result of the Defendant, Timothy Cardillo's violation of the laws of the United States, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### AGAINST DEFENDANTS Cynthia Tucker; James Levinsky; Migdalia Rivera; Crystal Borges; each in their official capacity as employees of the Massachusetts Commission Against Discrimination
### VIOLATION OF FEDERAL LAW CIVIL RIGHTS ACT OF 1863, 1964, 1971, and 1991

126)    Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred twenty five (125) as if set forth fully herein.

127)    Plaintiff hereby alleges that each of these individuals acted in a conspiratorial manner to preclude the civil rights of the plaintiff from being adjudicated properly and each of the aforementioned defendants' listed plaintiff seeks a cause of action

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S35

against, each of the aforementioned individuals, individually, based on each of the federal laws described under this eleventh cause of action.

128) Defendants violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against plaintiff in violation of the Civil Rights Acts of 1863, 1964, 1971 and 1990 on account of plaintiff's disability, bipolar disorder.

129) As a result of the Defendant, Massachusetts Commission Against Discrimination, violation of the laws of the United States, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT ROBERT SANDERS and Joseph Alvarado, BOTH SUED IN THEIR PERSONAL AND OFFICIAL CAPACITY OF THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; VIOLATION OF FEDERAL LAW CIVIL RIGHTS ACT OF 1863, 1964, 1971, and 1991; Violations of EEOC guidelines; Violations of the Americans with Disabilities Acts of 1990 and regulations implementing section 501 of the Rehabilitation Act of 1973; Title VII of the Civil Rights Act of 1863, 1964, 1971 and 1991; Violations of RICO; Violations of Massachusetts General law Chapter 12 §11H & 11I; MGL Chapter 268 §1, Perjury

130) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs one (1) through one hundred twenty nine(129) as if set forth fully herein.

131) Plaintiff hereby alleges that each of these individuals acted in a conspiratorial manner to preclude the civil rights of the plaintiff from being adjudicated properly and each of the aforementioned defendants listed plaintiff seeks a cause of action against, individually, both in their personal and official capacity

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S36

based on each of the federal laws described under this twelfth cause of action.

132) Defendants violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously discriminate against plaintiff in violation of the Civil Rights Acts of 1964, 1971 and 1990 on account of plaintiff's disability, bipolar disorder.

133) As a result of the defendants, Robert Sanders, and Joseph Alvarado, employing terminology such as "substantial weight finding" which is false and misleading agreement between the federal and state government under a "work share agreement" by and between the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission, to dispose of surreptitiously and deny legitimate complaints against various employers that violate the laws of the United States, and the laws of the Commonwealth, and the judicial decisions of the Supreme Court of the United States, the Supreme Judicial Court of Massachusetts, and their own intra department guidelines and standards, the plaintiff, has suffered great financial, emotional and psychological harm for which the plaintiff is entitled to recover for said injury against the defendants in their personal and official capacities.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT DAVID MICHAEL COGGINS
#### Violation of Massachusetts General Law Chapter 12 Section 11H and 11I

134) Plaintiff hereby incorporates and re-alleges paragraphs one (1) through one hundred thirty three (133) as if set forth fully herein.

135) Plaintiff's rights were violated by the defendant

Stern v. Haddad Motor Group, Inc. et al, MCAD, EEOC, John Barker & M&S37

at various dates and times, by intimidating, threatening behavior that did thereby violate plaintiff's rights under Massachusetts General Law Chapter 12 Section 11H and Section 11I.

136)  Under Massachusetts General Law Chapter 12 §11H and §11I:

Quoting from Folmsbee v Tech Tool Grinding & Supply, Inc., & Another 417 Mass. 388; 630 N.E.2d 586; 1994 Mass. Lexis 154:

"The relevant portions of the G.L. c. 12 read as follows: "Section 11H. Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth, the attorney general may bring a civil action..."

137)  "Section 11I. Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in §11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief."

138)  By the act and actions of the defendant, David Michael Coggins, the defendant utilized intimidating, harassing, and demeaning behavior in violation of the plaintiff's rights, during various dates and times, while employed at Haddad Dealerships of the Berkshires, Inc., the defendant did hereby violate plaintiff's right to be free from unreasonable, substantial and serious interference with plaintiff's right secured by the Constitution of the United States, the

laws of the federal government and other rights secured under the laws and constitution of the Commonwealth of Massachusetts and did thereby violate Massachusetts General Law Chapter 12 § 11H and §11I.

139)  As a result of the act and actions of the defendant, David Michael Coggins, the plaintiff has been injured and is entitled to recovery for said injury.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION AGAINST DEFENDANT JAMES SALVIE
### Violation of Massachusetts General Law Chapter 12 Section 11H and 11I

140)  Plaintiff hereby incorporates and re-alleges the paragraphs one (1) through one hundred thirty nine (139) as if set forth fully herein.

141)  Plaintiff's rights were violated by the defendant at various dates and times, by intimidating, threatening behavior that did thereby violate plaintiff's rights under Massachusetts General Law Chapter 12 Section 11H and Section 11I.

142)  Under Massachusetts General Law Chapter 12 §11H and §11I:

Quoting from Folmsbee v Tech Tool Grinding & Supply, Inc., & Another 417 Mass. 388; 630 N.E. 2d 586; 1994 Mass. Lexis 154:

"The relevant portions of the G.L. c. 12 read as follows: "Section 11H. Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth, the attorney general may bring a civil action…"

143)  "Section 11I. Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WALTER A. WHEELER
H.C.H.C. 639 RANDALL Rd. LUDLOW
MA. 01056-1080.

**(b)** County of Residence of First Listed Plaintiff    HAMPDEN.
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
CAROL PANGOOS. 1526 CAREW ST.
SPRINGFIELD. MA. 01104
EDWARD J. JABBOUR. 24 WEBSTER
ST. SPRINGFIELD. MA. 01104

County of Residence of First Listed Defendant    HAMPDEN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

06 - 30094 - KPN

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
FILED MOTION FOR APPOINTMENT
OF COUNSEL WITH COURT.

Attorneys (If Known)
NOT SURE

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. S 1195, 1/8, U.S.C. 8 1331 AND 1332.
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  50,000 FROM EACH DEFENDANT
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE    April 22, 2006
SIGNATURE OF ATTORNEY OF RECORD    Walter A. Wheeler Pro-se

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ATTACHMENT 3**

1. Title of case (name of first party on each side only) WALTER WHEELER v. CORA PANDEOS AND EDWARD JABBOUR,

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

☒ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

IV.     220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

V.      150, 152, 153.

06 - 30094 - KPN

3. Title and number, if any, of related cases.   (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES ☐       NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                                    YES ☒       NO ☐
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES ☐       NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES ☒       NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES ☒       NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐        Central Division ☐        Western Division ☒

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                    YES ☐       NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Walter B. Wheel.   WALTER A. WHEELER.
ADDRESS  629 RANDALL Rd. LUDLOW MA. 01056 - 1080
TELEPHONE NO. N/A.

(CategoryForm.wpd  - 5/2/05)