UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO: 05-30160-KPN

SCOTT STERN, )
    Plaintiff, )
)
v. )
)
MASSACHUSETTS COMMISSION )
AGAINST DISCRIMINATION ET AL, )
    Defendant )
)
)
)

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Massachusetts Commission Against Discrimination ("MCAD" or "the Commission") as well as the individually named Defendants; Cynthia Tucker, Crystal Borges, "James" (Jerrold) Levinsky and Migdalia Rivera, submit this Memorandum in Support of its Motion to Dismiss the Complaint for Failure to State a Claim upon which Relief can be Granted.

### I.   INTRODUCTION

In this action, Plaintiff Scott Stern asserts a claim seeking review of the Commission's determination that no probable cause existed to warrant continued prosecution of Plaintiff's complaint against Haddad Motor Groups.

2

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a formal charge of discrimination against Haddad Motor Groups with the Commission on May 2, 2003 (See: Attachment One). The charge alleged discrimination in employment in violation of G.L. c. 151B §§ 4 and 5. On May 27, 2004, the Investigating Commissioner, Cynthia Tucker, issued a Lack of Probable Cause determination, pursuant to G.L. c. 151B §5. (See: Attachment Two) On June 8, 2004, the Plaintiff filed an appeal of the Lack of Probable Cause determination issued by the Investigating Commissioner. The Commission acknowledged the appeal, and notified Plaintiff that it had scheduled an appeal hearing (referred-to in G.L. c. 151B §5 as a "preliminary hearing") for September 29, 2004. As a result of the appeal, the Investigating Commissioner affirmed the Lack of Probable Cause determination (See: Attachment Three).

Notwithstanding the fact that Plaintiff had no further right to appeal the Lack of Probable Cause finding, and notwithstanding the fact that he was advised of his right to file a direct civil action against Haddad, the Defendants were served a copy of the instant complaint.

## III. ARGUMENT

### A. MCAD'S LACK OF PROBABLE CAUSE DETERMINATION IS NOT SUBJECT TO JUDICIAL REVIEW PURSUANT TO G. L. C 30A

The MCAD's process involves two distinct phases: the investigative phase and the adjudicatory phase. Like the National Labor Relations Board (upon which the MCAD is patterned), the investigative phase occurs as a matter of course for each complaint filed at the Commission. If, during the course of the MCAD investigation, sufficient facts are found which would, in a judicial forum, operate to defeat a motion for summary judgment, the MCAD binds the matter over for a full adjudicatory hearing. See: 804 CMR 1.13(7)(a):

3

> A finding of Probable Cause shall be made when, after appropriate investigation, the Investigating Commissioner concludes that there is sufficient evidence upon which a fact-finder could form a reasonable belief that the respondent committed an unlawful practice. In making this determination, disputes involving genuine issues of material fact are to be reserved for determination at hearing.

If not, the MCAD issues a Lack of Probable Cause finding

Under G.L. c. 151B, §5, "...if a commissioner shall determine after such investigation that no probable cause exists for crediting the allegations of the complaint, the Commission shall... cause to be issued and served on the Complainant written notice of such determination... and such complainant may request... a preliminary hearing... to determine probable cause... **provided however that such a preliminary hearing shall not be subject to the provisions of Chapter 30A.**" [emphasis added] see also: 804 C.M.R. 1.13(7)(d).

Thus, under the statutory framework, an individual who receives a Lack of Probable Cause determination has a right to appeal that determination. The appeal proceeding, the "preliminary hearing," is an informal review of the Complainant's charges by the Investigating Commissioner. Pursuant to 804 C.M.R. 1.13(7)(d), the Complainant personally appears before the Commission to make whatever argument he believes supports reversal and to submit whatever other information he believes is relevant and supportive of his assertions.

The statute is clear. This proceeding is **not** subject to the provisions of G.L. c. 30A. As such, this court is without jurisdiction to review the results of the Commission's investigation. As noted by the Supreme Judicial Court:

> A preliminary hearing before an [MCAD] Investigating Commissioner also is not subject to G.L. c. 30A... and no statutory right of appeal for judicial review applies to such a determination.

Christo v. Edward G. Boyle Ins. Agency, 402 Mass. 815, 818 (1988).

Plaintiff's complaint seeks review of the Commission's determination of a Lack of Probable Cause to warrant continued prosecution of the complaint under G.L. c. 151B §5. Plaintiff essentially requests a judicial determination the MCAD's finding of Lack of Probable Cause is invalid. Such a

4

request is improper under G.L. c. 151B §5, the Commission's regulations, at 804 CMR 1.00 *et seq*, and interpretations of the statutes and regulations by the courts of the Commonwealth.

### B. THE PROVISIONS OF G.L. C. 151B §5, AS IMPLEMENTED AND INTERPRETED IN THE COMMISSION'S REGULATIONS AT 804 C.M.R. 1.13(7) DO NOT DEPRIVE PLAINTIFF OF ANY SUBSTANTIVE RIGHT

When determining the validity of administrative regulations, the Court must "start with the fundamental principle that regulations promulgated pursuant to statutory authority have a presumption of constitutionality... and are treated by the court with the same deference as a statutory enactment." Commonwealth v. B & W Transportation, Inc., 388 Mass. 799, 803 (1983) (citations omitted). A regulation is presumed valid if it bears a reasonable relation to the goals advanced by the statute. Cliff House Nursing Home, Inc. v. Rate Setting Commission, 16 Mass. App. Ct. 300, 303 (1983) A regulation may be overruled if it is found to be "illegal, arbitrary, or capricious." Borden, Inc. v. Commissioner of Public Health, 388 Mass. 707, 722 (1983). The party challenging the regulation bears the burden of proof. Purity Supreme, Inc. v. Attorney General, 380 Mass. 762, 775-6 (1980).

Massachusetts General Laws chapter 151B §5 provides that review of preliminary hearings evaluating MCAD probable cause determinations shall not be subject to the provisions of G.L. c. 30A. G.L. c. 151B §5. The MCAD may promulgate regulations to carry out the provisions of the chapter,[1] G.L. c. 151B §3, and, in 804 C.M.R. 1.13(7), the MCAD allows a complainant to challenge an MCAD finding of Lack of Probable Cause by way of preliminary hearing. The resulting findings are not subject to subsequent c. 30A judicial review. 804 C.M.R. 1.13(7)(d). Thus, the affirmation of

---

[1] G.L. c. 151B §3 permits the MCAD to receive and pass upon complaints alleging discrimination.

5

a finding of lack of probable cause at the preliminary hearing level terminates a complainant's charge.

Two remedial procedures may be used to seek redress for employment discrimination. A complainant initially is required to file a charge of discrimination with the MCAD. A complainant may then have dismissed the MCAD charge, and file a complaint in Superior Court. Here, plaintiff chose to keep his charge with MCAD, subject to MCAD regulations.

Defendant respectfully asserts that Plaintiff has failed to bear his burden of showing that the regulation is not reasonably related to the statute or that the regulation is illegal, arbitrary, or capricious. Borden, Inc. v. Commissioner of Public Health, *supra* at 722; Purity Supreme, Inc. v. Attorney General, *supra* at 775-6. Clearly the legislature intended that some determinations of the MCAD be final and free from 30A review. See: G.L. c. 151B §5. Dissatisfaction with a nonreviewable decision does not render a regulation illegal, arbitrary, or capricious. See also: Smith et al v. Massachusetts Commission Against Discrimination, Superior Court, Civ.Act.No. 95-114, Hampden, Josephson, J. 04/24/95 (attached).

### C. PLAINTIFF IS NOT PREJUDICED BY THE LACK OF JUDICIAL REVIEW: UNDER G.L. C. 151B, PLAINTIFF MAY STILL PROCEED BY FILING A DIRECT CIVIL COMPLAINT

Plaintiff is not prejudiced, and is not without recourse to redress any alleged injury, as under G.L. c. 151B §9, he may still proceed to file a direct civil complaint in the Superior Court or a de novo complaint under federal law in the Federal District Court..

The Massachusetts anti-discrimination statute, G.L. c. 151B, which prohibits discrimination based on race, color, sex, religion, national origin, ancestry, sexual orientation, age and handicap, provides a "dual remedial process" for redressing grievances arising under the statute. Carter v. Supermarkets General Corp., 684 F.2d 187, 190 (1st Cir., 1982).

Under this dual system, there are two routes a complainant may utilize to seek redress under G.L. c. 151B. The first is through the MCAD's administrative process, outlined in sections 5 and 6 of the chapter. The Complainant may, alternatively, 90 days after the filing with the MCAD, and up until three years from the last discriminatory act, file an original action in the Superior Court. G.L. c. 151B §9. This includes Complainants who have received lack of probable cause determinations, and Complainants who have otherwise had their matters before the Commission dismissed. Plaintiff may still, to this day, file a jurisdictionally proper complaint, in Superior Court, under G.L. c. §9 against Quantum Corporation; he would not be harmed by his inability to appeal the investigative determination of the Commission.

As noted in Christo, 402 Mass. 815 (1988), "... the statutory scheme rejects the administrative law principals of primary jurisdiction and exhaustion of administrative remedies." 402 Mass. at 817. In light of specific language in G.L. c. 151B §5, S.J.C. decisions in Christo v. Edward G. Boyle Ins. Agency, 402 Mass. 815 (1988) and Brunson v. Wall, 405 Mass. 446 (1989), and MCAD regulation 804 CMR 1.17(1)[2], it is clear that MCAD LOPC dispositions are not judicially reviewable. Plaintiff is not prejudiced since, despite receiving a lack of probable cause finding, his claim of discrimination may still be fully and completely litigated, *de novo*, in state or federal court. G.L. c. 151B §9.[3]

## IV.   CONCLUSION

---

[2] This provision provides in part:
    1.    <u>Definition of a Final Commission Order</u>. For the purpose of judicial review, pursuant to G.L. c. 151B, s. 6, the Decision of the Full Commission on appeal from the Decision of the Hearing Commissioner shall constitute the Final Order of the Commission.

[3] "*Any person* claiming to be aggrieved by a practice made unlawful under this chapter... may, at the expiration of ninety days after the filing of a complaint with the Commission... bring a civil action for damages or injunctive relief or both in the superior or probate court for the county in which the alleged unlawful practice occurred." [emphasis added]

7

For the aforementioned reasons, Defendant respectfully requests the Court dismiss this matter, pursuant to Massachusetts Rule of Civil Procedure 12 (b)(6).

Respectfully submitted this ____ day of June, 2006.

Jerrold S. Levinsky,
Deputy General Counsel,
Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Suite 220
Springfield MA 01103
(413) 739 2145
BBO # 551902

### Certificate of Service

I hereby certify that a true copy of the above document was served upon Scott Stern, Michenzie and Sewin, LLC, and Mr. Robert Sanders, U.S. Equal Employment Opportunity Commission by first class mail, postage prepaid on this date.

6/8/06
Date

Jerrold S. Levinsky, Esq.