FILED
CLERK'S OFFICE

2006 JUN 15  P 3:05

Springfield, Massachusetts

United States District Court
District of Massachusetts
Western Division

Civil Action No.05-30160-KPN

Scott Stern,                              )
              Plaintiff,                   )
       vs.                                 )
                                           )
Haddad Motor Group, Inc., et. al.          )
                                           )
       Defendants                          )
                                           )

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

Now comes plaintiff and submits to the Honorable Magistrate Judge Kenneth P. Neiman, of the United States District Court, PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS by the defendant Equal Employment Opportunity Commission and the defendants Robert L. Sanders and Joseph Alvarado.

## JURISDICTION

Jurisdiction is proper in the United States District Court for the Western District of Massachusetts pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(4) (civil rights), and 42 U.S.C. § 2000e-(5)(f) (Title VII). Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1343, and 2201, and Title 42 U.S.C. Section 1983, and the doctrine of pendent jurisdiction 28 U.S.C. §1367. Jurisdiction is premised upon the existence of federal questions of law, deprivations of federally protected constitutional rights, federally protected activity, deprivations of state protected

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO
MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

constitutional rights, state protected activity and state law claims which derive from a common nucleus of operative fact with the Federal claims.

## PRELIMINARY STATEMENT AND SUMMARY

This action arises under the First, Ninth and Fourteenth Amendments to the United States Constitution, under Article 1, and under 42 U.S.C. 1983. Plaintiff's claims are premised upon Plaintiff's exercise of his constitutionally protected rights of life, liberty, and pursuit of happiness, freedom of association and belief. Plaintiff was employed on or about May 1, 2002 as a Sales and Leasing Representative for the defendant Haddad Motor Group, Inc. Defendants discharged plaintiff from his employment on or about February 3, 2003. Plaintiff had invoked constitutionally protected rights including, but not limited to, the Americans with Disabilities Act, and Plaintiff did thereby provide substantiated documentation that the Plaintiff suffers from the disability of bipolar disorder, and the plaintiff obtained a note from his treating physician regarding this illness upon the defendants verbal request from plaintiff. Defendant, by falsifying affidavits before the Massachusetts Commission Against Discrimination, perjured testimony that would corroborate Plaintiff's claims. At the same time, Defendants Haddad Motor Group identified a term, directly associated with the doctor's note plaintiff presented to the defendants, which identified plaintiff's diagnosed disorder, Plaintiff's treating physician's name and address, and a recommendation by the treating physician to the employer (See Copy of Dr. Michael Perlman's note dated November 27, 2002.) Defendant's claimed, inter alia, in affidavits submitted by three separate managers, that the Doctor's name and address was 1) illegible and 2) never presented. The Defendants claimed, inter alia, that the Plaintiff's

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO
MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

2

diagnosis and disorder was: 1) Concocted 2) the disorder was alleged 3) the disorder was not substantiated and 4) the Plaintiff never presented a doctor's note to the defendants. The affidavits are contradictory in some ways, are similar in some ways, and, in effect, substantiate and corroborate Plaintiff's claim of employment discrimination by the Defendant and provide a basis for a prima facie case of discrimination by the defendant Haddad Motor Group, Inc. against the Plaintiff. Plaintiff prays for judicial notice of the three separate affidavits submitted by the defendants Haddad Motor Group, Inc. including, but not limited the affidavit of David Michael Coggins, James Salvie, and Timothy Cardillo. In their affidavits, remarkably, each of the defendants state "a doctor's note"; each paraphrasing a statement employed by the treating physician, Dr. Michael Perlman. The statement, as it appears in the doctor's note is: "I'm a psychiatrist who treats Scott Stern for bipolar disorder. He is definitely improving. I encourage his employer to work with him as he continues to improve." This statement and the thought to "work with him" or "work with Scott" is recalled by each of the manager's in their separate, notarized, submitted affidavits before the MCAD, but somehow, incredulously, each manager claim that the material fact of plaintiff's disability, plaintiff's doctor and doctor's address, is "illegible". As clear as the statement is of itself, of which they each "recall", paraphrased, the term "work with him" or "work with Scott", or some derivative of "work with", the name and address of the treating physician is above the statement that they each swore to in affidavit did not exist, or was not presented, inclusive of the doctor's statement, and, more importantly, the diagnosis of the plaintiff's condition, bipolar disorder, as written by the treating physician Dr. Michael Perlman, is part of the statement. Lastly, the note was signed, by the treating physician, Dr. Michael Perlman,

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO
MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

3

whom the defendants claimed was an "alleged doctor" and the note in itself, was written on medical transcription paper on the day of plaintiff's visit to this doctor of which defendant's knew plaintiff was attending in Northampton, Massachusetts.

## EEOC FAILED TO PROPERLY INVESTIGATE PLAINTIFF'S CLAIMS

the EEOC decision was primarily based on the agency's determination that you were not disabled under the ADA. However, you were <u>perceived</u> as being disabled by your employer as confirmed by the Respondent's own response to your charges (see Respondent's response to MCAD complaint where it states that employer only called complainant crazy prior to the disclosure of your bipolar illness and that "the joking title of "crazy" was not entirely "unearned" p. 4. Thus, the EEOC failed to recognize that the defendant, Haddad Motor Group, Inc, even prior to the November 26, 2002 meeting, recognized that the plaintiff had issues that warranted the management of calling the plaintiff "crazy." In addition, the Equal Employment Opportunity Commission overlooked the fact that the defendant never rebutted the presumption that "flex time" would have irreparably harmed the defendant, and that granting plaintiff true "flex time" would have been "unreasonable" in the context of the business.

## EEOC DEPRIVED PLAINTIFF OF DUE PROCESS RIGHTS

When an administrative agency holds a hearing at a time and place reasonably convenient to the affected party and allows that party to present his version of the facts and his response to the Government's case, the agency is serving what the Supreme Court has recently described as "two central concerns of due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO
MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

4

affected individuals in the decision-making process." _Marshall v. Jerrico, Inc., 446 U.S. 238, 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182 (1980)_. "The fundamental requisite of due process of law is the opportunity to be heard." _Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914). See also Goldberg v. Kelly, 397 U.S. 254, 266-271, 90 S.Ct. 1011, 1019-1022, 25 L.Ed.2d 287 (1970), and Goss v. Lopez, 419 U.S. 565, 579-584, 95 S.Ct. 729, 738-741, 42 L.Ed.2d_ . Contrast this in the instant matter, the defendants failed to call a meeting of the affected individuals, and instead relied on the erroneous decision of the Massachusetts Commission Against Discrimination which receives its 21% of its funding from the Equal Employment Opportunity Commission, which, is, in affect, a conflict of interest to claimant rights against illegal discriminatory conduct by respondents. Plaintiff reserves the right to supplement this brief or, in the alternative, to provide documentation to supplement this citation in plaintiff's reply brief to defendants opposition to this brief.

## EEOC DOES NOT HAVE ABSOLUTE PRIVILEGE

"The fact that the EEOC does not have an _absolute_ privilege to refuse to provide evidence does not undermine the serious concerns the EEOC has raised about having its investigators routinely subjected to discovery in employment discrimination cases." _Leyh v. Modicon, Inc. 881 F.Supp. 420, *424 (S.D.Ind., 1995)._

"The doctrine of sovereign immunity does not support the EEOC's motion to quash and for a protective order.". _Leyh v. Modicon, Inc. 881 F.Supp. 420, *427 (S.D.Ind., 1995)_

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

The Supreme Court recently recognized the "hostile or offensive work environment" theory of liability for sexual harassment. _Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 65-66, 106 S.Ct. 2399, 2404-05, 91 L.Ed.2d 49 (1986); see also Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363, 2374, 105 L.Ed.2d 132 (1989) (racially hostile work environment). E.E.O.C. v. Hacienda Hotel 881 F.2d 1504, *1514 (C.A.9 (Cal.),1989)._ In this action, plaintiff asserts that a theory of liability similarly should be recognized against his former employer, Haddad Motor Group, Inc. for plaintiff's documented disability of bipolar disorder.

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6): the district court [is] required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant. _Rocks v. City of Philadelphia,_ 868 F.2d 644, 645 (3d Cir.1989); _D.P. Enters., Inc. v. Bucks County Community College,_ 725 F.2d 943, 944 (3d Cir.1984). In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. _Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984); D.P. Enters., 725 F.2d at 944. *2 Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994)._

## THE DISTRICT COURT DOES HAVE JURISDICTION

Pursuant to United States Code 28 U.S.C. §1346 (a):

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

6

"The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

"(b) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin-Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances were the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Under 28 U.S.C. 2674:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."

## EEOC'S MANAGERS ROBERT SANDERS AND JOSEPH ALVARADO FAILED TO PROPERLY INVESTIGATE PLAINTIFF'S CLAIMS

When a plaintiff names an official in his individual capacity, the plaintiff is "seeking… to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham, 473 U.S. 159, 165 (1985).*

"Naming a government official in his official capacity is the equivalent of naming the government entity itself as the defendant, and requires the plaintiff to make out Monell-type proof of an official policy or custom as the cause of the constitutional

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

7

violation. While qualified immunity is available to an official sued in his personal capacity, there is no qualified immunity available in an official capacity suit. *See Hafer v. Melo, 112 S. Ct. 358, 361-362 (1991)(personal and official capacity suits distinguished)*. *See also Ritchie v. Wickstrom, 938 F.2d 689 (6th Cir. 1991)(*clarifying confusion between official capacity and individual capacity suit is seeking to recover compensatory damages from the government body itself. *See Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Kentucky v. Graham, 473 U.S. 159 (1985); Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987).* To avoid confusion, where the intended defendant is the government body, plaintiff should name the entity itself, rather than the individual official in his official capacity. *See, e.g. Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989).* In the case at bar, plaintiff sued the managers for their failure to uphold the laws of the United States, and did not sue the United States itself, thus the EEOC's claim of sovereign immunity should fail against this plaintiff.

It is important not to confuse the concept of municipal liability for failure to supervise with the concept of supervisory liability. Supervisory liability (as in this instant action before this Honorable Court) can be imposed without a determination of municipal liability. Supervisory liability runs against the individual, is based on his or her personal responsibility for the constitutional violation and does not require any proof of official policy or custom as the "moving force," *City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)(quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)*, behind the misconduct.

*"When supervisory liability is imposed, it is imposed against the supervisory official in his individual capacity for his own culpable action or inaction in the*

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO
MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

*training, supervision, or control of his subordinates.*" *Clay v. Conlee, 815 F.2d 1164,*
*1170 (8ᵗʰ Cir. 1987(emphasis added))* See also Braud v. Painter, 730 F.Supp.1,7 (M.D.
*La. 1990)* "While supervisory officials may incur liability...without personal
involvement in the particular act of the subordinate, there must be evidence establishing
improper training or supervision of the subordinate...so as to constitute a breach of the
duty owed by the superior."

While §1983 itself contains no independent state of mind requirement, *Parratt v.
Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v.
Williams, 474 U.S. 327 (1986)*, lower federal courts consistently require plaintiffs to
show something more than mere negligence yet less than actual intent in order to
establish supervisory liability. *See e.g. Howard v. Adkison, 887 F.2d 134, 137-138 (8ᵗʰ
Cir. 1989)* (supervisors liable when inaction amounts to reckless, disregard, deliberate
indifference to or tacit authorization of constitutional violations); *Gutirrez-Rodriguez v.
Cartagna, 882 F.2d 553, 562 (1ˢᵗ Cir. 1989)* (supervisor's conduct or inaction must be
shown to amount to deliberate, reckless or callous indifference to constitutional rights of
others); *Meriweather v. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989)* ("...supervisory
may be imposed when an official has actual or constructive notice of unconstitutional
practices and demonstrates 'gross negligence' or 'deliberate indifference' by failing to
act."; *Rascon v. Hardiman, 803 F.2d 269, 274 (7ᵗʰ Cir. 1986)*(supervisory libability
requires showing that "...official knowingly, willfully, or at least recklessly caused the
alleged deprivation of his action or failure to act."

The United States Supreme Court has held that:

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO
MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

"…a government defendant has no qualified immunity from compensatory damages liability." Owen v. City of Independence, 445 U.S. 622 (1980).

While the Supreme Court, in *Harlow v. Fitzgerald, 457 U.S. 800 (1982) and Gomez v. Toledo, 446 U.S. 635 (1980),* has indicated that qualified immunity is an affirmative defense, a number of courts require plaintiffs to plead enough facts about the violation of a "clearly established" right so as to defeat defendant's anticipated claim to qualified immunity. *See e.g., Sawyer v. County of Creek, 908 F. 2d 663, 665-66 (10th Cir. 1990) ; Elliot v. Perez, 751 F.2d 1472, 1481-82 (5th Cir. 1985).*

## PLAINTIFF'S CLAIMS ARE NOT BARRED BY EEOC'S CLAIM OF SOVEREIGN IMMUNITY

"Article III gives federal judiciary the power, not merely to rule on cases, but to decide them, subject to review only by superior courts in the Article III hierarchy. *U.S.C.A. Const. Art. 3, § 1 et seq.  Miller v. French  530 U.S. 327, 120 S.Ct. 2246 (U.S.Ind.,2000)*

This position has held constant since at least 1845, when the Court stated that "the judicial power of the United States ··· is (except in enumerated instances, applicable exclusively to this Court) dependent for its distribution and organization, and for the modes of its exercise, entirely upon the action of Congress, who possess the sole power of creating the tribunals (inferior to the Supreme Court) ··· and of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good." *Cary v. Curtis, 3 How. 236, 245, 11 L.Ed. 576. See Sheldon v. Sill, 8 How. 441, 12 L.Ed. 1147 (1850); Plaquemines Tropical Fruit Co. v. Henderson, 170 U.S. 511,*

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

10

18 S.Ct. 685, 42 L.Ed. 1126 (1898); Kline v. Burke Constr. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943). We thus turn our attention to the relevant jurisdictional statutes.

The Judiciary Act of 1789 provided that "the circuit courts shall have original cognizance, concurrent with the courts of the several States, of *all suits of a civil nature at common law or in equity, where the matter in dispute exceeds*, exclusive of costs, the sum or value of *five hundred dollars*, and ⋯ an alien is a party, or the suit is *between a citizen of the State where the suit is brought, and a citizen of another State*." Act of Sept. 24, 1789, § 11, 1 Stat. 73, 78 (emphasis added). The defining phrase, "all suits of a civil nature at common law or in equity," remained a key element of statutory provisions demarcating the terms of diversity jurisdiction until 1948, when Congress amended the diversity jurisdiction provision to eliminate this phrase and replace in its stead the term "all civil actions." *1948 Judicial Code and Judiciary Act, 62 Stat. 930, 28 U.S.C. § 1332.*

## EEOC'S NOTIFIED PLAINTIFF OF RIGHT TO SUE

The congressional power to "ordain and establish" inferior courts includes the power of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good. U.S.C.A.Const. art. 3, § 1. Lockerty v. Phillips 319 U.S. 182, 63 S.Ct. 1019 (U.S.N.J. 1943).

The EEOC notified plaintiff of plaintiff's right to sue in United States Federal Court. Plaintiff filed suit pursuant to a letter issued by the EEOC. The EEOC, in brief, is attempting to argue that the Federal Court is an improper place and this Honorable Court lacks the jurisdiction to decide this matter for the plaintiff to remedy the egregious errors

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

of the defendants egregious, wanton, reckless and farcical antics, policies and interpretations. In essence, the brief submitted by the defendants Robert L. Sanders and Joseph Alvarado, is truly disrespectful of this Court's authority.

"Once employee triggered interactive process by delivering to employer note from her health care provider indicating that she should avoid certain exposure to certain substances due to asthma, employer had duty under ADA to work with her to identify type of position that would reasonably accommodate her limitations. *Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq. Albert v. Smith's Food & Drug Centers, Inc. 356 F.3d 1242 (C.A.10 (N.M.),2004)*

The case at bar is similar to Albert's in that plaintiff submitted a note to the defendant Haddad Motor Group, Inc. which was corroborated by the defendant's own admissions, including, but not limited to, the fact that the defendant recognized that the plaintiff invoked his rights under the Americans with Disabilities Act. However, during the MCAD process of investigation, the defendant, perjured testimony to obtain a litigious advantage and were it not for the "substantial weight finding" process which the EEOC defers to the MCAD's finding, the EEOC failed in their federal mandate and violated their own rules, policies and guidelines, and, most importantly, congressional intent of the statutory law that protected the plaintiff from the discriminatory action by the defendants.

In Albert the Court held that:

"After the district court denied Albert's motion to remand, she chose to amend her complaint to add a claim under the ADA, giving the district court federal question jurisdiction. The posture of this case is similar to that in *Akin v. General Electric Co., 156*

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

12

*F.3d 1030 (10th Cir.1998) Albert v. Smith's Food & Drug Centers, Inc.  356 F.3d 1242, *1248 (C.A.10 (N.M.),2004).*

Whether employer has enough employees to be covered under ADA does not affect jurisdiction of district court. <u>Americans with Disabilities Act of 1990, §§ 2-514, 42 U.S.C.A. §§ 12101-12213; 28 U.S.C.A. § 1331.  E.E.O.C. v. St. Francis Xavier Parochial School  117 F.3d 621, 326 U.S.App.D.C. 67 (C.A.D.C.,1997)</u>

While it is also true, as the majority notes, that "nothing in Title VII (or the ADA) expressly limits the district court's subject matter jurisdiction," Maj. Op. at 624, to me it is more important that nothing in Title VII or the ADA *extends* the district court's jurisdiction to cases not involving the requisite number of employees *E.E.O.C. v. St. Francis Xavier Parochial School  117 F.3d 621, *626, 326 U.S.App.D.C. 67, **72 (C.A.D.C.,1997) (quoting from Ankenbrandt v. Richards  504 U.S. 689, *698, 112 S.Ct. 2206, **2212 (U.S.La.,1992))*

In order for the district court to have jurisdiction under the ADA, plaintiffs must exhaust their administrative remedies. <u>See 42 U.S.C. § 6104(e)(2)(B) ("No action ⋯ shall be brought ⋯ if administrative remedies have not been exhausted.").</u> Thus, to support the district court's jurisdiction under the ADA, Simmons must allege that he filed an age discrimination complaint with the appropriate agency and that either 180 days elapsed with no finding or the agency issued a finding against [Simmons.] *Simmons v. Middle Tennessee State University  1997 WL 400105, *4 (C.A.6 (Tenn. (C.A.6 (Tenn.),1997)*

Plaintiff, in this instant matter, sought to have the agency's erroneous decision reviewed prior to initiating this lawsuit against the defendants. (see letters from and to

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

Robert Sanders, submitted herein for the purpose of maintaining this lawsuit against the defendants).

## PLAINTIFF STATED A CLAIM UPON WHICH RELIEF MAY BE GRANTED

When evaluating the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true the factual allegations of the complaint and all reasonable inferences favorable to the plaintiff which can be drawn from those allegations. *Fairneny v. Savogran, 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991).* The issue is whether the facts alleged, generously construed in favor of the plaintiff, state a valid legal claim that would warrant relief on any theory of law. *Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979),* citing *James Ferrera & Sons v. Samuels, 21 Mass.App.Ct. 170, 173 (1985).*

The issue is whether the undersigned, in ruling on a motion to dismiss for failure to state a claim, may consider these documents as matters outside the pleadings. "Despite the express language of Fed.R.Civ.P. 12(b), ... '[t]he district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir.1994) (quoting *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991)); *accord, Boateng v. InterAmerican Univ., Inc.,* 210 F.3d 56, 60 (1st Cir.2000); *Sebastian v. United States,* 185 F.3d 1368, 1374 (Fed.Cir.1999); *Helfrich v. Metal Container Corp.,* 2004 WL 1325690, ----2 (6th Cir.2004); *Norfolk Federation of Business Dist. v. H.U.D.,* 932 F.Supp. 730, 736 (E.D.Va.1996), *aff'd,* 103 F.3d 119 (table), 1996 WL 671293, ----1 (4th Cir.1996)

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

("In short, a court may consider matters of public record, items appearing in the record of the case, as well as exhibits attached to the complaint."). "[A] court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. Here, all of [Plaintiff's][ exhibits] are publicly-recorded papers from prior ... proceedings. They meet the public records exception and [the Court may] consider them in deciding this motion to dismiss." *Happel v. Wal-Mart Stores, Inc.*, 286 F.Supp.2d 943, 945 (N.D.Ill.2003) (citing *Henson, supra* ); accord, *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C.Cir.2004). The undersigned will, therefore, consider the two exhibits described above and attached to the Defendant's motion because they are part of the public record from EEOC and administrative hearings in this action. " '[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." ' *Stewart v. Pension Trust of Bethlehem Steel Corp.*, 12 Fed. Appx. 174, 176 (4th Cir.2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998)). "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997). Whittington v. North Carolina Dept. of Juvenile and Delinquency Prevention 2006 WL 909141, *1 (W.D.N.C.) (W.D.N.C.,2006).*

"District Court had original jurisdiction over the cause of action under the ADA, and district court had supplemental jurisdiction over the writ of mandate claim because it was part of the same controversy. *28 U.S.C.A. §§ 1331, 1367(a), 1441(b); Americans*

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

with Disabilities Act of 1990, §§ 201-204, 42 U.S.C.A. §§ 12131-12134.  People ex rel.

Lockyer v. County of Santa Cruz  416 F.Supp.2d 797 (N.D.Cal.,2006)

## PLAINTIFF INCORPORATES ANY AND ALL DOCUMENTS SUBMITTED TO THIS PROCEEDING

Plaintiff hereby, and herein, incorporates, by reference, any and all documents submitted to this Honorable Court, by the plaintiff, in this aforementioned civil matter, including, but not limited to, all public records, one entitled "MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTIONS TO DISMISS, 109 pages" Plaintiff hereby, and herein, incorporates, documents submitted to this Court, including, but not limited to, affidavits of the defendants Haddad Motor Group's management, David Michael Coggins, James Salvie, and Timothy Cardillo submitted by their counsel and co-defendant, John C. Barker and the law firm of Michienzie & Sawin, LLC. Plaintiff, hereby, and herein, incorporates, by reference, Dr. Michael Perlman's notes, including, but not limited to, a note dated November 27, 2002 that clearly, irrefutably, and unequivocally identifies the plaintiff, the plaintiff's documented disability, bipolar disorder, Dr. Michael Perlman's name, Dr. Michael Perlman's office address, statements by Dr. Michael Perlman directed to plaintiff's former employer, the defendant Haddad Motor Group, Inc., which was at the defendant's request of the plaintiff.   Plaintiff hereby incorporates notes from his personal recorded log of the events that transpired on or about November 27, 2002 between the plaintiff and the defendant, James Salvie as evidence of plaintiff's perception, at the time, of defendant James Salvie's discriminatory behavior and conduct, abusive and hostile work environment, which ultimately led to the wrongful termination and discharge of plaintiff.

## CONCLUSION

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

Plaintiff opposes dismissal of this action by the defendants Equal Employment Opportunity Commission, defendants Robert L. Sanders and Joseph Alvarado and for the reasons that plaintiff's civil, constitutional and legal rights were violated by the defendants and prays for this action to be tried on its merits and discovery to proceed forthwith and expeditiously and, accordingly, has provided this Honorable Court with the appropriate standard to overcome defendants 12(b((6) motion to dismiss and this Court has proper subject matter jurisdiction contrary and inapposite to defendants brief writing. Plaintiff further maintains and asserts his right to rebut the defendant's response to this opposition and to further amend the pleading in order to overcome dismissal of plaintiff's meritorious claims and action against the defendants for their discriminatory conduct and actions.

The courts must, and do, have the continuing power and competence to answer novel questions of law arising under ever changing conditions of the society which the law is intended to serve." In *Smith v. Driscoll*, 94 Wash. 441, 442, 162 P. 572 (1917) A plaintiff makes a prima facie showing of ADA discrimination by establishing that she 1) is disabled or is regarded as disabled; 2) is qualified for the job; 3) was subjected to an adverse employment action on account of her disability; and 4) was replaced by or treated less favorably than non-disabled employees. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279-80 (5th Cir.2000).

In considering a motion to dismiss, the court is not deciding the issue of whether a plaintiff will ultimately prevail, but is deciding if the plaintiff is entitled to offer evidence to support claims. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996). [D]ismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO
MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

17

normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. <u>Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed.2004)(footnotes omitted)</u>.

"Under Massachusetts Law, corporate officers are personally liable for any tortious activity in which they personally participate." United States District Court, John A. Taylor, individually and p/p/a W.C.T.S., v. Susanne G. Swartwout, et al  WL 864434. February 27, 2006.

The United States Supreme Court, Justice O'Connor held that: (1) to be actionable under Title VII as "abusive work environment" harassment, the conduct standard requires an objectively hostile or abusive environment as well as the victim's subjective perception that the consideration of all the circumstances, not just one factor. Judgment of Court of Appeals reversed and case remanded. <u>*Harris v. Forklift Systems, Inc.  510 U.S. 17, 114 S. Ct. 367, 62 USLW 4004.*</u>

Whether work environment is "hostile" or "abusive" in violation of Title VII can be determined looking only at all circumstances, which may include frequency of discriminatory conduct, its severity, whether it is physically threatening or humiliating, or

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

merely offensive, and whether it unreasonably interferes with employee's work performance; effect on employee's psychological well-being is relevant in determining whether victim actually found environment abusive, but that factor, like any other relevant factor, may be taken into account and no single factor is required. _Civil Rights Act of 1964, §§701 et seq., 703(a)(1), as amended, 42 U.S.C.A. §§2000e et seq., 20000e-2(a)(1)._ The applicable standard, the Court noted, is stated in _Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49_: Title VII is violated when the workplace is permeated with discriminatory behavior that is sufficiently severe or pervasive to create a discriminatorily hostile or abusive working environment, _id., at 64, 67, 106 S.Ct., at 2404, 2405._ This standard requires an objectively hostile or abusive environment-one that a reasonable person would find hostile or abusive-as well as the victim's subjective perception that the environment is abusive. Pp. 370-371

The Massachusetts fair employment practices law broadly prohibits discrimination on the basis of handicap by employers, employment agencies, and labor organizations. _Mass. ALM c. 151B §1 et seq._ In addition, a section of the state's trade regulation statutes prohibits discrimination on the basis of handicap by both private and p public employers. This statute requires that people with handicaps be given equal rights with others to make and enforce contracts, and requires reasonable accommodation on an individual's handicap. _Mass ALM c.93 §103(a)._ Retaliation against those who have opposed practices forbidden by the law, or who have filed a complaint, testified or assisted in a proceeding under the law is also prohibited. _Mass ALM c. 151B §4.4_

Reasonable accommodation requirement of the FEP law imposes a duty on employers to make reasonable accommodation for handicaps, unless the employer can

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO
MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

19

demonstrate that a required accommodation would impose an undue hardship on its business. Mass ALM 151B§4.16. Plaintiff's reasonable accommodation would have not cost the defendants anything. The reasonable accommodation was to accommodate plaintiff's inability to arrive to work on time, modifying plaintiff's schedule granting plaintiff "flex time" in order to accommodate plaintiff's disability. Granting "flex time" would have not cost the defendant anything, would not have subject the defendant to purchase any remedial equipment, nor make any physical alterations to the building or grounds. There would be no undue hardship by the defendant accommodating plaintiff's disability. Most reasonable accommodations for people with psychiatric disabilities are at no cost or nominal cost. Mancuso, Reasonable Accommodation for Workers with Psychiatric Disabilities, 14 (2) PsychoSocial Rehabilitation Journal 3-19 (1990). Most accommodations related to scheduling can be summed up in one word: *FLEXIBILITY* (emphasis added). *Flexible work schedules can include staggered hours, part-time options, or other variabilities. For example, any employee may work 8 to 4 but leave early on Wednesday to attend mental health counseling. Leave policies should allow an employee extended paid and unpaid leave if a relapse occurs and sick leave for mental as well as physical illness. Some workers may need the flexibility to work at home on a temporary or permanent basis.*

Mass. Gen Law ch. 151B differs from the federal approach in that to avoid summary judgment plaintiff need only show "pretext." *See Blare, 419 Mass. at 444-45, 646 N.E.2d 111*. However, with respect to what evidence plaintiff must proffer to demonstrate pretext, the Commonwealth has adopted the federal approach requiring the use of comparative evidence. *Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122,*

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

_129-30, 686 N.E.2d 1303 (1997) ("adopting the approach taken by" Dartmouth, and Smith whereby plaintiff must identify specific instances where nonhandicapped persons with similar performance, qualifications and conduct were treated differently). (Griel v. Franklin Med. Cen. 71 F.Supp.2d 1, *13 (D.Mass.,1999))._

The legislative history of G.L. c. 151B is instructive. In 1983, when the Legislature amended G.L. c. 151B to extend protection from unlawful employment discrimination to "handicapped" persons, St. 1983, c. 533, §2, the Legislature explicitly patterned the definition of "handicap" on the definition of "handicap" contained in the Federal statute enacted ten years earlier, the Federal Rehabilitation Act of 1973, 29 U.S.C. §706 (6)(2000). _See Talbert Trading Co. v Massachusetts Commission Against Discrimination, 37 Mass. App. Ct. 56, 60 (1994)(8) ._

In 1998, the Massachusetts Commission Against Discrimination issued guidelines that provide that "the existence of an impairment is generally determined without regard to whether its effect can be mitigated by measures such as medication, auxiliary aids or prosthetic devices." Massachusetts Commission Against Discrimination Guidelines: Employment Discrimination on the Basis of Handicap Chapter 151B§II.A.7. (1998). The Legislature has delegated to the MCAD the authority to "formulate policies to effectuate the purposes" of G.L. c. 151B and to "adopt, promulgate, amend and rescind rules and regulations" to implement those policies. G.L. c. 151B, §§2, 3 (5). The guidelines represent the MCAD's interpretation of G.L. c 151B, and are entitled to substantial deference, even though they do not carry the force of law. See Berrios v. Department of Public Welfare, 411 Mass. 587, 595 (1992).

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

21

The Supreme Court of the United States attributed little weight to guidelines issued by the Equal Employment Opportunity Commission (EEOC) that "the determination of whether an individual is substantially limited in a major life activity [should] be made without regard to mitigating measures [under the ADA]" (emphasis added). Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999) at 481, citing 29 C.F.R. Part 1630, App at 1630.2(j) (1998). Because Congress has not granted to the EEOC the authority to issue regulations interpreting or implementing the generally applicable provisions of the ADA, including the statutory definition of "disability," the Court said that it had no need to decide what deference the regulations were due. Sutton v. United Air Lines, Inc., supra at 479-480.

Since 1983, when the Massachusetts Legislature made the relevant amendment to G.L. c. 151B, judges and litigants in Massachusetts have assumed that a person with a significant physical or mental impairment met the threshold definition of "handicap," whether the person used corrective devices or took other mitigating measures. *See, e.g., Labonte v. Hutchins & Wheeler, 424 Mass 813 (1997)(no discussion of mitigation); Wooster v. Abdow Corp., 46 Mass. App. Ct. 665, 667(1999)(controlled asthma); Handrahan v. Red Roof Inns, Inc., 43 Mass. App. Ct. 13, 15-16(1997) (controlled epilepsy).*

Personal liability claims against supervisors have been predicated upon two theories of liability. First, claims of personal liability have been allowed against a decision making employee. *(Raiser v. O'Shaugnessy, 830 F. Supp. 1134, 1137 (N.D. Ill. 1993); Strzelecki v. Schwarz Paper Co., 824 F. Supp. 821, 829 (N.D. Ill. 1993); Vakharia v Swedish Covenant Hosp., 824 F. Supp 769, 784-86 (N.D. Ill 1993)*

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

22

Alternatively, courts have held that supervisor may be liable where that individual is also the employer. *Ruich v. Ruff, Weidenar & Reidy, Ltd., 837 F. Supp. 881, 883-84 (N.D. Ill. 1993)(a partner in a law firm was an employer)*.

Wherefore, for the aforementioned reasons, arguments, and conclusions of law, Plaintiff humbly hereby PRAYS for this Honorable Court to ALLOW PLAINTIFF's MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS and plaintiff MOVES for Summary Judgment against the defendants, Equal Employment Opportunity Commission, and, in the alternative, to GRANT plaintiff, Sui Juris, the right to "everyman's evidence" and to allow this action to proceed on its merits and to order discovery to proceed, forthwith and expeditiously.

Most respectfully submitted, this 16 day of June 2006

Scott Stern
All Rights Reserved without Prejudice
Sui Juris
400 West Main Street
North Adams, Massachusetts 01247

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OF EEOC Robert L. Sanders and Joseph Alvarado

23