IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION
3:05-CV-30160-KPN

| | |
|---|---|
| Scott Stern, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | DECLARATION OF |
| Haddad Motor Group, Inc.; ) | ERIN N. NORRIS |
| James Salvie, Michael Coggins, Timothy ) | |
| Cardillo, in their personal and official ) | |
| capacities; ) | |
| Cynthia Tucker, James Levinsky, ) | |
| Migdalia Rivera, Crystal Borges, in their ) | |
| personal and official capacities; ) | |
| and ) | |
| Joseph Alvarado and Robert Sanders, in ) | |
| their personal and official capacities, ) | |
| ) | |
| Defendants. ) | |

I, Erin N. Norris, do hereby declare and state as follows:

1.  I am counsel for Defendants Joseph Alvarado and Robert Sanders, in their official capacities as employees of the Equal Employment Opportunity Commission, in the above-captioned litigation.

2.  Pursuant to Magistrate Judge Kenneth P. Neiman's Notice of Scheduling Conference, which required the parties to file by May 10, 2006, a joint statement of proposed pretrial schedule, I participated in a conference call on May 9, 2006 with John Barker, attorney for the Haddad defendants, and Scott Stern, the plaintiff.[1]

3.  I have read the affidavits submitted by Scott Stern and Gail Rubino regarding the May 9

---

[1] There were two separate telephone calls where the joint statement was discussed, and both involved Mr. Barker, Mr. Stern, and myself; I will refer to them collectively herein as "the conference call."

conference call.[2]

4. I make this Declaration on the basis of my recollection of the discussions had during the May 9 conference call.

5. It is my recollection that during the call, Mr. Stern attempted to discuss with Mr. Barker a previous hearing before the MCAD at which both were present; Mr. Barker stated that the purpose of the conference call was to confer regarding deadlines for the present litigation, not to discuss the MCAD hearing, and made numerous attempts to steer the conversation back to a discussion of those deadlines.

6. It is my recollection that Mr. Barker did not respond to any questions regarding whether he had lied at the MCAD hearing by stating "I was just doing my job."

7. It is my recollection that Mr. Barker stated to Mr. Stern that these telephone conferences were not the appropriate time to discuss Mr. Stern's belief that Mr. Barker had lied.

8. It is my recollection that Mr. Barker did not state the following at any time during the conference call: "You can ask me about lying on May 17, 2006."

I certify that, under penalty of perjury, the foregoing is true and correct to the best of my knowledge and belief.

Executed this 23rd day of May, 2006.

_____
ERIN N. NORRIS
Attorney for Defendants Alvarado and Sanders

---

[2] Both the Stern and Rubino affidavits refer to a May 10, 2006 conference call; however, the call regarding the joint statement of parties occurred on May 9, 2006.