UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| SPRINGFIELD, MASSACHUSETTS | CIVIL ACTION NO. 3/05-CV-30160-KPN |

SCOTT STERN, )
   Plaintiff )
                           )
   v. )
                           )
HADDAD DEALERSHIPS OF THE )
BERKSHIRES, INC.; JAMES SALVIE, )
GENERAL SALES MANAGER; )
TIMOTHY CARDILLO, SALES )
MANAGER; MICHAEL COGGINS, )
GENERAL MANAGER, IN THEIR )
PERSONAL AND OFFICIAL )
CAPACITIES OF HADDAD )
DEALERSHIPS OF THE BERKSHIRES, )
                           )
And )
                           )
CYNTHIA TUCKER, INVESTIGATING )
COMMISSIONER; JAMES LEVINSKY, )
DEPUTY GENERAL COUNSEL; )
MIGDALIA RIVERA, COMPLIANCE )
OFFICER II; CRYSTAL BORGES, )
INVESTIGATOR, IN THEIR PERSONAL )
AND OFFICIAL CAPACITIES OF THE )
MASSACHUSETTS COMMISSION )
AGAINST DISCRIMINATION, )      **THE HADDAD DEFENDANTS'**
                           )      **PARTIAL OPPOSITION TO THE**
And )      **PENDING MOTIONS TO DISMISS**
ROBERT SANDERS, BOSTON AREA )
OFFICE DIRECTOR, IN HIS PERSONAL )
AND OFFICIAL CAPACITY AS )
DIRECTOR OF EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
   Defendants )

00087592.DOC                                                                                          1

# THE HADDAD DEFENDANTS' PARTIAL OPPOSITION TO
# THE PENDING MOTIONS TO DISMISS

Now come Defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collectively, the "Haddad Defendants"), through their counsel of record, and hereby partially oppose the two pending Motions to Dismiss, brought by the MCAD Defendants,[2] and by the EEOC Defendants[3] to the extent that the EEOC Defendants argue that plaintiff is entitled to bring his discrimination claims anew in this federal lawsuit.

## I.    Introduction and Summary of Argument

The MCAD Defendants have argued that they should be dismissed from this case because plaintiff Scott Stern ("plaintiff" or "Stern") has a right to bring a de novo action. The Haddad Defendants believe that the MCAD Defendants and the EEOC Defendants *should* be dismissed immediately from this case. However, the Haddad Defendants believe that these parties should be dismissed on grounds different from those articulated in the MCAD Defendants' Motion to Dismiss. The Haddad Defendants believe that these agency parties should be dismissed because of the absolute litigation privilege. However, the Haddad Defendants disagree with some (not all) of the grounds articulated in the MCAD Defendants' Motion to Dismiss, and therefore the Haddad Defendants are filing and serving this Partial Opposition to that motion, in order that these grounds not become the "law of the case."[4]

---

[1]   The correct name for this party is Haddad Motor Group, Inc.

[2]   The named MCAD Defendants appear to be Cynthia Tucker, Jerrold [incorrectly sued as "James"] Levinsky, Migdalia Rivera, Crystal Borges, and the Massachusetts Commission Against Discrimination ("MCAD") itself. These defendants will be referred to herein, collectively, as the "MCAD Defendants."

[3]   The named EEOC defendants appear to be Robert Sanders, Joseph Alvarado, and the Equal Employment Opportunity Commission ("EEOC") itself. These defendants will be referred to herein, collectively, as the "EEOC Defendants."

II.  **The MCAD Defendants and the EEOC Defendants Should Be Dismissed From This Case Immediately, Because of the Absolute Litigation Privilege.**

   A.  **The Absolute Litigation Privilege**

Any statements, communications, rulings, or decisions by the MCAD or the EEOC Defendants during[5] Stern's discrimination litigation would have been absolutely privileged. Otherwise, any Complainant could sue the factfinder(s) and hearing officer(s) investigating and adjudicating his or her case just because the Complainant did not like the result.

The litigation privilege is absolute and applies even if the alleged wrongdoing was malicious or in bad faith. Mulgrew v. Taunton, 410 Mass. 631, 634, 574 N.E.2d 389 (1991); Hartford v. Hartford, 60 Mass.App.Ct. 446, 803 N.E.2d 334 (2004). The only requirement for the privilege is that the alleged wrongs pertain or relate to the proceedings, which requirement was obviously met as to the rulings by the MCAD Defendants and the EEOC Defendants in Stern's case. *See* Sietins v. Joseph, 238 F.Supp.2d 366, 378-79 (D.Mass. 2003); Sriberg v. Raymond, 370 Mass. 105, 108, 345 N.E.2d 882 (1976); Hartford, 60 Mass.App.Ct. 446.

The absolute litigation privilege protects the person making such a statement from "any civil liability based thereon," not just from defamation liability. Doe v. Nutter McClennen &

---

[4] Under the "law of the case" doctrine, a court will normally not reconsider questions of law already decided in the same case unless substantially different evidence surfaces, controlling legal authority has changed, or the underlying decision was clearly erroneous. United States v. Rivera-Martinez, 931 F.2d 148, 151 (1st Cir. 1991); *accord* King v. Driscoll, 424 Mass. 1, 8, 673 N.E.2d 859 (1996). Another First Circuit decision qualified this doctrine, by stating that a legal principle does not become "law of the case" until decided by an *appellate* court. *See* United States v. Belculfine, 527 F.2d 941, 943 (1st Cir. 1975). And a state appellate court qualified the doctrine by saying that a court *does* have discretion to reconsider an issue of fact or law up until final judgment in the case, although "a judge should be reluctant to undo the work of another judge…." Serody v. Serody, 19 Mass.App.Ct. 411, 412, 474 N.E.2d 1171 (1985).

[5] The absolute litigation privilege also applies to conferences, statements, and communications *preliminary* to litigation, such as those contained in pre-litigation demand letters. *See, e.g.,* Sriberg v. Raymond, 370 Mass. 105, 108-09, 345 N.E.2d 882 (1976); Doe v. Nutter, McClennen & Fish, 41 Mass.App.Ct. 137, 140-41, 668 N.E.2d 1329, *rev. denied*, 423 Mass. 1111, 672 N.E.2d 539 (1996). However, in this case, the alleged wrongs of which Stern accuses the MCAD Defendants and the EEOC Defendants, took place *during* litigation--after Stern had filed his Complaint with the MCAD on 5/2/03. *See* Stern's Amended Complaint ¶¶7, 49, 58-64, 100-107, 126-133.

Fish, 41 Mass.App.Ct. 137, 140-41, 668 N.E.2d 1329, *rev. denied*, 423 Mass. 1111, 672 N.E.2d 539 (1996), *citing* Correllas v. Viveiros, 410 Mass. 314, 324, 572 N.E.2d 7 (1991). The U.S. Supreme Court has recognized an analogous common-law litigation privilege. *See, e.g.,* Brisco v. LaHue, 460 U.S. 325, 334-35, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), which privilege protects judges and prosecutors, among others. To the extent that the individual MCAD and EEOC Defendants were acting in an adjudicatory capacity in arriving at their rulings (finding a "lack of probable cause" in Stern's meritless discrimination claim), they would be doubly protected by the absolute litigation privilege. Otherwise, any Complainant or litigant that received an unfavorable result at a hearing or trial could turn around and sue the judge.

  B. **The Absolute Litigation Privilege Applies Here.**

What Stern is complaining about as to the MCAD and EEOC Defendants, is that they failed to properly apply applicable law -- that they gave him a bad result, or that they conspired with each other to provide him with unfavorable rulings on his initial Complaint or on his subsequent appeals. *See* Stern's Amended Complaint ¶¶58-64, 100-107, 126-133. Stern is suing the investigators and judges because he did not like what they found and held. These defendants found, after complete investigation, oral argument, and exhaustion of available appeals, that Stern's discrimination case below did not even pass the low threshold of showing "probable cause" so that his claims could go forward on their (in this case, absent) merits.

  C. **The Issue Concerning Work Sharing Between the EEOC and the MCAD, Presents a Non-Justiciable "Political Question."**

Stern appears to be contending that a particular administrative practice by the EEOC of determining its workload and how many cases have been dismissed during a certain period of time, was somehow discriminatory towards Stern. *See* Amended Complaint ¶¶105, 133. Even

assuming (arguendo) that this untenable claim is actionable, the way a federal agency handles its workload should be left up to that agency internally or to the legislative branch. To the extent that Stern is basing his claim against the EEOC Defendants on some such contention, this portion of his claim should be dismissed as a non-justiciable "political question." *See* Vieth v. Jubelirer, 541 U.S. 267, 124 S.Ct. 1769, 158 L.Ed.2d 546 (2004); Loring v. Young, 239 Mass. 349, 360, 132 N.E. 65 (1921); *see also* Baker v. Carr, 369 U.S. 186, 217, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

### III. However, the Pending Motions to Dismiss Should Not Be Granted on the Grounds That Plaintiff Has a Right to Trial De Novo in Federal Court.

#### A. Relevant Factual and Procedural Background

Plaintiff Stern filed his MCAD Complaint on 5/2/03 against the Haddad Dealership.[6] Id. ¶49. Before the MCAD's ruling, plaintiff did not avail himself of his right to remove his case, from the MCAD to Superior Court, pursuant to M.G.L. ch. 151B §9.[7]

After investigative discovery and several hearings on the merits, the MCAD dismissed Stern's case on 5/27/04. Amended Complaint ¶¶58-60. Subsequently, Stern appealed the dismissal (finding of "lack of probable cause") on 7/1/04. Then the MCAD affirmed its prior finding of lack of probable cause on 9/29/04. Id. ¶¶59-60. Plaintiff does not dispute that these dismissals occurred; in fact, he has named the MCAD as a defendant in the current action because he claims the MCAD "erroneously and egregiously denied plaintiff's wrongful

---

[6] The plaintiff misnamed his employer, the Haddad Dealership, in his MCAD Complaint as Haddad Toyota Pontiac Buick. Plaintiff's MCAD Complaint is at Exhibit C to the Barker Affidavit. Plaintiff again misnamed his employer, the Haddad Dealership, in the instant federal action, as Haddad Dealerships of the Berkshires, Inc. The correct name for the party that was his employer is Haddad Motor Group, Inc.

[7] Section 9 of 151B permits a plaintiff to remove his MCAD action into Superior Court, at least 90 days after filing with the MCAD, before the MCAD has ruled on the action. Brunson v. Wall, 405 Mass. 446, 447 & 452-53, 541 N.E.2d 338 (1989).

00087592.DOC

5

termination action" (id. ¶58).

Plaintiff also appealed the MCAD decision to the EEOC. The EEOC in a letter from Robert Sanders denied this appeal on 4/20/05 (id. ¶62). Based on this denial, plaintiff has also sued the EEOC herein because it allegedly "failed to enforce federal law." *See* id. ¶63. Stern filed the instant federal lawsuit on 1/5/06. Thus, plaintiff filed this federal action more than ninety days after he received notification of his "right to sue" from the EEOC.[8] In the meantime, before filing this federal lawsuit, Stern did not avail himself of his right to judicial review under 151B §6. Under §6, Stern had a right to review by the Superior Court of the MCAD's adverse ruling on his discrimination claims. But plaintiff ignored this avenue of review, and instead filed the instant federal action.

### B.    The Preclusive Effect of the MCAD Dismissal

The SJC in Brunson v. Wall, 405 Mass. 446, 447, 541 N.E.2d 338 (1989), found that plaintiff's discrimination claims under state statute (M.G.L. ch. 151B) were precluded in her subsequent court action: Plaintiff had originally brought similar claims before the MCAD and had received an unfavorable ruling on her (racial) discrimination claims; and then plaintiff had failed to seek judicial review of that MCAD ruling, as she was permitted to do under 151B §6. Id. In Brunson, "the plaintiff acknowledges that the MCAD rendered a final decision on her complaint charging racial discrimination, and that she chose not to appeal that decision under… 151B §6…." Id. at 448. The SJC found that, even though plaintiff prosecuted her subsequent lawsuit with different legal theories, she referred to the same transactions, acts, or omissions as in her MCAD complaint, such that issue preclusion (collateral estoppel) would still apply to her

---

[8] *See* Joseph v. Wentworth Inst. of Technology, 120 F.Supp.2d 134, 141 (D. Mass. 2000) (90-day period within which to appeal adverse decision by EEOC).

newly characterized claims. Id. at 450-51 & n.9. The First Circuit confirmed the SJC's preclusion position, in Fant v. New England Power Service Co., 239 F.3d 8, 11-12 (1st Cir. 2001). This Court should not, then, reconsider plaintiff's state discrimination claims, which claims were adjudicated by the MCAD previously. Id., *citing* Joseph v. Wentworth Inst. of Tech., 120 F.Supp.2d 134, 145 (D. Mass. 2000).[9] This Court should not grant the MCAD's Motion to Dismiss on the grounds that Stern has a right to bring the exact same claims against his former employer, in this subsequent federal action.

      C.     **The Fact That Plaintiff's State-Law Discrimination Claims in His Federal Complaint, Name Individual Defendants From Haddad, Rather Than Haddad, the Company Defendant, Is Not Determinative Here.**

The preclusive effect of receiving an adverse ruling from the MCAD, and exhausting all avenues of appeal both at the MCAD and the EEOC, should not permit Stern to sue the individual Haddad managers, simply because they were not named Respondents in his MCAD Charge [Exhibit C[10]]. The SJC, in Brunson (405 Mass. at 451) found that issue preclusion applied to the individual defendants even though they had not been named Respondents in the MCAD complaint.

> While the individual defendants were not named parties in the MCAD proceeding, their conduct was at issue. The MCAD's decision indicates that the Commission concluded that the actions of the individual defendants were not based on the plaintiff's race or color. In these circumstances, the motion judge did not err in concluding that the plaintiff is precluded from relitigating the issue against the individual defendants.

---

[9] That Stern's MCAD complaint did not go as far as a Public Hearing (like a trial) is immaterial here. Stern could not even show "probable cause," a lower threshold that the preponderance burden required at a Public Hearing. Although the plaintiff in Brunson, 405 Mass. at 447, had gone as far as a Public Hearing, the plaintiff in Joseph, 120 F.Supp.2d at 144-45, had received a "lack of probable cause" ruling at the MCAD.

[10] The exhibits to this Opposition and accompanying other papers, are attached to the Affidavit of John C. Barker.

00087592.DOC 7

Analogously, the individual named defendants herein, Michael Coggins, James Salvie, and Timothy Cardillo, were the individual managers at Haddad Motors whose conduct was at issue in the MCAD proceeding. These three managers were the Haddad managers who conducted the November 2002 meetings that Stern describes in his Amended Complaint (*see* ¶¶24-31). It was their alleged conduct that was considered at the hearings on the merits before the MCAD (id. ¶¶39 & 51-55). Their alleged conduct was not enough to convince the MCAD to find "probable cause" in Stern's favor, let alone for Stern to prevail below at the MCAD.

    **D.    Plaintiff Has Not Availed Himself of the Two State Statutory Methods for Removal From the MCAD Into Court.**

As set forth by the First Circuit in Fant, 239 F.3d at 11-12, the state discrimination statute in 151B provides two avenues to move into court from the MCAD. First, under 151B §§5 and 6, plaintiff may seek judicial review based on the administrative record of an adverse MCAD determination. This avenue is "limited to judicial review of the administrative determination, not the original [court] action [plaintiff] filed here." Id. The court review under §6 is not de novo. Brunson, 405 Mass. at 451-52.

Second, under 151B §9, plaintiff is entitled to withdraw from the administrative process and file in state Superior Court. This avenue is precluded once plaintiff has "pursued that claim to a final resolution before the MCAD," which will have preclusive effect in a subsequent court action. Fant, 239 F.3d at 12, *citing* Joseph, 120 F.Supp.2d at 145; *see* Brunson, 405 Mass. at 452-53. Thus, contrary to the MCAD Defendants' brief (pp.6-7), Stern is *not* entitled to de novo review under §9.

The Haddad Defendants believe that the MCAD rulings and the EEOC ruling should have preclusive effect on the state-law discrimination claims in the instant case. *See* Joseph, 120

F.Supp.2d at 144-45. However, the Haddad Defendants are reserving this potential legal issue for a future dispositive motion. At this time, the Haddad Defendants merely wish to preserve this issue and not to have the MCAD Defendants' or the EEOC Defendants' Motions to Dismiss decided on grounds that would in any way be inconsistent with these positions.

WHEREFORE, the Haddad Defendants respectfully request that this Honorable Court grant the MCAD Defendants' and the EEOC Defendants' Motions to Dismiss on grounds of absolute litigation privilege, but not on grounds that Stern is in any way entitled to relitigate his state-law discrimination claims in federal court, because these claims have been adjudicated below in front of the MCAD, and plaintiff has either exhausted, or chosen not to pursue, all further avenues of appeal.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the Haddad Defendants request a hearing on the Motions to Dismiss, should this Court deem such argument helpful or necessary.

```
                                        THE HADDAD DEFENDANTS,
                                        By Their Attorneys
                                        MICHIENZIE & SAWIN LLC

Dated: 6/22/06               BY:        /s/ John Barker
                                        Richard A. Sawin, Jr. – BBO NO: 546786
                                        John C. Barker – BBO NO: 637406
                                        745 Boylston Street, 5th Floor
                                        Boston, MA 02116
                                        Tel: (617) 227-5660
```

00087592.DOC

9

## CERTIFICATE OF SERVICE

      I, John C. Barker, attorney for defendant, hereby certify that I have on this 22nd day of June 2006, served a copy of the foregoing Opposition, by mailing a copy of same, postage prepaid, to the following:

Mr. Scott Stern
400 West Main Street
North Adams, MA 01427

Jerrold Levinsky, Esq.
Massachusetts Commission Against Discrimination
436 Dwight Street, Room 220
Springfield, MA 01103

Erin Norris, Esq.
Equal Employment Opportunity Commission
Office of Legal Counsel
1801 L Street Northwest
Washington, DC 20507

_____
John C. Barker