IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION
3:05-CV-30160-KPN

| | |
|---|---|
| Scott Stern, )<br>)<br>　　　　Plaintiff, )<br>)<br>　　vs. )<br>)<br>)<br>)<br>Haddad Motor Group, Inc.; )<br>James Salvie, Michael Coggins, Timothy )<br>Cardillo, in their personal and official )<br>capacities; )<br>Cynthia Tucker, James Levinsky, )<br>Migdalia Rivera, Crystal Borges, in their )<br>personal and official capacities; )<br>and )<br>Joseph Alvarado and Robert Sanders, in )<br>their personal and official capacities, )<br>)<br>　　　　Defendants. )<br>_____) | DEFENDANTS JOSEPH ALVARADO'S<br>AND ROBERT SANDERS'<br>REPLY IN SUPPORT OF THEIR<br>MOTION TO DISMISS<br>Fed. R. Civ. P. 12(b)(1), (5), and (6) |

**I.  ARGUMENT**

On June 21, 2006 *pro se* Plaintiff filed his opposition to the EEOC defendants' Motion to Dismiss, alleging that the EEOC defendants [hereinafter "EEOC"] failed to properly investigate his charge of discrimination and deprived him of his due process rights.[1]  Plaintiff cannot overcome EEOC's motion, however, because he has not shown that this Court has subject matter

---

[1] Plaintiff purports to be raising claims against Mr. Alvarado and Mr. Sanders in their personal capacities.  Although the undersigned does not represent either of the EEOC defendants in their personal capacities, we again note that Plaintiff makes no allegations of non-official action by either defendant (focusing only on their actions in processing his charge of discrimination), and that Mr. Sanders and Mr. Alvarado were neither served personally at their residences nor through a designated agent, as required by Rule 4(e) of the Federal Rules of Civil Procedure.

jurisdiction over EEOC, and he has not stated – and cannot state – any facts upon which he can base a claim against EEOC. Therefore, EEOC's Motion to Dismiss should be granted.[2]

A.   This Court does not have subject matter jurisdiction

Plaintiff claims in his opposition that this Court does have jurisdiction over his claims against EEOC, and bases his argument on 28 U.S.C. §§ 1331, 1343(a)(4), 1367, and 2201, 42 U.S.C. § 1983, the Federal Tort Claims Act (28 U.S.C. §§ 1346 and 2674), and Title VII (42 U.S.C. § 2000e-5(f). Other than Title VII and 42 U.S.C. § 1983[3], Plaintiff raises each of these statutes as jurisdictional bases for the first time in his opposition to EEOC's Motion to Dismiss. None of the statutes cited in Plaintiff's complaint or in his opposition to our motion provide this Court with subject matter jurisdiction over Plaintiff's claims against EEOC.

   1.   28 U.S.C. § 1331

Plaintiff cannot show that this Court has jurisdiction under 28 U.S.C. § 1331. Section 1331 gives the Court jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." The federal question jurisdiction statute does not itself create jurisdiction but confers jurisdiction when Congress explicitly or implicitly has created a private right of action supporting the plaintiff's claim. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808-9 (1986*); Minor v. Prudential Securities, Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996), *cert. denied*, 519 U.S. 1113 (1997) (stating that federal question jurisdiction arises only when federal law creates the cause of action, or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law); *Huntsville v. City of Madison*, 24 F.3d 169,

---

[2] Although he styles his submission as an opposition to EEOC's Motion to Dismiss, Plaintiff also includes a stray request in the last paragraph of his opposition that summary judgment be granted in his favor; however, because he can show no basis under the law for subject matter jurisdiction over his claims against EEOC, and because he can allege no set of facts that state a claim against EEOC, it is clear that Plaintiff is not entitled to judgment as a matter of law.

[3] For Title VII, we rely upon the arguments set out in our Motion to Dismiss.

171-72 (11th Cir. 1994) ("Federal question jurisdiction may be based on . . . a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute"). As a result, in order to acquire federal jurisdiction over his claim against EEOC under 28 U.S.C. § 1331, plaintiff "must assert a colorable right to a remedy under a particular federal statute." *Carlson v. Coca Cola Co.*, 483 F.2d 279, 280 n.1 (9th Cir. 1973).

As explained below and in our Motion to Dismiss, Congress has not created a cause of action against EEOC for claims alleging dissatisfaction with EEOC's processing of charges of discrimination, and Plaintiff has not cited to any other federal statute that creates a cause of action against EEOC. Because plaintiff cannot state a claim against EEOC under federal law, section 1331 does not grant this Court jurisdiction over his claim.

  2.  28 U.S.C. 1343

Similarly, like section 1331, 28 U.S.C. § 1343(a)(4) does not create an independent basis for federal jurisdiction, but only serves to confer jurisdiction where a federal cause of action is provided by one of the substantive sections of the Civil Rights Act. *American Science and Engineering, Inc. v. Califano*, 571 F.2d 58, 63 n.8 (1st Cir. 1978).

Furthermore, since the actions complained of here were clearly performed under color of federal law, section 1343(a)(4) fails to provide a jurisdictional basis for the claim against EEOC. As stated in *Giles v. Equal Employment Opportunity Commission,* 520 F.Supp. 1198 (D. Mo. 1981):

> 28 U.S.C. §§ 1343(3) and (4) allow a plaintiff to institute a suit in a federal forum, without regard to a jurisdictional amount, only if it is claimed that the constitutional rights of the plaintiff were violated by officials acting under state law.

*Giles* at 1199. *See also Ramirez v. Weinberger*, 363 F.Supp. 105 (N.D. Ill.1973). Plaintiff does not claim that either Mr. Alvarado or Mr. Sanders were acting under state law; therefore, he cannot use this statute as a jurisdictional basis.

    3.    28 U.S.C. § 1367

Nor does jurisdiction exist under section 1367. Supplemental jurisdiction enables federal courts to hear related state law claims for which there is no independent basis of jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988); *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26 (1st Cir. 1998). Supplemental jurisdiction depends upon the existence of subject matter jurisdiction over other claims in the action. *Bermingham v. Sony Corp. of America, Inc.*, 820 F. Supp. 834, 855 (D.N.J. 1992). As discussed here and in EEOC's Motion to Dismiss, there is no independent basis of jurisdiction over EEOC in this matter; therefore, Plaintiff cannot rely upon section 1367 as a ground for jurisdiction.

    4.    28 U.S.C. § 2201

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not, by itself, create a basis for federal jurisdiction. Thus, a request for declaratory relief will not confer jurisdiction on the federal courts if jurisdiction would not otherwise exist. *Skelly Oil Co. v. Phillips Petrol. Co.,* 339 U.S. 667, 671 (1950); *Nashoba Communications Ltd. Partnership v. Town of Danvers*, 893 F.2d 435, 437 (1st Cir. 1990).

Maintaining an action under the Declaratory Judgment Act in this matter depends on whether a federal question exists which is sufficient to support the exercise of federal court subject matter jurisdiction. As explained below, plaintiff has no cause of action against the EEOC under any federal statute, and thus cannot base jurisdiction on the Declaratory Judgment Act.

5.  42 U.S.C. § 1983

An action under 42 U.S.C. § 1983 is only proper against a defendant acting under color of state law. "Given the nature of this requirement, a section 1983 claim ordinarily will not lie against a federal actor." *McCloskey v. Mueller*, 446 F.3d 262, 270 (1st Cir. 2006). Plaintiff has alleged that EEOC took any action under color of state law. Thus, plaintiff cannot base jurisdiction of its claims against EEOC on section 1983 because EEOC is a federal agency operating pursuant to federal law.

6.  Federal Tort Claims Act

The Federal Tort Claims Act (FTCA) itself provides that an individual may not institute an action against the United States for monetary damages pursuant to the act unless the individual first presents the claim to the appropriate federal agency for administrative resolution. 28 U.S.C. § 2675. Plaintiff has not alleged compliance with this statutory exhaustion requirement, and we are not aware of any such administrative claim having been filed. Since plaintiff has not submitted such a claim to EEOC, he has failed to exhaust his administrative remedies under the FTCA and cannot invoke the jurisdiction of this Court over his claim for damages pursuant to 28 U.S.C. § 1346. *See Eveland v. Director of C.I.A.,* 843 F.2d 46, 50 (1st Cir. 1988).

B.  Plaintiff offers no new facts or legal arguments that can overcome EEOC's motion

In his opposition to EEOC's motion to dismiss, Plaintiff does not allege any new facts that could form the basis for a claim against EEOC; however, we wish to clarify a few points raised by Plaintiff in his opposition.

1.  EEOC did not deprive Plaintiff of due process

Nothing done by EEOC in the course of its processing of Plaintiff's charge amounted to a denial of his due process rights. An EEOC investigation results in a decision that is not binding

on the charging party. Where an agency's findings have no determinative consequences, due process considerations do not attach. *See Georator Corp. v. Equal Employment Opportunity Comm'n*, 592 F.2d 765, 768 (4th Cir. 1979). The Supreme Court has recognized a distinction between agency investigative actions and adjudicative actions that result in binding legal determinations:

> (W)hen governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process. On the other hand, when governmental action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted, it is not necessary that the full panoply of judicial procedures be used.

*Hannah v. Larche*, 363 U.S. 420, 442, *reh'g denied* 364 U.S. 855 (1960). EEOC's enforcement activities fall clearly on the investigative side because the person alleging discrimination is not bound by any action of the agency or by the ultimate decision reached in the administrative process, and has a right to a *de novo* court determination of his rights. Therefore, no actions taken by EEOC in its review of Plaintiff's charge violated his due process rights, because Plaintiff was not bound by those actions, and had the right to a *de novo* suit against his employer in federal district court. *See Francis-Sobel v. University of Maine,* 597 F.2d 15, 17 (1st Cir. 1979), *Feldstein v. Equal Employment Opportunity Comm'n*, 547 F. Supp. 97, 100 (D. Mass. 1982); *Pearlswig v. Randolph,* 497 F.Supp. 569, 570 (D. Mass. 1980); *accord Georator*, 592 F.2d 765, 768-69 (4th Cir. 1979); *Stewart v. Equal Employment Opportunity Comm'n*, 611 F.2d 679, 680 n.2 (7th Cir. 1979).

      2.    <u>The Notice of Right to Sue applied to Plaintiffs charge against Haddad</u>

Plaintiff is apparently confused about the purpose of the Notice of Right to Sue issued to Plaintiff upon the conclusion of the investigation into his charge. He appears to believe that it confers on him the right to sue EEOC; however, the Notice applies to Plaintiff's right to sue his

employer *de novo* in federal district court based on the charge that Plaintiff had brought before the Commission.[4] He cannot, therefore, use the Notice of Right to Sue as a basis for his claims against EEOC.

      3.    <u>Plaintiff should not be allowed to further amend his complaint</u>

Plaintiff argues that he is entitled to "every opportunity to cure a formal defect in the [complaint]…even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading." Pl.'s Opp., p. 18. This misstates the governing legal principle. Moreover, Plaintiff has already amended his complaint once, and EEOC has filed a dispositive motion. In addition, he has raised matters in his opposition that go beyond the Amended Complaint. A district court is justified in denying a request to amend if the proposed amendment would not withstand a motion to dismiss. *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985). The liberal amendment rules under Rule 15(a) do not require the courts to indulge in futile gestures. *Glick*, 766 F.2d, at 269. Plaintiff's complaints focus on EEOC's charge processing and decision-making relating to the investigation of his charge of discrimination, and as EEOC has demonstrated in its Motion to Dismiss and this Reply, the courts have clearly stated that a charging party cannot maintain an action against EEOC based on his or her dissatisfaction with EEOC's conduct of its enforcement responsibilities. Any amendment would be futile, and should not be allowed.

---

[4] The Haddad defendants have also filed an opposition to EEOC's Motion to Dismiss. They apparently believe EEOC's position to be that this particular Plaintiff retains the right to sue them based on the merits of his charge, and argue that because Plaintiff failed to file suit within the statute of limitations period, he no longer has that right. This is not EEOC's argument. We noted in our motion that Plaintiff cannot state a claim under Title VII against EEOC in its capacity as enforcement agency, and stated that the circuits that have so held have based their holdings on the fact that a charging party is given the right to sue his employer *de novo*. The argument does not depend on the charging party actually filing such suit against his employer; therefore, whether or not Plaintiff may still in fact bring his claims against the Haddad defendants has no relevance to EEOC's argument.

## II. CONCLUSION

For all of the foregoing reasons and for the reasons stated in their Motion to Dismiss, defendants Sanders' and Alvarado's Motion to Dismiss should be granted.

        Respectfully submitted,

        PEGGY R. MASTROIANNI
        Associate Legal Counsel

        THOMAS J. SCHLAGETER
        Assistant Legal Counsel


        /s/ Erin N. Norris
        ERIN N. NORRIS
        Attorney for Defendants Alvarado and Sanders
        N.C. Bar # 28718
        Office of Legal Counsel
        U.S. Equal Employment Opportunity
          Commission
        1801 L Street, N.W.
        Washington, D.C. 20507
        (202) 663-4876 (Phone)
        (202) 663-4639 (Facsimile)

This 29th day of June, 2006.

## Certificate of Service

I hereby certify that this document filed through the ECF system on June 29, 2006 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 29, 2006 via United States mail.

/s/ Erin N. Norris_____
ERIN N. NORRIS
Attorney for Defendants Alvarado and Sanders