UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| SPRINGFIELD, MASSACHUSETTS | CIVIL ACTION NO. 3/05-CV-30160-KPN |

SCOTT STERN, )
   Plaintiff )
   )
v. )
   )
HADDAD DEALERSHIPS OF THE )
BERKSHIRES, INC.; JAMES SALVIE, )
GENERAL SALES MANAGER; )
TIMOTHY CARDILLO, SALES )
MANAGER; MICHAEL COGGINS, )
GENERAL MANAGER, IN THEIR )
PERSONAL AND OFFICIAL )
CAPACITIES OF HADDAD )
DEALERSHIPS OF THE BERKSHIRES, )
   )
And )
   )
CYNTHIA TUCKER, INVESTIGATING )
COMMISSIONER; JAMES LEVINSKY, )
DEPUTY GENERAL COUNSEL; )
MIGDALIA RIVERA, COMPLIANCE )
OFFICER II; CRYSTAL BORGES, )
INVESTIGATOR, IN THEIR PERSONAL )
AND OFFICIAL CAPACITIES OF THE )
MASSACHUSETTS COMMISSION )
AGAINST DISCRIMINATION, )   **THE HADDAD DEFENDANTS'**
   )   **MOTION FOR SANCTIONS**
And )   **AGAINST PLAINTIFF**
ROBERT SANDERS, BOSTON AREA )
OFFICE DIRECTOR, IN HIS PERSONAL )
AND OFFICIAL CAPACITY AS )
DIRECTOR OF EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
   Defendants )

{00087481.DOC}

1

# THE HADDAD DEFENDANTS' MOTION FOR
## SANCTIONS AGAINST PLAINTIFF

Now come Defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collectively, the "Haddad Defendants"), through their counsel of record, and hereby request imposition of sanctions against plaintiff Scott Stern ("plaintiff" or "Stern"), in connection with Stern's filing of his Motion to Amend, seeking to add defense counsel for the Haddad Defendants as defendants in this same action. The Haddad Defendants have separately opposed plaintiff's Motion to Amend, which Opposition papers have been filed separately (and which are incorporated herein by reference).

**I.      Plaintiff's Motion Ignored Well-Established Principles of Law.**

Plaintiff is acting pro se, but the Haddad Defendants submit that this should not excuse blatant ignorance of well-established, not disputed principles of law. While this Circuit has afforded some deference in pleadings to pro se plaintiffs,[2] other courts have insisted on applying the same standards to pro se litigants as litigants who are represented by counsel.[3]

No matter what deference is due to a pro se plaintiff generally, here plaintiff Stern has ignored the well-established absolute litigation privilege. This privilege is discussed in the Haddad Defendants' Opposition to plaintiff's Motion to Amend. Briefly, any remarks or statements by defense counsel (Attorney Barker) at the MCAD hearing in 2004 were absolutely privileged even if false and malicious. See, e.g., Sietins v. Joseph, 238 F.Supp.2d 366, 378-79

---

[1] The correct name for this party is Haddad Motor Group, Inc.

[2] See, e.g., Guerro v. Mulhearn, 498 F.2d 1249, 1255-56 (1st Cir. 1974) (court must "read the allegations of a pro se complaint liberally, and not dismiss the action unless it appears beyond doubt that the plaintiff can prove no set of facts… which would entitle him to relief").

[3] See, e.g., Maza v. Commonwealth, 423 Mass. 1006, 1006, 667 N.E.2d 1146 (1996) (pro se litigant "is held to the same standards as litigants who are represented by counsel"); Boat Maintenance & Repair Co. v. Lawson, 50 Mass.App.Ct. 329, 331, 737 N.E.2d 494 (2000); Aden v. Ludvigsen, 2003 WL 22417193, *1 n.1 (Mass.App.Div. 2003).

{00087481.DOC}

(D.Mass. 2003); Sriberg v. Raymond, 370 Mass. 105, 108-09, 345 N.E.2d 882 (1976); *see also* Briscoe v. LaHue, 460 U.S. 325, 333-35, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (common-law absolute privilege for witnesses, judges, prosecutors in litigation). This is not a legal doctrine in flux. In fairness to defendants, plaintiff cannot plead ignorance -- merely because he is acting pro se -- of basic legal principles. Defending against plaintiff's Motion to Amend has cost the Haddad Defendants considerable money in fees and has cost defense counsel considerable time and effort in researching and preparing Opposition papers (along with the instant Motion for Sanctions).[4] Plaintiff's disregard of well-established legal principles also highlights plaintiff's real agenda--to disqualify defense counsel (see below).

II.     **Further, Plaintiff Stern's Bad Faith Is Evident From His Own False Affidavit.**

As described in greater detail in the Affidavit of John Barker, served and filed herewith, certain allegations in Stern's 5/17/06 Affidavit [Docket No. 40] are false, and some allegations therein are maliciously manipulated. First, Attorney Barker denies Stern's allegation that Barker stated at the 2004 MCAD hearing that "There was no note," referring to Stern's doctor's note presented to the Haddad Defendants in November 2002. Affidavit of John C. Barker ("Barker Affidavit") ¶7. Attorney Barker never denied that such a note existed, as Stern claims in ¶6 of his Affidavit. Second, Stern testifies that he permitted the Haddad Defendants to copy the doctor's note at the meeting in November 2002 (Stern Affidavit ¶¶9 and 10). In fact, all other persons present at this meeting distinctly remember that Stern rather briefly presented a crumpled note to them, without permitting them to keep it or to copy it, and without permitting

---

[4] The Massachusetts Appeals Court awarded double sanctions where plaintiffs' counsel "acted out of spite" and "in bad faith" in suing opposing counsel. *See* Doe v. Nutter, McClennen & Fish, 41 Mass.App.Ct. 137, 141-43, 668 N.E.2d 1329, *rev. denied*, 423 Mass. 1111, 672 N.E.2d 539 (1996).

{00087481.DOC}

3

them sufficient time to record the information on the note (such as the identity and phone number of the doctor from whom Stern had purportedly obtained the note).[5]

While these factual discrepancies may come down to questions of fact, other allegations in Stern's 5/17/06 Affidavit do not. In ¶¶15 and 16, Stern claims that Attorney Barker told him over the phone that "I was just doing my job" as a response to Stern's question "Did you lie at the MCAD hearing?" On 5/9/06, Attorneys Barker and Norris (representing the EEOC Defendants) had telephone conferences with plaintiff Stern in order to arrive at a mutually acceptable litigation schedule to file with the Court. Barker Affidavit ¶9. Towards the beginning of these phone conferences, Stern attacked Attorney Barker with claims that he had lied at the MCAD hearing. *See* Barker Affidavit ¶10; Norris Affidavit ¶5. Attorney Barker informed Stern that he was not willing to discuss these allegations during these phone conferences, and insisted on limiting the phone conferences to agreeing on a litigation schedule (the task at hand). Barker Affidavit ¶10; Norris Affidavit ¶¶5, 7. This was Attorney Barker's response to Stern's question whether he had lied at the MCAD hearing. Barker Affidavit ¶¶10-11; *see* Norris Affidavit ¶6. A couple of hours later, after many drafts and changes by plaintiff to the litigation schedule, in the final call between counsel on 5/9/06, Attorney Barker did attempt to defuse some of the tension between counsel and plaintiff by informing Stern that he had nothing against Stern personally, that he was just doing his job in defending the Haddad Defendants, having been assigned the case by his law firm, and that Stern should not take any of his litigation statements personally. Id. Stern then turned this conciliatory statement around and deliberately manipulated it by stating that *this* statement was in response to Stern's question "Did you lie at the MCAD hearing?" Stern Affidavit ¶¶15 and 16. Stern's question and Barker's

---

[5] *See* the MCAD Response Statements from defendant Timothy Cardillo of 8/13/03, at Exhibit A, and the Response Statement by defendant James Salvie of 8/14/03, at Exhibit B. *See* Barker Affidavit ¶4.

{00087481.DOC}

4

statement had nothing to do with each other and were not even in the same phone call -- in fact they were more than an hour apart. Barker Affidavit ¶¶10-11; *see* Norris Affidavit ¶6. For Stern to juxtapose his question and Barker's statement as if Barker's statement was in response to Stern's question, under oath, demonstrates the level of Stern's dishonesty and bad faith in this matter. Stern continues in his Affidavit (¶19) to state that Attorney Barker's firm was "hired to provide materially false affidavits and documentation" to the MCAD. Stern has no documentation or support whatsoever for such an outrageous accusation. It comes from "out of the blue" without any foundation whatsoever.

### III. Sanctions Against Plaintiff Are Justified Under Rule 11 and Under the Court's "Inherent Powers."

F.R.C.P. 11(b) applies directly to pro se parties, and a court may award sanctions against parties as well as attorneys, under Rule 11(c). *E.g.,* Azubuko v. MBNA America Bank, 396 F.Supp.2d 1, 7 (D.Mass. 2005); Hoover v. Gershman Investment Corp., 774 F.Supp. 60, 64-65 (D.Mass. 1991); *see* Burgess v. Board of Trustees, Univ. of New Hampshire, 1995 WL 136930, *10 n.7 (D.N.H.), *aff'd*, 70 F.3d 110 (1st Cir. 1995), *cert. denied*, 519 U.S. 838, 117 S.Ct. 114, 136 L.Ed.2d 66 (1996).

Under Rule 11(b), the analysis for sanctions is whether a motion such as Stern's Motion to Amend:

> (1)… Is not being presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) [Whether] the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) [Whether] the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have

>  evidentiary support after a reasonable opportunity for further
>  investigation or discovery;...

Stern's Motion to Amend fails each of these three categories. First, his motion to add defense counsel Barker and his firm (Michienzie & Sawin) is a transparent attempt at intimidation and an attempt to deprive the Haddad Defendants of their counsel of choice. If Stern were successful in adding Attorney Barker and his firm as defendants, they would be disqualified from representing a co-defendant. Attorney Barker handled the MCAD proceeding in this matter, and has handled the federal litigation so far. His knowledge of the law in this area and the factual background of this case will assist the Haddad Defendants, and replacing him and his firm would cause the Haddad Defendants unnecessary expense and time. Plaintiff is using the prospect of disqualification as a litigation tactic, a ploy that courts have decried.[6]

Second, Stern's filing of his frivolous Motion to Amend, despite the well-established absolute litigation privilege, should be sanctionable under the objective standard used for Rule 11. Poole v. Textron, Inc., 192 F.R.D. 494, 497-98 (D. Md. 2000). The absolute litigation privilege is well-established,[7] and even a pro se plaintiff must be charged with constructive knowledge of basic law. As noted, this legal doctrine is not in flux, but widely recognized.

Third, Stern's inflammatory and unfounded allegation that defense firm Michienzie & Sawin was "hired to provide materially false affidavits and documentation" to the MCAD [Stern Affidavit ¶19, at Exhibit D] is an example of an allegation not "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery..."

---

[6] See, e.g., Byrnes v. Jamitkowski, 29 Mass.App.Ct. 107, 109, 557 N.E.2d 79 (1990); see also Rizzo v. Sears, Roebuck & Co., 127 F.R.D. 423, 424-25 (D. Mass. 1989), citing Serody v. Serody, 19 Mass.App.Ct. 411, 414, 474 N.E.2d 1171 (1985). Further, this Court cited pro se plaintiff's attempt to "broaden the dispute beyond the question of [the relevant issues] . . . by bringing extraneous parties into this action," as a factor in awarding sanctions against plaintiff, in Jones v. Social Security Administration, 2004 WL 2915290, *1 (D.Mass. 2004).

[7] See, e.g., Briscoe v. LaHue, 460 U.S. 325, 333-34, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); Sietins v. Joseph, 238 F.Supp.2d 366, 378-79 (D.Mass. 2003); Sriberg v. Raymond, 370 Mass. 105, 108-09, 345 N.E.2d 882 (1976).

{00087481.DOC}

Moreover, apart from Rule 11, the Court can award sanctions under its inherent powers. *See* New York v. Solvent Chemical Co., Inc., 210 F.R.D. 462, 473-74 (W.D.N.Y. 2002), *citing* Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol, 194 F.3d 323, 336 (2d Cir. 1999); Poole, 192 F.R.D. at 497-98. The test for an award of sanctions under the federal court's inherent powers is (1) whether the conduct was "without a colorable basis" and (2) was undertaken in bad faith. Id. at 474. Stern's intentional misrepresentations concerning Attorney Barker should be sanctionable under the Court's "inherent powers," using a bad faith standard. Id.

### IV.    Hours Spent Defending Against Stern's Frivolous Motion to Amend

As documented by the Barker Affidavit, filed and served herewith, Attorney Barker has already spent approximately 22 hours researching and drafting the Haddad Defendants' Opposition papers to Stern's frivolous Motion to Amend. *See* Barker Affidavit ¶15. Further, if Attorney Barker and/or his partner Attorney Sawin must attend oral argument on this matter when no other motion is pending, their travel and appearance time can also be added to the wasted time, money, and effort in defending against this meritless motion. If this were merely a mistake of law by a well-intentioned pro se litigant, the Haddad Defendants and their counsel might not seek sanctions. However, as discussed above, Stern's motion ignores well-established law, and Stern himself has engaged in intentional misrepresentations under oath that this Court should not tolerate.

WHEREFORE, the Haddad Defendants and their counsel respectfully request an award of sanctions against plaintiff Stern, in the amount of attorneys' fees expended in opposing Stern's frivolous Motion to Amend (including research, drafting, and oral argument expenses).

**REQUEST FOR ORAL ARGUMENT**

    Pursuant to Local Rule 7.1(D), the Haddad Defendants request a hearing on plaintiff's Motion for Sanctions, should this Court deem such argument helpful or necessary.

                                                               THE HADDAD DEFENDANTS,
                                                                By Their Attorneys
                                                                MICHIENZIE & SAWIN LLC

Dated: 7/16/06                     BY: /s/ John Barker
                                                               Richard A. Sawin, Jr. – BBO NO: 546786
                                                               John C. Barker – BBO NO: 637406
                                                               745 Boylston Street, 5th Floor
                                                               Boston, MA 02116
                                                               Tel: (617) 227-5660

{00087481.DOC}

## CERTIFICATE OF SERVICE

I, John C. Barker, attorney for defendant, hereby certify that I have on this 22nd day of June 2006, served a copy of the foregoing Motion, by mailing a copy of same, postage prepaid, to the following:

Mr. Scott Stern
400 West Main Street
North Adams, MA 01427

Jerrold Levinsky, Esq.
Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Room 220
Springfield, MA 01103

Erin Norris, Esq.
Equal Employment Opportunity Commission
Office of Legal Counsel
1801 L Street Northwest
Washington, DC 20507

_____
John C. Barker

{00087481.DOC}

9