United States District Court
District of Massachusetts
Western Division

Springfield, Massachusetts

Civil Action No.05-30160-MAP

Scott Stern,
          Plaintiff,
    vs.
Haddad Motor Group, Inc., et. al.
    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

MEMORANDUM OF LAW IN
SUPPORT OF OPPOSITION TO
MOTION FOR SANCTIONS

Now comes plaintiff and hereby submits this MEMORANDUM OF LAW IN

SUPPORT OF OPPOSITION TO MOTION FOR SANCTIONS to the United States

District Court, Honorable Judge Michael A. Ponsor, presiding, regarding the recent

MOTION FOR SANCTIONS against the plaintiff by the defendant Haddad Motor

Group, Inc. from defendant's counsel, defendant John Barker.

      The defendants, and the defense counsel, have brought to light their inconsistent

arguments and the court can genuinely question the defendants wasteful use of the court's

time by their MOTION FOR SANCTIONS and the MOTION should be denied,

forthwith and expeditiously.

      A court may not dismiss a complaint for failure to state a claim under

Fed.R.Civ.P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no

set of facts in support of his claim which would entitle him to relief." *Judge v. City of

Lowell*, 160 F.3d 67, 72 (1st Cir.1998)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78

S.Ct. 99, 2 L.Ed.2d 80 (1957)). In considering the merits of a motion to dismiss, the court

may look only to the facts alleged in the pleadings, documents attached as exhibits or

incorporated by reference in the complaint and matters of which judicial notice can be

taken. *Nollet v. Justices of the Trial Court of Mass.*, 83 F.Supp.2d 204, 208

(D.Mass.2000) *aff'd*, 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all

factual allegations in the complaint as true and draw all reasonable inferences in the

plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir.2000). If

the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the

complaint must be denied. *See Nollet,* 83 F.Supp.2d at 208. (Hughes v. McMenamon 379

F.Supp.2d 75, *78 (D.Mass.,2005))

Courts "never impose sanctions lightly, and are particularly cautious as to pro se

litigant[s]," *Constant v. United States,* 929 F.2d 654, 658 (Fed.Cir.1991), but even pro se

litigants are required to follow procedural rules.   (Pellegrini v. Analog Devices, Inc.

2006 WL 83472, *3 (D.Mass.) (D.Mass.,2006))

Allegations of a pro se complaint must be read liberally and action not dismissed

unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle

him to relief. (Guerro v. Mulhearn  498 F.2d 1249 (C.A.Mass. 1974))

Defendant John Barker cites the aforementioned case of Guerro v. Mulhearn

which is inapplicable to the case at bar, as the third circuit decided in Winsett:

"Guerro v. Mulhearn, supra, is inapplicable since a determination of the damage

claim there presented would have required a ruling upon the validity of a state criminal

conviction during the pendency of state criminal appellate processes.  Both Galloway and

Guerro were predicated on the principle of comity, cf. Younger v. Harris, 401 U.S. 37, 91

S.Ct. 746, 27 L.Ed.2d 669 (1971), and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27

L.Ed.2d 688 (1971), which simply is not a factor in the present case, since the validity of

Winsett's conviction is not at issue. Winsett v. McGinnes 425 F.Supp. 609,

*613 (D.C.Del. 1976). Defendant John Barker has not been convicted of any crime, as of

yet, nor has plaintiff, the citation by defense counsel in Guerro is, therefore, inapplicable

at the case at bar.

It is true that Rule 11 does not exclude pro se plaintiffs from possible sanction.

*See* Fed.R.Civ.P. 11(b). *Alexander v. United States,* 121 F.3d 312, 315-16 (7th

Cir.1997). Rule 11 does not exclude *pro se* plaintiffs from possible sanction. *See*

Fed.R.Civ.P. 11(b). The various factors that may be considered in determining whether

sanctions under the rule are warranted include:

"[1][w]hether the improper conduct was willful, or negligent; [2] whether it was

part of a pattern or activity, or an isolated event; [3] whether it infected the entire

pleading, or only one particular count or defense; [4] whether the person has engaged in

similar conduct in other litigation; [5] whether it was intended to injure; [6] what effect it

had on the litigation process in time or expense; [7] whether the responsible person is

trained in the law; [8] what amount, given the financial resources of the responsible

person, is needed to deter that person from repetition in the same case; and [9] what

amount is needed to deter similar activity by other litigants." Fed.R.Civ.P. 11 advisory

committee's note (1993). (Quoting from Azubuko v. MBNA America Bank 396

F.Supp.2d 1, *7 (D.Mass.,2005))

In Storie the Court held:

"In any event, although *pro se* plaintiffs are subject to sanctions, *see Lefebvre v.*

*Commissioner,* 830 F.2d 417, 420-21 (1st Cir.1987), plaintiffs' claims are not obviously frivolous, and therefore such sanctions are not appropriate here." (Storie v. Household Intern., Inc.  2005 WL 3728718, *3 (D.Mass.) (D.Mass.,2005).

"Fed.R.Civ.P. 11(b) provides that even an unrepresented party is prohibited from filing frivolous, improper or harassing pleadings and courts have used the rule to impose sanctions on *pro se* parties. *See, e.g., Lefebvre v. Comm'r,* 830 F.2d 417 (1st Cir.1987). However, the Court will consider the state of the *pro se* party's sophistication and experience, or lack thereof, when determining the nature and severity of sanctions to be imposed. *See* Fed.R.Civ.P. 11 advisory committee's note ("[W]hen a party is not represented by counsel, the absence of legal advice is an appropriate factor to be considered.") (Hughes v. McMenamon 379 F.Supp.2d 75, *80 (D.Mass.,2005))

Types of conduct that warrant Rule 11 sanctions include: (1) when a party files a pleading that has no reasonable factual basis; (2) when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as reasonable argument to change existing law; and, (3) when a party files a pleading in bad faith or for improper purpose. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A. Mills v. Brown  372 F.Supp.2d 683 (D.R.I.,2005)

In concluding that the appeal at bar is frivolous, we remain mindful that many courts have warned against imposing sanctions for frivolousness except in egregious cases. See, e.g., *id.* ("sanctions should never lightly be imposed"); *Mission Denver Co. v. Pierson,* 674 P.2d 363, 365-366 (Colo.1984). (Avery v. Steele  414 Mass. 450, *456, 608 N.E.2d 1014, **1018 (Mass.,1993))

Your moving party objects to the frivolous MOTION FOR SANCTIONS by the

defendants.  It is incredulous and remarkable, to say the least, that this Honorable Court

should be requested, by defense counsel, to sanction plaintiff by and because plaintiff is

advocating his constitutionally guaranteed rights, liberties and privileges.  It is totally

without merit to sanction plaintiff and truly wasting this Court's precious time to

determine sanctions against an individual that is acting without counsel, an individual

with a documented disability, an individual that is merely seeking rights that have been

denied him by defendants, including, but not limited to, Haddad Motor Group, Inc.

 The fact that plaintiff oppose a "Motion for Sanctions" by the defendants that

deprived him of his Constitutional Rights from the defendants attorney, whom plaintiff

is seeking to be joined in this civil action, inter alia, as a defendant himself, is because the

defendant is seeking to waste the court's time, to circumvent the genuine issues of

material fact before this judicial proceeding, and to harass and intimidate this plaintiff in

securing his rights, liberties and privileges in this Honorable Court.  Defendant John

Barker is stating, inter alia, that he is above the law, above the Rules of Professional

Conduct, and above the Declaration of Rights of the Constitution of the Commonwealth

of Massachusetts and above the Oath of Office he swore to under Massachusetts General

Law Chapter 221 §38.

 This  Honorable Court should not grant him rights distinct from the community,

by association of having a bar card, the license to practice law, which could be construed

to mean that attorneys have a incorrect right to do anything, to anyone, or to commit acts,

contrary to law, violent acts, or non-violent acts, and by doing so, can be exonerated,

without accountability by telling lies at anytime, anywhere, anyplace, under any

circumstances and be immune from being held accountable for speaking, writing or

publishing false averments and testimony contrary to the standing

laws, rules and oaths of office to any court, any judicial proceeding, any tribunal merely

because one has passed the bar exam, carries a bar card, and is an active, practicing

attorney at law?

This plaintiff, your moving party, clearly heard statements spoken in bad faith,

contrary to the respondents affidavits, by defense counsel John Barker, before the

tribunal known as the Massachusetts Commission Against Discrimination, after

defendant James Salvie stated that "I am not sure" to the question posited by

defendant Jerrold "James" Levinsky asking defendants at the MCAD hearing if the

doctor's note "Is this the note?" in Levinsky's possession was the same doctor's note

given to them on November 27, 2002 and copied by the defendants. Plaintiff heard false

averments by the defendant John Barker at the hearing, and submitted an affidavit

to this Honorable Court, attesting to the false averments by the defendant John Barker

before the tribunal and defendant John Barker is asking this Court to punish plaintiff for

being honest?  Contrary to what defendant John Barker would like this court to believe,

that the words spoken in bad faith by the Attorney are sanctioned and privileged under

the judicial doctrine of "absolutely privileged" the Rules of Professional Conduct state

otherwise and contrary under Rule 3.3:

> "(a) A lawyer shall not knowingly:
>
> > "(1) make a false statement of material fact or law to a tribunal;
> >
> > (2) fail to disclose a material fact to a tribunal when disclosure is
> > necessary to avoid assisting a criminal or fraudulent act by the client,
> > except as provide in Rule 3.3(e);
> >
> > (3) fail to disclose to the tribunal legal authority in the controlling
> > jurisdiction know to the lawyer to be directly adverse to the position
> > of the client and not disclosed by opposing counsel; or

(4) offer evidence that the lawyer knows to be false, except as provided in Rule 3.3(e). If a lawyer has offered, or the lawyer's client or witnesses testifying on behalf of the client have given, material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures.

(b) The duties state in paragraph (a) continue to the conclusion of he proceeding, including all appeals, and apply even in compliance requires disclosure of information otherwise protected by Rule 1.6.

(c) A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.

Rule 3.4 of the Massachusetts Rules of Professional Conduct state:

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence or or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;

(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

Guerro, infra, noted that even prosecutors do not maintain "absolute privilege" if they perform functions outside of their quasi-judicial roles:

"Even if prosecutors enjoy an absolute immunity from suit in civil rights case when acting within their quasi-judicial capacity, such absolute immunity does not extend to acts essentially unrelated to judicial process, that is, acts done in prosecutor's investigatory role. 42 U.S.C.A. §§ 1983, 1985. (Guerro v. Mulhearn  498 F.2d 1249 (C.A.Mass. 1974))

In addition, in Guerro, the state's attorney was not exempt and the court in Lewis summarized it this way, and Lewis is similar to the case at bar, the defense counsel

should be held to the same standards that the defendant Haddad Motor Group, Inc. is being held to:

"As stated in Lewis v. Brautigam, supra, 227 F.2d at 129, 'it would be wrong to hold the officers liable but the State's Attorney exempt.' (Quoting from Guerro v. Mulhearn 498 F.2d 1249, *1256 (C.A.Mass. 1974)).

The history of "absolute immunity" can be traced to the case of Hoar v. Wood, 44 Mass. 193 in which the Court held that:

*"But this privilege is limited, and that limit is this: That a party or counsel shall not avail himself of his situation to gratify private malice by uttering slanderous expressions, either against a party, witness, or third person, which have no relation to the cause or subject-matter of the inquiry. (Hoar v. Wood 44 Mass. 193, *193, 1841 WL 3465, **1 (Mass.) (Mass. 1841)).* Thus stating that the doctor's note did not exist, when in fact it did, and the defendant's knew of its existence, and the defense counsel knew of its existence, was an "utterance of a slanderous expression" and would not be absolutely privileged.*

The Supreme Judicial Court noted in Scriberg, on a question posited by the United States District Court is that the privilege should be if the act is done in good faith, not in bad faith, as defense counsel avers to this Honorable Court.

In Scriberg, the Supreme Judicial Court held:

"We find the commentary to Restatement (Second) of Torts, s 586 (Tent. Draft No. 20, 1974) persuasive. The public policy of permitting attorneys complete freedom of expression and candor in communications in their efforts to secure justice for their clients commends itself to us. The basic elements of such a policy were recognized early in this

Commonwealth by Chief Justice Shaw in the following terms: *'(I)t is, on the whole, for the public interest, and best calculated to subserve the purposes of justice, to allow counsel full freedom of speech, in conducting the causes, and advocating and sustaining the rights, of their constituents; and this freedom of discussion ought not to be impaired by numerous and refined distinctions.'* Hoar v. Wood, 3 Metc. 193, 197-198 (1841) (statements in the course of trial). It appears desirable to *install* the privilege where such statements are made by an attorney engaged in his function as an attorney whether in the institution or conduct of litigation or in conferences and other communications preliminary to litigation. *Where a communication to a prospective defendant relates to a proceeding which is contemplated in good faith and which is under serious consideration, it is our view that the privilege should attach.* (Sriberg v. Raymond 370 Mass. 105, *108-109, 345 N.E.2d 882,**884 (Mass. 1976))

 The Restatement of Torts is not law. To "install" a privilege would be for the judiciary to act in a legislative capacity, of which, the Constitution in Article XXX declares the judiciary cannot act in a legislative manner. While it may be persuasive, it does not have the effect of law, nor are the people controllable by this "doctrine" since it has not been consented to by the legislature according to Article X of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts.

 Defendant John Barker, averred false statements in the proceeding before the Massachusetts Commission Against Discrimination and spoke words that were materially false and contrary to each of the respondents affidavit. The difference is that defendant John Barker knowingly spoke false statements to the tribunal, inapposite, plaintiff, your moving party, heard the statements, and attests to the accuracy of the statements by

providing this Honorable Court for a reason to amend the complaint to include the

defendant John Barker and the firm of Michienzie & Sawin, LLC., accordingly.

"The ethical problems ··· are most serious where ··· the outcome of the case may

well turn on [the lawyer's] credibility." *Black v. Black*, 376 Mass. 929, 381 N.E.2d 1304

(1978). Serody v. Serody  19 Mass.App.Ct. 411, *413, 474 N.E.2d 1171,

**1173 (Mass.App.,1985)

Plaintiff should not be punished for being truthful to this Honorable Court and

defense counsel's Motion for Sanctions should fail, forthwith and expeditiously.  It is

certainly not in the public interest to allow Attorney's the right to be immunized from

telling lies to the tribunals they appear before.

Accordingly, defense counsel wants this Honorable Court to believe that he is

"absolutely privileged" and above Article V of the Declaration of Rights of the

Constitution of the Commonwealth of Massachusetts which states:

"Article V:  All power residing originally in the people, and being derived from

them, the several magistrates and officers of government, vested with authority, whether

legislative, executive, or judicial, are their substitutes and agents and are at all times

accountable to them."

Defendant John Barker, acting as defense counsel, is an "officer of the Court."

In addition, Article VI of the Constitution of Massachusetts declares:

"No man, nor corporation, or association of men, have any other title to obtain

advantages, or particular and exclusive privileges, distinct from those of the community,

that what arises from the consideration of services rendered to the public; and this title

being in nature neither hereditary, nor transmissible to children, or descendants, or

relations by blood, the idea of a man born a magistrate, lawgiver, or judge, is absurd and unnatural."

Article VII of the Constitution of Massachusetts states:

"Government is instituted for the common good; for the protection, safety, prosperity, and happiness of the people; and not for the profit, honor or private interest of any one man, family or class of men; Therefore the people alone have an incontestable, unalienable, and indefeasible right to institute government; and to reform, alter, or totally change the same, when their protection, safety, prosperity and happiness require it."

This Honorable Court should deny the defendants Motion for Sanctions, not solely because plaintiff objects, but because the Motion for Sanction is totally without merit and is a waste of this Court's precious time. Similar to the Storie Court, plaintiff's should not be sanctioned, and defendants Motion should be denied.

"In any event, although *pro se* plaintiffs are subject to sanctions, *see Lefebvre v. Commissioner,* 830 F.2d 417, 420-21 (1st Cir.1987), plaintiffs' claims are not obviously frivolous, and therefore such sanctions are not appropriate here." (Storie v. Household Intern., Inc. 2005 WL 3728718, *3 (D.Mass.) (D.Mass.,2005))

Plaintiff's interest is not to waste this Court's time, or to vex the defendants, or to harass, but rather, to see that justice is meted out accordingly to the standing laws of the Federal government, United States Codes, the Constitution of the United States, the laws of the Commonwealth of Massachusetts, and the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts.

Plaintiff filed in the United States District Court by right by notification by and from the defendant United States Equal Employment Opportunity Commission. The

agency of the Commonwealth of Massachusetts, a political sub-division of the Commonwealth of the Massachusetts, the Massachusetts Commission Against Discrimination (MCAD) failed, incredibly, remarkably, incredulously, and purposefully to literally read the documents presented to it for a "fair and judicious" determination. Rather, the Chief Deputy Counsel, defendant Jerrold "James" Levinsky, was party to a cover-up for the benefit of the plaintiff's former employer, the defendant Haddad Motor Group, Inc. of which, the defendant John Barker, whom represented the Haddad defendants, lied and perjured testimony before the tribunal. Statements by the defendant John Barker that "There was no note" of which, plaintiff, has attested to, was contrary to defendant John Barker's written response to the Massachusetts Commission Against Discrimination.

The written response, signed by defendant David Michael Coggins, affirms the existence of the doctor's note that defendant John Barker averred in testimony before the Commission "did not exist." The affidavits of the defendants James Salvie and Timothy Cardillo both substantiate and corroborate the existence of the doctor's note, notwithstanding that the written formal response by the defendant David Michael Coggins, corroborates the existence of the doctor's note. There are genuine issues of material fact that warrant the further discovery of relative documents, interrogatories and depositions before this honorable court and a Motion for Sanctions contravenes the First Circuit's stance on sanctions against Pro-Se litigants.

The defendant, James Barker, in response for the Haddad defendants, has demanded a jury trial on all issues. The defendant, James Barker, sought to depose plaintiff's doctor and then withdrew the deposition to re-file the same at a later date.

Litigious strategy? Is it more likely that an Attorney John Barker is wasting the Court's time by filing and withdrawing, only to propose to re-file at a later date, pleadings such as deposing plaintiff's doctor, as a means to vex, harass and intimidate this plaintiff, than plaintiff in defending his rights, liberties and privileges by submitting an affidavit of what he truthfully heard spoken before him under false pretenses by defendant John Barker?.

This honorable court, should note several things. First, that the defendants sought to depose plaintiff's doctor at a private residence, rather than plaintiff's doctor's office address. Knowledge of this sort implies that the defendant's sought to hide their knowledge of the doctor's address, of which, they were fully apprised of the doctor's address on November 27, 2002 by the defendant's making a copy of the same doctor's note. Secondly, that the inconsistency of the defendants responses in their written affidavits and responses, before the Massachusetts Commission Against Discrimination warrant a need of this Court to allow the issues to be resolved on the merits, rather than a default judgment or summary judgment to issue against the plaintiff, or, as defendant John Barker, has attempted to propose, that the plaintiff, an individual with a documented disability, should be further victimized by having sanctions applied for seeking to ensure his rights, liberties and privileges are enforced. The motion by the defendants is an abuse of the Court's time and judicial resources. If anything, this court should take judicial notice that the defendants have perjured testimony before this honorable court, including, but not limited to, the tribunal known as the Massachusetts Commission Against Discrimination. If it were not for this genuine material fact alone, this civil action, the case at bar, may never had made it to this honorable court for review and consideration.

Truly, the question of who may be wasting the court's time should be viewed, as the Court held in Storie, supra.

There are genuine issues of material facts before this honorable court. Further discovery is necessary and relevant to the merits of this case. Plaintiff has not sought to waste the judicial resources of this honorable court, to the contrary, plaintiff has merely sought to enforce the rights to which the government actors state plaintiff has a right to assert, including, but not limited to, the United States and the Commonwealth of Massachusetts. Thirdly, if the defendant John Barker had not lied to the tribunal, a different outcome may have occurred before the Massachusetts Commission Against Discrimination. Fourthly, had the Massachusetts Commission Against Discrimination not been in a "conflict of interest" position with enforcing the rights of the plaintiff, while receiving an incentive (i.e. revenue/funding) from the federal government for disposing of meritorious cases, the outcome may have prevented this case from moving to the United States District Court for judicial review and determination.  This, of course, would have required that the defendant MCAD would have had to actually read the documents presented to them, both by the plaintiff, and plaintiff's representative, the Massachusetts Office on Disability.  Fifthly, by and because the United States Equal Employment Opportunity Commission engages in a "workshare agreement" with entities that are responsible for complying with the law, across the United States, including, but not limited to, the Massachusetts Commission Against Discrimination , but are, in essence, succeeding to ensure the failure of the mandate of the United States Congress by depriving plaintiff, like tens of thousands of others, including, but not limited to, equal protection under the law, civil liberties and the application of Constitutionally guaranteed

rights to protect their entitlements and privileges under the laws of the United States and

the Constitution of the United States, federal lawsuits are being filed that could have been

avoided if the agencies actually followed the laws of the United States and complied with

their purpose and enabling statute, sadly, such is not the case. In fact, the United States

Equal Employment Opportunity Commission discriminates within its own ranks as well!

The website http://www.proliberty.com/observer/19990101.htm states:

"Those who took an oath to abide by the terms of the contract which established

our government, now consider themselves "immune" to any civil lawsuit which would

hold them accountable. Did they pass a law creating this "immunity?" No, that would be

against the contract. The contract, otherwise known as the Constitution, doesn't grant any

immunity, in fact, in Article Six, it states quite the opposite.

"This Constitution, and the laws of the United States which shall be made

in pursuance thereof...shall be the supreme law of the land; and the judges in

every state shall be bound thereby, anything in the Constitution or laws of any

state to the contrary notwithstanding. The senators and representatives before

mentioned, and the members of the several state legislatures, and all executive

and judicial officers, both of the United States and of the several states, shall be

bound by oath or affirmation, to support this Constitution;..."

Defendant John Barker, a lawyer, wants to claim that he is entitled to "absolute

immunity" as if, during the MCAD hearings, John Barker was performing some "official

act" of office for the public and the constituents of the Commonwealth.

The Supreme Court has slowly immunized officials since 1951:

"*Absolute immunity is available to officials performing official acts*. See, e. g.,

*Nixon v. Fitzgerald,* 457 U.S. 731 (1982) (the President); *Imbler v. Pachtman,* 424 U.S.

409 (1976) (prosecutors); *Pierson v. Ray,* 386 U.S. 547 (1967) (judges); Tenney v.

Brandhove, 341 U.S. 367 (1951) (legislators). *Hoffman v. Harris,* et al. 114 S. Ct. 1631

(1994) (social workers.)"

Defendant John Barker, Attorney at Law, was not performing an "official act" for

the people of the Commonwealth of Massachusetts. He should, therefore, be not allowed

an "absolute privilege" contrary to standing laws, Oaths of Office, and the Rules of

Professional Conduct.

[Defendants'] claim to absolute immunity hinges on whether the actions at issue

here were legislative or administrative."Acevedo-Garcia v. Vera-Monroig  204 F.3d 1,

8 (C.A.1 (Puerto Rico), 2000)  In the case at bar, defendant John Barker was not acting in

a legislative or administrative capacity before the MCAD.

"It is alleged that these defendants, in furtherance of a conspiracy, deprived

plaintiff[s] of [their] constitutional rights by employing state law to abrogate plaintiffs'

[contract] obligations. This is a federal wrong and presents a case within federal

jurisdiction under 28 U.S.C.A. 1343.  Cobb v. City of Malden  202 F.2d 701,

*705 (C.A.1 1953)

8 U.S.C.A. 43 seems to say that every person in official position, whether

executive, legislative, or judicial, who under color of state law subjects or causes to be

subjected any person to the deprivation of any rights secured by the Constitution of the

United States, shall be liable in damages to the person injured. The enactment in terms

contains no recognition of possible defenses, by way of privilege, even where the

defendants may have acted in good faith, in compliance with what they believed to be

their official duty. Reading the language of the Act in its broadest sweep, it would seem to make no difference that the conduct of the defendants might not have been tortious at common law; for the Act, if read literally, creates a new federal tort, where all that has to be proved is that the defendants as a result of their conduct under color of state law have in fact caused harm to the plaintiff by depriving him of rights, etc., secured by the Constitution of the United States.  Cobb v. City of Malden  202 F.2d 701, *706 (C.A.1 1953)

### Rule 11(b)(3) Analysis

Rule 11(b)(3) requires that all allegations and factual contentions have "evidentiary support." *See Antonious v. Finnegan, Henderson, Farabow, Garrett & Dunner, LLP*, 275 F.3d 1066, 1074 (Fed.Cir.2002)  (Pellegrini v. Analog Devices, Inc. 2006 WL 83472, *1 (D.Mass.) (D.Mass.,2006)).

It was necessary for plaintiff to assert a reason for amending the complaint before this Honorable Court.  If it were not for the false averment by defendant John Barker, the case at bar most likely would have not ended up in the United States District Court.

"Need for disqualification of lawyer called as a witness by opponent is greatest where lawyer is most intimately involved in events at issue.  Serody v. Serody  19 Mass.App.Ct. 411, 474 N.E.2d 1171 (Mass.App.,1985)

The doctrine of "absolute privilege" is unconstitutional according to standing laws of the Commonwealth, and the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts, and the Rules of Civil Procedure.

The doctrine of "absolute privilege" incorrectly grants a class of men, gender inclusive of both men and women, also known as "lawyers" or "attorneys",

such as defendant John Barker, with privileges different from that of the community. If anything, John Barker by his statement that "there was no note" before the Massachusetts Commission Against Discrimination, violated not only his oath of Office as proscribed by Massachusetts General Law Chapter 221 §38:

Section 38. Whoever is admitted as an attorney shall in open court take and subscribe the oaths to support the constitution of the United States and of the commonwealth; and the following oath of office shall be administered to and subscribed by him:

"I (repeat the name) solemnly swear that I will do no falsehood, nor consent to the doing of any in court; I will not wittingly or willingly promote or sue any false, groundless or unlawful suit, nor give aid or consent to the same; I will delay no man for lucre or malice; but I will conduct myself in the office of an attorney within the courts according to the best of my knowledge and discretion, and with all good fidelity as well to the courts as my clients. So help me God."

The Restatement of Torts, § 586 (1938), states that ]n attorney at law is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto. See *Sriberg v. Raymond*, 370 Mass. 105, 108, 345 N.E.2d 882 (1976)(quoting the Restatement of Torts). In *Sriberg*, the Supreme Judicial Court of Massachusetts discussed the so-called litigation privilege and held that it attaches to statements made by an attorney "in the institution or conduct of litigation or in conferences and other communications preliminary to litigation."*215 *Id.* at 109, 345

N.E.2d 882. "The privilege is absolute" and "provides a complete defense even if the offensive statements are uttered maliciously or in bad faith." *Doe v. Nutter, McClennen & Fish,* 41 Mass.App.Ct. 137, 140, 668 N.E.2d 1329 (1996). Moreover, the privilege "protects the maker from any civil liability based thereon." *Id. See also Blanchette v. Cataldo,* 734 F.2d 869, 877 (1st Cir.1984) ("Massachusetts courts have applied the privilege, not only in defamation cases, but as a general bar to civil liability based on the attorney's statements."). Taylor v. Swartwout  429 F.Supp.2d 209, *214 –
215 (D.Mass.,2006)

The Restatement of Torts is not law, and the doctrine of "absolute immunity" has not been consented to by the constitutional representatives, the legislature of the Commonwealth and the doctrine is contrary to the standing laws of the Commonwealth, and the Declaration of Rights of the Constitution of the Commonwealth which states, in part:

"Article X .  Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty and prosperity, according to standing laws... In fine, the people of this Commonwealth are not controllable by any other laws that those to which their constitutional representative body have given their consent."

Article XXX states:

"In the government of this Commonwealth, the legislature department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers; or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end it may be a government of laws and not of men.

Wherefore, plaintiff respectfully submits a brief MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION FOR SANCTIONS to this Honorable Court for its judicious review.

Wherefore, plaintiff moves that the MOTION FOR SANCTIONS by defense counsel be herein denied.

Most respectfully submitted this 27 day of July 2006.

Scott Stern
All Rights Reserved without Prejudice
Sui Juris
400 West Main Street
North Adams, Massachusetts 01247

## CERTIFICATE OF SERVICE

I, Scott Stern, Pro-Se Plaintiff, in this action of Scott Stern v. Haddad Motor Group, Inc., et. al., in the United States District Court, Case Number 05-30160-MAP, certify that I have caused a copy of the foregoing document,

Copy of "PLAINTIFF'S NOTICE OF OBJECTION"

Copy of "PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION FOR SANCTIONS"( BY DEFENDANT HADDAD MOTOR GROUP, INC.)

Copy of "CERTIFICATE OF SERVICE"

to be delivered, postage prepaid, United States Postal Service, to the defendants, at their respective addresses this 27 day of July, 2006.

Michenzie & Sawin, LLC
Richard Sawin, Resident Agent and Manager
745 Boylston Street
Boston, Massachusetts 02116-2636

Michenzie & Sewin, LLC
John C. Barker
745 Boylston Street
Boston, Massachusetts 02116-2636

Massachusetts Commission Against Discrimination
Cynthia Tucker
436 Dwight Street, Suite 220
Springfield, Massachusetts 01220

Massachusetts Commission Against Discrimination
Jerrold "James" Levinsky,
436 Dwight Street, Suite 220
Springfield, Massachusetts 01220

Massachusetts Commission Against Discrimination
Migdalia Rivera
436 Dwight Street, Suite 220
Springfield, Massachusetts 01220

## CERTIFICATE OF SERVICE page 2

Massachusetts Commission Against Discrimination
Crystal Borges
436 Dwight Street, Suite 220
Springfield, Massachusetts 01220

(By leave of Erin Norris to serve one copy for both defendants)
U.S. Equal Employment Opportunity Commission
Erin Norris
Robert Sanders and Joseph Alvarado, Official Capacities
1801 L. St. N.W.
Washington, D.C. 20507

Equal Employment Opportunity Commission
Robert Sanders,
John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, Massachusetts   02203

Equal Employment Opportunity Commission
Joseph Alvarado,
33 Whitehall Street, 5th floor
New York, New York   10004-2167

to be delivered, postage prepaid, by United States Postal Service, this 27 day of July,
2006 to:

United States District Court
1550 Main Street
Springfield, Massachusetts 01103
Attn: Clerk of Courts

_____
Scott Stern
All Rights Reserved without Prejudice
Sui Juris
400 West Main Street
North Adams, Massachusetts 01247

July 27, 2006
_____
Date of Mailing/Delivery