United States District Court
District of Massachusetts
Western Division

Springfield, Massachusetts                    Civil Action No.05-30160-MAP

Scott Stern,                          ) EMERGENCY MOTION TO ALLOW LATE
                                      ) MEMORANDUM OF LAW WITH APPENDICES
400 West Main Street,                 ) AND EXTENSION OF TIME
                                      )
North Adams, Massachusetts 01247,     )
                                      )
        Plaintiff,                    )
                                      )
    vs.                               )
                                      )
Haddad Motor Group, Inc., et. al.     )
                                      )

Now comes plaintiff and moves this court for an EMERGENCY MOTION TO

FILE LATE MEMORANDUM OF LAW WITH APPENDICIES AND EXTENSION

OF TIME before the Honorable Michael A. Ponsor, United States District Court Judge in

the Western Division of the United States District Court.

   Wherein, your moving party, an individual with a documented disability, arrived

at the Federal Building at 5:57 p.m. on August 7, 2006 and the building was locked, and;

   Wherein, your moving party, telephoned the Security Officers of the Federal

Building, prior to his arrival to the United States Federal Building Security relative to

using the automatic stamp machine, and;

   Wherein, your moving party received acknowledgement by the Security personnel

that the United States Federal Building, and the lobby thereof, would be kept open until

6:00 p.m. for plaintiff to use the stamp machine, and;

EMERGENCY MOTION TO FILE LATE MEMORANDUM OF LAW WITH APPENDICES AND
EXTENSION OF TIME

1

Wherein, denial of access to the United States Federal Court could be construed as a deprivation of due process rights that are accorded to this plaintiff through the United States Constitution, its' laws and regulations, and;

Wherein, your moving party, was allowed until August 7, 2006 to file documents with the United States District Court, and;

Wherein, your moving party, does not have the availability, ability, or access, as of August 7, 2006, to the same system as plaintiff's opposition, by the use of state of the art, electronic filing system, through the internet, and;

Wherein, your moving party, entered a federal building, and by means of the United States Postal Service, purchased the appropriate postage applicable to the mailing of said documents to the United States District Court on the 7 day of August, 2006, and;

Wherein, the United States Supreme Court allows briefs, memorandums, and motions to be time stamped by the United States Postal Service, a political sub-division of the United States Government, and;

Wherein, your moving party, has, employing the aforementioned United States Postal Service, entered, on plaintiff's behalf, in the United States Supreme Court, documents entered on and recorded into the docket of the United States Supreme Court, even though the postage for said documents were purchased past "normal" Court hours, but purchased on the date due for Writ of Certiorari, and;

Wherein, plaintiff has been allowed to fax documents to the First Circuit Court of Appeals of the United States District Court in Boston, Massachusetts, in another unrelated matter, and;

Wherein, your moving party, was granted an EMERGENCY MOTION FOR EXTENSION OF TIME by the First Circuit Court of Appeals, and;

EMERGENCY MOTION TO FILE LATE MEMORANDUM OF LAW WITH APPENDICES AND EXTENSION OF TIME

2

Wherein, your moving party, by and because of his disability, is allowed to file by fax documents to other United States Courts, including, but not limited to, the First Circuit Court of Appeals, and;

Wherein, your moving party, made a concerted, diligent effort to arrive prior to the closing of the Federal Building and to submit documents to the United States District Court for the Honorable Judge Michael A. Ponsor, through the stamp machine and depository box located in the lobby of the United States District Court,

Wherefore, your moving party, prays, most respectfully and most humbly, from the Honorable United States District Court Judge Michael A. Ponsor, for the allowance of this EMERGENCY MOTION TO FILE LATE MEMORANDUM OF LAW WITH APPENDICES AND EXTENSION OF TIME.

Wherefore, your moving party, also prays for the allowance to fax documents to said court, in the future, and, in the alternative, to be placed on the waiting list or some training program to be taught how to electronically file documents with the United States District Court, as plaintiff's defendants, through opposition counsel, have the ability to file documents via the internet and it places plaintiff in an unfair and litigious disadvantage in these proceedings.

One previous extension of such time has been obtained for the plaintiff granted by this court.

Plaintiff hereby prays that this Honorable Court grant this EMERGENCY MOTION TO ALLOW LATE MEMORANDUM OF LAW WITH APPENDICES AND EXTENSION OF TIME, and apologizes to those that this may inconvenience.

EMERGENCY MOTION TO FILE LATE MEMORANDUM OF LAW WITH APPENDICES AND EXTENSION OF TIME

Most respectfully submitted this 8 day of August, 2006.

*[signature: Scott Stern]*

Scott Stern
Sui Juris
All Rights Reserved without Prejudice
400 West Main Street
North Adams, Massachusetts 01247

EMERGENCY MOTION TO FILE LATE MEMORANDUM OF LAW WITH APPENDICES AND
EXTENSION OF TIME

## CERTIFICATE OF SERVICE

I, Scott Stern, Pro-Se Plaintiff, in this action of Scott Stern v. Haddad Motor Group, Inc., et. al., in the United States District Court, Case Number 05-30160-KPN, certify that I have caused a copy of the foregoing documents, Emergency Motion to allow Late Memorandum of Law with Appendices (Appendix U) and Extension of Time & Certificate of Service to be delivered, postage prepaid, United States Postal Service, to the defendants, at their respective addresses this 8 day of August, 2006.

Michenzie & Sawin, LLC
Richard Sawin, Resident Agent and Manager
745 Boylston Street
Boston, Massachusetts 02116-2636

Michenzie & Sawin, LLC
John C. Barker
745 Boylston Street
Boston, Massachusetts 02116-2636

Massachusetts Commission Against Discrimination
Cynthia Tucker
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Massachusetts Commission Against Discrimination
James Levinsky,
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Massachusetts Commission Against Discrimination
Migdalia Rivera
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Massachusetts Commission Against Discrimination
Crystal Borges
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

## CERTIFICATE OF SERVICE page 2

(By leave of Erin Norris to serve one copy for both defendants)
U.S. Equal Employment Opportunity Commission
Erin Norris
Robert Sanders and Joseph Alvarado, Official Capacities
1801 L. St. N.W.
Washington, D.C. 20507


Equal Employment Opportunity Commission
Robert Sanders,
Defendant, Personal Capacity
Area Office Director
John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, Massachusetts 02203

Equal Employment Opportunity Commission
Joseph Alvarado,
Defendant, Personal Capacity
State and Local Manager
33 Whitehall Street, 5th floor
New York, New York, 10004-2167


to be delivered, postage prepaid, by United States Postal Service, this __8__ day of
__August__, 2006 to:


United States District Court
1550 Main Street
Springfield, Massachusetts 01103
Attn: Clerk of Courts

_Scott Stern_                           _August 8, 2006_
Scott Stern                             Date of Mailing/Delivery
All Rights Reserved without Prejudice
Sui Juris
400 West Main Street
North Adams, Massachusetts 01247

# RULES

OF THE

# Supreme Court of the United States

ADOPTED MARCH 14, 2005

EFFECTIVE MAY 2, 2005

Appendix D

2. The Clerk will advise counsel when they are required to appear for oral argument and will publish a hearing list in advance of each argument session for the convenience of counsel and the information of the public.

3. The Court, on its own motion or that of a party, may order that two or more cases involving the same or related questions be argued together as one case or on such other terms as the Court may prescribe.

### Rule 28. Oral Argument

1. Oral argument should emphasize and clarify the written arguments in the briefs on the merits. Counsel should assume that all Justices have read the briefs before oral argument. Oral argument read from a prepared text is not favored.

2. The petitioner or appellant shall open and may conclude the argument. A cross-writ of certiorari or cross-appeal will be argued with the initial writ of certiorari or appeal as one case in the time allowed for that one case, and the Court will advise the parties who shall open and close.

3. Unless the Court directs otherwise, each side is allowed one-half hour for argument. Counsel is not required to use all the allotted time. Any request for additional time to argue shall be presented by motion under Rule 21 no more than 15 days after the petitioner's or appellant's brief on the merits is filed, and shall set out specifically and concisely why the case cannot be presented within the half-hour limitation. Additional time is rarely accorded.

4. Only one attorney will be heard for each side, except by leave of the Court on motion filed no more than 15 days after the respondent's or appellee's brief on the merits is filed. Any request for divided argument shall be presented by motion under Rule 21 and shall set out specifically and concisely why more than one attorney should be allowed to argue. Divided argument is not favored.

5. Regardless of the number of counsel participating in oral argument, counsel making the opening argument shall

present the case fairly and completely and not reserve points of substance for rebuttal.

6. Oral argument will not be allowed on behalf of any party for whom a brief has not been filed.

7. By leave of the Court, and subject to paragraph 4 of this Rule, counsel for an *amicus curiae* whose brief has been filed as provided in Rule 37 may argue orally on the side of a party, with the consent of that party. In the absence of consent, counsel for an *amicus curiae* may seek leave of the Court to argue orally by a motion setting out specifically and concisely why oral argument would provide assistance to the Court not otherwise available. Such a motion will be granted only in the most extraordinary circumstances.

### PART VII. PRACTICE AND PROCEDURE

### Rule 29. Filing and Service of Documents; Special Notifications; Corporate Listing

1. Any document required or permitted to be presented to the Court or to a Justice shall be filed with the Clerk.

2. A document is timely filed if it is received by the Clerk within the time specified for filing; or if it is sent to the Clerk through the United States Postal Service by first-class mail (including express or priority mail), postage prepaid, and bears a postmark, other than a commercial postage meter label, showing that the document was mailed on or before the last day for filing; or if it is delivered on or before the last day for filing to a third-party commercial carrier for delivery to the Clerk within 3 calendar days. If submitted by an inmate confined in an institution, a document is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing and is accompanied by a notarized statement or declaration in compliance with 28 U.S.C. § 1746 setting out the date of deposit and stating that first-class postage has been prepaid. If the postmark is missing or not legible, or if the third-party commercial carrier does not provide the date the document was received by the carrier, the Clerk will require the person who sent the

*Appendix V*