UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS          CIVIL ACTION NO. 3/05-CV-30160-KPN

| | |
|---|---|
| SCOTT STERN,<br>    Plaintiff<br><br>v.<br><br>HADDAD DEALERSHIPS OF THE BERKSHIRES, INC.; JAMES SALVIE, GENERAL SALES MANAGER; TIMOTHY CARDILLO, SALES MANAGER; MICHAEL COGGINS, GENERAL MANAGER, IN THEIR PERSONAL AND OFFICIAL CAPACITIES OF HADDAD DEALERSHIPS OF THE BERKSHIRES,<br><br>And<br><br>CYNTHIA TUCKER, INVESTIGATING COMMISSIONER; JAMES LEVINSKY, DEPUTY GENERAL COUNSEL; MIGDALIA RIVERA, COMPLIANCE OFFICER II; CRYSTAL BORGES, INVESTIGATOR, IN THEIR PERSONAL AND OFFICIAL CAPACITIES OF THE MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION,<br><br>And<br><br>ROBERT SANDERS, BOSTON AREA OFFICE DIRECTOR, IN HIS PERSONAL AND OFFICIAL CAPACITY AS DIRECTOR OF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Defendants | **THE HADDAD DEFENDANTS'**<br>**OPPOSITION TO PLAINTIFF'S**<br>**MOTION TO DISQUALIFY COUNSEL** |

{00089915.DOC}

1

# THE HADDAD DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

Now come Defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collectively, the "Haddad Defendants"), through their counsel of record, and hereby oppose the Motion to Disqualify Defense Counsel [Docket No. 69] recently brought by plaintiff Scott Stern ("plaintiff" or "Stern"). For the reasons set forth below, Stern's Motion to Disqualify is both premature and without merit.

## I. Stern's Motion to Disqualify Defense Counsel Is Premature.

Currently pending before this Court is Stern's Motion to Amend to add defense counsel John Barker and his firm, Michienzie & Sawin LLC, as defendants herein [Docket No. 46]. Stern's factual basis for adding Attorney Barker and his firm as defendants, in his Motion to Amend, is that Attorney Barker (during the course and scope of his employment at his firm) allegedly made false statements to the MCAD during a 2004 MCAD hearing. As set forth in the Haddad Defendants' opposition to plaintiff's Motion to Amend [Docket No. 56], the supporting Barker Affidavit [Docket No. 58], and the Haddad Defendants' Motion for Sanctions [Docket No. 67], Stern's accusations against Attorney Barker are factually false. But more importantly, they are irrelevant, because anything Attorney Barker allegedly said at the MCAD hearing would be protected by the absolute litigation privilege. These motions are currently pending.

The reason for disqualification, in plaintiff's own argument is that if Attorney Barker and his firm are added as defendants, they "should not be allowed to defend defendants Haddad Motor Group, Inc…. while at the same time be defendants themselves to this action." For the reasons just stated and stated below, Attorney Barker and his firm will *not* be added as defendants to this action. However, even if this Court disagrees with defense arguments

---

[1] The correct name for this party is Haddad Motor Group, Inc.

{00089915.DOC}

concerning adding defense counsel as defendants, these motions are still pending. Until they have been decided against defendants, there is no ground for disqualification. Plaintiff's Motion to Disqualify is therefore premature.

## II. Plaintiff's Tactic to Seek Disqualification of Defense Counsel

The Haddad Defendants, in their Motion for Sanctions [Docket No. 67] pointed out that plaintiff's real purpose in trying to add defense counsel as defendants herein, was a transparent attempt to disqualify defense counsel and intimidate defendants. Stern's Motion to Disqualify confirms the point. Stern is using the prospect of disqualification as a litigation tactic, a ploy that courts have discouraged. *See, e.g,* Byrnes v. Jamit Kowski, 29 Mass.App.Ct. 107, 109, 557 N.E.2d 79 (1990); *see also* In re Subpoena Issued to Dennis Friedman, Esq., 350 F.3d 65, 70 (2d Cir. 2003); Rizzo v. Sears, Roebuck & Co., 127 F.R.D. 423, 424-25 (D.Mass. 1989).

Disqualifying defense counsel herein would be difficult for the Haddad Defendants. While no lawyer is indispensable, Attorney Barker handled the MCAD proceeding in this matter, achieving a finding of "lack of probable cause," and has handled the federal litigation so far; his knowledge of the law in this area and of the factual background of this case, will assist the Haddad Defendants; replacing him and his firm would cause the Haddad Defendants unnecessary expense and time.

Moreover, the prospect of having Attorney Barker as a deponent and/or trial witness could unfairly prejudice the Haddad Defendants, to the extent that privileged material could be revealed or privileges waived. *See, e.g.,* Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp., 125 F.R.D. 578, 593 (N.D.N.Y. 1989). It should also be noted in this context, that the cases on which Stern relies in his Motion to Disqualify involve a distinct situation, where the lawyer should not be both counsel for party A and a witness concerning

{00089915.DOC}

3

party A; these cases do not involve the instant situation where a lawyer might be brought in as a co-defendant with his own client. *See, e.g.,* MacArthur v. Bank of New York, 524 F.Supp. 1205, 1207 (S.D.N.Y. 1981); Black v. Black, 376 Mass. 929, 929, 381 N.E.2d 1304 (1978); Holbrook v. Seagrade, 228 Mass. 26, 29, 116 N.E. 889 (1917). The Haddad Defendants are not arguing that *if* defense counsel is brought in as a co-defendant, defense counsel should continue to represent the Haddad Defendants. If Attorney Barker and his firm are brought in as defendants herein, they will probably withdraw from representing the Haddad Defendants. However, as stated above, defense counsel has not yet been added as co-defendants; nor as argued below, will defense counsel be added as co-defendants -- because of the absolute litigation privilege.

### III.   Defense Counsel Cannot Be Added as Co-Defendants with Their Own Client in This Case, Because of the Absolute Litigation Privilege.

The Haddad Defendants have argued at length elsewhere that, even if Attorney Barker stated what Stern claims he stated at the 2004 MCAD hearing, there could be no liability arising out of any such alleged statement, because of the absolute litigation privilege. *See, e.g.,* Seitens v. Joseph, 238 F.Supp.2d 366, 378-79 (D.Mass. 2003); Sriberg v. Raymond, 370 Mass. 105, 108-09, 345 N.E.2d 882 (1976). The Haddad Defendants incorporate by reference herein, as if fully set forth, their opposition to Stern's Motion to Amend [Docket No. 56] and their Motion for Sanctions [Docket No. 67]. These arguments are fully set forth in these other briefs. Because of the absolute litigation privilege, Stern has no ground on which to add defense counsel as co-defendants. This removes Stern's own cited reason for disqualifying defense counsel.

### IV.   Conclusion

For the foregoing reasons, the Haddad Defendants oppose plaintiff Stern's Motion to Disqualify Defense Counsel, and respectfully ask that this Court deny this motion, and also deny plaintiff's Motion to Amend to add defense counsel as defendants in this case.

{00089915.DOC}

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the Haddad Defendants request a hearing on the plaintiff's Motion to Amend, should this Court deem oral argument helpful or necessary. The Haddad Defendants specifically request that any oral argument concerning Stern's Motion to Disqualify Defense Counsel be held at the same time as oral argument on Stern's related Motion to Amend.

Dated: 8/8/2006

THE HADDAD DEFENDANTS,
By Their Attorneys
MICHIENZIE & SAWIN LLC

BY: _____
Richard A. Sawin, Jr. – BBO NO: 546786
John C. Barker – BBO NO: 637406
745 Boylston Street, 5th Floor
Boston, MA 02116
Tel: (617) 227-5660

## CERTIFICATE OF SERVICE

I, Richard A. Sawin, Jr., attorney for defendant, hereby certify that I have on this 8th day of August 2006, served a copy of the foregoing Opposition, by electronic filing or by mailing a copy of same, postage prepaid, to the following:

Mr. Scott Stern
400 West Main Street
North Adams, MA 01427

Jerrold Levinsky, Esq.
Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Room 220
Springfield, MA 01103

Erin Norris, Esq.
Equal Employment Opportunity Commission
Office of Legal Counsel
1801 L Street Northwest
Washington, DC 20507

_____
Richard A. Sawin, Jr.

{00089915.DOC}