United States District Court
District of Massachusetts
Western Division

FILED
...K'S OFFICE

2006 AUG -8 P 4: 46

Springfield, Massachusetts      Civil Action No.05-30160-MAP

Scott Stern,

    Plaintiff,

vs.

Haddad Motor Group, Inc., et. al.

    Defendants

) AFFIDAVIT OF PLAINTIFF IN OPPOSITION TO
) MOTION FOR SANCTIONS

1. My name is Scott Stern. I am the affiant in this Affidavit, and I am over 18 years of age, and am a United States Citizen and resident of the Commonwealth of Massachusetts.

2. I have personal knowledge of all of the facts stated in this Affidavit, and, if called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth in this Affidavit.

3. I make this Affidavit in opposition to the Motion for Sanctions made by defendant Haddad Motor Group, Inc. claiming that plaintiff should be sanctioned for the frivolous reason that plaintiff perjured testimony in an Affidavit submitted to this most Honorable Court.

4. On August 8, 2006, this Affiant submitted documents, attached to a Memorandum of Law in Opposition to MCAD'S Motion to Dismiss.

5. I make this Affidavit to inform this Honorable Court of Appendix "C", originally submitted to the Massachusetts Commission Against Discrimination, by plaintiff's advocate, Phyllis Mitchell of the Massachusetts Office on Disability.

6. I make this Affidavit to inform this Honorable Court of Appendix "A", Respondents Answer to Charge of Discrimination, by defendant Haddad Motor Group's, Inc., counsel, John Barker of Michienzie & Sawin, LLC.

7. In Appendix "A", Defendant Haddad Motor Group, Inc., admitted as Respondents admitted, in ¶ 4, that "Respondent admits Complainant informed Respondent that he was allegedly bi-polar and that he showed Respondent the referenced note, allegedly from a doctor, suggesting that Respondent "work with" Complainant."

8. In Appendix "A", Defendant Haddad Motor Group, Inc., admitted, as Respondents, in ¶5 that "Respondent admits that Complainant invoked the ADA."

9. On May 25, 2004 I received a "MEMORANDUM" from the Massachusetts Commission Against Discrimination, Appendix I, in which the Defendant Massachusetts Commission Against Discrimination, employed such terms as "her" referencing this affiant of the opposite gender.

10. On May 25, 2004 I received a "MEMORANDUM" of which this Affiant submitted a letter, requesting review and appeal of the egregious decision of May 25, 2004, dated July 12, 2004, submitted to the Massachusetts Commission Against Discrimination, that corroborates that this Affiant heard Attorney John Barker state no note ever existed, by the words "There was no note" as this Affiant has sworn to in separate Affidavit before this Honorable Court.

11. The statement in ¶10 aforementioned "There was no note" was contrary to the written documentation, Appendix "A" submitted by the defendants.

12. The statement in ¶10 aforementioned "There was no note" contradicts Appendix "D" and Appendix "E" by the defendants James Salvie and Timothy Cardillo.

13. I heard spoken before me, on May 2, 2003, at the MCAD hearing in Springfield, Massachusetts, Attorney John Barker state that: "if such a note (Doctor's Note from Dr. Michael Perlman) existed, it was "illegible" and could not identify the illness and the doctor."

14. I heard spoken before me, on May 2, 2003, at the MCAD hearing in Springfield, Massachusetts, Attorney John Barker state that: "the illness was "made up" to suit the situation."

15. I have submitted the same doctor's note to the United States District Court, and to the defendants.

16. I believe that the Dr. Michael Perlman's address, the diagnosis, date, and the personal handwriting, are all legible and easily discernible.

17. I believe that the aforementioned referenced Doctor's note states "work with Scott" and that each of the defendants, individually, acknowledge that this statement exist in their separate affidavits, Appendix "D"; Appendix "E" and Appendix "A"

18. In the letter of July 12, 2004, there is a typographical error referring to a meeting in "November of 2003."

19. I believe The year "2003" should be "2002."

20. I believe that the defendants providing false testimony to the Massachusetts Commission Against Discrimination is a pre-text for wrongful termination.

21. I believe that on November 25, 2002, after having had a meeting with my supervisors, and invoking the ADA, I telephoned the Massachusetts Commission Against Discrimination, from my residence.

22. I believe that Appendix "M" shows that this Affiant initially contacted the Massachusetts Commission Against Discrimination regarding issues of reasonable accommodation and the ADA relative to this Affiants rights, liberties and privileges as accorded by the United States Constitution.

23. I believe that on November 25, 2002, I was sent home from my place of employment after a meeting had transpired between this Affiant and the defendants.

24. I believe that at this November 25, 2002 meeting, I removed from my wallet a piece of paper, signed by Dr. Michael Perlman, that ordered bloodwork for my person, this note stipulated the diagnosis of this Affiant, and had the name and address of the Doctor issuing the order, Dr. Michael Perlman.

25. I believe that the note referenced in ¶24 was dated prior to the November 27, 2002 note from Dr. Michael Perlman.

26. I believe that this Affiant had been requested, by the defendants David Michael Coggins, James Salvie and Timothy Cardillo, to obtain further medical documentation from my doctor regarding my request for reasonable accommodation under the Americans with Disabilities Act.

27. I believe that on November 27, 2002, this Affiant had an already scheduled appointment with Dr. Michael Perlman.

28. I believe on November 27, 2002 this Affiant requested, and received, from Dr. Michael Perlman, the referenced note that was dated November 27, 2002 of which said note requested defendants to "work with" this Affiant.

29. I believe that there were two, separate and distinct, notes from Dr. Michael Perlman presented to the defendants.

30. I believe that both notes provided legible information such as the doctor's name, address, this Affiants diagnosis, and the date of the writing of the note.

31. I believe that defendant John Barker perjured testimony before the Massachusetts Commission Against Discrimination contrary to defendant John Barker's written testimony in "Respondent's Answer to Charge of Discrimination", Appendix "A", dated September 13, 2003, by defendant John Barker, signed by defendant David Michael Coggins on September 15, 2003.

32. I, Scott Stern, believe that defendant, John C. Barker, has filed materially false affidavits and statements to the tribunal known as the MCAD in order to achieve a litigious advantage over this plaintiff in the Massachusetts Commission Against Discrimination hearings.

33. I believe that the Massachusetts Office on Disability would not have represented this Affiant if there was not probable cause of wrongful termination against this Affiant.

34. I believe that the Massachusetts Office on Disability, a political sub-division of the Commonwealth of Massachusetts, provided the Massachusetts Commission Against Discrimination, a political sub-division of the Commonwealth of Massachusetts, as evidenced in Appendix "C".

35. I believe that the Massachusetts Office on Disability, a political sub-division of the Commonwealth of Massachusetts, stated, on page 2 of Appendix "C", under the heading "Argument" that "Complainant is a qualified person with a disability."

36. I believe that the Massachusetts Office on Disability, a political sub-division of the Commonwealth of Massachusetts, stated, on page 4, of Appendix "C":

    "Complainant's employment was terminated because of his bi-polar disability"
    "He was denied Reasonable Accommodation for up to 2 months after the accommodation was requested. When the accommodation was provided, it was done grudgingly, proven by the fact that he was put on probation at the same time."
    "Complainant was treated differently than his colleagues in the manner in which he was paid as well as Respondent's diligent scrutiny of Complainant's time sheets/cards in comparison to other employees."

37. I believe that the Massachusetts Office on Disability, a political sub-division of the Commonwealth of Massachusetts, stated, on page 5, of Appendix "C":

    "For the above reasons a finding of Probable Cause should be found in this case."

38. I believe that a reasonable person would conclude the same findings aforementioned in ¶37 if put forth in a jury trial in the United States District Court.

39. I believe that this Affiant was subject to a "hostile work environment" and was subjected to tremendous "emotional distress" and is entitled to damages, punitive, compensatory and any other reasonable fees, from the defendants, including but not limited to, defendant Haddad Motor Group, Inc.

40. believe that because the Massachusetts Commission Against Discrimination has a vested interest in dismissing discrimination cases, as evidence by Appendix "U", which states, under line item 1150-5104, of the Governor's Budget Recommendation, Fiscal Year 2005, that revenues are retained by the Massachusetts Commission Against Discrimination under the "Federal Housing and EEOC Revenue for Closing Discrimination Cases."

41. I believe that documentation submitted by this Affiant, and the Massachusetts Office on Disability, to the Massachusetts Commission Against Discrimination was purposefully overlooked by the Massachusetts Commission Against Discrimination, not only because of plaintiff's disability, but because this Affiant did not have counsel to represent his interests in the proceedings before the Massachusetts Commission Against Discrimination.

42. I believe that the documentation submitted by this Affiant, and the Massachusetts Office on Disability, to the Massachusetts Commission Against Discrimination was purposefully overlooked by the United States Equal Employment Opportunity Commission, by and because management in the United States Equal Employment Opportunity Commission are granted "bonuses" or "incentives" should their region early terminate a charge of discrimination.

43. I believe that the United States Equal Employment Opportunity Commission is failing in its mandate by assigning the Massachusetts Commission Against Discrimination the investigation of charges of discrimination at the same time the Massachusetts Commission Against Discrimination receives funding for terminating charges of discrimination, contrary to their mandate.

44. I believe that the Massachusetts Commission Against Discrimination has a conflict of interest in investigating charges of discrimination for the citizens and inhabitants of the Commonwealth of Massachusetts and discovery is necessary and relevant.

45. I believe that Congress enacted the Americans with Disabilities Act because some 49 million Americans have some form of disability, and individuals with disabilities encounter discrimination in many social services, including, but not limited to, legal services, as this Affiant can attest before this Honorable Court.

46. I believe that because the Massachusetts Commission Against Discrimination has a financial interest in the outcome of terminating discrimination cases, that the United State Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination are violating the RICO ACT.

47. I believe that discovery is necessary to understand, including, but not limited to, the inner workings, procedures, policies, regulations, commissions, bonuses, payments, gratuities, revenues, disbursements, of the United States Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination, and between these two entities, and such discovery is necessary and relevant to this Affiant's prima facie case of wrongful termination by and because of defendants illegal discriminatory conduct.

48. I believe that because of the alleged RICO activity of the defendants in the aforementioned ¶42 may have subjected other complainants to egregious decisions contrary to the mandate of these political subdivisions of United States and the Commonwealth of Massachusetts, in violation of the Acts of Congress under the ADA and the anti-discrimination laws of the Commonwealth of Massachusetts.

49. I believe that Federal Statute 42 U.S.C. ¶2000e-7 (1970), Appendix "T", provides: "Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political sub-division of a State, other than such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter."

    I have stated all the above based upon my own knowledge, information and belief; and so far as my information and belief, I believe this information to be true.

Sworn to this 8 day of August, 2006 under the pains and penalties of perjury.

*Scott Stern*

Scott Stern
Sui Juris
All Rights Reserved without Prejudice
400 West Main Street
North Adams, Massachusetts 01247

## ACKKNOWLEDGEMENT CERTIFICATE

On this __8TH__ day of __AUGUST__, 2006, before me, the undersigned Notary Public, personally appeared __SCOTT STERN__ proved to me through satisfactory evidence of identification, which were Massachusetts Operators License, to be the person whose name is signed on the preceding or attached document and acknowledged to me that he signed it voluntarily for its stated purpose.

Signature of Notary Public

My Commission Expires __12/03/2010__

Victor H Rodriguez Sr.
Notary Public
My Commission Expires December 3, 2010
Commonwealth of Massachusetts

## CERTIFICATE OF SERVICE

I, Scott Stern, Pro-Se Plaintiff, in this action of Scott Stern v. Haddad Motor Group, Inc., et. al., in the United States District Court, Case Number 05-30160-KPN, certify that I have caused a copy of the foregoing document,

COPY OF "AFFIDAVIT OF PLAINTIFF IN OPPOSITION TO MOTION FOR SANCTIONS"

COPY OF THIS CERTIFICATE OF SERVICE

to be delivered, postage prepaid, United States Postal Service, to the defendants, at their respective addresses this 8 day of August, 2006.

Michenzie & Sewin, LLC
Richard Sawin, Resident Agent and Manager
745 Boylston Street
Boston, Massachusetts 02116-2636

Michenzie & Sewin, LLC
John C. Barker
745 Boylston Street
Boston, Massachusetts 02116-2636

Massachusetts Commission Against Discrimination
Cynthia Tucker
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Massachusetts Commission Against Discrimination
James Levinsky,
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Massachusetts Commission Against Discrimination
Migdalia Rivera
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Massachusetts Commission Against Discrimination
Crystal Borges
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

## CERTIFICATE OF SERVICE page 2

(By leave of Erin Norris to serve one copy for both defendants)
U.S. Equal Employment Opportunity Commission
Erin Norris
Robert Sanders and Joseph Alvarado
1801 L. St. N.W.
Washington, D.C. 20507


Equal Employment Opportunity Commission
Robert Sanders
John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, Massachusetts   02203

Equal Employment Opportunity Commission
Joseph Alvarado,
State and Local Manager
33 Whitehall Street, 5th floor
New York, New York   10004-2167

to be delivered, postage prepaid, by United States Postal Service, this 8 day of August, 2006 to:

United States District Court
1550 Main Street
Springfield, Massachusetts 01103
Attn: Clerk of Courts

_Scott Stern_                                                          _August 8, 2006_
Scott Stern                                                                Date of Mailing/Delivery
All Rights Reserved without Prejudice
Sui Juris
400 West Main Street
North Adams, Massachusetts 01247