United States District Court
District of Massachusetts
Western Division

Springfield, Massachusetts                           Civil Action No.05-30160-MAP

                                              )
                                              )
Scott Stern,                                  )
                  Plaintiff,                   )
        vs.                                    )
                                              )
                                              )
Haddad Motor Group, Inc., et. al.             )
        Defendants                             )
                                              )
_____        )

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S NOTICE OF OBJECTION TO MCAD'S MOTION TO DISMISS

Now comes plaintiff, your moving party, and submits to the Honorable Michael

Ponsor, United States District Court, PLAINTIFF'S MEMORANDUM OF LAW IN

OPPOSITION TO DEFENDANT MCAD MOTION TO DISMISS in support of

Plaintiff's Objection to MCAD'S MOTION TO DISMISS.  Plaintiff, Sui Juris, hereby

incorporates by reference any and all documents submitted to the United States District

Court and references said documents, including, but not limited to, briefs, Memorandums

of Law, Appendices, Appendixes, and any other document submitted to the United States

District Court, in this instant proceeding.

### PLAINTIFF HAS STANDING TO SUE MCAD

Standing is derived from Article III of the Constitution, which limits the

jurisdiction of federal courts to "Cases" and "Controversies." U.S. CONST. art. III, § 2,

cl. 1; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119

L.Ed.2d 351 (1992) (stating that "the core component of standing is an essential and

unchanging part of the case-or-controversy requirement of Article III"). The Supreme Court has held that the "irreducible constitutional minimum of standing contains three elements." *Defenders of Wildlife*, 504 U.S. at 560, 112 S.Ct. 2130. In *Steel Co.*, these elements were carefully illuminated:

First and foremost, there must be alleged (and ultimately proven) an "injury in fact"-a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical.' " *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101-102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)).

Second, there must be causation-a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). And third, there must be redressability-a likelihood that the requested relief will redress the alleged injury. *Id.*, at 45-46, 96 S.Ct. 1917; *see also Warth v. Seldin*, 422 U.S. 490, 505, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). *Steel Co.*, 523 U.S. at 103, 118 S.Ct. 1003.

"[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* Judicial Watch, Inc. v. U.S. Senate  340 F.Supp.2d 26, *31 (D.D.C.,2004).

"It has been held that "in the absence of an express legislative directive, the general rule applied by the court is that "all statutes are prospective in their operation," unless an intention otherwise is expressed or can be inferred by necessary implication. Fontaine v. Ebtec, 415 Mass. 309, 318 (1993). Those statutes "relating to remedies and not affecting substantive rights are commonly treated as operating retroactively..." Id. at 318 (citing City Council of Waltham v. Vinciullo, 364 Mass. 624, 626 (1974)

(MCAD & Cheryl Poore, Complainants v. Town of Harwich High School, Vincent P. Bresnahan and Glenn A. Rose, Respondents,  2006 WL 1388759, *2)

"Complainant has also alleged that Respondent engaged in unlawful disability discrimination when it wrongfully failed to provide [her] with reasonable accommodations. In order to establish a prima facie case of disability discrimination for failure to provide a reasonable accommodation, Complainant must show: (1) she is a "handicapped person;" (2) she is a "qualified handicapped person" capable of performing the essential functions of a particular job; (3) who needed a reasonable accommodation to perform her job; (4) Respondent was aware of the handicap and the need for a reasonable accommodation; (5) Respondent was also aware, or through a reasonable investigation could have become aware, of a means to reasonably accommodate the handicap; and, (6) Respondent failed to provide Complainant the reasonable accommodation. Hall v. Laidlaw Transit, Inc., 25 MDLR 207, 213-214, aff'd, 26 MDLR 216 (2004); Disability Discrimination Guidelines, at § IX(A)(3), citing, Wayne v. Tufts Univ. Sch. of Med., 932 F.2d 19, 25 (1st Cir. 1992). If the Complainant meets [her] burden, then the burden shifts to Respondent to prove that the reasonable accommodation would pose an undue hardship on the employer's business or that Complainant's disability would pose a "reasonable probability of substantial harm" to [herself] or others. Yates v. Mass-C.E.O.P.S, 17 MDLR 1503, 1514 (1995); Ryan v. Town of Lunenberg, 11 MDLR 1215, 1242 (1989), citing, Mantolete v. Bolger, 767 F.2d 1416, 1422 (9th Cir. 1985); Disability Discrimination Guidelines, § IX(A)(3). Complainant may then rebut Respondent's evidence by showing that either the reasonable accommodation would not impose an undue hardship or her disability would not impose a reasonable probability of substantial

harm to herself or others. <u>Disability Discrimination Guidelines,</u> § IX(A)(3).  (Priscilla

Hall & MCAD, Complainants v. Commonwealth of Massachusetts Department of Mental

Retardation, Respondent  2005 WL 2994158, *15)

## <u>**MASSACHUSETTS DISCRIMINATION LAW**</u>

"M.G.L. c. 151B, § 4(4) makes it unlawful "for any person, employer, labor

organization or employment agency to discharge, expel or otherwise discriminate against

any person because he has opposed any practices forbidden under [c. 151B] or because

he has filed a complaint, testified, or assisted in any proceeding under [c. 151B, § 5]."

Retaliation is a separate claim from discrimination, "motivated, at least in part, by a

distinct intent to punish or to rid a workplace of someone who complains of unlawful

practices." <u>Kelley v. Plymouth County Sheriff's Department,</u> 22 MDLR 208, 215 (2000),

*quoting,* <u>Ruffino v. State Street Bank and Trust Co,</u> 908 F. Supp. 1019, 1040 (D. Mass.

1995).  (Helene Cohen & MCAD, Complainants v. National Railroad Passenger

Corporation, d/b/a Amtrak, Respondent  2006 WL 1586392, *14)

"It is rare that Complainants come before this Commission with an absence of

other issues in their lives that may cause or exacerbate distress. <u>Norman v. Andover</u>

<u>Country Club,</u> 15 MDLR 1394 (1993). Often victims of sexual discrimination/harassment

are particularly vulnerable because of the very fact that they are suffering from other

emotional problems or stressors in their lives. The fact that they are rendered more

sensitive as a result, and thus incur great emotional harm from discriminatory conduct

does not absolve the Respondent from responsibility for its actions in creating such harm.

<u>Williamson v. Handy Button Machine Company,</u> 817 F. 2d 1290, 1294, 43 EPD §s 37,

178 (7th Cir. 1987).  Hanscom v. Boston Housing Authority  2001 WL 1602789, *11

In order to state an injury in fact, as required to establish standing, a complaint must assert the invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. U.S.C.A. Const. Art. 3, § 2, cl. 1. Judicial Watch, Inc. v. U.S. Senate  340 F.Supp.2d 26 (D.D.C.,2004).

"Complainant must show, absent other evidence establishing retaliatory intent, that the adverse action followed the protected activity within such time as retaliatory intent can be inferred." Cimino v. BUT Electronics, 18 MDLR 197 (1996).  (Paula Mindel, Complainant v. Chelsea Clock Company, Respondent 2006 WL 1319390, *3)

However, as we said in *George v. Jordan Marsh Co.*, 359 Mass. 244, 249, 268 N.E.2d 915 (1971), a case in which we recognized for the first time the tort of infliction of emotional distress, "[t]hat is true only because the precise question has never been presented to this court for decision. That argument is therefore no more valid than would be an argument by the plaintiff that there is no record of any Massachusetts law denying recovery on such facts. No litigant is automatically denied relief solely because he presents a question on which there is no Massachusetts judicial precedent. It would indeed be unfortunate, and perhaps disastrous, if we were required to conclude that at some unknown point in the dim and distant past the law solidified in a manner and to an extent which makes it impossible now to answer a question which had not arisen and been answered  prior to that point. *The courts must, and do, have the continuing power and competence to answer novel questions of law arising under ever changing conditions of the society which the law is intended to serve.*"(emphasis added)

Mandatory provision for trial of unrestricted class of civil cases by magistrate and not by Article III judges would violate constitutional right of parties in federal forum to have cause determined by Article III judge. 28 U.S.C.A. §§ 631 et seq., 636(c); U.S.C.A. Const. Art. 3, § 1. Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc. 725 F.2d 537 (C.A.Or.,1984)

Damage awards for emotional harm vary significantly depending on the facts and circumstances of each case. An award for emotional harm is warranted only if there is sufficient causal connection between the respondent's illegal actions and the complaining party's injury. See <u>Gore v. Turner.</u> 563 F.2d 159, 164 (5th Cir. 1977). The discriminatory act or conduct must be the cause of the emotional harm. However, if a complaining party had pre-existing emotional difficulties and [his] mental health deteriorates as a result of the discriminatory conduct, the additional harm may be attributed to the respondent. (Gore at 164). A tortfeasor takes its victims as it finds them.

"I conclude that Complainant's claims of distress, regarding the assault and the gender-biased comments, must be compensated. I find that the complaining party in this matter had preexisting emotional difficulties and that her mental health did deteriorate as a result of the discrimination she suffered at the workplace." Hanscom v. Boston Housing Authority 2001 WL 1602789, *12

"In addition, Chapter 151B, §4, paragraph 4(A) makes it unlawful "[f]or any person to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter, or to coerce, intimidate, threaten or interfere with such other person for having aided or encouraged any other person in the exercise or enjoyment of any such right granted or protected by this

chapter." Retaliation is a separate and independent claim of discrimination, "motivated, at least in part, by a distinct intent to punish or rid the workplace of someone who complains about an unlawful [employment] practice." See <u>Pontremoli v. Spaulding Rehabilitation Hospital,</u> 51 Mass. App. Ct. 622, 625 (2001); <u>Abramian v. President & Fellows of Harvard, supra.</u>; <u>Fountas v. Medford Public Schools,</u> 22 MDLR 264 (2000), <u>citing Ruffino v. State Street Bank and Trust Company,</u> 908 F. Supp. 1019, 1040 (D. Mass. 1995). (MCAD & Claude Sylvestre, Complainants v. The Flatley Company & International Inn, Inc., 2005 WL 2993474, *10)

"The Commission is authorized to award damages f or emotional distress resulting from Respondent's unlawful discrimination. <u>Bournewood Hospital v. MCAD,</u> 371 Mass. 303, 315-6 (1976). The finding of discrimination alone permits the inference of emotional distress as a normal adjunct of the [employer's] actions. It necessarily follows that in c. 151B cases, an award of emotional distress damages can be sustained even in the absence of physical injury or psychiatric consultation. <u>Labonte v. Hutchins & Wheeler,</u> 424 Mass. 813, 824 (1997) (quoting <u>Buckley Nursing Home, Inc., v. MCAD,</u> 20 Mass App Ct., 172, 182 (1985). In the instant case, there is significant physical injury, medical treatment, and psychological treatment to support an award for emotional distress. I conclude that an award of thirty five thousand dollars ($35,000.00) is appropriate to compensate Complainant for the emotional distress [she] suffered as a direct result of [Cunningham's] discriminatory conduct." Hanscom v. Boston Housing Authority 2001 WL 1602789, *13.

In order to establish constructive discharge, Complainant must prove that [her] working conditions were so intolerable that a reasonable person would have felt

compelled to resign. See GTE Products Corp. v. Stewart, 421 Mass. 22, 34 (1995)

(constructive discharge in sexual harassment context); Choukas v. Ocean Kai Restaurant,

19 MDLR 169, 171 (1997) (same); Said v. Northeast Security, 18 MDLR 255, 259

(1996) (constructive discharge in racial discrimination context). See generally MCAD

Sexual Harassment in the Workplace Guidelines, VIII - Constructive Discharge.

Constructive discharge can occur even if the employer does not act with the specific

intent of forcing an individual to resign. See Langford v. Department of Employment and

Training, 17 MDLR 1043, 1063 (1995), aff'd, 18 MDLR 36 (1996) (Full Comm'n). A

claim of constructive discharge under chapter 151B does not arise, however, when

Complainant resigns due to general dissatisfaction with the workplace or as a result of

other conduct that does not violate chapter 151B. See GTE Products, 421 Mass. at 35

(citations omitted). Adverse working conditions must be unusually "aggravated" or

amount to a "continuous pattern" in order to be deemed "intolerable." Id . (Patricia A.

Coppenrath & MCAD, Complainants v. Michael S. Casey, Respondent)

### PLAINTIFF'S COMPLAINT AND DOCUMENTS SUBSTANTIATED DEFENDANT'S DISCRIMINATION DIRECTLY AND INDIRECTLY; MCAD FAILED TO UPHOLD M.G.L. Ch. 151

"Apart from direct evidence of discrimination, Complainant may establish a

prima facie case through the inferential method adopted by the Commission in Wheelock

College v. MCAD, 371 Mass. 130 (1976). See Wynn & Wynn, P.C. v. MCAD, 431

Mass. 655, 655-666 (2000); Blare v. Husky Injection Molding Sys. Boston, Inc., 419

Mass. 437, 444-445 (1995). The elements of a prima facie case of discrimination vary

depending on the type of discrimination alleged. See Knight v. Avon Products, 438 Mass.

413, 420, n. 4 (2003). In order to establish a prima facie case of age discrimination in this

case, Complainant must demonstrate that he is a member of a protected class, was

adequately performing the responsibilities of his position, and was treated differently

from janitors who were substantially younger. See id. (Complainant must show he was

denied a condition or privilege of employment granted to someone at least five years

younger or present other evidence that the disparate treatment occurred under

circumstances that would raise a reasonable inference of unlawful age discrimination);

Abramian v. President and Fellows of Harvard College, 432 Mass. 107 (2000); Murphy

v. Pub Ventures, 15 MDLR 1098, 110-11 (1993). (Joseph Morse and Massachusetts

Commission Against Discrimination, Complainants v. Massasoit Community College,

Respondent, 2006 WL 372576, *8)

 "Complainant may meet his burden of proving a prima facie case of unlawful

discrimination by direct evidence or by circumstantial evidence. See Wynn & Wynn P.C.

v. Massachusetts Commission Against Discrimination , 431 Mass. 655 (2000). Direct

evidence is evidence that, "if believed, results in an inescapable, or at least highly

probable, inference that a forbidden bias was present in the workplace." Wynn & Wynn,

431 Mass. at 667 citing Johansen v. NCR Comten, Inc., 30 Mass. App. Ct. 294, 300

(1991). In a direct evidence case, the Complainant does not have to adhere to the three-

stage burden shifting paradigm because Complainant does not need the benefit of an

inference. In such instances, a mixed-motive analysis is employed. See Wynn& Wynn,

431 Mass. at 666. Under a mixed-motive analysis, Complainant must first offer direct

evidence that an impermissible reason played a motivating part in the employment

decision. Id. at 670. (Joseph Morse & MCAD, Complainants v. Massasoit Community

College, Respondent 2006 WL 372576, *7)

"Direct evidence" is evidence, "if believed, results in an inescapable, or at least highly probable, inference that a forbidden bias was present in the workplace." Wynn & Wynn, P.C. v. MCAD, 431 Mass. 655, 665 (2000), *quoting*, Johansen v. NCR Comten, Inc., 30 Mass. App. Ct. 294, 300 (1991); *see also*, Chief Justice for Administration and Management of the Trial Court (CJAM) v. MCAD, 439 Mass. 729, 732, n. 11 (2003) (typically, direct evidence consists of statements of discriminatory intent attributable to an employer). In a direct evidence case, Complainant does not have to adhere to the three-stage burden shifting paradigm because she does not need the benefit of an inference. Rather, a mixed motive analysis is applied to her allegation of discrimination. Pursuant to this analysis, Complainant must first prove by a preponderance of the evidence that a proscribed factor played a motivating part in the employment decision. Wynn & Wynn, 431 Mass. at 665-667, Fountas v. Medford Public Schools, 22 MDLR 264, 269 (2000); see, CJAM, 439 Mass. at 735; *citing*, Lipchitz v. Raytheon Co., 434 Mass. 493, 506, n.19 (2001) (where discriminatory and nondiscriminatory hiring motives are both present, decision is unlawful if discriminatory animus is a "material and important ingredient"). (Helene Cohen & MCAD, Complainants v. National Railroad Passenger Corporation, d/b/a Amtrak, Respondent  2006 WL 1586392, *14).

"Further, we note that in his Decision on Remand the Hearing Officer appropriately referred to Blue v. Aramark Corporation, 2004 WL 1920884, MCAD, Aug. 20, 2004 (NO. 98-BEM-1796) in support of his revised award. Although we allowed the award for $35,000 emotional distress damages to stand in Blue, we commented that we were "disturbed" by it, as the award was "at the low end of the spectrum of appropriateness" in light of the facts, which included a complainant being publicly

humiliated and demeaned as the subject of racial epithets. Given the Hearing Officer's

opinion in his decision that not only was Blue "a remarkably similar race discrimination

case" to the instant one, but also that "the evidence of emotional distress in the case at bar

is at least equal to, and probably more substantial, than that presented in Blue," the

Hearing Officer's revised award is reasonable and warranted under the circumstances."

MCAD & Jarvis Aldridge, Complainants v. Thomas O'Connor Constructors, Inc.,

Respondent.  2006 WL 468309, *2

### MCAD FAILED TO ENFORCE STANDARD OF INDIRECT EVIDENCE

In the absence of any direct evidence of retaliatory motive, the Commission

follows the three-part burden-shifting framework set forth in McDonnell Douglas Corp.

v. Green, 411 U.S. 972 (1973). Abramian v. President & Fellows of Harvard College,

432 Mass 107, 116 (2000); Wynn & Wynn v. MCAD, 431 Mass 665, 665-666 (2000);

Wheelock College v. MCAD, 371 Mass 130, 136 (1976). Consequently, in order to

establish a prima facie case of unlawful retaliation, Complainant must prove that: (1)

[she] engaged in protected activity; (2) Respondent knew [she] had engaged in protected

activity; (3) Respondent subjected [her] to adverse treatment; and, (4) a causal connection

existed between the protected activity, known by the retaliators, and the adverse action.

Morris v. Boston Edison Co., 942 F. Supp. 65, 68-69 (D. Mass. 1996); Ruffino, 908 F.

Supp. at 1044; Kelley, 22 MDLR at 215; Langford v. Massachusetts Department of

Employment and Training, 17 MDLR 1043, 1059 (1995).

### MCAD FAILED TO PROPERLY WEIGH ALL EVIDENCE BY AND BECAUSE OF DEFENDANT MCAD'S "WORKSHARE AGREEMENT"

"[Desi Trainor's] awareness that Complainant was being subjected to retaliation

and his failure to prevent it are sufficient grounds for imputing liability to Respondent. An employee such as Trainor may be classified as a supervisor if that individual "is authorized to direct another employee's day-to-day activities." Williams v. Karl Storz Endovision, Inc., 24 MDLR 91 (2002), *citing* Fluet v. Harvard University, 23 MDLR 145, 163 (2001). (Julianna McCormick & MCAD, Complainants v. Modern Continental Construction Co., Respondent   2005 WL 3478728, *15)

An "adverse employment action" includes changes in objective terms and conditions of employment which materially disadvantage or threaten to disadvantage the complaining individual. Nassab v. Massachusetts General Hospital, 25 MDLR 429, 445 (2003), *citing*, Bain v. City of Springfield, 424 Mass. 758, 765-766 (1997); MacCormack v. Boston Edison, 423 Mass. 652, 663 (1996). Stated somewhat differently, Complainant must establish that Amtrak took "something of consequence" from her such as subjecting her to discharge or demotion, reducing her salary, divesting her of significant responsibilities, or withholding from the employee an accoutrement of the employment relationship. Apsey v. GKA, Inc. 26 MLR 56, 60-61 (2004), *citing*, Blackie v. Maine, 75 F.3d 716, 725 (1st Cir. 1996).

"The action taken against Complainant must go beyond "subjective feelings of disappointment and disillusionment" based on "vague and impressionistic elements." Bain, 424 Mass. at 766. Rather, Complainant must establish that [she] "suffered a change in working conditions that materially disadvantaged [her]." MacCormack, 423 Mass. at 662. (Helene Cohen & MCAD, Complainants v. National Railroad Passenger Corporation, d/b/a Amtrak, Respondent  2006 WL 1586392, *17)

"Although "monetary impact" is not necessary for an action to be materially adverse, the material action must at least be "equally adverse." MacCormack, 423 Mass. at 672. (supra at pg.18)

"The responsibilities of the Full Commission are outlined by statute, the Commission's Rules of Procedure (804 CMR 1.00 et. seq.), and relevant case law. It is the duty of the Full Commission to review the record of proceedings before the Hearing Officer. G.L. c. 151B, Section 5. The Hearing Officer's findings of fact must be supported by substantial evidence, which is defined as ".... such evidence as a reasonable mind might accept as adequate to support a finding..." Katz v. MCAD, 365 Mass. 357, 365 (1974); G.L. c. 30A. In this instance matter, the defendants Jerrold Levinsky, Migdalia Rivera and Cynthia Tucker, purposefully overlooked the evidence that was presented, including, but not limited to, the fact that the Massachusetts Office of Disability had been representing the plaintiff on two separate occasions and other documentary evidence presented by this plaintiff. "It is the Hearing Officer's responsibility to evaluate the credibility of witnesses or to weigh the evidence when deciding disputed issues of fact. The Full Commission defers to these determinations of the Hearing Officer." See e.g., School Committee of Chicopee v. MCAD, 361 Mass. 352 (1972); Bowen v. Colonade Hotel, 4 MDLR 1007, 1011 (1982). The Full Commission's role is to determine whether the decision under appeal was rendered in accordance with the law, or whether the decision was arbitrary or capricious, an abuse of discretion or was otherwise not in accordance with the law. See 804 CMR 1.23. (Massachusetts Commission Against Discrimination & Collin Allen, Complainants v. University of Massachusetts, Boston, Respondents, 2006 WL 1529022, *1)

See also, e.g., School Committee of Chicopee v. MCAD, 361 Mass. 352 (1972); Bowen v. Colonnade Hotel, 4 MDLR 1007. 1011 (1982). The Full Commission's role is to determine whether the decision under appeal was rendered in accordance with the law, or whether the decision was arbitrary or capricious, or was otherwise not in accordance with the law. See 804 CMR 1.16(f)."

MCAD & Jeannine Pettiford, Complainants v. City of New Bedford Police Department, Respondent, 2006 WL 1529025, *1 .

"If Complainant establishes a prima facie case of unlawful retaliation, the burden shifts to the Department to articulate a legitimate, non-discriminatory reason(s) for its actions. See Weber v. Community Teamwork, Inc., 434 Mass. 761, 768-769 (2001); Abramian, 432 Mass. at 116-118. If the Department meets its burden of production, Complainant must then show by a preponderance of the evidence in the record that the Department's proffered reason(s) was not the real reason for his confinement to the Operations Division and that the Department acted with a retaliatory intent, motive or state of mind. See Lipchitz, 434 Mass. at 504; Blare v. Husky, 419 Mass. 437, 443 (1995). Complainant may meet this burden through circumstantial evidence including proof that "one or more of the reasons advanced by [Respondent] for making the adverse decision is false." Lipchitz, supra. Complainant retains the ultimate burden of proving that his confinement to the Operations Division was the result of a retaliatory animus. Id.; Abramian, 432 Mass. at 117" (MCAD and Martin B. Kraft, Complainant v. Boston Police Department, Respondent  2006 WL 54432, *37)

## PLAINTIFF IS AN INDIVIDUAL WITHIN A PROTECTED CLASS

Plaintiff, an individual with a documented disability, was purposefully discriminated by the Massachusetts Commission Against Discrimination based on his gender, his class status (bipolar disorder)(ADA protected class) and his age (forty one years old) (ADEA protected class) and was denied equal protection under the law and deprived of equal rights, liberties and privileges accorded individuals that do not have such a protected class status.

Plaintiff was subjected to unequal terms and conditions, was subjected to a hostile work environment, including, but not limited to threats of termination, threats from other employees, and plaintiff's supervisors caused plaintiff, including, but not limited to, emotional distress, general anxiety, nervousness and apprehension and loss of monetary income and support, humiliation and degradation, in front of other employees, humiliation and degradation, in front of other managers, by and through defendant Haddad Motor Group, Inc's, direct and indirect unlawful discrimination, while plaintiff had sought reasonable accommodation, provided medical documentation of a protected class status to the defendants, including defendant MCAD, of which, the defendant MCAD failed to substantiate their egregious and discriminatory decision by and because of their "workshare agreement" with the defendant United States Equal Employment Opportunity Commission.

"Apart from direct evidence of discrimination, Complainant may establish a prima facie case through the inferential method adopted by the Commission in Wheelock College v. MCAD, 371 Mass. 130 (1976). See Wynn & Wynn, P.C. v. MCAD, 431 Mass. 655, 655-666 (2000); Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 444-445 (1995). The elements of a prima facie case of discrimination vary

depending on the type of discrimination alleged. See Knight v. Avon Products, 438 Mass. 413, 420, n. 4 (2003). In order to establish a prima facie case of age discrimination in this case, Complainant must demonstrate that he is a member of a protected class, was adequately performing the responsibilities of his position, and was treated differently from janitors who were substantially younger. See id. (Complainant must show he was denied a condition or privilege of employment granted to someone at least five years younger or present other evidence that the disparate treatment occurred under circumstances that would raise a reasonable inference of unlawful age discrimination); Abramian v. President and Fellows of Harvard College, 432 Mass. 107 (2000); Murphy v. Pub Ventures, 15 MDLR 1098, 110-11 (1993).  Complainant was a member of a protected class based on his age at the time of the events at issue." (Joseph Morse and Massachusetts Commission Against Discrimination, Complainants v. Massasoit Community College, Respondent  2006 WL 372576, *8)

"For purposes of a claim under G. L. c. 151B, s. 4(4), a plaintiff has engaged in protected activity if "he has opposed any practices forbidden under this chapter or … has filed a complaint, testified or assisted in any proceeding under [G. L. c. 151B, s. 5]." Under s. 4(4A), protected activity consists of "aid[ing] or encourag[ing] any other person in the exercise or enjoyment of" any right under G. L. c. 151B.  (MCAD & Donna DeRosa, Conplainants v. Wood Ridge Homes, Inc. & Barkan Management, Respondents 2005 WL 3578118, *6 )

"Complainant engaged in the protected activity of complaining about discriminatory treatment. See Augburg v. American Drug Stores, 21 MDLR 238, 242 (1999) (voicing of informal complaint protected under chapter 151B); Proudy v. Trustees

depending on the type of discrimination alleged. See Knight v. Avon Products, 438 Mass. 413, 420, n. 4 (2003). In order to establish a prima facie case of age discrimination in this case, Complainant must demonstrate that he is a member of a protected class, was adequately performing the responsibilities of his position, and was treated differently from janitors who were substantially younger. See id. (Complainant must show he was denied a condition or privilege of employment granted to someone at least five years younger or present other evidence that the disparate treatment occurred under circumstances that would raise a reasonable inference of unlawful age discrimination); Abramian v. President and Fellows of Harvard College, 432 Mass. 107 (2000); Murphy v. Pub Ventures, 15 MDLR 1098, 110-11 (1993). Complainant was a member of a protected class based on his age at the time of the events at issue." (Joseph Morse and Massachusetts Commission Against Discrimination, Complainants v. Massasoit Community College, Respondent  2006 WL 372576, *8)

"For purposes of a claim under G. L. c. 151B, s. 4(4), a plaintiff has engaged in protected activity if "he has opposed any practices forbidden under this chapter or … has filed a complaint, testified or assisted in any proceeding under [G. L. c. 151B, s. 5]." Under s. 4(4A), protected activity consists of "aid[ing] or encourag[ing] any other person in the exercise or enjoyment of" any right under G. L. c. 151B.  (MCAD & Donna DeRosa, Conplainants v. Wood Ridge Homes, Inc. & Barkan Management, Respondents 2005 WL 3578118, *6 )

"Complainant engaged in the protected activity of complaining about discriminatory treatment. See Augburg v. American Drug Stores, 21 MDLR 238, 242 (1999) (voicing of informal complaint protected under chapter 151B); Proudy v. Trustees

of Deerfield Academy, 19 MDLR 83, 88 (1997) (same). There were immediate

repercussions." (Note: Plaintiff was subjected to unequal treatment regarding punching

in and out of time clock, and certain practices by the employer treated plaintiff differently

than other employees. In addition, defendants state that plaintiff requested a reasonable

accommodation and utilized this request as a "perception of a threat" by the plaintiff, of

which, the request was nothing of the sort.)   Like in McCormick:

"This sequence of events establishes that Complainant engaged in protected

activity and that Respondent was aware that she had engaged in protected activity."

(Julianna McCormick and MCAD, Complainants v. Modern Continental Construction

Co., Respondent  2005 WL 3478728, *14 )

### BECAUSE DEFENDANT MCAD RELIED ON THE EEOC TO REVIEW ITS DECISION, ITS DECISIONS ARE REVIEWABLE BY THE FEDERAL COURT AND ARE SUBJECT TO REVIEW PURSUANT TO MASSACHUSETTS LAW

"§ 6. Review of commission's order; court order for enforcement; appeals;

availability of commission's copy of testimony; limitations. Any complainant,

respondent or other person aggrieved by such order of the commission may obtain

judicial review thereof, and the commission may obtain an order of court for its

enforcement, in a proceeding as provided in this section. Such proceeding shall be

brought in the superior court of the commonwealth within any county wherein the

unlawful practice which is the subject of the commission's order occurs or wherein any

person required in the order to cease and desist from an unlawful practice or to take other

affirmative action resides or transacts business. Such proceeding shall be initiated by the

filing of a petition in such court, together with a written transcript of the record upon the

hearing before the commission, and issuance and service of an order of notice as in

proceedings in equity. The court shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter upon the pleadings, testimony and proceedings set forth in such transcript an order or decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the commission, with full power to issue injunctions against any respondent and to punish for contempt thereof. No objection that has not been urged before the commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances. Any party may move the court to remit the case to the commission in the interests of justice for the purpose of adducing additional specified and material evidence and seeking findings thereon, provided he shows reasonable grounds for the failure to adduce such evidence before the commission. The order or decision of the commission shall be reviewed in accordance with the standards for review provided in paragraph (7) of section fourteen of chapter thirty A. All such proceedings shall be heard and determined by the court as expeditiously as possible and shall take precedence over all other matters before it, except matters of like nature. The jurisdiction of the superior court shall be exclusive and its final order or decree shall be subject to review by the supreme judicial court in the same manner and form and with the same effect as in appeals from a final order or decree in proceedings in equity. The commission's copy of the testimony shall be available at all reasonable times to all parties for examination without cost and for the purposes of judicial review of the order of the commission. The review shall be heard on the record without requirement of printing. The commission may appear in court by one of its attorneys. A proceeding under this section when instituted by any complainant, respondent or other person aggrieved must

be instituted within thirty days after the service of the order of the commission.

M.G.L.A. 151B § 6

## MCAD FAILED TO PROVIDE PLAINTIFF WITH EQUAL TREATMENT UNDER THE LAW UNDER M.G.L. Ch. 151B§3(6)

By and because plaintiff is a white-male over the age of forty, with a documented disability (bipolar disorder) plaintiff was denied services by the defendant Massachusetts Commission Against Discrimination whereby other complainants receive services and support. The Commission, under M.G.L. 151B§3 states:

### § 3. Functions, powers and duties of commission

The commission shall have the following functions, powers and duties:

6. To receive, investigate and pass upon complaints of unlawful practices, as hereinafter defined, alleging discrimination because of the race, color, religious creed, national origin, sex, sexual orientation, which shall not include persons whose sexual orientation involves minor children as the sex object, age, genetic information, ancestry, children, marital status, veteran status or membership in the armed services, the receiving of public assistance, or handicap of any person alleging to be a qualified handicapped person. The commission through its chairman may appoint a single commissioner to hold public hearings, as hereinafter provided, and to otherwise act on its behalf in connection therewith; provided, however, that a person aggrieved by the decision of said single commissioner may, within ten days of said decision, file an appeal for rehearing or review by the commission.

## MCAD FAILED TO PROTECT PLAINTIFF WITHIN HIS PROTECTED CLASS STATUS

"Complainant alleges that [she] was terminated from her employment in retaliation for [her] having complained repeatedly about Miller's harassment of her. There is sufficient evidence to suggest that this in fact was the case. General Laws c. 151B §4 (4) prohibits discrimination against individuals who have opposed any practices forbidden under c. 151B. To prove a prima case of retaliation Complainant must demonstrate that she (1) engaged in a protected activity; (2) Respondent was aware that she engaged in protected activity; (3) Respondent subjected her to an adverse employment action; and (4) a causal connection existed between the protected activity and the adverse employment action. Morris v. Boston Edison Company, 924 F. Supp. 65, 68-69, Kelley v. Plymouth County Sheriff's Department, 22 MDLR 208, 215 (2000). Complainant engaged in protected activity [when she complained to Respondent's managers about Miller's sexual harassment]. (MCAD  & Leanne Sullivan, Complainant v. Jimbos South, Respondent  2006 WL 743199, *9)

"Pursuant to G.L. c. 151B §5, the Commission is authorized to order remedies that will effectuate the purposes of this chapter. This includes the authority to make a complainant whole by restoring her to the position she would have been in absent the discrimination. The Commission has the power to award back pay and damages for emotional distress, to order affirmative relief, including training and to assess civil penalties, where appropriate....Complainant also makes a claim for damages for the emotional distress she suffered as a result of Miller's conduct and her termination. "Emotional distress damage awards, when made, should be fair and reasonable, and proportionate to the distress suffered." Stonehill College v. MCAD, 441 Mass. 549, 576 (2004). The factors to consider when making awards of such damages were articulated in

Stonehill, as follows: "(1) the nature and character of the alleged harm; (2) the severity of the harm; (3) the length of time the complainant has suffered and reasonably expects to suffer; and (4) whether the complainant has attempted to mitigate the harm (e.g., by counseling or by taking medication)." Id. at 576. (MCAD & Leanne Sullivan, Complainant v. Jimbos South, Respondent 2006 WL 743199, *11)

"Upon a finding of unlawful discrimination, the Commission is authorized to award remedies pursuant to c. 272, sec. 98 and G.L. c. 151B and to render the injured Complainant whole. Such remedies include damages for lost wages and benefits and for emotional distress Complainant has suffered as a direct result of Respondent's discriminatory actions. See Stonehill College v. MCAD, 441 Mass. 549 (2004); College-Town, 400 Mass. at 169; Buckley Nursing Home v. MCAD, 20 Mass. App. Ct. 172, 182-183 (1988).

"I conclude that Complainant sustained emotional distress damages as a result of Respondent's conduct. In this regard, Complainant's entitlement to an award of monetary damages does not need to be based on expert testimony; it can be based solely on the Complainant's testimony as to the cause of her distress. See Stonehill College v. MCAD, 441 Mass. 549 (2004); College-Town, 400 Mass. at 169; Buckley Nursing Home v. MCAD, 20 Mass. App. Ct. 172, 182-183 (1988). Proof of physical injury or psychiatric consultation, while not necessary to sustain an award for emotional distress, is beneficial. See Stonehill, 441 Mass. at 576. An award must rest on substantial evidence that is causally connected to the unlawful act of discrimination and take into consideration the nature and character of the alleged harm, the severity of the harm, the length of time the Complainant has or expects to suffer, and whether Complainant has attempted to mitigate

the harm. Id. The evidence of emotional harm in this case consists of the credible

testimony of Complainant and her sister that after they left the store and arrived at their

mother's house, they started to cry. Complainant testified that she felt like "dirt" and was

humiliated. Fraser testified that she was "shattered." and "shocked" at how she and her

sister were treated" (Immacula Saint Lous & MCAD, Complainants v. La Reine

Boutique & Mirelle Stanbro, Respondents  2006 WL 468310, *6)

## MCAD FAILED TO PROVIDE PLAINTIFF REVIEW BY THE FULL COMMISSION OR A QUORUM OF THE FULL COMMISSION

"It is axiomatic that it is the duty of the Full Commission to review the record of

proceedings before the hearing officer. M.G.L. c. 151B, s. 5. The hearing officer's

findings of fact must be supported by substantial evidence, which is defined as "…such

evidence as a reasonable mind might accept as adequate to support a finding…" Katz v.

MCAD, 365 Mass. 357, 365 (1974); M.G.L. c. 30A. This includes taking into account

whatever in the record detracts from the evidence relied on by the hearing officer.

Lycurgus v. Director of Division of Employment Security, 391 Mass. 623, 627-628

(1984). It is the responsibility of the hearing officer to evaluate the credibility of

witnesses and/or to weigh the evidence when deciding disputed questions of fact, and the

Full Commission defers to these determinations. See e.g. School Committee of Chicopee

v. MCAD, 361 Mass. 352 (1972); Bowen v. Colonnade Hotel, 4 MDLR 1007, 1011

(1982). The role of the Full Commission is to determine whether the decision under

appeal was rendered in accordance with the law, or whether the decision was arbitrary or

capricious, an abuse of discretion, or was otherwise not in accordance with the law. See

804 CMR 1.16(8)(f). (Andrew Harris & Spence Tatum, Complainants v. City of

Worcester Police Department, Respondent  2006 WL 662739, *3)

## CONCLUSION

Plaintiff is entitled to damages against the Defendant Massachusetts Commission Against Discrimination. "Proof of physical injury or psychiatric consultation is not necessary to sustain an award for emotional distress. See Stonehill, 441 at 576. An award must rest on substantial evidence that is causally connected to the unlawful act of discrimination and take into consideration the nature and character of the alleged harm, the severity of the harm, the length of time the Complainant has or expects to suffer, and whether Complainant has attempted to mitigate the harm." (Julianna McCormick & MCAD, Complainants v. Modern Continental Construction Co., Respondent 2005 WL 3478728, *17) . Discovery is relevant and necessary. Plaintiff is entitled to compensation, including, but not limited to, injuries of emotional distress, lost earnings capacity, back pay, interest on back pay, violations of equal protection, equal treatment against, including, but not limited to, the defendants Massachusetts Commission Against Discrimination.

The Massachusetts Commission Against Discrimination failed to uphold its mandate and the laws of the Commonwealth of Massachusetts. Plaintiff is entitled to recover for damages forthwith and expeditiously. Defendant MCAD failed to uphold their mandate by and through its "workshare agreement" with Defendant United States Equal Employment Opportunity Commission, contrary to the laws of the United States and the laws of the Commonwealth of Massachusetts, because they have a financial interest in depriving plaintiff of his rights, liberties and privileges under the laws of the United States.

The decision by the Massachusetts Commission Against violated the plaintiff's rights, liberties and privileges and plaintiff is entitled to recover for the damages inflicted by the defendants for their negligent, egregious, and disparate decision making process that is in conflict with defendants own briefs, rulings, citations, and, including, but not limited to, the Commonwealth of Massachusetts Anti-discrimination laws and the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts and statutory law of the Commonwealth.

"Turning to the issue of emotional distress damages, Complainant's entitlement to an award of monetary damages does not need to be based on expert testimony; it can be based solely on the Complainant's testimony as to the cause of his distress. See Stonehill College v. MCAD, 441 Mass. 549 (2004); College-Town, 400 Mass. at 169; Buckley Nursing Home v. MCAD, 20 Mass. App. Ct. 172, 182-183 (1988) (See McCormick pg 17)

Most respectfully submitted this 7 day of August, 2006.

Scott Stern
Sui Juris
All Rights Reserved without Prejudice
Pro Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

## CERTIFICATE OF SERVICE

I, Scott Stern, Pro-Se Plaintiff, in this action of Scott Stern v. Haddad Motor Group, Inc., et. al., in the United States District Court, Case Number 05-30160-MAP, certify that I have caused a copy of the foregoing documents:

Copy of "MOTION FOR LEAVE TO FILE LATE MEMORANDUM OF LAW IN OPPOSITION TO MCAD MOTION TO DISMISS"

Copy of "MEMORANDUM OF LAW IN OPPOSITION TO MCAD MOTION TO DISMISS"

Copy of "PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO MCAD MOTION TO DISMISS"

Copy of "CERTIFICATE OF SERVICE"

to be delivered, postage prepaid, United States Postal Service, to the defendants, at their respective addresses this 12 day of September, 2006.

Michenzie & Sewin, LLC
Richard Sawin, Resident Agent and Manager
745 Boylston Street
Boston, Massachusetts 02116-2636

Michenzie & Sewin, LLC
John C. Barker
745 Boylston Street
Boston, Massachusetts 02116-2636

Massachusetts Commission Against Discrimination
Cynthia Tucker
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Massachusetts Commission Against Discrimination
James Levinsky,
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

Massachusetts Commission Against Discrimination
Migdalia Rivera
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

## CERTIFICATE OF SERVICE page 2

Massachusetts Commission Against Discrimination
Crystal Borges
436 Dwight Street, Suite 220
Springfield, Massachusetts 01103

U.S. Equal Employment Opportunity Commission
Erin Norris
Robert Sanders and Joseph Alvarado
1801 L. St. N.W.
Washington, D.C. 20507

Equal Employment Opportunity Commission
Robert Sanders
John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, Massachusetts  02203

Equal Employment Opportunity Commission
Joseph Alvarado,
State and Local Manager
33 Whitehall Street, 5th floor
New York, New York  10004-2167

to be delivered, postage prepaid, by United States Postal Service, this 12 day of
September, 2006 to:

United States District Court
1550 Main Street
Springfield, Massachusetts 01103
Attn: Clerk of Courts

_____          _____
Scott Stern                                             Date of Mailing/Delivery
All Rights Reserved without Prejudice
Sui Juris
400 West Main Street
North Adams, Massachusetts 01247