FILED
...'S OFFICE

United States District Court
District of Massachusetts            2006 SEP -7  P 5:40
Western Division

| | |
|---|---|
| Springfield, Massachusetts | Civil Action No.05-30160-MAP |
| Scott Stern,<br>　　Plaintiff,<br>vs.<br><br>Haddad Motor Group, Inc., et. al.<br>　　Defendants | |

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S NOTICE OF OBJECTION TO MCAD'S MOTION TO DISMISS

　　Now comes plaintiff, your moving party, and submits to the Honorable Michael Ponsor, United States District Judge, and/or the Honorable Kenneth P. Neiman, United States Magistrate Judge, of the United States District Court, PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MCAD MOTION TO DISMISS in support of Plaintiff's Objection to MCAD'S MOTION TO DISMISS.

　　Plaintiff, Sui Juris, hereby incorporates by reference any and all documents submitted to the United States District Court and references said documents, including, but not limited to, briefs, Memorandums of Law, Appendices, Appendixes, and any other document submitted to the United States District Court, in this instant proceeding.

### MCAD IS LIABLE TO PLAINTIFF FOR DEPRIVATIONS OF RIGHTS

　　"Our conclusion is consistent with the broad remedial purposes underlying this Commonwealth's antidiscrimination statutes, which we have repeatedly emphasized in construing G.L. c. 151B. See, e.g., *Ayash v. Dana-Farber Cancer Inst.*, 443 Mass. 367,

Supplemental Memorandum of law in Opposition to MCAD Motion to Dismiss　　　1

390, 822 N.E.2d 667 (2005) (statutory limitations on tort liability of charitable entities do not "shield charitable institutions from the full effects of liability under G.L. c. 151B"); *Bain v. Springfield*, 424 Mass. 758, 763, 678 N.E.2d 155 (1997) (Commonwealth and its political subdivisions are liable for damages for violations of G.L. c. 151B); *Conway v. Electro Switch Corp.*, 402 Mass. 385, 387, 523 N.E.2d 255 (1988) (damage award for lost future earnings and benefits, or "front pay," available pursuant to G.L. c. 151B, § 9). The Legislature has provided for a broad range of remedies, including the availability of punitive damages, to those who suffer invidious discrimination. (Gasior v. Massachusetts General Hosp. 446 Mass. 645, *655, 846 N.E.2d 1133, **1140 (Mass.,2006)

The defendant Massachusetts Commission Against Discrimination is a political subdivision of the Commonwealth of Massachusetts. Pursuant to Bain v. Springfield, they are liable for violating c. 151B and utilizing a "workshare agreement" to effectively deny rights, liberties and privileges accorded to plaintiff, your moving party.

General Laws c. 93, Section 103(a) (1992 ed.), provides: "Any person within the commonwealth, regardless of handicap or age as defined in chapter one hundred and fifty-one B, shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, including, but not limited to, the rights secured under Article CXIV of the Amendments to the Constitution." Rodman v. Murphy 2006 WL 1360850, *1 (Mass.Super.) (Mass.Super.,2006).

### MCAD INTERFERED WITH PLAINTIFF'S RIGHT TO RECOVER DAMAGES FROM THE DEFENDANT HADDAD MOTOR GROUP BY ITS FAILURE TO UPHOLD THE STATUTORY LAW

To prove tortious interference with an advantageous relationship, the plaintiff must show: "1) a business relationship or contemplated contract of economic benefit; 2) the defendant's knowledge of such relationship; 3) the defendant's intentional and "malicious" (or improper) interference with it; and 4) the plaintiff's loss of advantage directly resulting from the defendant's conduct." *Comey v. Hill,* 387 Mass. 11, 19 (1982) (quoting from J.R. Nolan, Tort Law Section 72, at 87 (1979)). Actual pecuniary damage is a necessary element of the claim. *Morochnick v.. Quigley,* 17 Mass.App.Ct. 1035, 1035-036 (1984). (Quoting from Rodman v. Murphy 2006 WL 1360850, *5 (Mass.Super.) (Mass.Super.,2006)

## MCAD CANNOT APPLY DOCTRINE OF LACHES

"Therefore, by virtue of [her] participation and good faith reliance on an administrative proceeding that took more than seven years and resulted in a determination that the agency was, in fact, without original jurisdiction to adjudicate the controversy, Complainant has lost [her] right to seek legal remedy for the acts of Respondent Hiam Weizmann. Such a result amounts to a denial of her access to the courts for redress of a civil rights violation. N.A.A.C.P. v. Button, 371 U.S. 415 (1963). We believe that administration of the exclusivity provisions as articulated in Charland will periodically require the courts to equitably toll the statute of limitations for filing a civil action where, as in the instant matter, the Complainant was both required to file with the agency and acted reasonably in her participation in agency proceedings. *Under these circumstances, the passing of the statute of limitations was the result of slow agency action, as opposed to inaction by the complaining party. Under similar circumstances, courts have consistently held that delays not caused by the party bringing an action before the*

***Commission cannot furnish a basis for the application of laches.*** School Committee of Brockton v. Massachusetts Comm'n Against Discrimination, 423 Mass. 7 (1996); see also New York and Massachusetts Motor Service, Inc. v. Massachusetts Comm'n Against Discrimination, 401 Mass. 566 (1998). (Mary Julia Tunstall, Complainant v. Acticell HW Cosmetics, and Hiam Weizmann, Respondents 2003 WL 22076364, *4)

Similarly, the Federal courts have reached the identical conclusion and refused to apply the doctrine to bar claims brought by private individuals in cases where the EEOC's processing of the claim, rather than the private individual's own actions, is responsible for the delay. See id., citing Brown v. Continental Can Co., 765 F.2d 810 (9th Cir. 1985); Rozen v. District of Columbia, 702 F.2d 1202 (D.C. Cir. 1983) and Gifford v. Atchison, Topeka & Santa Fe Ry., 685 F.2d 1149 (9th Cir. 1982). The reasoning of these courts is directly applicable to the issues raised in the instant matter where the delays of the Commission's proceeding have resulted in the expiration of the statute of limitations under M.G.L. c. 93. Therefore, for the reasons articulated above, we believe the Complainant should be afforded the opportunity to re-litigate this matter in a complaint filed under M.G.L. c. 93 in the Superior Court and that the court should, for equitable reasons in the interests of justice, extend the filing period to reflect back to the date of the filing of the MCAD complaint. (Mary Julia Tunstall, Complainant v. Acticell HW Cosmetics, and Hiam Weizmann, Respondents 2003 WL 22076364, *4)

"...Employment decisions based on misconceptions about disability may violate the statute, see Ryan v. Town of Lunenberg, 11 MDLR 1215, 1238-1239 (1989), citing Pushkin v. Regents of the University of Colorado, 658 F.2d 1372, 1387 (10th Cir. 1981) Ralph Reade, Complainant v. Franklin/Hampshire Employment & Training Consortium

and the Town of Greenfield, Respondents 1999 WL 33453114, *9

"The Dartt-Blare burden-shifting framework need not be used where the theory of liability is failure to make reasonable accommodation. See Bultemeyer v. Fort Wayne Community Schools, 100 F.3d 1281, 1283-1284 (7th Cir. 1996) (holding, under ADA, that where employee establishes he was qualified individual with disability and employer did not reasonably accommodate him "[t]here is no need for indirect proof or burden shifting"). (Ralph Reade, Complainant v. Franklin/Hampshire Employment & Training Consortium and the Town of Greenfield, Respondents, Respondents 1999 WL 33453114, *9)

Commonwealth of Massachusetts Commission Against Discrimination Guidelines: Employment Discrimination on the basis of Handicap-Chapter 151B at 33, citing Wynne v. Tufts Univ. Sch. Of Med., 932 F.2d 19, 25 (1st Cir. 1992); S. Churchill, Reasonable Accommodation in the Workplace: A Shared Responsibility, 74 Mass. L. Rev. 73, 75-76, 81 (1995). (Ralph Reade Supra at 10)

### DEFENDANT CYNTHIA TUCKER FAILED PLAINTIFF BY FAILING TO UPHOLD PRIOR RELEVANT MCAD DECISIONS

"Recently the Appeals Court has reversed itself on this issue. Trustees of Health and Hospitals of the City of Boston, Inc. v. MCAD, 65 Mass. App. Ct. 329,337 (2005). The Appeals Ct. held that the SJC has made it clear that prejudgment interest is authorized by G.L. c. 151B and that this broad authorization is sufficient to constitute a waiver of sovereign immunity. Id. at 338-339. The court accepted the reasoning adopted by the SJC in Bain v. City of Springfield, 424 Mass. 758, 763 (1997) recognizing that sovereign immunity with respect to punitive damages may be waived by necessary (implication. *We concur with the Appeals Court's most recent conclusion in the*

*Trustees case and firmly believe that a prohibition against imposing interest on awards to public employees who are victims of discrimination runs contrary to legislative intent, deprives complainants of make-whole relief, and undermines the Commission's "authority to fulfill its mandate of protecting citizens of the Commonwealth from discriminatory employment decisions and punishing unlawful discrimination in the workplace." See Stonehill College v. Massachusetts Commission Against Discrimination, 441 Mass. 549, 562 (2004).* (So Ordered this 12th day of May, 2006. Walter J. Sullivan, Jr., Commissioner Cynthia A. Tucker, Commissioner) (Massachusetts Commission Against Discrimination and Cheryl Poore, Complainants v. Town of Harwich High School, Vincent P. Bresnahan and Glenn A. Rose, Respondents, 2006 WL 1388759, *3)

By the defendant MCAD's wanton disregard of the evidence, facts and documents submitted for their review, they are liable to the plaintiff and have further cause the plaintiff distress, including, but not limited to, intentional infliction of emotional distress.

### PLAINTIFF'S INJURY & THE REDRESSABILITY OF THE STANDING DOCTRINE

Under the redressability prong of the standing doctrine, it must be likely, as opposed to merely speculative, that the plaintiff's alleged injury will be redressed by a favorable decision. U.S.C.A. Const. Art. 3, § 2, cl. 1. Judicial Watch, Inc. v. U.S. Senate 340 F.Supp.2d 26 (D.D.C.,2004).

In the case of MCAD & Leanne Sullivan, the Commission held that:

"Miller's verbal and physical conduct toward Complainant was sexually offensive, degrading and humiliating. Miller's sexually explicit and degrading insults and

his sexually suggestive comments and gestures toward Complainant were overtly sexual in nature. Such behavior persisted over a period of several months, creating a humiliating and sexually hostile work environment for Complainant and interfering with her ability to do her job. In order for conduct to be considered pervasive, Complainant must demonstrate that [she] was subjected to a "steady barrage of opprobrious [sexual] comment or abusive treatment." Kelley v. Plymouth County Sheriff's Department, 22 MDLR 208, 214 (2000) [quoting Carlton v. Worcester School Dept., 14 MDLR 1143, 1147 (1992)] (MCAD & Leanne Sullivan, Complainant v. Jimbos South, Respondent 2006 WL 743199, *8)

"Since Complainant has established a prima facie case of disabilitydiscrimination, the burden of production shifts to Respondent to articulate a legitimate, non-discriminatory reason for its decision to terminate Complainant's employment. Respondent is required to "produce not only evidence of the reason for its action, but also underlying facts in support of that reason." Abramian, 432 Mass. at 116-117; Wheelock College, 371 Mass. at 136. Respondent must also "produce credible evidence that the reason or reasons advanced were the real reasons." Wheelock College, 371 Mass. at 138. If Respondent meets its burden of production, then Complainant must show by a preponderance of the evidence that Respondent's action was the product of discrimination based on Complainant's status as a disabled person. Abramian, 432 Mass. at 116-118. Because proof of unlawful discrimination can rarely be established by direct evidence, Complainant may prove that Respondent's discriminatory animus was the determinative cause by establishing that one or more of Respondent's stated non-discriminatory reasons were false, or not the real reasons for its action. Lipchitz, 434 Mass. at 499, 504-505; see,

Abramian, 432 Mass. at 118 (finding by jury that at least one of the reasons advanced by defendant was false, in addition to proof of *prima facie* case, sufficient to permit inference that real reason for defendant's action was discrimination). (MCAD & Robert Welch, Complainant v. The Trans-Lease Group, Inc., Respondent 2004 WL 2382322, *9)

### DEFENDANT MCAD FAILED TO MAKE PLAINTIFF WHOLE BY THEIR EGREGIOUS DECISION AND ARE ACCOUNTABLE

"M.G.L. c. 151B, § 5 authorizes the Commission to fashion remedies to make a complainant whole, including awarding back pay and emotional distress damages. Stonehill College v. MCAD, 441 Mass. 549, 576 (2004); Buckley Nursing Home v. MCAD, 20 Mass. App. Ct. 172, 181-182 (1985); College-Town v. MCAD, 400 Mass. 156, 168-169 (1987). (Massachusetts Commission Against Discrimination & Robert Welch, Complainant v. The Trans-Lease Group, Inc., Respondent 2004 WL 2382322, *10)

In the Constitution of the Commonwealth of Massachusetts Declaration of Rights, Article V, Part the First, it is declared:

"All power residing originally in the people, and being derived from them, the several magistrates and officers of government, vested with authority, whether legislative, executive, or judicial, are their substitutes and agents, and are at all times accountable to them."

The Declaration of Rights of the Commonwealth of Massachusetts, Part the First, Article IV declares:

"The people of this Commonwealth have the sole and exclusive right of governing themselves, as a free, sovereign, and independent state; and do, forever and hereafter shall, exercise and enjoy every power, jurisdiction and right, which is not, or

may not hereafter, be by them expressly delegated to the United States of America in Congress assembled."

The Massachusetts Commission Against Discrimination is political sub-division of the Commonwealth of Massachusetts. The MCAD was unwilling to make a determination in this instant matter and failed to uphold the rights and privileges of this white male, over forty years old, with a disability. The Declaration of Rights of the Commonwealth further states, in Article XI, Part the First:

"Every subject of the Commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws."

But by and because the MCAD has a "workshare agreement" with the EEOC, and because the EEOC pays off the MCAD to close cases, there is a conflict of interest with the MCAD providing "remedy" to this plaintiff. The United States Supreme Court held in Marbury v. Madison, 1 Cr. 137 (1803):

"For every wrong, there must be a remedy."

The Massachusetts Commission Against Discrimination cannot act to defend rights while it acts to deprive those of legitimate causes of action because of their conflict of interest with the EEOC. They further should not be allowed to hide under the cloak of the "workshare agreement" or to inform this court they are not accountable? The MCAD represents individuals in other cases but sought to refrain from representing this plaintiff while its sister political sub-division, the Massachusetts Office on Disability, argued on

behalf of this plaintiff, on no less than two occasions. Plaintiff is entitled to a remedy for defendants egregious, willful, wanton and malicious actions.

"Sovereign immunity does not apply because of the rule articulated by the Supreme Court in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The Court in that case held that a plaintiff may maintain an action for prospective relief against a State official acting in his official capacity, to correct an ongoing violation of the United States Constitution. The Court reasoned that where the relief sought is directed at "an illegal act upon the part of a [S]tate official in attempting by the use of the name of the State to enforce a legislative enactment which is void because unconstitutional ··· [t]he State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." *Id.* at 159-160, 28 S.Ct. 441. Lopes v. Com. 442 Mass. 170, *179-180, 811 N.E.2d 501,**509 (Mass.,2004)

"The reach of our courts is defined by G.L. c. 223A. As relevant here, § 3 states that a "court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action ··· arising from the person's ( *a* ) transacting any business in this commonwealth ··· [or] ( *c* ) causing*347 tortious injury ··· in this commonwealth." New Hampshire Ins. Guar. Ass'n v. Markem Corp. 424 Mass. 344, *346-347, 676 N.E.2d 809,**810 - 811 (Mass.,1997).

### DEFENDANTS OF MCAD ARE NOT THE COMMONWEALTH

"Although the basic provisions of the Massachusetts Tort Claims Act are not applicable to intentional torts by State employees (G.L. c. 258, § 10[ *c* ] ), and "normally [a public employer] cannot be held liable for intentional torts" ( *Mellinger v. West Springfield,* 401 Mass. 188, 196, 515 N.E.2d 584 [1987] ), the enactment of G.L. c. 258

did not bar the development and application of common law principles governing the liability of public employers in areas to which G.L. c. 258 does not apply. Thus the common law may impose *552 liability on a government employer for certain wrongs, even intentional wrongs, committed by one of its employees. (In this instant matter, several of its employees) We can think of no basis for recognizing some form of governmental immunity that would prevent issuance of an injunction against an ongoing wrong committed systematically and intentionally by a governmental agency for the continuing benefit of the Commonwealth. Cf. *Ex parte Young,* 209 U.S. 123, 159-160, 28 S.Ct. 441, 453-454, 52 L.Ed. 714 (1908) (injunction against State official seeking to enforce unconstitutional law). Government employers have been held liable at common law for wrongs committed by their employees that were more than merely negligent wrongs. See *Perley v. Cambridge,* 220 Mass. 507, 510, 108 N.E. 494 (1915) (city "may be liable for a trespass committed by its servants [acting outside city's] statutory power"); *Aldworth v. Lynn,* 153 Mass. 53, 56, 26 N.E. 229 (1891) (city liable for nuisance or trespass in maintenance of dam). Cf. *Morash & Sons v. Commonwealth,* 363 Mass. 612, 616, 296 N.E.2d 461 (1973) (Commonwealth liable for private nuisance, could be enjoined from storing road salt so as to pollute water supply on adjacent property); *Kurtigian v. Worcester,* 348 Mass. 284, 288, 203 N.E.2d 692 (1965) (city liable in nuisance for personal injuries caused by limb from decaying tree on city land); *Towner v. Melrose,* 305 Mass. 165, 168, 25 N.E.2d 336 (1940) (city liable in nuisance for damage caused by water overflows from city golf course).

Injunctions have been authorized against continuing governmental wrongs. See, e.g., *H. Sacks & Sons v. Metropolitan Dist. Comm'n,* 397 Mass. 1007, 493 N.E.2d 878

Supplemental Memorandum of law in Opposition to MCAD Motion to Dismiss        11

(1986) (injunction against Commonwealth's maintenance of a nuisance); *Chesarone v. Pinewood Builders, Inc.*, 345 Mass. 236, 242, 186 N.E.2d 712 (1962) (injunction against town for trespass in discharging water on plaintiff's land); *Lenari v. Kingston*, 342 Mass. 705, 709, 175 N.E.2d 384 (1961) (injunction against nuisance of public garbage dump); *Hittinger Fruit Co. v. Cambridge*, 218 Mass. 220, 105 N.E. 868 (1914) (city enjoined from unauthorized taking of water). Cf. *Perez v. Boston Hous. Auth.*, 368 Mass. 333, 331 N.E.2d 801, appeal dismissed, **1284 423 U.S. 1009, 96 S.Ct. 440, 46 L.Ed.2d 381 (1975); *West Broadway Task Force, Inc. v. Commissioner of Dep't of Community Affairs*, 363 Mass. 745, 297 N.E.2d 505 (1973). Although no Massachusetts case has dealt with the question whether the *553 Commonwealth or a political subdivision is liable for the wrongful misappropriation or conversion of private property by a government employee, the thrust of our cases in analogous areas shows that a government employer may be liable for conversions committed for its benefit by its employee. See also *NIKA Corp. v. Kansas City*, 582 F.Supp. 343, 354-355 (W.D.Mo.1983) (city liable for conversion of work systems and information components); 18 E. McQuillan, Municipal Corporations § 53.11, at 197 (3d ed. 1984 & 1986 supp.) ("It is well settled that a municipality may be held liable in damages for a conversion, in a proper case").Lane v. Com. 401 Mass. 549, *551-553, 517 N.E.2d 1281,**1283 - 1284 (Mass.,1988).

"A suit in equity to restrain a state officer from executing an unconstitutional statute to the irreparable damage of the plaintiff's rights is not a suit against the state, but against *131 individuals acting outside the zone of their lawful authority and hence not protected by any immunity. Ex parte Young, 209 U. S. 123, 150, 155, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Greene v. Louisville & Interurban

Railroad Co., 244 U. S. 499, 506, 37 Sup. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88; Greene v. Mayor of Fitchburg, 219 Mass. 212, 106 N. E. 573; Shuman v. Gilbert, 229 Mass. 225, 227, 118 N. E. 254, L. R. A. 1918C, 135, Ann. Cas. 1918E, 793. That is a principle of general application. It is not confined to the relations of federal and state courts. Its invocation has been upheld with respect to confiscatory conduct of officers acting illegally under the pretended cloak of a valid statute. Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 390, 14 Sup. Ct. 1047, 38 L. Ed. 1014; Raymond v. Chicago Union Traction Co., 207 U. S. 20, 38, 28 Sup. Ct. 7, 52 L. Ed. 78, 12 Ann. Cas. 757; Hopkins v. Clemson College, 221 U. S. 636, 645, 31 Sup. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243. That principle, however, has no relevancy to the question raised on this record, where the commonwealth is the only nominal and only real party in interest. Here 'the relief sought is that which enures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate.' Missouri, Kansas & Texas Railway v. Missouri Railroad & Warehouse Commission, 183 U. S. 53, 59 ,22 Sup. Ct. 18, 21 (46 L. Ed. 78). Com. v. Norman 249 Mass. 123, *130 -131 (Mass.1924)

Wherefore, Plaintiff humbly submits this SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MASSACHUSETTS COMMISSION

AGAINST DISCRIMINATION MOTION TO DISMISS for this Honorable Courts judicious review.

Most respectfully and humbly submitted this 7 day of September, 2006.

*[signature: Scott Stern]*

Scott Stern
Sui Juris
All Rights Reserved without Prejudice
Pro Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247