UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS     CIVIL ACTION NO. 3/05-CV-30160-MAP

| | |
|---|---|
| SCOTT STERN,<br>    Plaintiff<br><br>v.<br><br>HADDAD DEALERSHIPS OF THE BERKSHIRES, INC.; JAMES SALVIE, GENERAL SALES MANAGER; TIMOTHY CARDILLO, SALES MANAGER; MICHAEL COGGINS, GENERAL MANAGER, IN THEIR PERSONAL AND OFFICIAL CAPACITIES OF HADDAD DEALERSHIPS OF THE BERKSHIRES,<br><br>And<br><br>CYNTHIA TUCKER, INVESTIGATING COMMISSIONER; JAMES LEVINSKY, DEPUTY GENERAL COUNSEL; MIGDALIA RIVERA, COMPLIANCE OFFICER II; CRYSTAL BORGES, INVESTIGATOR, IN THEIR PERSONAL AND OFFICIAL CAPACITIES OF THE MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION,<br><br>And<br><br>ROBERT SANDERS, BOSTON AREA OFFICE DIRECTOR, IN HIS PERSONAL AND OFFICIAL CAPACITY AS DIRECTOR OF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Defendants | **THE HADDAD DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE LATE ANSWER** |

00097073.DOC

1

# THE HADDAD DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE LATE ANSWER

Now come Defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collectively, the "Haddad Defendants"), through their counsel of record, and hereby oppose the Motion for Leave to File a Late Answer and Memorandum of Law in Objection to the Order and Recommendation Dated October 27, 2006 [Docket Nos. 83 and 84] by plaintiff Scott Stern ("plaintiff" or "Stern"). In his Motion to file a late response, plaintiff seeks an extension of 30 days within which to object to Judge Neiman's recommendation [Docket No. 82] that the Motions to Dismiss by the EEOC Defendants and by the MCAD Defendants be allowed. The Haddad Defendants oppose Stern's motion for extra time, on the following grounds.

## The Haddad Defendants' Responses to Each of Stern's Grounds for His Requested Extension

One of plaintiff's grounds for seeking permission to file his opposition late appears to be that he is "an individual with a documented disability [and] has had personal issues that have complicated his attention to these proceedings...." In fact, his alleged disability is one of his prima facie allegations in his Complaint, which the Haddad Defendants submit he has been unable to prove. His discrimination case before (co-defendant) the Massachusetts Commission Against Discrimination ("MCAD") resulted in the MCAD's finding of "lack of probable cause," and the MCAD's denial of Stern's subsequent appeal. Plaintiff's Amended Complaint, ¶¶58-60. Among the many grounds on which the Haddad Defendants opposed Plaintiff's MCAD Complaint was that Plaintiff had never proved his alleged disability. See id. ¶51. As proof of this disability remains Plaintiff's burden herein, this remains an unsubstantiated allegation.

---

[1] The correct name for this party is Haddad Motor Group, Inc.

00097073.DOC

2

Another ground that Stern mentions is that he has been served with "an envelope… which plaintiff has not yet opened" from the Haddad Defendants. Stern claims that his being served with this envelope is "contrary to the rules and procedures of this Honorable Court" and further claims that his receipt of this mystery envelope has "caused plaintiff an inordinate degree of mental anguish, strain and stress…." At this point in the litigation, the only place that the Haddad Defendants can serve plaintiff, who is acting pro se, is at his address in North Adams, Massachusetts.[2] All other filings have been served on him there in this litigation. It is hardly improper to serve a pro se party at the only address he has provided.

Third, plaintiff apparently has other cases pending, including one before the First Circuit. This should not justify the excessive extensions detailed below.

**The History of Extensions Requested by, and Granted to, Stern as to These Motions to Dismiss**

Significantly, plaintiff has asked for an extension of time on almost every opposition pleading in this case. The following is a brief chronology of some of the filings and rulings on Stern's extensions concerning the two Motions to Dismiss (by the EEOC Defendants and by the MCAD Defendants):

| Date | Description |
| --- | --- |
| 5-18-06 | The Court granted plaintiff's Motion for Extension of Time [Docket No. 35] to Oppose Defendants' Motions to Dismiss, until the 5-17-06 hearing, at which the court intended to set a new deadline. |
| 5-18-06 | The Court ordered that plaintiff respond to the Motions to Dismiss by 6-16-06. |
| 7-5-06 | The Court granted plaintiff's Motion for Extension of Time [Docket No. 63] to respond to the MCAD Defendants' Motion to Dismiss, until 8-7-06. The court order stated "There shall be no further extensions." |

---

[2] Stern has also moved for permission to file his papers electronically with this Court. The Haddad Defendants support this Motion by plaintiff, as discussed in a separate filing by the Haddad Defendants joining with plaintiff's Motion for Leave to Allow Plaintiff to File Pleadings and Papers Electronically.

00097073.DOC

3

| | |
|---|---|
| 8-8-06 | The Court granted plaintiff's Motion for Leave to File Opposition to Defendants' Motion to Dismiss One Day Late [Docket No. 73]. |
| 8-16-06 | The Court granted an additional extension for plaintiff's Opposition to the Motions to Dismiss, until 8-31-06. |
| 9-5-06 | The Court docket entry that "Plaintiff called stating he is having car trouble and will be mailing a Motion for Leave to File his Opposition to the MCAD's Motion to Dismiss late." |
| 9-8-06 | Yet another Motion by plaintiff for Leave to File his Opposition Memorandum and Supplemental Memorandum Opposition, to the MCAD Defendants' Motion to Dismiss, Late [Docket No. 78]. |
| 10-27-06 | The Court granted plaintiff's Motion for Leave to File Late [Docket No. 78], his Opposition Memorandum to the MCAD Defendants' Motion to Dismiss. |
| 10-27-06 | Plaintiff actually filed his Opposition Memoranda [Docket Nos. 79 and 80], in Opposition to the Motions to Dismiss, after all these extensions. |

The Haddad Defendants submit that they are being prejudiced by repeated extensions to this pro se plaintiff. This case has not progressed into discovery, nor have the parties established a pre-trial litigation schedule. The Haddad Defendants and their counsel respectfully request that this Court set a quick schedule for hearings (if any) on the pending motions, in order to "clean up" the parties to this suit and proceed into the discovery phase.

THE HADDAD DEFENDANTS,
By Their Attorneys
MICHIENZIE & SAWIN LLC

Dated: 11/15/06         BY:  /s/ John Barker
                              Richard A. Sawin, Jr. – BBO NO: 546786
                              John C. Barker – BBO NO: 637406
                              745 Boylston Street, 5th Floor
                              Boston, MA 02116
                              Tel: (617) 227-5660

00097073.DOC

4

## CERTIFICATE OF SERVICE

I, John C. Barker, attorney for defendant, hereby certify that I have on this 15th day of November 2006, served a copy of the foregoing Motion, by electronic filing or by mailing a copy of same, postage prepaid, to the following:

Mr. Scott Stern
400 West Main Street
North Adams, MA 01427

Jerrold Levinsky, Esq.
Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Room 220
Springfield, MA 01103

Erin Norris, Esq.
Equal Employment Opportunity Commission
Office of Legal Counsel
1801 L Street Northwest
Washington, DC 20507

_____
John C. Barker

00097073.DOC