UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS          CIVIL ACTION NO. 3/05-CV-30160-KPN

| | |
|---|---|
| SCOTT STERN,<br>    Plaintiff<br><br>v.<br><br>HADDAD DEALERSHIPS OF THE<br>BERKSHIRES, INC.; JAMES SALVIE,<br>GENERAL SALES MANAGER;<br>TIMOTHY CARDILLO, SALES<br>MANAGER; MICHAEL COGGINS,<br>GENERAL MANAGER, IN THEIR<br>PERSONAL AND OFFICIAL<br>CAPACITIES OF HADDAD<br>DEALERSHIPS OF THE BERKSHIRES,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE HADDAD DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO COMPEL
PLAITIFF'S RESPONSES TO INTERROGATORIES
AND DOCUMENT REQUESTS**

    Now come defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collectively the "Haddad Defendants"), through their counsel of record, and hereby submit the following Memorandum of Law in Support of their Motion to Compel plaintiff's responses to defendants' first sets of Interrogatories and Requests for Production of Documents, propounded on plaintiff Scott Stern ("plaintiff" or "Stern") on 5/18/07, pursuant to F.R.C.P. 33.

    The Haddad Defendants served their first set of Interrogatories and their first set of Document Requests on plaintiff Stern on 5/18/07. *See* copy of service letter, at Exhibit A. To date, plaintiff has not responded or sought any extension of time. Responses to

---

[1] The correct name for this party is Haddad Motor Group, Inc.

{00123305.DOC}                                                                                     1

the Haddad Defendants' Interrogatories were due within 30 days after service, or on 6/18/07. F.R.C.P. 33(b)(3). Responses to the Haddad Defendants' Requests for Production of Documents were due 30 days after service of the Requests, or on 6/18/07. F.R.C.P. 34(b). The Haddad Defendants are moving to compel pursuant to F.R.C.P. 37(a)(2)(b). Counsel for the Haddad Defendants would like responses to their Interrogatories and Document Requests before plaintiff's deposition, now scheduled for 8/30/07. *See also* Poole v. Textron, Inc., 192 F.R.D. 494, 507 (D.Md. 2000) (court recognizes the "unquantifiable but real prejudice" to a party forced to conduct depositions and other discovery without the benefit of discovery responses).

The Haddad Defendants submit that their discovery requests to plaintiff sought information and documents that are "relevant to the pending action [and/or] reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1); *see* Hull Municipal Lighting Plant v. Mass. Municipal Wholesale Elec. Co., 414 Mass. 609, 615, 609 N.E.2d 460 (1993). Copies of the subject discovery requests are attached hereto at Exhibits B (Interrogatories) and C (Document Requests). It is not the nature of the discovery requests or the adequacy of plaintiff's partial answers that are in dispute here; rather, plaintiff has not even responded to defendants' discovery requests.

WHEREFORE, the Haddad Defendants respectfully request an Order from this Honorable Court compelling plaintiff to respond to the Haddad Defendants' Interrogatories and Document Requests, by three days before plaintiff's deposition (by 8/27/07).

THE HADDAD DEFENDANTS,
By Their Attorneys
MICHIENZIE & SAWIN LLC

Dated: 8/2/07            BY: *John Barker*
Richard A. Sawin, Jr. – BBO NO: 546786
John C. Barker – BBO NO: 637406
745 Boylston Street, 5th Floor
Boston, MA 02116
Tel: (617) 227-5660

*Michienzie & Sawin LLC*

Boston, Massachusetts

Telephone
617 227-5660

Facsimile
617 227-5882

Email
jb@masatlaw.com

A

May 18, 2007

Mr. Scott Stern
400 West Main Street
North Adams, MA 01427

      Re:    Stern v. Haddad Dealerships et al., U.S. District Court, Western Division

Dear Mr. Stern:

Enclosed herewith for filing in the above-entitled matter please find the following documents:

1. The Haddad Defendants' Rule 26(a)(1) Initial Disclosures;

2. The Haddad Defendants' First Set of Interrogatories; and

3. The Haddad Defendants' First Set of Requests for Production of Documents.

                                      Sincerely yours,

                                      John C. Barker

JCB/tmm
Enclosures

{00116140.DOC}

B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS        CIVIL ACTION NO. 3/05-CV-30160-KPN

| | |
|---|---|
| SCOTT STERN,<br>    Plaintiff<br><br>v.<br><br>HADDAD DEALERSHIPS OF THE<br>BERKSHIRES, INC.; JAMES SALVIE,<br>GENERAL SALES MANAGER;<br>TIMOTHY CARDILLO, SALES<br>MANAGER; MICHAEL COGGINS,<br>GENERAL MANAGER, IN THEIR<br>PERSONAL AND OFFICIAL<br>CAPACITIES OF HADDAD<br>DEALERSHIPS OF THE BERKSHIRES,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## HADDAD DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Now come defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collectively the "Haddad Defendants"), through their counsel of record, and hereby propound the following interrogatory to plaintiff Scott Stern ("Plaintiff"), pursuant to Rule 33.

**DEFINITIONS AND INSTRUCTIONS**

    1.    **Communication.** The term "communication" means the transmittal of information (in the form of fact, ideas, inquiries, or otherwise).

    2.    **Document.** "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including but not limited to: any letter, correspondence, email, or communication of any sort; film print or negative of photographic or motion picture; tape, microfilm, microfiche, computer card, computer tape, computer program, disk, electronic device on which data is recorded, computer output or input, sound recording, video recording; note, notebook, diary, calendar, schedule, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report, evaluation,

---

[1] The correct name for this party is Haddad Motor Group, Inc.

00116035.DOC                                                              1

file, memorandum or record of telephone conversation, personal conversation, discussion, interview, agenda, list, meeting, conference, investigation, negotiation, act or activity; projection, data compilation, work paper, or draft; opinion or report of consultant; request order, invoice, or bill of lading, analysis, diagram, map, index, sketch, drawing, plan, blueprint, specification, chart, brochure, pamphlet, book, advertisement, circular, newspaper or magazine clipping, press release; receipt, return receipt, journal, ledger, book of account, financial record, log entry, schedule, bill, or voucher; financial statement, statement of account, bank statement, credit statement, credit, debit, checkbook stub, or register, check, canceled check, deposit slip, charge slip, tax return (income and other), requisition; file, study, graph, tabulation, and any and all other writings, printings, and recordings of whatever nature, whether signed or unsigned or transcribed, computer tapes or discs, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent for detection devices into reasonably usable form. The term "document" also means the original and/or any non-identical original, draft, or copy including those with any marginal note or comment, or showing additions, deletions, or substitutions. A draft or non-identical copy is a separate document within the meaning of this term.

3. **Identify (With Respect to Persons).** When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, phone number, and when referring to a natural person, additionally the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. **Identify (With Respect to Documents).** When referring to documents, to "identify" means to give, to the extent known, (i) the type of document; (ii) its general subject matter; (iii) the date(s) of the document; and (iv) its author(s), addressee(s), and recipient(s), including those cc'd or bcc'd.

5. **Identify (With Respect to Communications).** When referring to communications, to "identify" means to give, to the extent known, (i) the names, addresses, and last known places of employment of the participants to the communication; (ii) the subject matter of the communication; (iii) the location(s) of the communication; (iv) the mode of communication (e.g. written, by telephone, meeting, etc.); and (v) the date of the communication.

6. **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, agents, employees, and/or partners. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. **You.** "Plaintiff," "you," or "your" shall refer to Plaintiff Scott Stern, and to his agents, servants, assigns, or representatives.

8. **Relating to.** The terms "relating to" or "related to" also mean concerning, connected with, referring to, describing, evidencing, or constituting.

9. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. **Number.** The use of the singular form of any word includes the plural and vice versa.

11. **Instructions as to Claims of Privilege.** If a claim of privilege is asserted concerning any information sought or any document for which identification is requested, please provide the following:

(a) Identify all communications by stating the participants in the communication, the date of the communication, and the general subject matter of the communication;
(b) Identify all documents by identifying the (i) type of document (letter, memo, and so forth); (ii) general subject matter of the document; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s);
(c) State the nature of the privilege asserted; and
(d) State in detail the factual and legal basis for the claim of privilege.

## HADDAD DEFENDANTS' INTERROGATORIES

### INTERROGATORY NO. 1

Please identify yourself, giving your full name, age, address, current employer if any, and marital status.

### INTERROGATORY NO. 2

Please describe, in complete detail and as accurately as possible, all conversations and/or communications between you and Haddad management relating to the allegations in your Amended Complaint, giving in your answer the date(s) and location(s) of said conversations and the name (and address if known) of each party or witness to said conversations.

### INTERROGATORY NO. 3

Please state, as to each and every witness to have seen, heard, or known about the alleged occurrences described in your Amended Complaint, the names and addresses of each, a description as best you can give it, of all information or knowledge about the alleged occurrence known to each such witness, and whether or not any such witness gave any statement or account, either oral or in writing, of his/her knowledge of the alleged occurrence, and if so, the substance of the same.

### INTERROGATORY NO. 4

Please identify each and every document on which you rely for your responses to this set of Interrogatories.

### INTERROGATORY NO. 5

Please identify each and every document and/or exhibit that you intend to introduce at any hearing or trial in this matter.

## INTERROGATORY NO. 6

Please identify (including name and address) each and every witness that you intend to call to testify at any hearing or trial in this matter.

## INTERROGATORY NO. 7

Please identify each and every witness that you intend to call to testify in this matter. With respect to each testifying expert, please include in your answer the following information:

    a.    the expert's name and business address;

    b.    the subject matter on which the expert is expected to testify;

    c.    the substance of facts and opinions to which the expert is expected to testify; and

    d.    a summary of the grounds for each such expert opinion.

## INTERROGATORY NO. 8

Please state whether you have filed any claim(s) with any insurer seeking compensation for any alleged losses that arose as a result of the occurrences set forth in your Amended Complaint. If the answer to this Interrogatory is Yes, please provide the following:

    a.    the date each and every claim was made with the insurer, and by whom;

    b.    the name of the insurer, the policy number, and the name of the claims representative with whom you or your representatives dealt;

    c.    the limits on coverage for each such insurance policy;

    d.    the result of the claim, including whether it was allowed or denied in whole or in part; and

    e.    the total amount paid under the policy, including the date(s) of payment(s) or settlement.

## INTERROGATORY NO. 9

Please describe, in complete detail, each of your job-status changes while working for Haddad. Your response should include, but not be limited to, each time you received a pay raise, each time you changed positions or titles, and/or each time you changed status (e.g., from full-time to part-time, or vice versa).

## INTERROGATORY NO. 10

Please describe, in complete detail, any adverse employment decision that any or all of the Haddad Defendants made against you while you were an employee of Haddad.

## INTERROGATORY NO. 11

Since you left the employ of Haddad, have you worked at all, on either a part-time or a full-time basis? If the answer is anything but an unqualified No, please provide the following information with respect to each such employer after you left the employ of Haddad:

 a. the name and address of each such employer(s);

 b. the dates of your employment with each such employer;

 c. a brief description of your job duties and your job title(s) at each such employer;

 d. your rate of pay or salary at each such employer;

 e. whether you were full-time or part-time at each such employer; and how many hours per week you worked at each such employer;

 f. the hours during the day that you worked at each such employer (for example, 9:00 a.m. to 5:00 p.m., Monday through Wednesday); and

 g. whether such employer afforded you any accommodation for your alleged disability.

## INTERROGATORY NO. 12

Please give an account, itemizing fully and as completely as possible, of all losses or expenses or damages that you claim you have incurred or suffered as a result of the occurrences set forth in your Amended Complaint.

## INTERROGATORY NO. 13

Are you claiming that you are entitled to an award for lost wages or lost commissions ("lost compensation")? If your answer is anything but an unequivocal No, then please provide the following information: the total amount of your lost compensation claim, the factual basis for any lost compensation claim(s), and the dates for which you are claiming lost compensation.

## INTERROGATORY NO. 14

Did you ever provide any documentation of your alleged bi-polar disorder to the Haddad Defendants, before you were terminated from Haddad in February 2003? If your answer is anything but an unqualified No, please provide the following information:

a. the time and place that you provided such documentation of your disorder to the Haddad Defendants;

b. the employee(s) of the Haddad Defendants, to whom you provided such documentation;

c. a description of such documentation, including the doctor or other healthcare provider (if any) from whom the documentation came, the name and address of any doctor or other healthcare provider that signed such documentation; and

d. any other documents and/or communications from you or from a doctor or other healthcare provider, to the Haddad Defendants, concerning your alleged bi-polar disorder.

## INTERROGATORY NO. 15

Please describe how frequently you were late to work when you worked at the Haddad dealership. Please include in your answer how many times per week you were late, and how many total times you estimate you were late during the time you worked there, and an estimate of an average amount of time that you were late (for example, that you were generally about _____ minutes late).

## INTERROGATORY NO. 16

Please describe in as complete detail as possible, the factual basis for your allegations in ¶39 of your Amended Complaint, that the individual Haddad Defendants "engaged in direct and indirect actions to denigrate, demoralize, demean and derail plaintiff and plaintiff's ability to sell vehicles at Haddad Dealerships of the Berkshires." Your response should include, but not be limited to, any specific dates, incidents, documents, and persons involved.

## INTERROGATORY NO. 17

Did you ever provide a note that "directly stated that plaintiff needed to be accommodated for his illness" from a doctor to the Haddad Defendants (*see* Amended Complaint ¶36)? If your answer is Yes, please provide details of what the note said, the date it was provided to the Haddad Defendants, and a copy of said note.

## INTERROGATORY NO. 18

How did the Haddad Defendants "arbitrarily institute[] a policy regarding this time clock against the plaintiff and wrongfully appl[y] a set of conditions to plaintiff while failing to apply this same condition to, for and against other Sales and Leasing Representatives" (¶81 of your Amended Complaint)? Your response should include, but not be limited to, specific incidents, dates, and copies of documents where relevant.

THE HADDAD DEFENDANTS,
By Their Attorneys
MICHIENZIE & SAWIN LLC

Dated: 5/17/07            BY: *John Barker*
Richard A. Sawin, Jr. – BBO NO: 546786
John C. Barker – BBO NO: 637406
745 Boylston Street, 5th Floor
Boston, MA 02116
Tel: (617) 227-5660

## CERTIFICATE OF SERVICE

I, John C. Barker, attorney for defendant, hereby certify that I have on this 18th day of May 2007, served a copy of the foregoing Interrogatories, by mailing a copy of same, postage prepaid, to the following:

Mr. Scott Stern
400 West Main Street
North Adams, MA 01427

*John Barker*
John C. Barker



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS         CIVIL ACTION NO. 3/05-CV-30160-KPN

| | |
|---|---|
| SCOTT STERN,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| HADDAD DEALERSHIPS OF THE<br>BERKSHIRES, INC.; JAMES SALVIE,<br>GENERAL SALES MANAGER;<br>TIMOTHY CARDILLO, SALES<br>MANAGER; MICHAEL COGGINS,<br>GENERAL MANAGER, IN THEIR<br>PERSONAL AND OFFICIAL<br>CAPACITIES OF HADDAD<br>DEALERSHIPS OF THE BERKSHIRES,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE HADDAD DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, TO PLAINTIFF**

Now come Defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collective, the "Haddad Defendants"), through their counsel of record, and hereby propound this first set of Requests for Production of Documents on Plaintiff ("Plaintiff"), pursuant to Rule 34.

**DEFINITIONS AND INSTRUCTIONS**

    1.    **Communication.** The term "communication" means the transmittal of information (in the form of fact, ideas, inquiries, or otherwise).

    2.    **Document.** "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including but not limited to: any letter, correspondence, email, or communication of any sort; film print or negative of photographic or motion picture; tape, microfilm, microfiche, computer card, computer tape, computer program, disk, electronic device on which data is recorded, computer output or input, sound recording, video recording; note, notebook, diary, calendar, schedule, minutes, memorandum,

---

[1] The correct name for this party is Haddad Motor Group, Inc.

contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report, evaluation, file, memorandum or record of telephone conversation, personal conversation, discussion, interview, agenda, list, meeting, conference, investigation, negotiation, act or activity; projection, data compilation, work paper, or draft; opinion or report of consultant; request order, invoice, or bill of lading, analysis, diagram, map, index, sketch, drawing, plan, blueprint, specification, chart, brochure, pamphlet, book, advertisement, circular, newspaper or magazine clipping, press release; receipt, return receipt, journal, ledger, book of account, financial record, log entry, schedule, bill, or voucher; financial statement, statement of account, bank statement, credit statement, credit, debit, checkbook stub, or register, check, canceled check, deposit slip, charge slip, tax return (income and other), requisition; file, study, graph, tabulation, and any and all other writings, printings, and recordings of whatever nature, whether signed or unsigned or transcribed, computer tapes or discs, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent for detection devices into reasonably usable form. The term "document" also means the original and/or any non-identical original, draft, or copy including those with any marginal note or comment, or showing additions, deletions, or substitutions. A draft or non-identical copy is a separate document within the meaning of this term.

3. **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, agents, employees, and/or partners. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

4. **You.** "Plaintiff," "you," or "your" shall refer to Plaintiff Scott Stern, and to his agents, servants, assigns, or representatives.

5. **Relating to.** The terms "relating to" or "related to" also mean concerning, connected with, referring to, describing, evidencing, or constituting.

6. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7. **Number.** The use of the singular form of any word includes the plural and vice versa.

8. **Instructions as to Claims of Privilege.** If a claim of privilege is asserted concerning any information sought or any document for which identification is requested, please provide the following:

   (a) Identify all communications by stating the participants in the communication, the date of the communication, and the general subject matter of the communication;
   (b) Identify all documents by identifying the (i) type of document (letter, memo, and so forth); (ii) general subject matter of the document; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s);
   (c) State the nature of the privilege asserted; and

(d)   State in detail the factual and legal basis for the claim of privilege.

9. **Instructions as to Production:** The documents produced pursuant to each numbered request are to be separately produced and labelled to correspond to any written response by Plaintiff such that said response will show the production of documents or absence thereof for each numbered request.

## HADDAD DEFENDANTS' DOCUMENT REQUESTS

1. Any and all documents that relate to your Amended Complaint.

2. Any and all documents that relate to your responses to the Haddad Defendants' first set of Interrogatories (served herewith).

3. Any and all documents, exhibits, and/or tangible things that you plan to introduce as exhibits at any hearing or trial in this matter.

4. Any and all expert reports that you plan to use in this matter.

5. Any and all correspondence and/or communication between you or your representatives and the Haddad Defendants or their representatives, relating to the allegations in your Amended Complaint or to your employment at Haddad.

6. Each and every statement concerning your Amended Complaint or the allegations therein, made by Haddad, any employee of Haddad, or any third-party witness. The term "statement" includes, but is not limited to, statements that were recorded as well as those that have been reduced to writing, and includes unsigned as well as signed statements.

7. Any and all documents relating to your claimed damages or losses. Responsive documents should include, but not be limited to, any pay stubs, damage estimates or demands (if any), and documents relating to lost or split commissions.

8. Any and all documents relating to any claim you made for unemployment benefits after you left the employ of Haddad.

00116056.DOC

3

9. Any and all documents relating to any claim you made for worker's compensation benefits after you left the employ of Haddad.

10. Any and all performance evaluations from your employ at Haddad, or any communications relating to your performance at Haddad.

11. Any and all federal tax returns and W-2 forms that you filed or received, for the years 1998 through the present.

12. Any and all medical records relating to your alleged bi-polar disorder from 1996 through the present and/or to any effect (if any) that that disorder had on your ability to work during that same period.

13. Copies of any and all documentation that you provided to the Haddad Defendants during your employ at Haddad (April 2002 through February 2003) concerning your alleged bi-polar disorder or any other medical condition that affected your ability to work at Haddad. Responsive documents should include, but not be limited to, a copy of the purported doctor's note(s) that you showed to Haddad in November or December of 2002 asking them to "work with" you.

14. Copies of any and all *written* requests (if any) by you to any of the Haddad Defendants, for any reasonable accommodation at Haddad to accommodate your alleged disability while you were a Haddad employee.

15. Copies of any and all documents that show you suffer from bi-polar disorder or suffered from that condition in 2002. Responsive documents should include, but not be limited to, any medical diagnoses or doctor's reports.

THE HADDAD DEFENDANTS,<br>
By Their Attorneys<br>
MICHIENZIE & SAWIN LLC

Dated: 5/17/07        BY: _/s/ John Barker_____

Richard A. Sawin, Jr. – BBO NO: 546786
John C. Barker – BBO NO: 637406
745 Boylston Street, 5th Floor
Boston, MA 02116
Tel: (617) 227-5660

### CERTIFICATE OF SERVICE

I, John C. Barker, attorney for defendant, hereby certify that I have on this 18th day of May 2007, served a copy of the foregoing Requests for Production of Documents, by mailing a copy of same, postage prepaid, to the following:

Mr. Scott Stern
400 West Main Street
North Adams, MA 01427

_/s/ John Barker_____
John C. Barker