United States District Court
District of Massachusetts

Scott Stern                                    Docket No. 05-30160-KPN

v.                                             Emergency Motion for
                                               Extension of Time for Defendants
Haddad Dealerships etal                        Motion to Compel.
                                               MOTION TO FILE ANSWERS LATE
                                               TO DEFENDANTS

   Now comes plaintiff and humbly prays for an EMERGENCY MOTION FOR EXTENSION OF TIME FOR Defendants MOTION TO COMPEL for the good cause and reasons herein averred to this Honorable Court.

   Wherein your moving party has been, for the last six months, been persecuted and victimized by the City of North Adams, and;

   Wherein, Haddad Dealerships, Inc. may have sought the assistance of various political subdivisions to interfere with plaintiff's cause of action in this action, and;

   Wherein your moving party had sought legal assistance from the law firm of Freedman, DeRosa + Rondeau whom have deprived your moving party of his First Amendment Right to Redress Grievances with the City of North Adams by ordering and denying your moving party access to City Hall and forcing your moving party to have to reduce all correspondence

in writing, and;

Wherein the City of North Adams, in December of 2006 stole a properly registered and insured vehicle from the plaintiff, and;

Wherein the City of North Adams has refused to follow-up the stolen car police report and, further denied Movant the right to file said report in December of 2006, and;

Wherein the City of North Adams Police Department has denied Movant public records, allowable by law, and free, that required plaintiff to file with the Supreme Judicial Court, a Writ of Mandamus to order the police to produce said records!

Wherein your Movant sought and herein attaches documentation for the Movant to obtain counsel in this matter and has not obtained counsel for these aforementioned issues or this case at bar.

Wherefore, your moving party herein prays to the Honorable Judge Kenneth P. Neiman to grant plaintiff's EMERGENCY MOTION FOR EXTENSION OF TIME FOR DEFENDANTS MOTION TO COMPEL for 30 days and MOTION TO FILE ANSWERS LATER TO DEFENDANTS

Most respectfully submitted this 30 day of August 2007

Scott Stern, Soi Juris
400 West Main St.
North Adams MA. 01247
(413) 664-7805      All Rights Reserved

## Certificate of Service

I, Scott Stern, do hereby certify that in re Docket No. 05-30160 KPN have notified defendants counsel of said motion attached and do hereby state that I served;

Copy of "Emergency Motion For Extension of time for defendants Motion to Compel / Motion to file answers to defendants"

this 30 day of August 2007, first class mail, postage prepaid, United States Postal Service.

Scott Stern
400 West Main St.
North Adams, Mass. 01247

THE COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPREME JUDICIAL COURT
SINGLE JUSTICE SESSION

Suffolk, ss.                                   Docket No. SJ-2007-381

Scott Stern,                    )
                                )
        Plaintiff,              )
    vs.                         )
                                )
William Meranti, et al          )
                                )
        Defendant(s)            )

**PETITION FOR WRIT OF MANDAMUS/
EMERGENCY EX-PARTE MOTION TO COMPEL**

Now comes the petitioner, Scott Stern, and does hereby pray for relief by and through this PETITION FOR WRIT OF MANDAMUS/EMERGENCY EX-PARTE MOTION TO COMPEL E. John Morocco, Commissioner of the Department of Public Safety, Keeper of the Records for the North Adams Police Department, a political subdivision of the City of North Adams, a Municipal Corporation, to release and deliver certain PUBLIC RECORDS that are in the petitioner's rights, liberties and privileges to obtain, free, pursuant to the Commonwealth of Massachusetts Statutory Law, M.G.L. c. 41 §98F, Police Daily Logs; Public Records DAILY LOG for the City of North Adams, for dates between December 4, 2006 and December 12, 2006.

Wherein, an alleged appointed officer of the City of North Adams, William Meranti, acting without proper authority, as "Building Inspector/Zoning Officer" did thereby, create a false and fraudulent tag, ticket said vehicle and call for the removal/tow of plaintiff/petitioner's 1990 Ford Taurus. Said removal was effectuated without plaintiff/petitioner's permission, knowledge and consent, and was in conspiracy with

SLS PETITION FOR WRIT OF MANDAMUS                                        1

Coury's Used Auto Parts to tow said vehicle depriving plaintiff of his rightful use and enjoyment of said property which is properly registered and insured by the Commonwealth of Massachusetts Registry of Motor Vehicles..

The aforementioned PUBLIC RECORDS plaintiff/petitioner seeks, has and have been denied petitioner on several attempts, including, but not limited to, oral requests before the Commissioner E. John Morocco, written requests to the Commissioner E. John Morocco, Oral Request before the Director of Police Services, and written request to the Director of Police Services, Michael Cozzaglio, both of the requests before the aforementioned individuals were during reasonable and normal times of operation directly at the Department of Public Safety, City of North Adams. These records plaintiff/petitioner requests are, and have been, declared free to the public and should be accessible to the plaintiff/petitioner, not only to view said PUBLIC RECORDS, including, but not limited to, obtaining free copies thereof of said PUBLIC RECORDS.

Wherein, the Superior Court has jurisdiction by plaintiff's petition of Writ of Mandamus/Emergency Ex-Parte Motion to Compel:

Chapter 249: Section 5. Action in the nature of mandamus

Section 5. A civil action to obtain relief formerly available by writ of mandamus may be brought in the supreme judicial or superior court or, if the matter involves any right, title or interest in land, or arises under or involves the subdivision control law, the zoning act, or municipal zoning, or subdivision ordinances, by-laws or regulations, in the land court.

Wherein, this court does hereby have Concurrent jurisdiction with the Supreme Judicial Court under M.G.L. c. 213 §1A which states:

"Section 1A. Unless otherwise specifically provided, the superior court shall have original jurisdiction, concurrently with the supreme judicial court, of all proceedings, cases and matters of which the supreme judicial court has jurisdiction, excepting those within the appellate jurisdiction of the full court, those provided for under section four of chapter two hundred and eleven, and those which cannot be transferred under section four A of said chapter.

Wherein, chapter 41 §98F of the Massachusetts General laws do hereby state and declare:

"Chapter 41: Section 98F. Daily logs; public records

Section 98F. Each police department and each college or university to which officers have been appointed pursuant to the provisions of section sixty-three of chapter twenty-two C shall make, keep and maintain a daily log, written in a form that can be easily understood, recording, in chronological order, all responses to valid complaints received, crimes reported, the names, addresses of persons arrested and the charges against such persons arrested. *All entries in said daily logs shall, unless otherwise provided in law, be public records available without charge to the public during regular business hours and at all other reasonable times;* provided, however, that any entry in a log which pertains to a handicapped individual who is physically or mentally incapacitated to the degree that said person is confined to a wheelchair or is bedridden or requires the use of a device designed to provide said person with mobility, shall be kept in a separate log and shall not be a public record nor shall such entry be disclosed to the public."

When reviewing the record to make a determination of jurisdiction, the Court is not limited to the four corners of the complaint, and may consider other documents, such as affidavits. See *Mmoe v. Commonwealth*, 393 Mass. 617, 620 (1985); *Good Hope Industries, Inc.*, 378 Mass. at 3; *Kleinerman v. Morse*, 26 Mass.App.Ct. 819, 821 n. 4 (1989). Gray v. Michael Stapleton Associates, Ltd. 2007 WL 1630943, *3 (Mass.Super.) (Mass.Super.,2007)

"[A]greements are made to be performed, and relief should be given in the absence of special circumstances showing that it would be inequitable to do so." *Freedman v. Walsh,* 331 Mass. 401, 406 (1954). Massachusetts Mun. Wholesale Elec. Co. v. EPEC Independent Power I Co., LLC 2007 WL 809790, *7 (Mass.Super.) (Mass.Super.,2007)

"[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nader v. Citron,* 372 Mass. 96, 98, 360 N.E.2d 870 (1977) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The plaintiff's burden in maintaining a complaint is "relatively light." *Warner-Lambert v. Execuquest Corp.*, 427 Mass. 46, 47, 691 N.E.2d 545 (1998), citing *Gibbs Ford, Inc. v. United Truck Leasing Corp.*, 399 Mass. 8, 13, 502 N.E.2d 508 (1987). When conducting its investigation, the court will look at the four corners of the complaint in addition to any documents that are incorporated by reference and attached thereto. See *Mmoe v. Commonwealth,* 393 Mass. 617, 620, 473 N.E.2d 169 (1985); *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir.1998) (LaFleche v. Sturbridge Corp. 2006 WL 1075591, *1 (Mass.Super.) (Mass.Super., 2006))

When evaluating the sufficiency of a complaint pursuant to a motion to dismiss, the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiff's favor. *Fairneny v. Savogran Co.*, 422 Mass. 469, 470, 664 N.E.2d 5 (1996). "[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nader v. Citron*, 372 Mass. 96, 98, 360 N.E.2d 870 (1977) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The plaintiff's burden in maintaining a complaint is "relatively light." *Warner-Lambert v. Execuquest Corp.*, 427 Mass. 46, 47, 691 N.E.2d 545 (1998), citing *Gibbs Ford, Inc. v. United Truck Leasing Corp.*, 399 Mass. 8, 13, 502 N.E.2d 508 (1987). When conducting its investigation, the court will look at the four corners of the complaint in addition to any documents that are incorporated by reference and attached thereto. See *Mmoe v. Commonwealth*, 393 Mass. 617, 620, 473 N.E.2d 169 (1985); *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir.1998) LaFleche v. Sturbridge Corp. 2006 WL 1075591, *1 (Mass.Super.) (Mass.Super.,2006)

M.G.L.A. c. 66 §10(b) expressly provides:

"If a custodian of a public record refuses or fails to comply with the request of any person for inspection or copy of a public record or with an administrative order under this section, the supreme judicial court or superior court shall have jurisdiction to order compliance."

"The doctrine of exhaustion of administrative remedies is inapplicable when any person denied access ignores the administrative appeal or remedy and elects to proceed directly to the courts." Massachusetts Practice, Vol. 39 §1190, Chapter 16 Public Records

and Freedom of Information E. Judicial Proceedings to Compel Compliance with Freedom of Information Act.

Wherefore, plaintiff/petitioner herein seeks relief by and through this PETITION FOR WRIT OF MANDAMUS/EMERGENCY EX-PARTE MOTION TO COMPEL production of PUBLIC RECORDS by the Commissioner of the Department of Public Safety, E. John Morocco, Keeper of the Records, North Adams Police Department, City of North Adams, a Municipal Corporation for the Police Daily Logs between December 4, 2006 and December 11, 2006. Plaintiff hereby incorporates and references documents, including, but not limited to, letters, affidavits and receipts from United States Postal Services Certified, Return Receipt documents relative to said documents for this Honorable Court's judicious review and adjudication, with this PETITION FOR WRIT OF MANDAMUS/EMERGENCY EX-PARTE MOTION TO COMPEL.

"It will be an evil day for American liberty if the theory of a government outside the supreme law of the land [the Constitution] finds lodgment in our constitutional jurisprudence. No higher duty rests upon this court than to exert its full authority to prevent all violation of the principles of the Constitution." (Downes v. Bidwell, 182 U.S. 244 (1901)

Most respectfully prayed for this 14 day of August, 2007.

*[signature: Scott Stern]*

Scott Stern
Sui Juris
All Rights Reserved without Prejudice
400 West Main Street
North Adams, Massachusetts 01247



THE COMMONWEALTH OF MASSACHUSETTS
REGISTRY OF MOTOR VEHICLES
P.O. BOX 55889 BOSTON, MA 02205-5889
www.mass.gov/rmv

PLEASE KEEP THIS DOCUMENT
IN YOUR VEHICLE AT ALL TIMES

CERTIFICATE OF REGISTRATION
PASSENGER

| PLATE TYPE | REGISTRATION NUMBER | EXPIRES LAST DAY OF → | MONTH | YEAR | | EFFECTIVE DATE |
|---|---|---|---|---|---|---|
| PAN | 88SM68 | | 08 | 08 | | 09/01/06 |

FEES:
REGISTRATION    36.00      NAME(S) OF OWNER(S) AND MAILING ADDRESS
TITLE            0.00      STERN, SCOTT
SPECIAL PLATES   0.00      400 W MAIN ST
SALES TAX        0.00      N ADAMS, MA 01247-3315

TOTAL           36.00

RESIDENTIAL ADDRESS (IF DIFFERENT)

TRANSACTION NUMBER
0162443200018

IF VEHICLE CARRYING
PASSENGERS FOR HIRE
MAXIMUM NUMBER OF
PASSENGERS THAT
CAN BE SEATED.

IF VEHICLE USED FOR
TRANSPORTING GOODS,
WARES, OR MERCHANDISE;
TOTAL REGISTERED WEIGHT.

*Anne L. Collins*
REGISTRAR

| MFRS MODEL YEAR | MAKE | MODEL NAME | BODY STYLE/TYPE | COLOR |
|---|---|---|---|---|
| 1990 | FORD | TAURUS | SEDAN | BROWN |

VEHICLE IDENTIFICATION NUMBER         INSURANCE COMPANY              TITLE NUMBER
1FACP50U2LA105684                     COMMERCE INSURANCE             AW408233

NOT VALID UNTIL STAMPED WITH OFFICIAL SIGNATURE STAMP OR SIGNATURE OF THE REGISTRAR



Copy  
12-4-04

**City of North Adams, Ma.**  **N⁰ 3792**

Date 12/4/06   Time 10:30 am.

Vehicle Descrip. Ford Taurus

Owner/Agent. Unknown

Location. Charles St.

_____
Signature of Inspector

Violator must remove this, or part thereof, of this vehicle, before commencement of the fourth day of this notice.

Upon expiration of the (3) day period mentioned herebefore, the Building Inspector is authorized to arrange to have said vehicle removed at the owners expense by virtue of section 3.12A.4 of the revised zoning ordinance for the City of North Adams.



# City of North Adams, Massachusetts
# Department of Public Safety

40 American Legion Drive, North Adams, MA 01247  (413) 662-3102  Fax 662-3008

E. John Morocco
Commissioner

July 23, 2007

Mr. Scott Stern
400 West Main Street
North Adams, MA   01247

Dear Mr. Stern:

Be advised that your note written to Police Director Cozzaglio regarding a request for information under the Freedom of Information Act was improperly submitted and therefore will not be honored.

The proper submission would be through the Treasurer's Office of the City of North Adams at which time an estimate of the cost for your request would be produced. That estimate would be sent to you under separate cover.

Sincerely,

E. John Morocco
Commissioner

EJM:lfb

July 23, 2007

E. John Morrocco
Commissioner of Public Safety
City of North Adams
11 Summer Street
North Adams, Massachusetts 01247

Director Morrocco:

Thank you for picking up the call for your subordinate, Mr. Cozzaglio. I am sorry to hear that you refuse to give me the records between December 4 and December 18, 2006 without a formal FOIA request.

Furthermore, I did not appreciate the fact that you closed out our conversation by swearing at me by stating "File a Fucking suit" which was not appropriate by you as the Police Commssioner towards my person.

I have not heard back from you regarding the incident of Officer Craig Bush whom had called me a defamatory remark at my residence.

I am enclosing an article from the Boston Globe that Boston Police Officers must undergo "Sensitivity Training" regarding comments that they make that are defamatory or derogatory. Please find enclosed a copy of that article, from the Boston Globe dated July 21, 2007.

I suggest that not only does Officer Craig Bush require this, but so should the entire Police Department, including, but not limited to, yourself, as "Commissioner" considering your tirade to my reasonable request for PUBLIC RECORDS under the Public Records law M.G.L. c 66 §10 (a) and (b).

The fact that you require u[...]
is our right, under the law,[...]
people's rights, including,[...]

Please find enclosed that w[...]
~~Saturday~~ evening when I i[...]
the note I left with Police S[...]
the North Adams Police D[...]

Please mail me a copy of t[...]
accordingly.

Letter to E. John Morrocco

# FREEDMAN, DEROSA & RONDEAU

### ATTORNEYS AND COUNSELORS AT LAW

John B. DeRosa
Thomas Manuel
Adam P. Clermont
Richard M. Dohoney
Pamela R. Green

May 30, 2007

Mr. Scott Stern
400 West Main Street
North Adams, MA 01247

Dear Mr. Stern:

Please be advised that I represent the City of North Adams, the owner of City Hall located at 10 Main Street, North Adams, Massachusetts 01247. It has been reported that you have been seen in and about North Adams City Hall engaging in activities that are unacceptable to the City Hall staff.

Notice is hereby given to you to stay out of and away from the North Adams City Hall and the surrounding grounds at Main Street, North Adams. Please be advised that should you be at the North Adams City Hall, your presence will constitute a trespass and you will be considered a trespasser.

It is my intention that this letter serves as notice to you pursuant to M.G.L. c. 266 §120 in accordance with the provisions of the statute. I am forwarding a copy of this letter to the North Adams Police Department. If you appear at the City Hall in violation of this notice, you will be subject to immediate arrest.

Very truly yours,

John B. DeRosa

cc:   North Adams Police Department

SERVICE BY NORTH ADAMS POLICE DEPARTMENT
AND
FIRST CLASS MAIL POSTAGE PREPAID

#6

BUILDING 1, SUITE 200, MASS MOCA
87 MARSHALL STREET, P. O. BOX 746, NORTH ADAMS, MASSACHUSETTS 01247
TELEPHONE (413) 664-1075    TELEFAX (413) 554-7370

17 MAIN STREET, LEE, MASSACHUSETTS 01238
TELEPHONE (413) 243-3325    TELEFAX (413) 243-1887