UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
IN CLERK'S OFFICE
2007 OCT 30 A 10: 22
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Springfield, Massachusetts | Civil Action No.05-30160-MAP |
| Scott Stern,<br>    Plaintiff,<br>vs.<br>Haddad Motor Group, Inc., et. al.<br>    Defendants | AN APPEAL TO HONORABLE JUDGE MICHAEL A. PONSOR<br><br>NOTICE OF OBJECTION TO ORDERS DATED SEPTEMBER 24, 2007 OF HONORABLE JUDGE KENNETH P. NEIMAN |

Now comes your movant, Scott Stern, an individual with a documented disability, and does hereby gives NOTICE OF OBJECTION TO ORDERS DATED SEPTEMBER 24, 2007 of HONORABLE JUDGE KENNETH P. NEIMAN.

Movant is an individual with a mental illness, at a disadvantage inherently in these proceedings, and not, because movant can write "motions" or "pleadings" which should not necessarily presuppose that movant is on the same footing or on an equal footing against the defendants with hired, experienced, licensed litigators.

Movant sought the appointment of counsel in this litigation, pursuant to movants rights under the Americans with Disabilities Act, in order to protect movants rights, liberties and privileges, and;

Wherein your movant, an individual with bipolar disorder, believed that he had more time to answer the defendants interrogatories and production of documents, and;

Wherein your movant, whom suffers from depression, and a greater amount of depression, anxiety, emotional distress, and other ailments in having to personally handle

all of these issues regarding the defendants discriminatory actions prior to, and within this litigation, finds it an incomprehensible and formidable task to get everything done by the timeline that was ordered, and;

Wherein your movant, respectfully, complied with what he honestly thought was necessary and required to be done by the 12th of October (Initial Disclosures) and;

Wherein movant was present for the deposition of his person by the defendants on October 25, 2007;

Wherein your movant misplaced the envelope of the Order dated September 24, 2007, and had not been aware of the order, and has not opened the order from the United States District Court;

Wherein your movant became knowledgeable and aware of the order on October 25, 2007 at the United States District Court, and;

Wherein, individuals with the disability such as the kind that movant has, have an inability to organize papers and important documents, such that documents and papers become "misplaced" and "lost" and, in some cases, unopened, as is the case in the order of September 24, 2007;

Wherein depression adversely affects movants ability to address the issues involved in this litigation on a timely basis, and;

Wherein, since December of 2006, movant has been consumed with the City of North Adams theft of his automobile, such that, by and because of the on-going purposeful and egregious actions of the City of North Adams, its officers, agents and political subdivisions, against your movant, have engaged in prosecuting your movant; it has consumed your movant in defending his property rights and civil rights in

other venues in the Commonwealth; hampered movants abilities, including, his ability to concentrate and focus on this Federal litigation, and interfered with your movants ability to prepare, organize, and research the issues relating to the Federal lawsuit movant filed to protect his rights, including, but not limited to, answering interrogatories, production of documents, for defendants, and, on behalf of movant himself.

Wherefore your movant prays that, by and because the City of North Adams has egregiously violated your movants rights, liberties and privileges and has purposefully interfered with this federal lawsuit, by and because of their false and fraudulent activities, including, but not limited to, filing "criminal" proceedings against your movant and movants relatives in the Western Division of the Housing Court,

Wherefore, your movant seeks special dispensation to continue this action; to grant your movant counsel, or, at least, an advocate to assist your movant in these proceedings; to grant additional time to conduct discovery, interrogatories and production of documents, for defendants, and for your movant, because to hold your movant to the same standard as a lawyer, whom movant has never had training, or been involved in any litigation to the point of "discovery", is not only unfair, but deprives your movant of counsel or advocacy, such as appointed counsel, posits that movant has been, and continues to be, at a disadvantage which was not the intent of Congress in passing the Americans with Disabilities Act which was intended to remedy the discrimination that people with disabilities are encountered with on a day to day basis, such as the disability that movant suffers from.

Denying movant special dispensation and further guaranteeing that movant is denied the right to respond to "summary judgment" is granting the defendants an even

greater and further advantage over your movant, an individual with a documented disability, and denial of movants right to respond, and to modify the tracking order, which would not cause undue prejudice to the defendants if the time-frame were to be modified relative to discovery issues that your movant has been unable to maintain by and because of extraordinary circumstances and mitigating factors in movants life, including the theft of property, and deprivations of civil liberties and other deprivations against movant by the City of North Adams, and its various officers, servants and political subdivisions whom defendants maintain a business location within said City of North Adams.

    Movant seeks special dispensation, or, in the alternative, a means by which to stay these proceedings, that by and because of defendants connections to the City of North Adams, have engaged in dilatory and obstructionist efforts to deny movant rights, liberties and privileges which can be construed to be to contrary to the intent of Congress and the framers of the Constitution under the First Amendment.

Most respectfully submitted this 28th day of October, 2007.

*(signature)*

Scott Stern
Sui Juris
All Rights Reserved without Prejudice
400 West Main Street
North Adams, Massachusetts 01247

## CERTIFICATE OF SERVICE

I, Scott Stern, Pro-Se Plaintiff, in this action of Scott Stern v. Haddad Motor Group, Inc., et. al., in the United States District Court, Case Number 05-30160-MAP, certify that I have caused a copy of the foregoing documents:

Copy of "AN APPEAL TO HONORABLE JUDGE MICHAEL A. PONSOR

    NOTICE OF OBJECTION TO ORDERS DATED SEPTEMBER 24, 2007 OF HONORABLE JUDGE KENNETH P. NEIMAN"

Copy of "CERTIFICATE OF SERVICE"

to be delivered, postage prepaid, first class mailing, United States Postal Service, to the defendants, at their respective counsel's address this 28th day of October, 2007.

Michenzie & Sewin, LLC
Richard Sawin, Resident Agent and Manager
John Barker
745 Boylston Street
Boston, Massachusetts 02116-2636

to be delivered, postage prepaid, first class mailing, by United States Postal Service, this 28th day of October, 2007 to:

United States District Court
1550 Main Street
Springfield, Massachusetts 01103
Attn: Clerk of Courts

_____      October 28, 2007
Scott Stern                                    Date
Sui Juris
All Rights Reserved without Prejudice
400 West Main Street
North Adams, Massachusetts 01247