UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS         CIVIL ACTION NO. 3/05-CV-30160-KPN

SCOTT STERN, )
    Plaintiff )
 )
v. )
 )
HADDAD DEALERSHIPS OF THE )
BERKSHIRES, INC.; JAMES SALVIE, )
GENERAL SALES MANAGER; )
TIMOTHY CARDILLO, SALES )
MANAGER; MICHAEL COGGINS, )
GENERAL MANAGER, IN THEIR )
PERSONAL AND OFFICIAL )
CAPACITIES OF HADDAD )
DEALERSHIPS OF THE BERKSHIRES, )
    Defendants )

**AFFIDAVIT OF GEORGE HADDAD, IN SUPPORT OF THE HADDAD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I, George L. Haddad, hereby depose under oath as follows:

1. I am currently the President of Haddad Motor Group, Inc. ("Haddad"), at 130 Pittsfield Lenox Road, Pittsfield, Massachusetts. Despite the fact that Haddad is named in the above-captioned lawsuit "Haddad Dealerships of the Berkshires, Inc.," the correct name for this party is Haddad Motor Group, Inc. ("Haddad").

2. During the time that Scott Stern ("Plaintiff" or "Stern") was employed at Haddad, from April 2002 until February 2003, I was the President of Haddad. As such, I have personal knowledge of the facts set forth herein, and if called and sworn to testify, could competently testify thereto.

3. Scott Stern was a full-time, at-will employee of Haddad from April 2002 until February 2003. He was employed as a car salesman during this time. At no time

was he anything but an at-will employee (and in fact, all the Haddad salesmen are at-will employees).

4.  Stern was terminated for cause, from Haddad on February 3, 2003. He was terminated because of chronic and flagrant tardiness. Additionally, he had problems cooperating with Haddad management, and he had been involved in certain stalking incidents.

5.  Haddad management granted Stern the accommodation of permitting him to arrive late to work each day, after Stern requested this same accommodation. We asked Stern what period of time he would need to accommodate his alleged disability, and he told us that he wanted a 15-minute "grace" period. The accommodation – that Stern could arrive up to 15 minutes late to work each day – was only for that amount of time, and when Stern arrived *more* than this amount of time late, that meant he was again late to work. Punctuality of the sales force is very important to the smooth and effective running of my business. The accommodation we allowed Stern was a significant concession.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20th DAY OF DECEMBER 2007.

*George L. Haddad*
George L. Haddad