UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Springfield, Massachusetts                    Docket No.05-30160-MAP/KPN

Scott Stern,                             ) PLAINTIFF'S MOTION FOR
                                         ) SUMMARY JUDGMENT
    Plaintiff,                           )
                                         )
vs.                                      )
                                         )
Haddad Motor Group, Inc., et. al.        )
                                         )
    Defendants                           )

Now comes plaintiff and hereby moves this Honorable Court, Honorable Judge Kenneth P. Neiman, presiding, and move this court with PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT pursuant to F.R.C.P. 56 (c) and Local Rule 56.1.

As grounds for the Summary Judgment, plaintiff herein incorporates pictures and other documentary evidence, that, not only prove plaintiff was capable of performing the "essential functions" of the job, but prove that plaintiff went above and beyond the parameters of the job. In just one of many acts of exceptional customer service, plaintiff personally drove and delivered the car for plaintiff's customer, Ghourie Mukherjee, to Freehold, New Jersey. In so doing, plaintiff personally drove Customer Ghourie Mukherjee's other vehicle back to her house in Pittsfield, Massachusetts.

As grounds for Summary Judgment, plaintiff herein incorporates the following test scores, that, plaintiff was mandated to take or "not be working at Haddad", while other employees were not held to the same standard, that, show, plaintiff, excelled at taking the tests for the various brands that defendant Haddad Motor Group, Inc sold to which defendants required of plaintiff to complete while not exacting the same standards on other employees; these were required of plaintiff during the period of time that

occurred by and between November 27, 2002 (Doctor's Note from Dr. Michael Perlman and January 29, 2003-Three (3) days prior to being wrongfully terminated.)

As for grounds for Summary Judgment, plaintiff hereby incorporates other documentary evidence, including, but not limited to, other customer feedback reports and letters that plaintiff received in recognition of his outstanding and exemplary service to the customers of Haddad Motor Group, Inc.

As for grounds for Summary Judgment against defendants George Haddad, David Michael Coggins, and Timothy Cardillo, each individually, and collectively failed to intercede and stop the abuse that occurred on November 27, 2002 while defendant James Salvie, humiliated, berated and demeaned my person after the meeting on November 27, 2002, which defendants David Michael Coggins and Timothy Cardillo were present for. The three defendants did not attempt to intervene, but rather, allowed James Salvie to use means of intimidation, coercion and threats in order to accomplish the goal of aiding and abetting James Salvie in violating my Civil Rights to be free from abuse in the work place and conspired by their inaction, to violate my rights under the Americans with Disabilities Act, First Amendment Rights, Massachusetts Civil Rights Act, and the Massachusetts and United States Constitution.

As for grounds for Summary Judgment against defendants David Michael Coggins, admitted to utilizing terminology such as "crazy" against my person in front of other staff people which violated my civil rights. Defendant David Michael Coggins denied my person the right to request, formally, in writing, "reasonable accommodation" which was contrary to the laws of the Commonwealth and the M.R.C.A.

As for grounds for Summary Judgment against defendant James Salvie, on more than one occasion, defendant James Salvie berated, screamed, and insulted my person. The abuse occurred before November 27, 2002 and defendant David Michael Coggins

and defendant George Haddad should have put a stop to the abuse that was occurring against my person. Defendant James Salvie touched my person by forcing me out of a meeting room, and, by so doing, did thereby violate my civil rights. In addition, defendant James Salvie sought to interfere with my right to earn a living by aiding and abetting his relatives and friends in the theft of sales and sales leads.

As for the grounds for Summary Judgment plaintiff hereby incorporates by reference the fact that defendants attempt to aver to this Honorable Court two separate incidents that occurred as three separate incidents. In so doing, the defendants aver false affidavits in order to state that plaintiff did something that did not occur as grounds for terminating plaintiff six months after the "alleged" acts occurred. One "alleged" incident occurred in May of 2002. Haddad Management has no documentary proof of this incident, nor any "employee warning" of said incident. The second "alleged" incident occurred on or about July of 2002, plaintiff escorted two of plaintiff's former girlfriend's children, Anthony and Damien, to a fishing outing at Windsor Lake in North Adams, Massachusetts. Plaintiff discovered, late into the evening of the outing, that plaintiff's girlfriend had inadvertently taken plaintiff's car keys. Thus, plaintiff walked up to the door of the nearest house, with two children behind him, and discovered it was the home of Angie Tanner, a co-worker, who was a Service Coordinator for repairs and maintenance for Haddad Motor Group, Inc. After plaintiff explained the situation, plaintiff did thereby ask to use the telephone, and was granted permission to enter the home of Angie Tanner by Angie Tanner in order to telephone plaintiff's girlfriend to request that she return the keys in order to allow plaintiff and the children to leave Windsor Lake. Plaintiff returned with the two children to the car after using said telephone. No incident occurred but defendants falsify truth in order to justify terminating plaintiff six to seven months after plaintiff coincidentally knocked on co-

individuals such as James Acor, whom threatened plaintiff, with physical harm, (see note of plaintiff, Exhibits M, N, O "I'll Kill you") to be employed at the dealership, or, for that matter, would have allowed defendant James Salvie to continue to demean, demoralize, and denigrate plaintiff while a luncheon was occurring in the dealership. Nor would Timothy Cardillo have allowed Peter Haven to get into plaintiff's face and threaten him over a sandwich, stopping the negative, demeaning treatment as it occurred, not waiting until the assailant had accomplished his goal of denigration and humiliation. "Morale" was not a crucial element of the management's philosophy as George Haddad attempts to aver to this Honorable Court and the reason for wrongfully terminating plaintiff.

Notwithstanding all of the aforementioned reasons, As grounds for Summary Judgment, the defendants "Employee Handbook" stipulates its compliance with the Americans with Disabilities Act, to which the defendants failed to abide by their own "Employee Handbook", and counsel, asked plaintiff, during deposition of plaintiff, whether or not plaintiff signed a "contract" with defendants, in exchange for plaintiff's services rendered to the corporation (see deposition of Scott Stern).

As for grounds for Summary Judgment, the defendants attempt to aver to this court reasons for their wrongful termination that occurred more than several months prior to the November meetings and the termination on February 3, 2003.

As for grounds for Summary Judgment, the defendants aver false statements, and create fictitious events, that are "prima facie" evidence of wrongful discharge and employment discrimination against plaintiff.

Wherefore, plaintiff herein moves for trial on the merits, and, in the alternative, demands a proper and just settlement from the defendants, for the defendants policies, practices and procedures, acts, actions, and inactions. The defendants negligence

worker Angie Tanner's door. Defendants have failed to substantiate their allegations and the averments in the Affidavit of George Haddad aver falsely something that did not occur. The false averments were also utilized and relied upon during the MCAD hearings. In addition for grounds for Summary Judgment the defendants provide no proof of the alleged acts, or employee warning, or other documentation as averred in their affidavits and plaintiff herein incorporates the affidavits of an individual that can corroborate the truth to the incident that transpired that defendants falsely aver to be something that it was not. The affidavit is that of plaintiff's former girlfriend, Andrea Peters.

As for grounds for Summary Judgment defendants Counsel John Barker averred that "no such note" occurred on November 26, 2002 and November 27, 2002 at the MCAD hearings. The note from Dr. Michael Perlman was at the request of defendants, by and because defendants requested plaintiff to obtain a doctor's note from plaintiff's doctor. Defense counsel avers to this Honorable Court that plaintiff's doctor, Dr. Michael Perlman, was an "alleged" doctor, with no address, and, the diagnosis was not legible (See "true and accurate color copy" of note presented to defendants on November 26, 2002 and Note from Dr. Michael Perlman dated November 27, 2002.)

As for further grounds for Summary Judgment, defendants hereby substantiate that abuse did occur by defendant James Salvie in their Summary Judgment papers, in at least one incident (there were others) and that only defendant James Salvie should be held accountable for the egregious, malicious, reprehensible and discriminatory conduct that has caused, and continues to cause, plaintiff emotionally distress.

As for grounds for Summary Judgment, defendant George Haddad avers to this Honorable Court in his Affidavit, which plaintiff has moved to strike, that "morale" was a concern of his dealership. If so, defendant George Haddad would not have allowed

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
4

intentionally interfered, and intentionally distressed my person and caused my person's future right to earn a living, my person's civil rights, and caused me undue and unnecessary infliction of emotional distress that this person will live with for the rest of my life. The defendants did thereby discriminate against my person, by, because and through their conspiring to violate my rights, with each other, contrary to what is guaranteed by the Constitution of the United States, the Massachusetts Constitution, the Americans with Disabilities Act and the Massachusetts Civil Rights Act. The defendants, including, but not limited to, defendant James Salvie, did thereby violate the laws of the Commonwealth of Massachusetts and Summary Judgment should be granted to your movant, forthwith and expeditiously.

Wherefore, your movant, does hereby move this Honorable Court, by means of PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, to be hereby allowed for the good reason herein cited, averred by plaintiff, and supported by Plaintiff's Memorandum of Law and other supporting Affidavits submitted to this Honorable Court for this Honorable Court's judicious review.

Most humbly and respectfully prayed for this 18 day of January, 2008.

/s/ Scott Stern

Scott Stern
Sui Juris
All Rights Reserved without Prejudice
400 West Main Street
North Adams, Massachusetts 01247

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.