UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS                CIVIL ACTION No.05-30160-MAP

SCOTT STERN,                          )
                                      )
            Plaintiff,                )
      vs.                             )
                                      )
HADDAD MOTOR GROUP, INC. et al        )
                                      )
            Defendants                )

**AFFIDAVIT OF SCOTT STERN IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1.  I am Scott Stern of 400 West Main Street, North Adams, Massachusetts.

2.  During 2002, I was involved in a relationship with Andrea Peters, and am
familiar with one particular incident that occurred at Windsor Lake in North Adams,
Massachusetts with Andrea, her daughter and her two sons during 2002.

3.  As such, I have personal knowledge of the facts set forth herein, and if called
and sworn to testify, could competently testify thereto.

4.  During the summer of 2002, Andrea and I decided to take her three children
to Windsor Lake to go fishing.

5.  I believe that Andrea left at or around 8:00 p.m. with her daughter, Haley,
because her daughter was becoming hungry and restless.

6.  I believe Andrea left her two sons, Anthony Aylwin and Damien Peters, in
my care, in order that the three of us could continue fishing, since the boys were not tired
and they were having fun fishing with me.

Affidavit of Scott Stern in re Windsor Lake with Andrea and Andrea's kids

7.  It was not until several hours later that, as the boys and I went to pack up the fishing equipment, that I became aware that my keys were missing, and my first thought was that Andrea may have taken them by mistake.

8.  The boys and I waited a short while hoping that maybe their mother, Andrea, would discover had she had inadvertently left with my keys and return to the lake.

9.  After we waited some time, and she did not show up, I decided to knock on the first house that was nearest to the parking area of the lake where we had parked the car.

10. I knocked on the door of the house, and discovered it was the home of my co-worker, Angie Tanner, and her husband.

11. I believe that Angie Tanner, at that time, worked in the Service Department of Haddad Dealerships of the Berkshires.

12. I believe I explained the situation to Angie and she allowed me to make a telephone call to Andrea in order to retrieve my keys to the car.

13. I believe Angie offered the boys some water, through me, while the boys waited for me to make the telephone call.

14. I can clearly remember and believe that Angie was not upset, nor offended at my knocking on her door by her statements to me of:

"not a problem" and "no trouble at all"

in order to use the telephone at her residence.

15. I believe that Angie Tanner is a kind, compassionate person, and was most accommodating and understanding to the situation that occurred with myself, her co-worker, and two young boys that were fishing on a summer evening at Windsor Lake

Affidavit of Scott Stern in re Windsor Lake with Andrea and Andrea's kids

2

during 2002.

16. I believe I was very surprised that the door I happened to have knocked on was the home of my co-worker, Angie Tanner, and relayed this sentiment of surprise to Andrea that evening by making the comment "It's a small world after all" or something similarly stated to Andrea.

17. At work, I believe the management, and some of my co-workers, used this coincidental occurrence to make fun of the situation that transpired and began a rumor that was false and defamatory to my person in order to humiliate, embarrass, and denigrate my person.

18. I believe the false and defamatory incident which George Haddad avers in the Affidavit of George Haddad in Support of Motion for Summary Judgment is done so in order to portray my person in a negative and demeaning manner.

19. I believe further that the aforementioned occurrence in paragraph ten (10) through fifteen (15) occurred long before the meetings between myself and the managers of Haddad Dealerships of the Berkshires, in November of 2002.

20. I believe that the management of Haddad Dealerships of the Berkshires never discussed the subject of a "written warning" regarding the true nature of the events that are aforementioned in paragraphs ten (10) through fifteen (15) to my person since there was no reason to issue a "written warning" for an event that occurred on non-company time, and document this "non-event" against me, that coincidentally involved a co-worker, Andrea, a former girlfriend, and Andrea's children.

21. I strongly believe that I experienced an egregious, malicious and hostile work environment by defendant James Salvie on or about this period of time at my

Affidavit of Scott Stern in re Windsor Lake with Andrea and Andrea's kids

employment, including, but not limited to, a physical assault to my person by defendant James Salvie, and had been physically been removed from meetings and denied access thereto, on several occasions.

22. I believe that the occurrence transpired was an event that is being purposely portrayed as something it was not; this "non-event" is being averred in these proceedings, as a reason to justify the wrongful termination that occurred on February 3, 2003, *more than several months after the "non-event" occurred,* is further proof of the defendants ability to fabricate averments that are false, inflammatory, untruthful and not-factual in order to achieve a litigious advantage over my person.

23. I believe that during this period of time, while employed with Haddad Dealerships of the Berkshires I experienced and was subjected to, employment discrimination, age discrimination, a hostile work environment and various forms of harassment by several of its managers and the manager's friends.

I have stated all of the above based upon my own knowledge, information and belief, and, so far as upon my information and belief, I believe this information to be true.

Signed under the pains and penalties of perjury this 17 day of January, 2008.

Scott Stern
Sui Juris
All Rights Reserved without Prejudice
400 West Main Street
North Adams, Massachusetts 01247

Affidavit of Scott Stern in re Windsor Lake with Andrea and Andrea's kids

4

## ACKNOWLEDGMENT CERTIFICATE

On this __17th__ day of __January__ , 2008, before me, the undersigned

Notary Public, personally appeared __Scott Stern__ proved to me through

satisfactory evidence of identification, which were __Regulary ID__ ,

to be the person whose name is signed on the preceding or attached document and

acknowledged to me that he signed it voluntarily for its stated purpose.

My Commission Expires:

Brenda A. Murphy
NOTARY PUBLIC
My commission expires April 10 2009

Notary Public

Affidavit of Scott Stern in re Windsor Lake with Andrea and Andrea's kids

5

## CERTIFICATE OF SERVICE

I, Scott Stern, Pro-Se Plaintiff, in this action of Scott Stern v. Haddad Motor Group, Inc., et. al., in the United States District Court, Case Number 05-30160-MAP, certify that I have caused a copy of the foregoing documents:

Copy of "AFFIDAVIT OF SCOTT STERN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT"

Copy of "AFFIDAVIT OF ANDREA PETERS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT"

Copy of "CERTIFICATE OF SERVICE"

to be delivered, postage prepaid, first class mailing, United States Postal Service, to the defendants, at their respective counsel's address this 10 day of January 2008.


Michenzie & Sewin, LLC
Richard Sawin, Resident Agent and Manager
John Barker
745 Boylston Street
Boston, Massachusetts 02116-2636

to be delivered, by hand to:

United States District Court
1550 Main Street
Springfield, Massachusetts 01103
Attn: Clerk of Courts


Scott Stern
Sui Juris
All Rights Reserved without Prejudice
400 West Main Street
North Adams, Massachusetts 01247

January 18, 2008
Date