UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS        CIVIL ACTION NO. 3/05-CV-30160-KPN

SCOTT STERN,  )
    Plaintiff  )
      )
v.  )
      )
HADDAD DEALERSHIPS OF THE  )
BERKSHIRES, INC.; JAMES SALVIE,  )
GENERAL SALES MANAGER;  )
TIMOTHY CARDILLO, SALES  )
MANAGER; MICHAEL COGGINS,  )
GENERAL MANAGER, IN THEIR  )
PERSONAL AND OFFICIAL  )
CAPACITIES OF HADDAD  )
DEALERSHIPS OF THE BERKSHIRES,  )
    Defendants  )

## THE HADDAD DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE AFFIDAVIT OF GEORGE HADDAD

Now come defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collectively the "Haddad Defendants"), through their counsel of record, and hereby file and serve the following Opposition to Plaintiff's Motion to Strike [Docket No. 129] the Affidavit of George Haddad [Docket No. 114]. Plaintiff has accused Mr. Haddad of false testimony in his affidavit. However, plaintiff misunderstands Mr. Haddad's testimony. And even if the testimony were false (which it is not), the plaintiff's accusations would go to the weight of the evidence, not its admissibility. Therefore, this Affidavit should not be struck.

More specifically, plaintiff accuses George Haddad of "false statements" and "perjury." Stern Affidavit, Docket No. 131, ¶¶6, 24, 51. It appears that Stern believes

---

[1] The correct name for this party is Haddad Motor Group, Inc.

00147866.DOC

1

that Haddad's Affidavit implies that Haddad was present at the November 2002 meeting(s), based on the language of Haddad's Affidavit [Docket No. 114], that "We asked Stern what period of time he would need to accommodate his alleged disability, and he told us that he wanted a 15-minute 'grace' period." Haddad Affidavit ¶5. From the phrase "We asked," Stern infers that Haddad in stating that he was present at the 2002 meeting(s). Stern's Motion to Strike [Docket No. 129] p. 2; Stern's Affidavit [Docket No. 131] ¶¶24-27. However, nothing in ¶5 of the Haddad Affidavit [Docket No. 114] or anything else in that Affidavit states that Haddad was present at any November 2002 meeting with Stern concerning his alleged disability and any reasonable accommodation. Mr. Haddad was not present at the meeting or meetings (Stern contends there were two meetings), and Mr. Haddad never said he was. The "We" in ¶5 of his Affidavit refers to the fact that Haddad management, the management of Mr. Haddad's company, at some time "asked Stern what period of time he would need to accommodate his alleged disability, and he told us that he wanted a 15-minute 'grace' period." According to Mr. Haddad, this is true -- and it is consistent with the previous affidavits of other members of Haddad management.

Haddad is and was the President of defendant Haddad Motor Group. Haddad Affidavit ¶1. It is hardly surprising that he has knowledge of negotiations with an employee claiming a disability and requesting a reasonable accommodation for that disability, and that he has knowledge of the reasons for Stern's ultimate termination from his company in February 2003. There is nothing false, or beyond Mr. Haddad's personal knowledge, about the allegations contained in his Affidavit that Stern was "terminated for

cause… because of chronic and flagrant tardiness," or that Stern requested a 15-minute accommodation period, which Haddad management then granted Stern.

Stern's Affidavit [Docket No. 131, ¶¶6 and 51] accuses Mr. Haddad of making false statements "in order to obtain a litigious advantage over plaintiff.…" Any pleading that the Haddad Defendants have filed in this case is designed to "to obtain a litigious advantage over" plaintiff, a former employee who has brought a meritless and expensive lawsuit against Mr. Haddad's company. This is hardly a ground on which to strike his Affidavit.

Much of Stern's Affidavit [Docket No. 131] asserts that Stern was a good car salesman, and for that reason should not have been fired from Haddad Motor Group. As argued more fully in the Haddad Defendants' Opposition to Plaintiff's Motion for Summary Judgment, plaintiff is missing the point here. He "was terminated because of chronic flagrant tardiness," according to Haddad's Affidavit ¶4; "additionally, he had problems cooperating with Haddad management and he had been involved in certain stalking incidents" (id.) Haddad's Affidavit does not state that Stern was a bad salesman or that he was fired for not selling enough cars.

Much of Stern's Affidavit [Docket No. 131] in support of his Motion to Strike merely sets forth statements of legal conclusions, which is improper in such an Affidavit. *See, e.g.*, Schubert v. Nissan Motor Corp., 148 F.3d 25, 29 (1998); *see also* Engler v. C.R. Bard, Inc., 1997 WL 136249, *2 (D.Mass. 1997). Plaintiff's allegations that "George Haddad was negligent" (¶14), that he committed perjury (¶51), that James Salvie intentionally inflicted emotion distress (¶21), that defendant Salvie intentionally interfered with plaintiff (¶23), and other such legal conclusions should be disregarded.

For the foregoing reasons, the Haddad Defendants respectfully request that this Court deny plaintiff's Motion to Strike the Affidavit of George Haddad.

Dated: 2/1/08

THE HADDAD DEFENDANTS,
By Their Attorneys
MICHIENZIE & SAWIN LLC

BY: /s/ John Barker
Richard A. Sawin, Jr. – BBO NO: 546786
John C. Barker – BBO NO: 637406
745 Boylston Street, 5th Floor
Boston, MA 02116
Tel: (617) 227-5660