UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS        CIVIL ACTION NO. 3/05-CV-30160-KPN

| | |
|---|---|
| SCOTT STERN,<br>    Plaintiff<br><br>v.<br><br>HADDAD DEALERSHIPS OF THE<br>BERKSHIRES, INC.; JAMES SALVIE,<br>GENERAL SALES MANAGER;<br>TIMOTHY CARDILLO, SALES<br>MANAGER; MICHAEL COGGINS,<br>GENERAL MANAGER, IN THEIR<br>PERSONAL AND OFFICIAL<br>CAPACITIES OF HADDAD<br>DEALERSHIPS OF THE BERKSHIRES,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE HADDAD DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S 57 EXHIBITS**

Now come Defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collectively, the "Haddad Defendants"), through their counsel of record, and hereby file and serve the following Motion to Strike Plaintiff's 57 Exhibits. Plaintiff has filed the 57 Exhibits listed in his Certificate of Service at Docket No. 134 in support of his various summary judgment filings. The Haddad Defendants hereby move to strike these 57 exhibits for the following reasons.

**I.      Plaintiff's Documents Are Too Late and Therefore Should Not Be Admitted.**

As set forth more fully in the Barker Affidavit in Support of the Haddad Defendants' Motion to Extend Discovery Deadlines for a Limited Purpose [Docket No.

---

[1] The correct name for this party is Haddad Motor Group, Inc.

106], the Haddad Defendants served their first set of Document Request on plaintiff on 5/18/07. Despite several extensions of time, plaintiff still has not responded to these discovery requests. Plaintiff's most recent deadline was 10/12/07, set by the Court's 9/24/07 Order [Docket No. 108]. Plaintiff did not comply with the deadlines in this 9/24/07 Order. As described in that Order, plaintiff is therefore barred from using any documents not produced, in support of his summary judgment filings.

## II. Further, Many of the Exhibits Are Unauthenticated or Unidentified.

Plaintiff has not identified, or authenticated, most of the 57 exhibits. He has not created any foundation for offering these as documentary evidence, and without such authentication or foundation, these exhibits should be excluded. *See also* Schubert v. Nissan Motor Corp., 148 F.3d 25, 29-30 (1st Cir. 1998). Some documents that Stern submits are not even described in his Affidavits. *See, e.g.,* Prado-Alvarez v. R.J. Reynolds Tobacco Co., Inc., 405 F.3d 36, 41 & n.5 (1st Cir. 2005) (documents supporting or opposing summary judgment must be properly authenticated and attached to an affidavit); *see also* Hoffman v. Applicators Sales and Service, Inc., 439 F.3d 9, 15 (1st Cir. 2006) (documents must be sworn to, and attached to affidavit).

Even the documents that Stern does describe in his Affidavits, are often not sufficiently authenticated. For example, plaintiff's Affidavit [Docket No. 131] at ¶8 states that Exhibit 46 is his notes, but there is no indication when these notes were made.

## III. Further, Many of the Statements Within the Exhibits Are Inadmissible Hearsay.

Statements in Affidavits or their Exhibits, opposing summary judgment motion, must be otherwise admissible and cannot contain inadmissible hearsay. *See, e.g.,* Bennett v. Saint-Gobain Corp., 507 F.3d 23, 29 (1st Cir. 2007); Symmons v. O'Keefe, 419 Mass.

288, 295, 644 N.E.2d 631 (1995); TLT Construction Corp. v. A. Anthony Tappe and Associates, Inc., 48 Mass.App.Ct. 1, 11-12, 716 N.E.2d 1044 (1999). Many of Plaintiff's Exhibits contain hearsay statements. For example, Plaintiff submits Exhibit 47 about the "Margrave incident," even though that incident had nothing to do with him, in order to prove that Haddad Motors did the things that the Margrave complaint letter said they did. Another example of the document containing hearsay statements is Exhibit 46, which purports to be plaintiff's notes. These notes are full of unsworn, unauthenticated, and unreliable statements offered to prove their own truth, and not within any hearsay exception.

**IV.    Many of the Exhibits Are Completely Irrelvant.**

Plaintiff has apparently put every document he has in his file into a pile and filed these 57 exhibits. Many of these exhibits are not relevant to the issues in this case.

For example, Exhibit 47 relates to what plaintiff calls the "Margrave incident" [Plaintiff's Affidavit, Docket No. 131, ¶9]. We can see from the letter at Exhibit 47 that this incident did not involve plaintiff, but a salesman named Chris Moyer. Exhibit 48 is a business certificate for a car business that defendant Salvie was apparently involved with in July 2006. *See* Plaintiff's Affidavit, Docket 131, ¶16. This business was not related to Haddad Motors. Salvie's apparent involvement in a new business venture was long after his employment at Haddad and long after the events complained of in this lawsuit.

Exhibit 46 appears to be handwritten notes concerning a car sale to a Mr. Phillips. Very little relates to plaintiff's allegations against Haddad in this document. Stern apparently wants Exhibits 46 and 47 to show that Haddad management was "dishonest." *See* Plaintiff's Affidavit, Docket No. 131, ¶9. Exhibit 46 does not show this, but

regardless, dishonesty is not what plaintiff is charging the Haddad Defendants with -- his case is for discrimination, not Haddad's alleged fraud against its customers. These Exhibits are irrelevant to Stern's case.

## V.    Conclusion

For the foregoing reasons, the Haddad Defendants respectfully request that this Court strike plaintiff's 57 Exhibits. Most of them are unauthenticated, many of them are hearsay or irrelevant, and all of them were not timely filed according to the Court's 9/24/07 Order.

THE HADDAD DEFENDANTS,
By Their Attorneys
MICHIENZIE & SAWIN LLC

Dated: 2/1/08        BY: /s/ John Barker
Richard A. Sawin, Jr. – BBO NO: 546786
John C. Barker – BBO NO: 637406
745 Boylston Street, 5th Floor
Boston, MA 02116
Tel: (617) 227-5660

00147848.DOC

4