UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

SPRINGFIELD, MASSACHUSETTS          CIVIL ACTION NO. 3/05-CV-30160-KPN

SCOTT STERN, )
    Plaintiff )
 )
v. )
 )
HADDAD DEALERSHIPS OF THE )
BERKSHIRES, INC.; JAMES SALVIE, )
GENERAL SALES MANAGER; )
TIMOTHY CARDILLO, SALES )
MANAGER; MICHAEL COGGINS, )
GENERAL MANAGER, IN THEIR )
PERSONAL AND OFFICIAL )
CAPACITIES OF HADDAD )
DEALERSHIPS OF THE BERKSHIRES, )
    Defendants )

**THE HADDAD DEFENDANTS' REPLY,
TO PLAINTIFF'S PURPORTED "OPPOSITION"
TO THE HADDAD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now come defendants Haddad Dealerships of the Berkshires, Inc.,[1] James Salvie, Michael Coggins, and Timothy Cardillo (collectively the "Haddad Defendants"), through their counsel of record, and hereby submit the following Reply, to Plaintiff's Purported Opposition [Docket No. 128] to the Haddad Defendants Motion for Summary [Docket No. 112]. This Reply is an exhibit to the Haddad Defendants Motion for Leave of Court to file this Reply, pursuant to U.S. District Court Local Rule 7.1(B)(3). Because the so-called Opposition by plaintiff Scott Stern ("plaintiff" or "Stern") presents insurmountable procedural problems, the Haddad Defendants are seeking leave to file the following short Reply.

---

[1] The correct name for this party is Haddad Motor Group, Inc.

00147609.DOC

1

I.   **Plaintiff Has Not Timely Filed an Opposition.**

By this Court's Order [Docket No. 108] of 9/24/07, defendants were permitted to file their Motion for Summary Judgment by 12/21/07. By the same 9/24/07 Order, plaintiff's response was due within 21 days of defendants' filing of their Motion for Summary Judgment, which fell on 1/11/08. Plaintiff did not meet this deadline.

Instead, plaintiff moved for an extension of time within which to oppose defendants' Motion for Summary Judgment [Docket No. 118]. This Court granted plaintiff's Motion for Extension, and set a new deadline for plaintiff's Opposition, of 1/18/08. Plaintiff did not meet this new deadline.

Instead, plaintiff moved again to extend his time within which to oppose defendants' Summary Judgment [Docket No. 127]. This Court denied plaintiff's second Motion for Extension on 1/23/08 (plaintiff's second Motion for Extension had been filed on the very date that the Opposition was due, 1/18/08). Therefore, plaintiff has not timely filed any Opposition to defendants' Summary Judgment, and for this reason alone, defendants' Summary Judgment Motion should be granted as unopposed.

II.   **What Plaintiff Did File Was Not an Opposition.**

At Docket No. 128, plaintiff filed what he unilaterally characterized as his Opposition to defendants' Motion for Summary Judgment. However, this is a one-page, handwritten document which states in relevant part as follows:

> Now comes your movant, an individual with a documented disability, has submitted [*sic*] various supporting documents in support of Plaintiff's Motion for Summary Judgment but prays for one week extension to perfect PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. Most respectfully submitted this 18[th] day of January 2008.

This document is exactly the same document that was filed at Docket No. 127 as a Motion for Extension. The remainder of the document consists of the caption, plaintiff's signature block, and plaintiff's Certificate of Service. There is no actual Opposition contained in the document, even though plaintiff has titled it his Opposition to Defendants' Summary Judgment. Therefore, the Haddad Defendants' Motion for Summary Judgment is unopposed, and should be granted.

### III. Nor Has Plaintiff Complied With Other Procedural Requirements for Summary Judgment.

Under U.S. District Court Local Rule 56.1, plaintiff should have included a "concise statement of material facts of record... with page references to affidavits, and depositions and other documentation" with his Opposition (as well as with his own Motion for Summary Judgment). Plaintiff did not include any such document. This local rule describes the consequences of not filing the required "concise statement of the material facts and record" as follows:

> Material facts of records set forth in the statement required to be served by the moving party [the Haddad Defendants] will be deemed for purposes of the Motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.

*Accord*, National Football League v. Insight Telecommunications Corp., 158 F.Supp.2d 124, 127 & n.6 & 131 (D.Mass. 2001); Engler v. C.R. Bard, Inc., 1997 WL 136249, *1-2 (D.Mass. 1997); *see also* Schubert v. Nissan Motor Corp. In. U.S.A., 148 F.3d 25, 28 n.1 (1st Cir. 1998). Failure to file and serve the required concise statement is itself grounds for an adverse ruling on the Summary Judgment Motion at issue. *See, e.g.*, National Football League, 158 F.Supp.2d at 127 & 131; Engler, 1997 WL 136249, *2.

00147609.DOC

3

IV. **Conclusion**

For the foregoing reasons stated herein, and for the reasons stated in the Haddad Defendants' Motion for Summary Judgment and supporting papers, the Haddad Defendants are entitled to summary judgment on all counts herein.

THE HADDAD DEFENDANTS,
By Their Attorneys
MICHIENZIE & SAWIN LLC

Dated: 2/1/08            BY: /s/ John Barker
                              Richard A. Sawin, Jr. – BBO NO: 546786
                              John C. Barker – BBO NO: 637406
                              745 Boylston Street, 5th Floor
                              Boston, MA 02116
                              Tel: (617) 227-5660