UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Springfield, Massachusetts                Civil Action No.05-30160-MAP

Scott Stern,                           ) MOTION TO FILE LATE OBJECTION
      Plaintiff,                )
  vs.                                  )
                                                  )
Haddad Motor Group, Inc., et. al.      )
                                                  )
      Defendants                 )

     Now comes your movant, Scott Stern, an individual with a documented disability, and does hereby prays for the allowance to file this MOTION TO FILE LATE OBJECTION to any and all memorandums of law, case citations, and briefs by the defendants, through their counsel of record in order to defend movants rights, liberties, privileges and immunities by the defendants in this action and asks for leave of thirty (30) days, by and because movants documented disability and other mitigating factors.

_/s/ Scott Stern_
Scott Stern
Sui Juris
All Rights Reserved without Prejudice
400 West Main Street
North Adams, Massachusetts 01247

CERTIFICATE OF SERVICE

     I, Scott Stern, do hereby certify that I have, today, this 8 day of February mailed:

Copy of "MOTION TO FILE LATE OBJECTION"

this 8th day of February, by first-class mail, pre-paid, United States Postal Service, to the defendants, through their counsel of record.

_/s/ Scott Stern_
Scott Stern

An Appeal to Honorable Judge Michael A. Ponsor                                          1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| Springfield, Massachusetts | Civil Action No.05-30160-MAP |

Scott Stern,
      Plaintiff,
vs.

Haddad Motor Group, Inc., et. al.

      Defendants

) PLAINTIFF'S SUPPLEMENTAL
) MEMORANDUM OF LAW IN SUPPORT
) OF PLAINTIFF'S MOTION FOR SUMMARY
) JUDGMENT

    Now comes your movant, Scott Stern, an individual with a documented disability, and does hereby prays for the allowance to file PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT in the aforementioned action and does cite the following legal case law and precedents.

    "Covered employers must make reasonable accommodations for qualified individuals with disabilities unless such accommodation would cause undue hardship, 42 U.S.C. § 12112(b)(5)(A). See also 42 U.S.C. § 12111(9) (defining "reasonable accommodation"). A qualified individual with a disability must be able to perform the "essential functions" of the job, i.e. the "fundamental job duties of the employment position," not including the marginal functions of the job. 29 C.F.R. §1630.2(n). Before determining that an individual with a disability cannot perform the essential job functions, an employer is required to provide a reasonable accommodation, which may include making the facilities used by employees accessible to individuals with disabilities, rearranging work schedules, reassigning the individual to a vacant position,

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
1

restructuring jobs, altering equipment, modifying examinations, providing readers or interpreters and other similar measures. 42 U.S.C. §12111(9); 29 C.F.R. §1630.2(o).

An employee's request for an accommodation need only be made in plain English, need not be in writing, and need not mention the ADA or the phrase "reasonable accommodation." After an employer is alerted that an employee may need some type of accommodation, "[i]t may be necessary for the covered entity to initiate an informal, interactive process with the qualified individuals with a disability in need of the accommodation." 29 C.F.R. §1630 (o)(3)."

The defendants have not identified what significant costs would have been necessary and would have occurred had the defendants afforded plaintiff "flex-time" as plaintiff requested and was denied. Rather, the reason and rational was that of a "moral: concern for other employees but the meetings in the morning were not essential job functions, they were marginal job functions. Certainly, if they were so essential, plaintiff should not have been allowed to deliver a vehicle to New Jersey, or other places, that would have caused his person to not be a participant in those meetings. The meetings, for all intents and purposes, were a negative and demeaning activity that left employees feeling unmotivated and, as one employee felt "a beat-up session" rather than a positive, motivational tool that was necessary or "essential" for the performance of the job of selling and leasing motor vehicles for the defendants.

"An employer is excused from its duty to make a particular accommodation if doing so would result in undue hardship. 42 U.S.C. §12112(b)(5)(A). An undue hardship is an action that would impose significant difficulties or expenses on the employer when

considered in light of facts such as the cost of the accommodation and the employer's financial resources. 42 U.S.C. §12111(10). Being the fact that the sales meetings were not an "essential" function of the job, but rather, a marginal function of the job, would not have caused the employer an undue hardship. Notwithstanding this fact, the defendants have not provided this Honorable Court with any dollar amount that would have been considered an "undue hardship" to their financial resources, by and because the cost of a "reasonable accommodation" to plaintiff would have been zero dollars and zero cents.

A protected individual who believes that an employer has discriminated against him or her on the basis of disability may bring a private action against the employer in accordance with Title VII procedures, which include exhausting administrative procedures before filing an action in district court. 42 U.S.C. §12117. Because the ADA is not retroactive, an individual can "recover only for violations of the Act occurring on or after July 26, 1992, the effective date of the Act." Morrision v. Carleton Woolen Mills, Inc., 108 F.3d 429, 443 (1st Cir. 1997).

The ADA provides the same remedies as those available to Title VII plaintiffs. 42 U.S.C. §12117(a). Prior to the passage of the Civil Rights Act of 1991, individuals suing under the ADA (like those suing under Title VII) were basically entitled to equitable relief, including back pay, injunctions and attorney fees. 42 U.S.C. §2000e-5. As noted earlier, the Civil Rights Act of 1991 amended Title VII to allow victims of intentional discrimination to recover compensatory and punitive damages as well. 42 U.S.C. §1981a(a)(2).

Under Title VII, a plaintiff may seek the following remedies:

- injunctive relief
- reinstatement
- back pay with interest
- front pay
- compensatory damages (in cases of intentional discrimination such as movants claim against defendants)
- punitive damages (in cases of intentional discrimination such as movants claim against discrimination)
- reasonable attorney fees (including expert fees, plaintiff believes the "fees" should be expanded to be inclusive of costs relative to maintain an action i.e. legal research)

The Court of Appeals for the First Circuit shed light on the acceptability of simultaneous equitable remedies in Selgas v. American Airlines, Inc., 104 F. 3d 9, 11 (1st Circuit, 1997). In Selgas, case, the defendant appealed the district court's order, simultaneously granting an award of front pay and reinstatement to the plaintiff. The Court of Appeals held that front pay and reinstatement are alternative, but not mutually exclusive, remedies, and remanded the case for a hearing on whether reinstatement was appropriate. Selgas v. American Airlines, Inc., 104 F.3d at 14-15. In reaching its conclusion, the court emphasized that Title VII's remedial goal is to render an injured plaintiff whole, and then noted its own preference for flexibility in crafting remedial relief. Selgas v. American Airlines, Inc., 104 F.3d at 12-13.

One of the stated purposes of the Civil Rights Act of 1991 (CRA '91) was to expand the remedies available to victims of discrimination, an effort that was undertaken by Congress in response to a series of Supreme Court decisions that had steadily increased the burdens imposed upon civil rights plaintiffs. CRA '91 amended all of the key employment discrimination statues then in existence: Title VII of the Civil Rights

Act of 1964, Section 1981 of the Civil Rights Act of 1866, the Americans with Disabilities Act of 1990 (ADA), the Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967 (ADEA), and the Civil Rights Attorney's Fees Awards Act of 1976 (also referred to as ("Section 1988"). In so doing, it overturned or modified the following case, among seven (7) others, decided by the U.S. Supreme Court in the late 1980's:

Section 104 and 105 eased the burdens faced by Title VII plaintiff who were relying on evidence of disparate impact, thereby modifying the burden-shifting requirements defined in Wards Cove Packing Co. v Antonio, 490 U.S. 642 (1989), 42 U.S.C. §2000e-2(k)

Section 107 rejected the plurality opinion in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), which denied recovery to Title VII plaintiffs in "mixed motive" disparate treatment cases (plaintiff notes, the reasons that defendants employ could be construed to be a "mixed motive" case since defendants excuse and reason for termination were not directly related to each other, and further, said excuses and reasons were untimely toward the wrongful employment decision and termination of plaintiff.)

In addition to modifying the various Supreme Court decisions referenced above, the Civil Rights Act of 1991 implemented several other changes. Most significantly, these changes included the expansion of remedies under Title VII, the ADA and the Rehabilitation Act. Pre-CRA '91 damages under the Title VII were limited to back pay, front pay under certain circumstances, attorney fees, and equitable relief. With the passage of Section 102 of CRA '91, plaintiffs prevailing on intentional discrimination

claims under Title VII, the ADA and the Rehabilitation Act may also now recover punitive damages as well as "full" compensatory damages not previously available, 42 U.S.C. §1981a. In addition, either party may now demand a trial by jury if the plaintiff seeks such damage. 42 U.S.C. §1981a.

The question of individual liability needs to be resolved either by this Honorable Court or by the First Circuit Court of Appeals. Certainly damage has occurred to plaintiff, to such an extent that make-whole relief should be awarded to plaintiff by the defendants.

Neither the Supreme Court nor the Court of Appeals for the First Circuit has ruled on whether individual liability exists following enactment of CRA '91. First Circuit rulings have simply sidestepped the issue.

Plaintiff sought to provide this Court with documentation relative to the claim by the defendants that plaintiff was an "adequate" employee, or minimally performed the functions of the job. The essential function of salesmanship, and the sales and leasing of new and used vehicles, encompassed much more than attending the marginal function of the sales meeting, which defendant claimed would have imposed some "undue hardship" with which defendant never stated any dollar amount, nor, how such an alleged "undue hardship" would have affected the defendants. The fact is, the "reasonable accommodation" that plaintiff sought was minimal and cost zero as to affecting the defendants dealership and their sales meetings. Leads were not handed out at the sales meetings, nor were individual sales people trained, rather, they were victimized and abused, as was plaintiff at defendants dealership.

Plaintiff is willing, ready and able to engage in arbitration and a third-party

mediator, had sought several demands from defendants via fax, and believes that submission of the documents, exhibits and affidavits are tantamount to prove that the defendants engaged in the act of "intentional discrimination" and granted other workers, and management especially, the right to be engaged in the act, action, policy that constituted a "hostile work environment."

Wherefore, for the aforementioned reasons, which plaintiff reserves the right to supplement, should he be able to, plaintiff submits the aforementioned PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff further objects to the defendants submission of objections to the plaintiffs MOTION FOR SUMMAY JUDGMENT papers, documents and exhibits and hereby DEMANDS JURY BY TRIAL, if necessary, to allow plaintiff the opportunity to prove his case accordingly in the Honorable District Court, before Honorable Judge Michael A., Ponsor.

Most respectfully submitted this 8th day of February 2008.

*[signature: Scott Stern]*

Scott Stern
Sui Juris
All Rights Reserved without Prejudice
400 West Main Street
North Adams, Massachusetts 01247

CERTIFICATE OF SERVICE

I, Scott Stern, do hereby certify that I have, today, this 8 day of February mailed:

Copy of "PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT"

this 8th day of February, by first-class mail, pre-paid, United States Postal Service, to the defendants, through their counsel of record.

*/s/ Scott Stern*
Scott Stern

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
8