UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


SCOTT STERN,                     )
        Plaintiff                )
                                 )
              v.                 )   C.A. NO. 05-30160-MAP
                                 )
HADDAD MOTOR GROUP, INC.,        )
ET AL,                           )
        Defendants               )


AMENDED MEMORANDUM AND ORDER REGARDING
VARIOUS PENDING MOTIONS
(Dkt. Nos. 112, 126, 129, 133 & 144)

March 13, 2008

PONSOR, D.J.

I.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. No. 112).

    This is an action for alleged employment discrimination
based upon Plaintiff's bi-polar mental disability.  The
complaint was originally filed against two large groups of
defendants: (1) the Haddad Dealerships of the Berkshires,
Inc.[1] and three individuals associated with the dealerships,
James Salvie, Michael Coggins and Timothy Cardillo ("the
Haddad Defendants"), and (2) various individuals associated
with federal and state agencies enforcing employment
discrimination law.

    On October 27, 2006, Chief Magistrate Judge Kenneth P.
Neiman issued his Report and Recommendation, to the effect
that motions to dismiss filed on behalf of the second group

---

1 This was later corrected to Haddad Motor Group, Inc.

of defendants be allowed.  <u>See</u> Dkt. No. 82.  On February 26,
2007, the court adopted the Report and Recommendation over
Plaintiff's <u>pro</u> <u>se</u> objection and dismissed these parties
from the case.

On December 21, 2007, counsel for the Haddad Defendants
filed a Motion for Summary Judgment (Dkt. No. 112).  For the
reasons set forth below, the motion will be allowed.  Two
reasons support this ruling.

First, despite numerous extensions, Plaintiff has
failed to comply with the Local Rules governing submission
of and opposition to dispositive motions in this court.  The
timeliness and, more importantly, the form of Plaintiff's
opposition were deficient.

As to timeliness, Defendant's Motion for Summary
Judgment was filed on December 21, 2007, with opposition to
be filed within twenty-one days.  Magistrate Judge Neiman's
Order of September 24, 2007 (Dkt. No. 108), which set these
deadlines, indicated in capital letters that there would be
no further extensions.  Despite this admonition, on January
3, 2008, Plaintiff requested an extension to file his
opposition, and on January 7, 2008, Judge Neiman extended
the deadline to January 19, 2008.  Plaintiff then filed a
motion for a further extension on January 18, 2008.  This
hand-written request is somewhat confusing because

2

Plaintiff, also on January 18, 2008, filed what he styled as an opposition to the Motion for Summary Judgment (Dkt. No. 128), along with a Motion to Strike, affidavits, various exhibits, and his own Cross-Motion for Summary Judgment (Dkt. No. 133).

While the failure to file timely opposition was somewhat ambiguous, Plaintiff's failure to comply with Local Rule 56.1 regarding motions for summary judgment was far more serious. Defendants' motion was accompanied by a "concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried" as required by the Local Rule. See Dkt. No. 116. Plaintiff's opposition, however, failed to include any such concise statement, compounding confusion with hand-written submissions, various exhibits, and a Cross-Motion for Summary Judgment, which also failed to include a concise statement as required by the Rule.

Rule 56.1 makes it clear that the failure to file the concise statement in opposition to a motion for summary judgment means that the facts set forth by the moving party are to be "deemed for purposes of the motion to be admitted . . . ." The First Circuit has recently underlined the importance of scrupulous compliance with the Local Rules, especially the ones relating to summary judgment. Rios-

<u>Jimenez v. Secretary of Veterans Affairs</u>, No. 06-2582, 1st
Cir. March 12, 2008 ("parties are required to
straightforwardly comply with the dictates of local rules"),
slip op. at 11.  Given this procedural default, allowance of
Defendants' Motion for Summary Judgment is required by the
Rule.[2]

A second, more fundamental, reason supports allowance
of Defendants' Motion for Summary Judgment.  The arguments
substantively supporting summary judgment are overwhelming.
Recognizing that Plaintiff is <u>pro se</u>, and that he concedes
that he suffers from a mental disability, the court has made
an effort to wade into the papers submitted in this case
without the assistance of the required Rule 56.1 statement,
and to discern whether any substantive basis for opposition
to the Defendants' argument in support of summary judgment
exists.  Defendants have pointed out that the nine counts
alleging employment discrimination all suffer fatal defects.
First, as to the federal claims, none of the individual
defendants are proper parties.  Second, the undisputed facts
confirm that Plaintiff was unable to perform the essential

---

2 An additional procedural ground for allowance of
Defendants' Motion for Summary Judgment exists.  Defendants
filed requests for admissions pursuant to Fed. R. Civ. P.
36(a).  Answers to these requests were due no later than
September 10, 2007.  No responses have been filed, and as a
result, all the requests are deemed admitted.

functions of his job, even after having been given the
reasonable accommodation that he asked for.  Finally, as to
the state civil rights claim, the record is entirely
inadequate to support any claim of violation based upon
"intimidation, threats and coercion."

Based upon both the procedural and substantive defects
in Plaintiff's opposition to Defendants' Motion for Summary
Judgment, the motion is hereby ALLOWED.

II.  <u>DEFENDANTS' MOTION TO STRIKE OBJECTION</u> (Dkt. No. 126).

This motion is DENIED, as moot.  The court has already
allowed Defendants' Motion for Summary Judgment.

III.  <u>PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT</u> (Dkt. No. 129).

This motion is hereby DENIED.

IV.  <u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u> (Dkt. No. 133).

This motion is hereby DENIED, based upon Plaintiff's
failure to comply with Local Rule 56.1 and because
Defendants' opposition to the motion is meritorious.

V.  <u>DEFENDANT'S MOTION TO STRIKE EXHIBIT</u> (Dkt. No. 144)

This motion is DENIED, as moot.  The court has
addressed the motion substantively.

VI.  <u>CONCLUSION</u>

In making these rulings, the court has viewed with
sympathy Plaintiff's <u>pro</u> <u>se</u> status and his disability.
Moreover, the court has kept in mind that it is always best

for claims to be addressed on the merits rather than through dispositive motions, where the record will support a trial.

In this case, unfortunately, a careful review of the record, and of the arguments presented by Plaintiff, makes it clear that the facts simply will not support Plaintiff's claims. It would be false charity to Plaintiff, and indeed to all parties, to press forward with a trial when any verdict for Plaintiff would be thrown out by the Court of Appeals. For these reasons, the court has allowed Defendants' Motion for Summary Judgment, denied Plaintiff's Motion for Summary Judgment and made appropriate rulings on the other pending motions. The clerk is ordered to enter judgment for the remaining Defendants. This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge